CASE NO. 04-419 (JJF)


In the United States District Court For The District Of Delaware


Emerald Ridge Service Corporation **(DERIVATIVE)**
& Cathy Brooks-McCollum
Plaintiff(s)

vs.

State Farm Insurance Company
Defendant(s)


## PLAINTIFF'S OPENING BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT PURSUANT F.R.C.P 56(a)


Cathy D. Brooks-McCollum (Pro Se)

115 Emerald Ridge Drive

Bear, DE  19701

(302) 832-2694


Dated: 2/28/2005

2005 MAR -2 PM 2:54

CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
FILED

## TABLE OF CONTENTS

*Page*

I.      Table Of Contents ................................................................................................................ i

II.     Table OF Statutes and Authorities ...................................................................................... ii

III.    Table of Cases and Cited Authorities.................................................................................. iv

IV.     Jurisdiction .......................................................................................................................... 1

V.      Introduction ......................................................................................................................... 2

VI.     Statement Of Case and Standard Of Review & Argument ................................................ 6

VII.    The Parties........................................................................................................................... 7

        Plaintiffs ............................................................................................................................. 7

        Defendants........................................................................................................................... 8

VIII.   Statement Of Facts ............................................................................................................. 10

IX.     Summary of Argument and Reason For Granting Writ...................................................... 20

X.      Conclusion........................................................................................................................... 27

XI.     Prayer For Relief ................................................................................................................ 30

## STATUTES AND REGULATIONS

Pages

First Amendment ................................................................................................................14,20,21,23

Fifth Amendment ........................................................................................................................23,27

Seventh Amendment ....................................................................................................................1,3,4,23

Ninth Amendment..............................................................................................1,10,17, 21,23,25,29

Fourteenth Amendment ............................................1,2,6,10,14,15,16,17,20,21,22,23,30

U.S.C. Title 18, Part I, Chapter 96 §1965 ..........................................................................................4

U.S.C. Title 42, Chapter 21, Subchapter I, §1985..........................................................................15

Fed.R.Civ.P.38 ..............................................................................................................................4

Fed. R. Civ. P. 50(a) ......................................................................................................................4

RICO Act of 18, U.S.C., Title 18, Part 1, Chapter 96, §1963(a)(b)(c) ..........................................4

RICO Act of 18, U.S.C., Title 18, Part 1, Chapter 96, §1964(a)(c) ..........................................4,15

RICO Act of 18, §1965, U.S.C. TITLE 18, Part 1, Chapter 95, §1952, §1957, §1959.....................4

....................................................................................................................................................

U.S.C. Title 18, Part 1, Chapter 47 §1028 - §1030 ......................................................................11

U.S.C. Title 18, Part 1, Chapter 47 §1033 ..................................................................................11

U.S.C. Title 18, Part 1, Chapter 63 §1341, §1343 ........................................................................11

....................................................................................................................................................11

U.S.C. Title 18, Part 1, Chapter 63 §1344 ................................................................................11,12

U.S.C. Title 18, Part 1, Chapter 73 §1510 ..................................................................................12

U.S.C. Title 18, Part 1, Chapter 73 §1512 ..................................................................................12

U.S.C. Title 18, Part 1, Chapter 73 §1513 ..................................................................................12

U.S.C. Title 18, Part 1, Chapter 73 §1514 ..................................................................................12

U.S.C. Title 42, Chapter 20, Subchapter I-A, §1973i and §1973j ..............................................15

U.S.C. Title 18, Part I, Chapter 13, §241 and §245 ..........................................................15,20,30

U.S.C. Title 28, Part IV, Chapter 87, §1401 ................................................................................15

Delaware Title 8, Subchapter IV, Section 141 of the General Corporation Law............................23

Delaware Title 8, Subchapter IV, (a) of the General Corporation Law ...........................................................23

Delaware Title 8, Chapter 1, Subchapter IV, Section 145(d)  Delaware Title 8, Section 145 (a)(b)(c) ..........22

Delaware Rules Of Professional Conduct, Sections 1.2,1.4,1.7,1.8,1.9,1.10,4.3,5.2,8.4..............2,3,9,14,18,25

Delaware Criminal Codes, Title 11, Part 1, Chapter 27, Subchapter II §2738 ...................................................3

Delaware Criminal Codes Title 11, Part 1, Chapter 5, Subchapter II, §621 ....................................................3

Delaware Criminal Codes Title 11, Part 1, Chapter 5, Subchapter III, §811, §861, §871, §873, §876, §877, §913, §931, §932, §933, §934, §935, §936, §937, §938, §939 .......................................................................3

## TABLE OF CASES AND CITED AUTHORITIES

*Pages*

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) .................................................. *1,3*

*Aetna Life Ins. Co. v. Kennedy*, 301 U.S. 389 (1937) ........................................................ *4*

*Alexander v. Virginia*, 413 U.S. 836 (1973)......................................................................... *4*

*Alison v. General Motors Corp.*, 604 F.Supp. 106 (D.Del 1985). ..................................... *30*

*American Bar Association Committee on Corporate law, The Corporate Director's Guidebook, 33*

*Bus. Law. 1591, 1599-1600, (1978)*.................................................................................. *28,30*

*American Bar Association Section of Business Law, Guidebook for Directors of Nonprofit*

*Corporations (1993).* ........................................................................................................ *30*

*American Publishing Co., v. Fisher*, 166 U.S. 464 (1897)..................................................... *3*

*Anderson v. Creighton*, 483 U.S. 635 (1987)....................................................................... *27*

*Apodaca v. Oregon*, 406 U.S. 404 (1972) ............................................................................ *3*

*Aronson v. Lewis*, 473 A.2d 805, 811 (Del. 1984) ............................................................. *20,30*

*Atlantic Permanent Federal Savings & Loan Assoc. v. American Casualty Co.*, 839 F.2d 212 (4th

*Cir. 1988)*............................................................................................................................. *21*

*Augat, Inc. v. Collier*, 1996 WL 110076 (D. Mass. Feb. 8, 1996) ..................................... *23,26*

*Ayeni v. Mottola*, 35 F.3d 680, 688 n.10 (2d Cir. 1994)..................................................... *27*

*Baltimore & Carolina Line v. Redman*, 295 U.S. 654, 657 (1913)....................................... *3*

*Barry v. Barry*, 824 F.Supp. 178 (D.Minn. 1973) aff'd., 28 F. 3d 848 (8th Cir. 1994).......... *26*

*Bates v. Dresser*, 251 U.S. 524, 64 L.ED. 388, 40 S.Ct.247 (1920)..................................... *30*

*Baylis v. Travellers' Ins. Co.*, 113 U.S. 316, 321 (1885)....................................................... *4*

*Bivens and §1983* .............................................................................................................. *1,2,3,5,27*

*Bivens*, 403 U.S. at 407-08 (Harlan, J., concurring)........................................................... *27*

*Byrd v. Blue Ridge Rural Elec. Coop.*, 356 U.S. 525 (1958)................................................ *4*

*Campbell v. Boyreau*, 62 U.S. (21 How.) 223 (1859) ........................................................... *4*

*Capital Traction Co. v. Hof* 174 U.S. 1, 13 (1899). ............................................................ *3*

*Caremark International Inc. Derivative Litigation*, 698 A.2d 959 (Del.Ch.1996) ................... *24*

iv

Carlson v. Green, 446 U.S. 14, 18-20 (1980) ............................................................. 27

Carmody v. Toll Brothers Inc., Del. Ch., CA No. 15983 (July 24, 1998) ............................ 24

Cede & Co. v. Technicolor Inc., 634 A.2d 345 (Del.1993).............................................. 24

Citadel Holding Corporation v. Roven, 603 A.2d 911 (Del. 1992) .................................... 25

Colgrove v. Battin ....................................................................................................... 3

Commercial Credit Development Co. v. Scottish Inns, Inc., 69 F.R.D. 110, 117 (E.D. Tenn. 1975) ...................... 17

Croy v. Skinner, 410 F. Supp. 117 (N.D. Ga. 1976) ...............................................1,3,4

Dice v. Akron, C. & Y. R.R., 342 U.S. 359 (1952) ......................................................4

Dimick v. Schiedt, 293 U.S. 474, 476, 485-86 (1935)..................................................4

Duignan v. United States, 274 U.S. 195, 198 (1927) ...................................................4

Edwards v. Elliott, 88 U.S. (21 Wall.) 532, 557 (1874) ...............................................4

Ellis v. Blum, 643 F.2d 68, 84 (2d Cir. 1981)...........................................................27

Ex parte Peterson, 253 U.S. 300, 309 (1920) ...........................................................4

Fowler v. Nicholas, 522 F. Supp. 655 (E.D. Pa. 1981) ...............................................1,3

Gasoline Products Co. v. Champlin Ref. Co., 283 U.S. 494, 498 (1931) ..........................4

Globe Woolen vs. Utica Gas & Electric, 121 N.E. 378 (N.Y. 1918)................................30

Graham v. Allis-Challmers Mfg. Co., 188 A.2d 125 (Del. 1963) ...................................29

Graham v. State Farm Mut.Auto.Ins.Co., Del.Supr.,565 A.2d 908,913 (1989)..................6

Guth v. Loft, Inc., 5 A.2d 503 (Del. 1939)...............................................................29

Hammons v. Norfolk Southern Corporation, (US Court Of Appeal 6th No. 97-3465, 1998) ...................1,5

Healthco Int'l Inc. 1997 Bankr. LEXIS 465 (Bankr.D.Mass.April 9, 1997)........................24

Heffernan v. Pacific Dunlop GNB Corp., 1992 U.S. App. LEXIS 12595 (7th Cir., June 5, 1992) ...........................26

Henderson's Distilled Spirits, 81 U.S. (14 Wall.) 44, 53 (1872 ......................................4

Herron v. Southern Pacific Co., 283 U.S. 91 (1931) ...................................................4

Hibbert v. Hollywood Park, Inc., 457 A.2d 339 (Del. 1983) .........................................23

Hillcrest Pacific, 727 So.2d at 1053 ........................................................................6

Hodges v. Easton, 106 U.S. 408, 412 (1883) ...........................................................4

Hun v. Cary, 82 N.Y. 222, 223 (1880 Litwin v. Allen, 25 N.Y.S.2d 667 (1940) ................30

*Johnson v. Zerbst, 304 U.S. 458 (1938)*...................................................................................................27

*Kapoor v. Fujisawa Pharmaceutical Co., 1994 Del. Super. LEXIS 233 (May 10, 1994)*........................26

*Kaufman v. C.L. McCabe & Sons, Inc., Del. Supr., 603 A.2d 831 (1992)*...............................................6

*Kennon v. Gilmer, 131 U.S. 22, 28 (1889)*...............................................................................................4

*Lipson v. Supercuts, Inc., Civil Action No. 15074 (Del. Ch. Ct., Dec. 10, 1996)*....................................25

*Litwin v. Allen, 25 N.Y.S.2d 667 (1940)*..................................................................................................30

*Lugar v. Edmonson Oil Co., 457 U.S. 922, 936-37 (1982)*.......................................................................27

*Luria v. United States, 231 U.S. 9, 27-28 (1913)*......................................................................................4

*MacMillan, Inc. v. Federal Ins. Co., 741 F. Supp. 1079 (S.D.N.Y. 1990);*...............................................21

*Maxwell v. Dow, 176 U.S. 581 (1900)*.......................................................................................................3

*Mayer v. Executive Telecard, Ltd., 705 A.2d 220 (Del. Ch. 1997)*...........................................................25

*McClure v. Borne Chemical Co., 292 F.2d 824, 827 (3d Cir.), cert. denied, 368 U.S. 939 (1961)*...........16

*Megeath v. PLM International, Inc., Case No. 930369 (Cal. Sup. Ct. San Fran., Mar. 18, 1992)*...........25

*Melancon v. McKeithen, 345 F. Supp. 105 (E.D.La.) (three-judge court), aff'd. per curiam, 409*

*U.S. 943 (1972)*..........................................................................................................................................4

*Mile-O-Mo Fishing Club, Inc. v. Noble, 62 Ill.App.2d 50, 210 N.E. 2d 12 (1965)*...................................29

*Minneapolis & St. Louis R.R. v. Bombolis, 241 U.S. 211 (1916)*..............................................................4

*Neal v. Neumann Medical Center, 667 A.2d 479 (Pa. 1995)*....................................................................25

*P.J. Keating Company, 180 B.R. 18 (Bankr. D.Mass. 1995*......................................................................21

*Panter v. Marshall Field & Co., 646 F.2d 271, 294 (7th Cir.), cert. Denied, 454 U.S. 1092 (1981)*.........29

*Parsons v. Armor, 28 U.S. (3 Pet.) 413 (1830)*.........................................................................................4

*Parsons v. Bedford, 28 U.S. (3 Pet) 433, 446-48 (1830)*..........................................................................3

*Pereira v. Cogan, 2003 U.S. Dist. Lexis 7818 (S.D.N.Y. 2003)*................................................................24

*Redyd v. Electronic Data Systems Corp., No. Civ. A. 19467, 2002 WL 1358761 at *3 (Del. Ch.*

*June 18, 2002)*..........................................................................................................................................26

*Rogers v. United States 141 U.S. 548, 554 (1891)*....................................................................................4

*Romanik vs. Lurie Home Supply Center, Inc. 105 Ill.App.3d 1118, 435 N.E. 2d 712 (1982)2*.................30

*Rutherford v. City of Berkeley, 780 F.2d 1444 (9th Cir. 1986)*..................................................................27

*Samuels*, 782 So.2d at 489 .................................................................................................... 6

*Shearin v. E.F. Hutton Group, Inc.*, 1994 Del. Ch. LEXIS 69 (Del. Ch. June 7, 1994) ........................... 23

*Smith v Van Gorkum* 488 A. 2d 858 (Del. Supr. 1985) .............................................................. 24

*Smith v. Mellon Bank*, 957 F.2d 856 (5th Cir. 1992) ................................................................ 6

*Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985) ............................................................ 29

*Springville v. Thomas*, 166 U.S. 707 (1897 .......................................................................... 3

*St. Louis & K.C. Land Co. v. Kansas City*, 241 U.S. 419 (1916) Webster v. Reid, 52 U.S. (11

How.) 437, 460 (1851) ....................................................................................................... 4

*Stifel Financial Corporation v. Cochran* ............................................................................. 25

*Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (per curiam) .................................................. 27

*The Justices v. Murray*, 76 U.S. (9 Wall) 274, 277 (1870) ...................................................... 4

*Third Nat'l Bank v. Celebrate Yourself Productions, Inc.*, 807 S.W.2d 704, 707-08 ( Tenn. Ct. App.

1990) ................................................................................................................................. 17

*U.S. v. Lowe*, 29 F. 3d 1005 (5th Cir. 1994) ....................................................................... 26

*United States v. Rakes*, 136 F.3d 1, 4 (1st Cir. 1998) ........................................................ 6,10

*United States v. Reeder*, 170F.3d 93, 106(1st Cir. 1999) (citations and internal quotation marks

omitted), petition for cert. Filed, 68 U.S.L.W. 3079 (U.S. July 9, 1999) (no. 999-79) ..................... 6,10

*United States, Pearson v. Yewdall*, 95 U.S. 294, 296 (1877) ..................................................... 4

*Vector* .............................................................................................................................. 1,3

*Waldoboro Bank v. American Casualty Co.*, 775 F. Supp. 432 (D. Main 1991) ............................. 21

*Walker v. New Mexico & So. Pac. R.R.*, 165 U.S. 593 596 (1897) ............................................ 3

*Walker v. Sauvinet*, 92 U.S. 90 (1876) ................................................................................ 4

*Walt Disney Derivative Litigation*, 2003 Del.Ch.LEXIS 52 (May 28, 2003) ............................... 23

*Weinberger V. UOP, Inc.*, Del.Supr., 457A.2d 701 (1983) ..................................................... 24

*Wheat v. United States*, 486 U.S. 153 (1988) ..................................................................... 27

*Williams v. Florida*, 399 U.S. 78 (1970) ............................................................................ 3

*Wyatt v. Cole*, 504 U.S. 158, 159 (1992). ......................................................................... 1

## BASIS FOR SUMMARY JUDGMENT

Pursuant to F.R.C.P 56(a) Plaintiff(s) hereby moves for Summary Judgment of the violations of indemnification fraud, based on the issued outlined.  Defendants have failed to respond to any court issues, or submit any supporting evidence that they did not commit such fraud & or violations, whereby Plaintiff has submitted substantial case law, federal law & state law.

Because the District Court also makes an opinion that private individuals cannot be sued as part of the violations committed by these Defendants, Plaintiff(s) believe this to be in error, furthermore it is clear that Defendants violated Plaintiffs Fourteenth Amendment Rights Based on Appendices 45a-83a, whereby it is clear that the Delaware Chancery Court erred in its' ruling of indemnification pursuant Federal Rules, Case Law and State law, when it failed to properly rule upon indemnification of all parties, and erred, while at the same time violating Plaintiff(s) Fourteenth, First and Ninth Amendment Rights.

*See Hammons v. Norfolk Southern Corporation, (US Court Of Appeal 6th No. 97-3465, 1998)*, citing several reasons why a private Corporation (individuals) can be sued under Bivens.  "[Bivens] claims are the counterpart to suits under 42 U.S.C. §1983 against state officials who infringe Plaintiffs' federal constitutional or statutory rights").  In *Vector*, the courts held that private actors who cause constitutional injuries can be held liable for damages under Bivens, if their conduct is so related to the federal government that they can be deemed federal agents or actors. *76 F.3d at 698-99*, the courts also held that a private actor found liable under Bivens, unlike a public official, would not be entitled to qualified immunity. Id. As noted in the opinion, our holding was an extension of the reasoning found in *Wyatt v. Cole, 504 U.S. 158, 159 (1992)*.  Actions brought under Bivens and §1983 are both designed to redress constitutional violations. In order to recover under §1983 the Plaintiff must show that the Defendant deprived him of a right secured by the Constitution and laws of the United States, and that the deprivation was under color of state law. *See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)*.

It is undisputed that corporations engaging in state action can be sued under §1983. *See Lugar, 457 U.S. 922; Adickes, 398 U.S. 144; Fowler v. Nicholas, 522 F. Supp. 655 (E.D. Pa. 1981); Croy v. Skinner, 410 F. Supp. 117 (N.D. Ga. 1976)*. In *Lugar*, the petitioner brought suit under §1983 against his corporate creditor, Edmondson Oil Co., Inc. and its president ("the Defendant's"). *Lugar, 457 U.S. at 924*. **"The petitioner alleged that, in attaching his property, the Defendant's had acted jointly with the state to deprive him of**

**his property without due process of law. Id. at 925."** Apparently, the Virginia statute in question allowed attachment of property upon the allegation by the creditor, in an ex parte petition when it believed that the debtor was disposing of or might dispose of its property in order to defeat his creditors. The Court ultimately held that the petitioner presented a valid cause of action under §1983 because he challenged the state statute as being procedurally defective under the Due process Clause. Id. at 942. The Court noted that because the petitioner was deprived of his property pursuant to the state statute, the "Defendant's were, therefore, acting under color of state law in participating in that deprivation." Id. **As such, the Defendant's were "state actors" for purposes of the Fourteenth Amendment. Id. at 941.** This is similar with the Defendants in this case. The State Courts, along with the State acted in blocking Plaintiffs Indemnification at the request of Defendants, whereby the State granted the blocking of Plaintiffs indemnification, whereby these parties acted in conjunction with the State in blocking Plaintiffs indemnification. The State at the advice and under the guise of Defendants chose to aid Defendants' in violating Plaintiffs Fourteenth Amendment Right. By the state not ruling upon all parties indemnification in the State Proceedings in accordance to the case law, Federal Law, and State law, and allowing parties never elected to serve as Directors to be indemnified and Defendants' arguing such, this made a case under §1983, and when the State subsequently argued that it erred in its ruling before the District Court and neither the State, nor Defendants chose to correct this error they further, violated Plaintiffs Fourteenth Amendment Right. Also, when the State Government allowed Defendants counsel who himself was being sued derivatively by the Corporation & Plaintiff, to go before the Corporation claiming that Defendants counsel could represent the interest of Defendants, the Insurance Carrier who also violated the Corporation, and the Corporation, claiming that this was not a violation of the Rules of Professional Conduct clearly violated Plaintiffs First, Fifth and Fourteenth Amendment Rights, and made all parties participants deemed acting under the States Guidance. With the Defendants arguing that this violation was alright and allowed by law, was clear that they knew they were violating Plaintiffs First, Fifth and Fourteenth Amendment Rights, clearly allows a Bivens action, neither the State nor Defendants chose to correct its' actions, even when it became evident that they did violate Plaintiffs' rights to due process, of which Plaintiffs were and are the only parties entitled to indemnification pursuant the Corporations Insurance Policy, Bylaws, Certificate Of Incorporation and/or to utilize corporations funds for such. Once the Defendants went along with the violations committed by the state and carried out further violations, they gave up their right claiming to be

2

private parties not bound by §1983. Again, citing *Vector* as well, where courts held that private actors who cause constitutional injuries can be held liable for damages under Bivens.

Furthermore, the Delaware State Statutes governed under Delaware Title 11, Crimes and Criminal Procedure, Part II of the Criminal Procedure violates a parties Seventh Amendment rights to trial by jury, since Delaware has governed these under the Delaware Chancery Court, which does not allow for jury trials. These are the same violations committed by Defendants in this case, which are not issues of law, and also bound by RICO violations. The laws in question are as follows: Delaware Criminal Code Title 11, Chapter 27, Subchapter II, §2738, Title 11, Part I, Chapter 5, Subchapter II, §621, Title 11, Part 1 Chapter 5, Subchapter II, §811, §861, §871, §873, §876, §877, §913, §931, §932, §933, §934, §935, §936, §937, §938, §939. Defendants are further in violation of 11 Del.C.s1304(1). When Defendants counsel violated the Delaware Rules Of Professional Conduct, Sections 1.2, 1.4, 1.7, 1.8, 1.9, 1.10, 4.3, 5.2 and 8.4 (but not limited to these sections) these also supported a §1983 action under color of law as being procedurally defective under the Due process Clause. Id. at 942. All of these violations are supported in *Lugar, 457 U.S. 922; Adickes, 398 U.S. 144; Fowler v. Nicholas, 522 F. Supp. 655 (E.D. Pa. 1981); Croy v. Skinner, 410 F. Supp. 117 (N.D. Ga. 1976)*.

These Defendants, & others, have tried bullying Plaintiffs into giving up their constitutional rights, while attempting to block the right to trial by jury, although, Composition and Functions of Civil jury – Traditionally, the Supreme Court has treated the Amendment as preserving the right of trial by jury in civil cases as it "existed under the English common law when the amendment was adopted." *(Baltimore & Carolina Line v. Redman, 295 U.S. 654, 657 (1913); Parsons v. Bedford, 28 U.S. (3 Pet) 433, 446-48 (1830)  (Capital Traction Co. v. Hof 174 U.S. 1, 13 (1899)*. Decision of the jury must be by unanimous verdict. *Maxwell v. Dow, 176 U.S. 581 (1900); American Publishing Co., v. Fisher, 166 U.S. 464 (1897); Springville v. Thomas, 166 U.S. 707 (1897). In Colgrove v. Battin*, The Framers of the Seventh Amendment preserve the right to jury where there was common law. *Williams v. Florida, 399 U.S. 78 (1970); Apodaca v. Oregon, 406 U.S. 404 (1972) (unanimity); and discussion supra pp.1408-10*.

In the absence of express or implied consent to the contrary, **issues of law** are resolved by the **court** and **issues of fact** are to be determined by the **jury** under appropriate instructions by the court." *Baltimore & Carolina Line v. Redman, 295 U.S. 654, 657 (1935); Walker v. New Mexico & So. Pac. R.R., 165 U.S. 593,*

3

*596 (1897); Gasoline Products Co. v. Champlin Ref. Co., 283 U.S. 494, 497 – 99 (1931); Dimick v. Schiedt, 293 U.S. 474, 476, 485-86 (1935)  Gasoline Products Co. v. Champlin Ref. Co., 283 U.S. 494, 498 (1931); Ex parte Peterson, 253 U.S. 300, 309 (1920).  Luria v. United States, 231 U.S. 9, 27-28 (1913)*

Courts in which the Guarantee Applies – The Amendment governs only courts which sit under the authority of the *United States, Pearson v. Yewdall, 95 U.S. 294, 296 (1877); Edwards v. Elliott, 88 U.S. (21 Wall.) 532, 557 (1874); The Justices v. Murray, 76 U.S. (9 Wall) 274, 277 (1870); Walker v. Sauvinet, 92 U.S. 90 (1876); St. Louis & K.C. Land Co. v. Kansas City, 241 U.S. 419 (1916)* including courts in the territories *Webster v. Reid, 52 U.S. (11 How.) 437, 460 (1851); Kennon v. Gilmer, 131 U.S. 22, 28 (1889)* and the District of Columbia, 18 and does not apply generally to state courts.  *Minneapolis & St. Louis R.R. v. Bombolis, 241 U.S. 211 (1916).  See also Melancon v. McKeithen, 345 F. Supp. 105 (E.D.La.) (three-judge court), aff'd. per curiam, 409 U.S. 943 (1972); Alexander v. Virginia, 413 U.S. 836 (1973).*  When a state court is enforcing a federally created right, the States **may not** eliminate trial by jury as to one or more elements. *Dice v. Akron, C. & Y. R.R., 342 U.S. 359 (1952).*  Ordinarily, a federal court enforcing a state-created right will follow its own rules with regard to the allocation of functions between judge and jury, a rule the court based on "interests" of the federal court system, eschewing reliance on the Seventh Amendment but noting its influence. *Byrd v. Blue Ridge Rural Elec. Coop., 356 U.S. 525 (1958) (citing Herron v. Southern Pacific Co., 283 U.S. 91 (1931).*

Plaintiff never waived her right to jury. *Henderson's Distilled Spirits, 81 U.S. (14 Wall.) 44, 53 (1872); Rogers v. United States 141 U.S. 548, 554 (1891); Parsons v. Armor, 28 U.S. (3 Pet.) 413 (1830); Campbell v. Boyreau, 62 U.S. (21 How.) 223 (1859).*  " *Baylis v. Travellers' Ins. Co., 113 U.S. 316, 321 (1885).* The provision did not preclude other kinds of waivers, *Duignan v. United States, 274 U.S. 195, 198 (1927). Hodges v. Easton, 106 U.S. 408, 412 (1883).*  Under the FRCP, any party may make a timely demand for a trial by jury. *Fed.R.Civ.P.38 Aetna Life Ins. Co. v. Kennedy, 301 U.S. 389 (1937); Fed. R. Civ. P. 50(a).*

The Constitutionality issues, Civil Rights Issues and the issues of racketeering does not lie within the State Courts Jurisdiction *(RICO Act of 18, U.S.C., Title 18, Part 1, Chapter 96, §1963(a)(b)(c), RICO Act of 18, U.S.C., Title 18, Part 1, Chapter 96, §1964(a)(c), §1965, U.S.C. TITLE 18, Part 1, Chapter 95, §1952, §1957, §1959* and belong here.  Both Delaware courts confirmed that any issues of Banking Fraud and Insurance Fraud cannot be addressed in either, unless brought by a District Attorney/Attorney General in a criminal case

(Appendix 43a -[Pg 62 of Transcript]). Chancery Court admitted it erred in ordering indemnification pursuant Appendices 45a-83a.

Thus, in *Hammons v. Norfolk Southern Corporation, (US Court Of Appeal 6th No. 97-3465)* the decision went along with the Courts of Appeals for the First, Fifth and Ninth Circuits and held that a Bivens claim can be brought against a private corporation that engages in federal action. *See Mathis v. Pacific Gas & Elec. Co., 891 F.2d 1429 (9th Cir. 1989), rev'd on other grounds, 75 F.3d 498 (9th Cir. 1996)* (holding that the district court improperly dismissed Bivens claim against Pacific Gas and Electric Company ("PG & E"), a public utility, where the employee, who filed the Bivens action after being denied access by PG & E because he was suspected of illegal drug use or sales, may be able to establish that PG & E's action can be ascribed to the government); *Genera v. Puerto Rico Legal Serv., Inc., 697 F.2d 447 (1st Cir. 1983)*; *Dobyns v. E-Systems, Inc., 667 F.2d 1219 (5th Cir. 1982)* (holding that employees' Bivens action against their employer, a private corporation, was improperly dismissed by the district court on summary judgment when, under the facts of the case, the corporation engaged in federal action). Defendant Shareef accused Plaintiff & All Defendants enjoined New Castle County into these actions, by having them perform mailings containing false information to gain the Corporations support on their behalf, in order to solicit funds illegally from all Plaintiffs, in an attempt to make Plaintiffs believe they were valid, §1983. These Defendants further enjoined the Corporations Federal bank and blocked access to the banking funds from the only valid Director and the Corporation, where these parties supplied false information to the banks, which also allowed such at the advice of all Defendants.

Jurisdiction, further exists because the illegal acts, began over the Insurance Policy issued from another State, where both the Insurance Company & Plaintiffs collaborated together to deceive the Corporation, banks and other state agencies. Had these Defendants not collaborated with the insurance carrier they would not have had the means to carry out the crimes in which they carried out.

These Defendants their counsels and other parties in Civil Action 04-703 (JJF) worked in conjunction in order to violate and deceive Plaintiffs of their First Ninth & Fourteenth Amendment Rights. Appendix 17a-18a Corporate Counsel agreed Defendants were illegal, and should not indemnify themselves through the insurance policy. Defendants under the direction of their counsel Appendix 17a-18a advised Corporate Counsel not to properly inform the Corporation. Defendants violated every corporate stockholder's

constitutional and civil rights to be equally protected by the laws, by blocking Plaintiffs Ninth, Seventh and Fourteenth Amendment Rights.

Instead of Defendants coming in compliance with the laws, Defendants encouraged & sought retaliation again by trying to deny Plaintiffs their First, Ninth & Fourteenth Amendment Right, Civil Rights. Defendants chose to indemnify individuals who submitted a fraudulent claim as Directors, knowing that none of them were ever elected and blocked Plaintiff's Indemnification and her right to properly inform the Corporation.

## STATEMENT OF CASE & STANDARD REVIW AND ARGUMENT

Case law supports and requires one seeking to maintain a civil action for violation statute to prove each of the elements of common law fraud in the inducement to recover damages. *In Smith v. Mellon Bank, 957 F.2d 856 (5th Cir. 1992) and Samuels, 782 So.2d at 489 and Hillcrest Pacific, 727 So.2d at 1053,* Plaintiffs must allege, among other elements, that the **"representor knew or should have known** of the falsity of the statement."  The court even highlighted the phrase ***"knew or should have known."***  Defendants clearly knew that their acts were against the law, *United States v. Reeder, 170F.3d 93, 106(1ˢᵗ Cir. 1999) (citations and internal quotation marks omitted), petition for cert. Filed, 68 U.S.L.W. 3079 (U.S. July 9, 1999) (no. 999-79).* Defendants counsel continued to give advice for the commission of continuing fraud (on video tape), thus invoking the attorney-client privilege, *"United States v. Rakes, 136 F.3d 1, 4 (1ˢᵗ Cir. 1998.*

Two of the Defendants argued, "that they merely did not read the Corporations document", Appendix 27a although available to them and they ***"knew or should have known"*** that they were violating the law.

When Plaintiffs addressed the illegality of Defendant Shareef's actions before the banking industry, Exhibit G Supplied with Plaintiffs District Court Brief & Appendix 44a outlines his response.  Similarly, the Supreme Court of Delaware has held repeatedly that "party's failure to read a contract (does not) justify its avoidance" in *Graham v. State Farm Mut. Auto. Ins. Co., Del. Supr., 565 A.2d 908, 913 (1989) and Kaufman v. C.L. McCabe & Sons, Inc., Del. Supr., 603 A.2d 831 (1992)*.  Defendants tried shutting Plaintiffs up and limiting Plaintiffs rights to exercise Plaintiffs First, Ninth, Seventh and Fourteenth Amendment.

## THE PARTIES

### The Plaintiffs

Plaintiff Cathy D. Brooks-McCollum was the only party elected to the Board and held the position of Treasurer/Secretary prior to any appointments made by Defendant Shareef in Civil Action 04-703 (JJF).  When

6

Shareef was challenged on his legality, which was raised by concerned stockholders, Plaintiff was illegally accused of wrongful acts and removed from her position at an illegal Board meeting held and called by Defendant Shareef in Civil Action 04-703 (JJF). Defendant Shareef in Civil Action 04-703 (JJF) knew he was not legal, nor the President, stockholder/owner of land per the Corporations Bylaws Appendix 10a-11a, nor able to call a Board meeting. The only party who could call a Board meeting is the President and or Secretary Appendix 10a (being Plaintiff) and the President must be at all meetings. We did not have a President therefore this is another violation, since Defendants in Civil Action 04-703 (JJF) were operating illegally. Plaintiffs and Defendant Shareef in Civil Action 04-703 (JJF) were the only parties on the board, prior to the hostile takeover and attempt to remove Plaintiffs. After Plaintiffs challenged Defendants in Civil Action 04-703 (JJF) legality he made subsequent illegal appointments to maintain his position, claiming he can do so as a President. Appointments cannot be made unless there is a valid board, composed of valid Directors. The only valid Director was Plaintiff, however there was not a valid board, in that the Bylaws Appendix 10a are clear that there must be three (3) **elected** directors at all time. Defendant Shareef in Civil Action 04-703 (JJF) did resign in January of 2004, only after having made (2) illegal appointments of parties who refused to relinquish their positions, although they ***knew and should have known*** that they were illegal.

Defendants State Farm chose to continue Indemnifying persons who are not stockholders or owner of Corporation Appendix 26a,35a,41a, or Directors, with they themselves never having been elected and/or appointed by invalid parties, subsequently blocking Plaintiffs right to indemnification, this was clearly done in an attempt to wear Plaintiff(s) down and commit fraud. None of the Defendants had the Corps. best interest in mind, or followed proper indemnification, which says, ***"that if all parties are party to any suit that an independent counsel must make the determination or the courts",*** Plaintiff was the only party who adhered to this.

### The Defendants & Their Co-Conspirators

Defendant Longhurst in Civil Action 04-703 (JJF) was a prior Director acting under the guise of Defendant Shareef in Civil Action 04-703 (JJF) who is not a stockholder/owner of land as required by the Certificate of Incorporation Appendix 12a, 17a, 18a, 22a, 25a, 26a, 35a, 41a, and not as a Director at this time, however she chose to illegally utilize the Corporations Insurance Policy, where both ***knew and should have known*** of the violations being committed. Appendix 14a supports Defendants illegality, all illegal Defendants in Civil

7

Action 04-703 (JJF) & Defendant State Farm continue to use the Corporations insurance policy, banking funds in an attempt to deceive the Corporation/Stockholders of their acts. *Pelletier v. Zweifel, 921 F.2d 1465, 1498 (11th Cir.1991); see United States v. Patterson, 528 F.2d 1037, 1041 (5th Cir.1976)* (There is no necessity to prove actual financial loss"). One merely needs to show that the accused intended to defraud his victim and that his or her communications were " "reasonably calculated to deceive persons of ordinary prudence and comprehension.' " *Pelletier, 921 F.2d at 1498-99 (quoting United States v. Bruce, 488 F.2d 1224, 1229 (5th Cir.1973)).* Defendants Counsel advised all Defendants to continue their illegal acts, including utilizing the Corporations Insurance Policy and banking funds with the blessing of Defendant State Farm.

Defendant Brevett and Melville in Civil Action 04-703 (JJF) are parties appointed by Defendant Shareef in Civil Action 04-703 (JJF) at the same time Appendix 25a-26a who was not valid himself to make any appointments to the Board. Plaintiff was not party to any appointments as the minutes reflect, appointments were made prior to any board meeting. During the Board meeting Appendix 19a the only issues voted on where what positions each party would hold. This was the first and only meeting taken place where Defendants Brevett, Melville, Shareef in Civil Action 04-703 (JJF) and Plaintiffs were together. The confirmations were made by Defendant Shareef in Civil Action 04-703 (JJF), prior to the Board meeting. Why would Plaintiffs vote any parties in, already knowing the status of Defendant Shareef? When Defendant Shareef in Civil Action 04-703 (JJF) finally resigned Defendant Brevett in Civil Action 04-703 (JJF) continued the acts on his behalf and appoints himself President, although he knew it violated the law. Defendants in Civil Action 04-703 (JJF) continued placing false and misleading information across the internet under the encouragement of their counsel & Defendant State Farm, after being informed that this was against the law. Defendant Brevett in Civil Action 04-703 (JJF) and Melville *knew and should have known* of the violations being committed, and continue to illegally utilize the Corp. Banking funds and Insurance Policy.

Plaintiff was not party to any appointments as indicated by Defendants in Civil Action 04-703 (JJF) in Appendix 25a, when she knew it would lead to her removal from her position. This is unbelievable. Defendant Melville in Civil Action 04-703 (JJF) finally resigns January 15, 2004 and then re-appoints herself illegally back to the board continuing her illegal acts to utilize the Corporations Banking funds and Insurance Policy.

Defendants Martell in Civil Action 04-703 (JJF) at some point after January 15, 2004 appointed himself to the board, because no valid board members were present, since Plaintiff was the only party valid, and continued the illegal activity, where he chose to illegally indemnify himself through the insurance policy and corporation funds.

Defendant Vivardis in Civil Action 04-703 (JJF) , a party who was elected at one point and resigned from office in July of 2003 (Appendix 14a), somehow appoints herself back to the Board Of Directors. Appendix 14a Defendant Vivardis in Civil Action 04-703 (JJF) confirms that the Board was illegal as stated by memorandum as being her reason for resigning. Appendix 20a Defendant Vivardis in Civil Action 04-703 (JJF) then joins in and encourages illegal activity, where all Defendants in Civil Action 04-703 (JJF) resorted to a higher level of criminal activity under Vivardis **"The Poison Pill"**. Part of Vivardis' reason for resigning was due to her wanting to perform illegal acts, of which Defendant in Civil Action 04-703 (JJF) stated Plaintiff would not be any part of and stressed that she will work for all stockholders, not selective ones and not deceive them.

Kafader and Ferry, Joseph and Pearce violated the Rules of Professional Conduct by continuing and encouraging other Defendants State Farm and Defendants in Civil Action 04-703 (JJF) to break the laws and supporting the commission of a crime and fraud. Kafader of Ferry, Joseph and Pearce (under the advise and Direction of State Farm) even went several steps further by attending Corporation meetings and misinforming the corporate members (stating he was working on the Corporations behalf, State Farm and Defendants in Civil Action 04-703 (JJF)), which have been videotaped. Appendix 28a, 29a, 30a Kafader and Ferry, Joseph and Pearce (acting on behalf of State Farm), caused further economic harm to Plaintiffs Brooks-McCollum family and the Corporation, and violated Plaintiffs Civil and Constitutional Rights. Kafader of Ferry, Joseph and Pearce being lawyers ***knew and should have known*** that they were commissioning a crime and violating Plaintiff's Civil and Constitutional Rights. Plaintiffs and Plaintiff Brooks-McCollum family are now faced with relocating their residence based on the acts committed against them and encouragement of such acts. (Violation of Plaintiffs Civil Rights to live where she would like without fear from harm) In that these parties claimed they were working for State Farm and illegal Defendants Kafader of Ferry, Joseph and Pearce these parties cannot argue attorney client privilege for the violations they committed pursuant to *United States v. Reeder, 170F.3d 93, 106(1ˢᵗ Cir. 1999) (citations and internal quotation marks omitted), petition for cert.*

_Filed, 68 U.S.L.W. 3079 (U.S. July 9, 1999) (no. 999-79)_. However, Edward Kafader Defendants counsel continued to give advice for the commission of continuing fraud, thus invoking the attorney-client privilege, _"United States v. Rakes, 136 F.3d 1, 4 (1st Cir. 1998)_.

The State court noted that it would curtail Plaintiffs from receiving their Fourteenth Amendment Right in an attempt to force Plaintiffs to give up the case Appendix 41a-43a, whereby violating all of Plaintiffs Ninth Amendment Rights, Fourteenth and First. This court clearly made rulings which were prejudicial and without any supporting law to govern its' rulings, and now admits it erred, but failed to correct the error.

## STATEMENT OF FACTS

Plaintiffs filed a simple Complaint in Chancery Court, which lead to Defendants resorting to criminal activity, because they did not want to be told they were violating the laws, or follow the laws.

When Plaintiffs exercised Plaintiffs free right to sue in the Courts to recoup monies Plaintiff expended as a Director, Defendants chose to violate Plaintiffs Civil Rights, First, Seventh, Ninth and Fourteenth Amendment rights and hostilely takeover the Corporation. Defendants placed the Corporation at financial risk, and caused many of its' members to resort to hiding disclosure information when selling their homes, however they argue that they are acting in the best interest of the Corporation, by breaking the laws.

Defendants Kafader of Ferry, Joseph and Pearce first response to Plaintiffs informing them of the filings against them was to file several documentations across the Internet (under the direction of counsel & Defendants State Farm), which contained false, misleading and slanderous information and flashed across the screen in big bold red letters (much larger then these) as a **LEGAL NEWSFLASH**, implying that these were legal findings of fact. The Chancery Court stated it would not issue an injunction against these persons, although Plaintiffs had documentation from those Defendants in Civil Action 04-703 (JJF) stating their refusal to remove said items. The postings were not removed until at such time the Web address was supplied to the Superior Court and Defendants knew that another court stated it saw and would allow a complaint for TORT. These parties have now resorted to making the complete website unobtainable, and have issued Appendix 74a indicating that they are now trying to do exactly what Plaintiff wanted Chancery Court to do from the onset, but argue that they have done what was best for the Corporation, when not doing so until expending an abundance of the Corporations funds, and committing fraud before the corporation. These Defendants & other Defendants in Civil Action 04-703 (JJF) **_knew and should have known_** they were breaking the law; and if

10

they did not know at first Plaintiffs informed them prior to taking any actions to correct their actions.
Defendants in Civil Action 04-703 (JJF) under the direction of State Farm and their counsel then sent the same
false information through the mail to deceive stockholders, while informing the stockholders through the mail
and wire (with the aide of New Castle County providing the mailings on their behalf, that they were validly
elected Directors.) Proof of specific intent to use the mails or wire service is not required to show conspiracy
to commit mail or wire fraud. *See United States v. Massey, 827 F.2d 995, 1001-02 (5th Cir.1987)*. Rather,
burden is to demonstrate beyond a reasonable doubt that Defendants agreed to engage in a scheme to defraud
in which they contemplated that the mails [or wire service] would likely be used." Id. at 1002.

Defendants allowed false insurance claims to be submitted and processed, which are not covered under the
Corporations policy.  U.S.C. Title 18, Part 1, Chapter 47 §1028 - §1030, §1033, .  U.S.C. Title 18, Part 1,
Chapter 63 §1341, §1343, §1344.  In order to establish a violation of §1343 it must be proven beyond a
reasonable doubt that a Defendant intentionally participated in a scheme to defraud; and use wire
communications to further that scheme." *United States v. Brown, 40 F.3d 1218, 1221 (11th Cir.1994)*.  Each
party continuing a conspiracy may be vicariously liable for substantive criminal offenses committed by a co-
conspirator during the course and in furtherance of the conspiracy, notwithstanding the party's non-
participation in the offense or lack of knowledge thereof." *United States v. Mothersill, 87 F.3d 1214, 1218
(11th Cir.), cert. denied sub nom. --- U.S. ----, 117 S.Ct. 531, 136 L.Ed.2d 416 (1996)*.  A court need not
assess the individual culpability of a particular conspirator provided the "substantive crime was a reasonably
foreseeable consequence of the conspiracy.' " *Id. (quoting United States v. Alvarez, 755 F.2d 830, 849-50 (11th
Cir.1985))*.  This is evident by these parties ensuring that only they were allowed to display information across
the internet.  This was a retaliation tactic by Defendants.  *In Schmuck v. United States, 489 U.S. 705 , 109 S.Ct.
1443, 103 L.Ed.2d 734 (1989)*, the Court stated that even " "innocent' mailings-ones that contain no false
information-may supply the mailing element." *Id. at 715, 109 S.Ct. at 1450 (quoting Parr v. United States, 363
U.S. 370, 390 , 80 S.Ct. 1171, 1183, 4 L.Ed.2d 1277 (1960))*. These Defendants' conviction under the wire
fraud statute is subject to the same analysis. *See Carpenter v. United States, 484 U.S. 19, 25 n. 6, 108 S.Ct.
316, 320 n. 6, 98 L.Ed.2d 275 (1987)*  The Corporations Insurance Policy Appendix 15a-16a, states on page
24, number 3(a)(1), *"When used in the provisions of this Option DO, the unqualified word insured means only
the following any of your directors or officers, collectively and individually, which form your administrative*

11

*body provided that each individual; is duly **elected** by the unit-owners to serve on the managing body of the*

*Condominium/Association; and"....* Appendix 12a, 17a, 18a, 26a, 35a, 41a, 22a, 25a, 26a shows that none of

the parties were acting as persons who were **duly elected** and support that they all were appointed by each

other. Plaintiff was not part of any appointments. Defendants' counsel made this verification through

submissions to the court in other civil proceedings. It does not protect parties who take over a Corporation.

The evidence supports insurance fraud on behalf of Defendants. *Jackson v. Virginia, 443 U.S. 307, 319 , 99*

*S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) United States v. Sawyer, 799 F.2d 1494, 1501 (11th Cir.1986) (citing*

*Glasser v. United States, 315 U.S. 60, 80 , 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942)).*

Defendants then encouraged others to proceed to file false and misleading documentation before the

Banking Industry as a means to obtain access to the Corporations banking accounts in violation of U.S.C. Title

18, Part 1, Chapter 63 §1344. One of Defendants postings they made to the Corporation's website stating

**LEGAL**, notes that the Defendants in Civil Action 04-703 (JJF) continued to commit Fraud to the banks by

checking with the bank in an attempt to alter the banking records. Furthermore, Appendix 44a, submitted by

Defendants Shareef in Civil Action 04-703 (JJF) under the authority of Defendants Melville and Brevett in

Civil Action 04-703 (JJF) continued even after being told by Plaintiffs that he was illegal to try and attempt to

have the bank change its' records claiming to be a valid Director.

Defendants went several steps further when they supplied and encouraged such persons to supply the

Corporation members with false and misleading information governing the lawsuit and pleadings against them

in an attempt to gain their support. Defendants obstructed justice in violation of U.S.C. Title 18, Part 1,

Chapter 73 §1510, §1512, §1513, §1514.

After it was overlooked in State Courts of the crimes being committed by Defendants when the illegal

parties Defendants State Farm insured did not obtain enough votes to legally be elected to office, they

encouraged further fraud and deceit. Defendants ensured that persons who asked to have their names placed

on the ballots **were eliminated by removing their names as candidates**. These parties knew if this was

heard before any State Court there would be no penalties for their actions. Defendants in Civil Action 04-703

(JJF) opened up the floor for votes (with State Farms attorney) present claiming to be working for State Farm,

the Corporation and the illegal Directors, but had already gone door to door to obtain votes on under false

pretenses, prior to any other person being able to have their names placed on the ballots. These Defendants in

Civil Action 04-703 (JJF) later went door-to-door informing the Corporation members with false and misleading information as a means to be elected to office. Defendants in Civil Action 04-703 (JJF) used false and misleading ballots in trying to obtain votes. (Fifteenth Amendment Right Violation) Defendants in Civil Action 04-703 (JJF) informed the Corporation the Current Board was up for **re-election**, when they were **never elected** to be **re-elected**. Appendix 28a-30a Defendants in Civil Action 04-703 (JJF) then stacked the votes in their favor in an attempt to be placed in charge of the Corporation books and funds, to continue illegally using the banking funds and the Insurance Policy, at the Advice of Kafader (State Farms counsel).

Defendants under the direction of State Farm and their counsel in Civil Action 04-703 (JJF) sent out Appendix 29a stating that as of June 30, 2004 the entire Board resigned in an attempt to cover up their illegal existence. However, when they did not obtain the votes needed, these Defendants in Civil Action 04-703 (JJF) then decided they would not relinquish their stolen Directorship and maintained that position. In that the entire body resigned, the only body that would be and was allowed to call and set a Directors election would be the courts and or the Stockholders and/or Plaintiff. The stockholders are so confused at this point with the deceit caused by the invalid Directors, State Farm and Kafader of Ferry, Joseph and Pearce, that they could not make an educated decision as what to do and that is clearly substantiated by Appendix 13a, a letter sent out after Defendants in Civil Action 04-703 (JJF) illegal August 11, 2004 meeting. It is clear that these parties violated the Corporations right to know the truth, the Corporations right to vote by knowing the truth, which constitutes violating the Corporations Ninth & Fifteenth Amendment Constitutional Rights. It is clear that these acts are violations, which fall under the RICO Acts, under the United States courts jurisdiction. Based on the June 30th resignation of the entire so called board, Appendix 28a-30a we currently do not have a Board other then Plaintiffs, but the illegal Defendants in Civil Action 04-703 (JJF) under the direction of Defendant State Farm are still falsely presenting to the Corporation that they are legal and a valid board and continue to use Corporate funds under the advice of their counsel who works for State Farm, and continue to extort monies from parties who elected not to support their illegal behavior, since not all parties elect to move. The meeting called by Defendants on August 11, 2004 as Directors Appendix 28a-30a was an illegal meeting and an illegal calling of a meeting by an illegal board. There were no valid members present to re-appoint these parties to the Board and all Defendants knew that there were current pending suits against them and still chose to misrepresent their actions to the Corporation. These parties have committed Fraud after Fraud. Why shouldn't

13

they when they have the support of the State Courts? The Appendices clearly outline that Defendants in Civil Action 04-703 (JJF) were never valid Directors, although they still falsely indicating to the corporation.

Appendix 28a-30a supports further Constitutional and Civil Violations, which detail Defendants in Civil Action 04-703 (JJF) trying to get elected to the office, where they already had obtained votes, prior to sending out the document. (Defendants Counsel & State Farm was party to this deceit). When Defendants in Civil Action 04-703 (JJF) and their counsel (Defendant State Farms Counsel) were unsuccessful with their first attempt to gain control of the office, Plaintiff was notified by several Stockholders that they were approached individually and told untruths by Plaintiffs governing the lawsuits, in an attempt to gain support. Defendants in Civil Action 04-703 (JJF) left any persons name off the ballot who would not approve of their illegal activity and the covering up of such, all of which will be presented during trial.

Kafader of Ferry, Joseph and Pearce intentionally violated the Rules Of Professional Conduct in an attempt to gain support of the Corporation Members on behalf of his clients, Defendant State Farm and Defendants in this case. Kafader was informed on numerous occasions that he was in violation of the Rules Of Professional Conduct, but chose to continue his illegal activity along with other Defendants. Kafader supplied Plaintiffs with signed documentation stating that his clients still refused to remove the slanderous and misinformation from the Corporations website, even after being informed that they were violating the law. Instead of Kafader advising his clients to remove the information, they were informed to post further postings and did exactly that, whereby Kafader sent Appendix 23a to the attention of Plaintiffs which said Defendants in Civil Action 04-703 (JJF) were unwilling to remove the false and misleading information off website.

Plaintiffs Civil Rights and Constitutional Rights have been violated. Plaintiff has had to deal with emotional stress related to these acts. Plaintiffs and Plaintiffs family have been forced to enter into an agreement of sale to move, which will result in excess costs of about $300,000 for the same type of home and rising. Plaintiffs Ninth & Fourteenth Amendment Rights have been blocked by refusing to pay for indemnification Appendix 28a and Plaintiffs First Amendment Right, refusing to discuss the Insurance Policy, although stating they are providing coverage to the named insured Emerald Ridge, when it is clear that this proceeding is on behalf of the insured & Plaintiff. State Farm and Kafader of Ferry, Joseph and Pearce and others conspired to cover up their illegal acts and all parties are aware of the violations committed by the other and continued to deceive the stockholders. Participation in a conspiracy to commit a crime may be inferred from circumstantial evidence. *See United States v. Delgado, 903 F.2d 1495, 1500 (11th Cir.1990) cert. denied, 498 U.S. 1028 , 111 S.Ct. 681, 112 L.Ed.2d 673 (1991).*

14

*Ingram v. United States, 360 U.S. 672, 678 , 79 S.Ct. 1314, 1319, 3 L.Ed.2d 1503 (1959)   See United States v.
Simon, 839 F.2d 1461, 1469 (11th Cir.1988).*   State Farm practices these tactics out of habit.  *See State Farm
Mutual Ins. Vs. Campbell, et.al. (UT Supr. 2003) 12189, Klinger vs. State Farm Mutual Ins, No. 96-7102,96-
7074,96-7101 (3rd Cir. 1997), Downey vs. State Farm, No. 00-3473 (3rd Cir. 2001).*

These persons committed a conspiracy to interfere with Plaintiffs Civil Rights and her duties as a Director,
which go against U.S.C. Title 42, Chapter 21, Subchapter I, §1985.  These persons committed voting violation and
fraud, when they concealed and kept persons off the ballot who were interested in violation of U.S.C. Title 42,
Chapter 20, Subchapter I-A, §1973i and §1973j when they tried to alter official records in doing so.

Violation of Plaintiffs Civil Rights are further supported governing U.S.C. Title 18, Part I, Chapter 13,
§241 and §245, by trying to intimidate and threaten Plaintiffs for exercising Plaintiffs Civil and Constitutional
Rights.  Defendants have violated U.S.C. Title 18, Part I, Chapter 96,. §1964 and §1965

In further blocking access to indemnification of Plaintiffs, Defendants have argued that Plaintiffs can't
bring a Stockholder's Derivative Action Lawsuit, but has refused to allow Plaintiffs to be indemnified, thus
violating Plaintiffs Ninth and Fourteenth Amendment Right for Plaintiffs (doing so with the aide of the State),
but feel that Defendants can continue to illegally utilize the Corporations Policy and funds.  U.S.C. Title 28,
Part IV, Chapter 87, §1401, which states, *"Any civil action by a stockholder on behalf of his corporation may
be prosecuted in any judicial district where the corporation might have sued the same Defendants."*  Based on
all the information submitted it is clear that Plaintiffs Constitutional Rights were violated at each instance and
opportunity Defendants were given.  Indemnification laws are set up to be decided at first instance for all.

In that State law that bars individual liability and instead imputes it to the state means that the claim "runs
to the state," id., but ***several courts have held that indemnification statutes do not mean the judgment*** "runs
to the state," and therefore pose no 11th Amendment bar against individual claims. *Id.; Cornforth v. University
of Oklahoma Bd. of Regents, 263 F.3d 1129, 1133 (10th Cir. 2001); Gary A. v. New Trier High School Dist.
No. 203, 796 F.2d 940, 945 (7th Cir. 1986). See also Jackson v. Georgia Dept. of Transp., 16 F.3d 1573 (11th
Cir. 1994)* (existence of state's liability insurance trust fund, voluntarily established to protect its employees
against personal liability for damages, does not make state real party in interest for purposes of 11th
Amendment immunity). *Compare Wright & Miller, Federal Practice & Procedure § 3524 at n. 48.2 (2001
Supp.).* In that the State Courts and these Defendants violated Plaintiffs right to indemnification, it is clear that
the indemnification statutes allow Plaintiff to bring a claim against the State for blocking said indemnification

rights of Plaintiffs, and the State Court never had jurisdiction to violate or rule on indemnification against the Federal, US and Case laws. Statutes allowing for individual liability: §1983, *Hafer v. Melo, 502 U.S. 21 (1991). Id.; Cornforth v. University of Oklahoma Bd. of Regents, 263 F.3d 1129, 1133 (10th Cir. 2001); Gary A. v. New Trier High School Dist. No. 203, 796 F.2d 940, 945 (7th Cir. 1986)*. See also *Jackson v. Georgia Dept. of Transp., 16 F.3d 1573 (11th Cir. 1994)*

It does not matter whether the individual capacity suit is to enforce federal or state law. *Sutta v. Acalanes Union High School Dist., 2001 WL 1720616, \*3 (N.D.Cal. Oct. 3, 2001*) (officers sued in their individual capacity for violations of state law can be liable for monetary damages). But the cause of action must allow for individual liability. (existence of state's liability insurance trust fund, voluntarily established to protect its employees against personal liability for damages, does not make state real party in interest for purposes of 11th Amendment immunity) *Compare Wright & Miller, Federal Practice & Procedure § 3524 at n. 48.2 (2001 Supp.)* However in that State Farm have continually denied Plaintiffs, of their First, Ninth and Fourteenth Amendment Right for payment of Indemnification in an attempt to circumvent the laws and protect their monetary interest, it would be unjust and unfair practice not to rule upon all parties right to Indemnification in accordance to the laws presented outlining indemnification, as not to violate Plaintiffs rights prior to any litigation continuing.

US Court of Appeals for the 3rd Circuit, commenting on the importance of derivative suits, stated:

Historically, the derivative suit has been the principal defense of the minority shareholder against abuses by the majority. Such suits protect the stockholders of a corporation against management, which is sometimes unrepresentative and on occasion insufficiently concerned with the minority's interests. Often where the wrongdoing is on the part of corporate officers and director's management has refused to act and where the wrongdoers control the corporation there is but small chance that the corporation itself will bring suit or vigorously prosecute the litigation. Equity, therefore, provided shareholders with the device of a derivative suit by means of which they could assert the interests of their corporation against management and third parties when those in control of the corporation were acting in breach of trust. *McClure v. Borne Chemical Co., 292 F.2d 824, 827 (3d Cir.), cert. denied, 368 U.S. 939 (1961)*. However, Delaware State penalized Plaintiffs for invoking said right and stated that the right was not that of the Corporation in Appendix 42a -*[Pg 27 of Transcript]*. When Chancery Court ruled that Kafader of Ferry, Joseph and Pearce could represent Defendants

16

in its' Court, State Farm and the Corporation, knowing that the case was a Derivative Action that Court

violated the Corporations Constitutional and Civil Rights and violated the Ninth Amendment Right by trying

to disparage the Corporation from bringing suit. (Again showing this to be a §1983 action)  This Court knew

at this time that this was a conflict of interest and ignored all the evidence and laws before it.  State Farm was

being sued on behalf of the Corporation, Defendants in Civil Action 04-703 (JJF) were being sued on behalf of

the Corporation, Defendant Kafader, Ferry, Joseph and Pearce in Civil Action 04-703 (JJF) were being sued on

behalf of the Corporation, therefore the courts have to ask if there is a conflict of interest within this.

Defendants State Farm believed that they would succeed in coercing and threatening Plaintiffs in giving up

their Constitutional and Civil Rights, based on their normal practices.  Only after presenting the State cause of

action did Chancery Court and the State admit it erred, without correction.

Although an individual shareholder may bring a derivative suit to redress injuries to a corporation, the

claims asserted in the suit belong to the corporation, not the individual shareholder, whose rights are merely

derivative and may be asserted only through the corporation.  Chancery Courts opinion Appendix 42a clearly

goes against this, committing further violations against Plaintiffs.  *See Third Nat'l Bank v. Celebrate Yourself*

*Productions, Inc., 807 S.W.2d 704, 707-08 ( Tenn. Ct. App. 1990) ( citing Commercial Credit Development*

*Co. v. Scottish Inns, Inc., 69 F.R.D.  110, 117 (E.D. Tenn. 1975)).*  Consequently, a derivative suit cannot be

maintained by a shareholder in Plaintiffs own name but must be brought in the name of the corporation.

Plaintiffs have been trying to obtain the counsel entitled to, however Defendants, the State Court and State

Farm (who happens employ Kafader) have tried circumventing what is guaranteed by the Constitution and by

Federal, US and Case law, in order to cover up the fraud the committed.  None of these parties have elected to

correct their error, except as outlined, hoping that all courts will ignore the laws before it.

To disallow one to bring a stockholders suit, merely because ones attempt to block another of their First,

Ninth, Seventh and Fourteenth amendment right would be further a violation of those rights.

Chancery Court stated because **Six** parties chose to break the law, and illegally take over the Corporations

that this represented the companies' position and indicated the company was willing to break the law.

Appendix 42a -[Pg 28-20 of Transcript]  The court failed to mention that these illegal parties were deceiving

the Corp. through fraud & deceit.  Derivative Suits were created to fend off actions such as the ones created by

Defendants.  However, Plaintiffs have been penalized for utilizing the Derivative Action Lawsuit.

17

The State courts ruling that it was too premature to rule upon indemnification of Plaintiffs, but allowed persons who clearly were never elected to any position to utilize the Corporations Insurance Policy and banking funds, went against what the United States Court Of Appeals intended and the Supreme Court. The Chancery Court ruled that because six (6) six stockholders out of 140 stockholders were in agreement, that Plaintiffs were barred from acting on behalf of the Corporation and herself for protection. The Court indicated that these six (6) people were the company, by stating, *"Right. But as a legal matter, your understanding is incorrect. You are a shareholder. You have certain rights, important rights as a shareholder of a company, one of which is to file a derivative action, which is something that you've done. But the company itself is separate from the shareholders. And when you sue somebody, that's you personally as a shareholder suing. It's not the company." (Appendix 42a-[Pg. 28 of Transcript])* This court acknowledges Plaintiff's suit was derivative, and brought as a Director of the Corporation, at the same time going against the higher courts ruling that the derivative suit belongs to the Corporation. Plaintiff's indemnification was denied stating that the derivative right was Plaintiffs personally and not that of the company, which is inaccurate.

*"At this point the company essentially is siding with -- the people who control the company today are siding with the named individual Defendants, Shareef and so on. And so it's okay under our Delaware laws -- the Delaware rules of professional conduct."* Appendix 42a-[Pg.28 of Transcript]   However, in the same opinion the court acknowledges that Defendant Shareef in Civil Action 04-703 (JJF) cannot be a stockholder, & is not a shareholder, but has allowed he and others to be indemnified. Plaintiffs brought this suit because several members came to Plaintiffs as a Director asking that she correct the situation, but Chancery Court has decided that six people out of 140 represents the Corporation and no other Corporate members view matters and deserves attention. It has been conceded in State Court that Plaintiff's suit was Derivative in nature, where the State Court was informed that this suit was then filed in The District Court. The basis for a Derivative suit is to bring suit where others may not choose to inflict their right. However, the Chancery Court and the State Of Delaware has stripped this right away from the Corporation and the other stockholders, siding with **Six(6)** parties who have chosen to take over the Corporation and who have not submitted any law supporting their takeover, and Chancery Court did not admit its' error until substantial harm was brought against Plaintiffs. *It is clear why other stockholders would not choose to utilize their right to bring suit, when courts side with lawyers, versus the law, out of fear of having to move or have their rights further violated by the courts.*

Chancery Courts has still neglected to correct its' error, but has hid behind immunity, however in that Plaintiffs did not file the new issues brought before this any State Court, jurisdiction solely lies within the jurisdiction of the United States District Court. The only issues which were before Chancery Court was that Plaintiffs be reimbursed for costs expended as a result of Plaintiffs duties as a Director, and that the Court outline the laws for the Corporation, as to limit future turmoil, which had been going on for years:

Federal courts may have jurisdiction to prospectively require state officials to obey state law if federal regulations make compliance with the state law a federal duty. See *Doe, 1-13 v. Bush, 261 F.3d 1037, 1055 et seq. (11th Cir. 2001). See also Cox v. City of Dallas, 256 F.3d 281, 308 (5th Cir. 2001)*.

In this context, ultra virus actions are those "without any authority whatever;" claim rests on the officer's lack of delegated power. *Pennhurst, supra, 465 U.S. at 101-102, n. 11*.

The Supreme Court discussed the standards for determining which federal statutes are enforceable under § 1983 in *Wright v. City of Roanoke Redevelopment and Housing Authority, 479 U.S. 418 (1987), Wilder v. Virginia Hospital Association, 496 U.S. 498 (1990), Suter v. Artist M., 503 U.S. 347, 355-356 (1992), and Blessing v. Freestone, 520 U.S. 329, 117 S. Ct. 1353 (1997). See Messier v. Southbury Training School, 916 F. Supp. 133, 142-146 (D.Conn. 1999)*.

The resulting Wright/Wilder/Blessing test, set out in Blessing, supra, 520 U.S. at 340-341, states:

(1) There is a rebuttal presumption that a statute is enforceable under §1983 if the Plaintiffs can show that:

    (a) Congress intended the provision to benefit the Plaintiffs;

    (b) The right is not too vague and amorphous to enforce;

    (c) The provision unambiguously imposes a binding obligation on the states.

(2) The statute is enforceable unless the Defendant can prove that Congress has foreclosed a §1983 remedy.

Congress may clarify that a particular statute is not actionable under §1983, either by express words, or by providing a comprehensive alternative enforcement scheme. *Livadas v. Bradshaw, 512 U.S. 107 (1994)*.

Plaintiffs Brooks-McCollum and her family grew up in Prince Edward County Virginia, where schools were closed from 1959 through 1964 where our Civil and Constitutional Rights were violated. Plaintiffs had to endure cross burnings and are now once again faced with being told to move at the hands Defendants.

19

Plaintiffs have been threatened for exercising Plaintiffs Constitutional and Civil Rights. Plaintiffs should not have to move once again in Plaintiffs life, because the State and others would rather resort back to the actions of the persons who chose to ignore the law in the early sixties, which penalized many people (white & black), who could not afford private education.

The Del. Supreme Court noted in *Aronson v. Lewis, 473 A.2d 805, 811 (Del. 1984)* a stockholder is not powerless to challenge director action, resulting in harm to the Corp. The machinery of corporate democracy and the derivative suit are potent tools to redress the conduct of a torpid and unfaithful management.

## SUMMARY OF ARGUMENT

This case originated in Chancery Court as a means to bring order to the Corporation governing the continued mismanagement of the Corporation.

In Plaintiffs exercising Plaintiffs right to file suit Defendants intentionally chose to only inflict pain upon Plaintiffs for exercising Plaintiffs First Amendment right, and Defendants chose to also violate Plaintiffs First, Ninth & Fourteenth Amendment Right, by supplying the Insurance Company with false information indicating they were valid Directors and Plaintiffs were not. The Defendant insurance company instead of correcting its' error has chosen to violate Plaintiffs First Amendment Right and shut Plaintiffs up, and has chosen not to deal with Plaintiffs, rather then meet its' obligations in accordance to the laws. The insurance Company in the District Court Proceedings even lied in its reply to the court to continue covering up the fraud' by stating, *"Plaintiffs was never a Director"*, as their defense, where all courts have agreed Plaintiffs was a Director. This has curtailed Plaintiffs from receiving the right to due process of law regarding life, liberty and property. The harm brought to Plaintiff Brooks-McCollum to move on two occasions, is in violation of Plaintiffs Civil Rights pursuant U.S.C. Title 18, Part I, Chapter 13, §241 and §245. Plaintiffs argues that Chancery Court in its' ruling erred, by violating Plaintiffs Civil and Constitutional Rights regarding Indemnification and the Delaware Supreme Court erred by not reviewing the Constitutional Civil Rights violated by allowing the submission of briefs, and now Chancery Court agrees it erred.

Plaintiffs has began the process to move, due to the harm caused by Defendants and has been denied Plaintiffs Civil Rights by Defendants acts and encouragement of such, which lead to a doll with the head cut off, the arms cut off, and a chest wound, and stated BITCH and MOVE across it.(which is in the possession of the Delaware Authorities)  Violation of Plaintiffs Civil Rights pursuant U.S.C. Title 18, Part I, Chapter 13,

§241 and §245. Plaintiff's family property was destroyed, and Plaintiffs has received mailings, which infer

that she and Plaintiffs family MOVE Appendix 13a, which clearly show that the actions were and are a result

of Defendants acts at their August 11, 2004 meeting and prior to said meeting. The letter makes reference to

Defendants in Civil Action 04-703 (JJF), with Kafader especially informing them of his version of the court

proceedings. Kafader informed the Corporation that it is 99% chance none of the issues will ever be heard in

any court. Defendants went through many lengths to cover up their fraud, without fear from being videotaped.

The issues originally filed in Chancery Court were issues that were going on for years amongst the

Corporation. (Exhibit P submitted with District Court Brief in Civil Action 04-703 (JJF) by Plaintiff) not

allowing Corporate members to Exercise their First Amendment Right or their Ninth Amendment Right, nor

would they take the advise of the Corporation, as Defendants in Civil Action 04-703 (JJF) have now chosen to

do against the Corporations vote made. Defendants in Civil Action 04-703 (JJF) ignored the Corporations

votes, and took a vote of their own, again another violation of the First Amendment and voting violations

committed. (Fifteenth Amendment) Over the last several months corporation member after member have

elected to move due to the violations having been committed against them, and are forced not to tell the truth

on disclosure forms when selling their home regarding legal action. It is clear that Defendants acts are not for

the Corp., but personal.

Defendants in Civil Action 04-703 (JJF) have illegally extorted funds from members of the Corporation

and have tried accessing penalties against any member not choosing to condone their actions. Thus violating

the Corporations and Plaintiffs' Fifth Amendment, which is deemed extortion, since they were never validly

elected.

The Chancery's court opinion decided on July 24, 2004 Appendix 1a-4a clearly states that it did not and

has not ruled upon indemnification of Plaintiffs, because the issues were too premature to decide such.

However, the Chancery Court never ruled upon the validity of Indemnification of Defendants in Civil Action

04-703 (JJF), of which none of them are legal, and confirmed by their counsel. This goes against. *In re P.J.*

*Keating Company, 180 B.R. 18 (Bankr. D.Mass. 1995)*. *See, e.g., MacMillan, Inc. v. Federal Ins. Co., 741 F.*

*Supp. 1079 (S.D.N.Y. 1990); Atlantic Permanent Federal Savings & Loan Assoc. v. American Casualty Co.,*

*839 F.2d 212 (4th Cir. 1988); Waldoboro Bank v. American Casualty Co., 775 F. Supp. 432 (D. Main 1991)*.

This is clearly a substantial violation of State and federal laws and Plaintiffs First, Ninth and Fourteenth

Amendment Rights, Civil Rights. (§1983 applies to all) If it is premature to allow Plaintiffs to be indemnified, it would also be premature to have and allow Defendants in Civil Action 04-703 (JJF) to utilize the Corporations policy or Corporations funds, prior to their following the proper indemnification procedure and believe this is not a violation of ones First, Seventh, Ninth and Fourteenth Amendment. Chancery Court has made a ruling to allow Plaintiffs advancement of fees and indemnification would be premature Appendix 1a-4a, but has allowed Defendants in Civil Action 04-703 (JJF) to continue raising costs against the Corporations policy, without ruling on their validity, in that none of the persons acting as Directors are valid and all were appointed as the court documents show. Know court ruled upon State Farm's violations in adhering to indemnification rules. Plaintiffs are the only parties who followed proper indemnification procedure in accordance to *Title 8, Chapter 1, Subchapter IV, Section 145(d) of Delaware's General Corporation* laws which state as follows for indemnification: *"a majority vote of the directors who are not parties to such action, suit or proceeding….". can decide if a person is a valid director to be indemnified"……..(3) "if there are no such directors, or if such directors so direct, by independent legal counsel in written opinion, or (4) by the stockholders".* Corporate Counsel (who serves as independent counsel) gave his opinion and Defendants in Civil Action 04-703 (JJF) ignored it and did as they felt against corporate counsels advise.

Chancery Court stated it would entertain Defendants in Civil Action 04-703 (JJF) Motion To Dismiss next Appendix 36a-37a, without answering any issues before it. It is clear that Plaintiffs issues would never be heard in Chancery Court, thus further violation Plaintiffs Civil and Constitutional Rights.

Furthermore, Plaintiffs was not merely asking for advancement of costs pursuant to indemnification, of which Chancery Court states in the attached Appendix 42a and concurs that Plaintiffs was also asking whether or not she and Defendants in Civil Action 04-703 (JJF) were entitled to indemnification, and Chancery Court failed to answer that question and hereby violated Plaintiffs Constitutional and Civil Rights. The opinion given by Chancery Court is conflicting with the Transcript, where the Chancery Court clearly states in Appendix 42a Plaintiff is not merely asking about advancement, however the Opinion clearly contradicts this.

Chancery court & State Farm however, has allowed Defendant Shareef in Civil Action 04-703 (JJF) to utilize the Corporation's D&O policy, although the transcripts Appendix 26a, 35a, 41a confirm that Defendant Shareef in Civil Action 04-703 (JJF) is not and was not valid. Defendant Longhurst in Civil Action

22

04-703 (JJF) was also not a Director Appendix 22a during this time, but was acting under the direction of

Shareef. No other Defendant in Civil Action 04-703 (JJF) was ever elected as supported by Appendix 12a,

17a, 181, 221, 25a, 26, a35a, 41a. Chancery Court violated substantial law by not ruling on the proper

indemnification of all parties per Appendix 1a-4a & 41a-43a. Chancery Court argued it was too premature to

come to conclusions regarding Plaintiffs' Indemnification, but has continually allowed others to perform

illegal acts against the Corporation and Plaintiffs. Chancery Court did not once mention in his opinion that all

members of the illegal board resigned at some point, although all were never legally elected and/or appointed.

One can't rule upon indemnification of one party and not others without violating a parties rights, case law,

State Law and US Laws, and argue that this is substantial justice and not a violation of ones Constitutional

And Civil Rights.

Chancery Court erred in its opinion Appendix 1a-4a which conflicts with Appendix 41a-43a, and has

failed to correct its' opinion.

First right of Plaintiffs that Chancery's Court ruling and Defendants violated was not ruling upon

indemnification of all parties was that of United States Constitution, First Amendment, Fifth Amendment,

Ninth Amendment and Fourteenth Amendment right and that of the Seventh Amendment. This court has said

in so many words it will shut Plaintiffs up (therefore violating Plaintiffs First and Ninth Amendment Right)

and not allow Plaintiffs to exercise Plaintiffs rights in this court if possible:

   a.   *Delaware Title 8, Subchapter IV, Section 141* of the General Corporation Law.

   b.   *Delaware Title 8, Subchapter IV, (a)* of the General Corporation Law.

   c.   *Delaware Title 8, Chapter 1, Subchapter IV, Section 145(d).*

   d.   Indemnification is available regardless of the D&O's role in the litigation, including as a

Plaintiffs, intervener or amicus curiae. *Hibbert v. Hollywood Park, Inc., 457 A.2d 339 (Del. 1983).*

H*owever, in Shearin v. E.F. Hutton Group, Inc., 1994 Del. Ch. LEXIS 69 (Del. Ch. June 7, 1994)*, an

officer who **initiates** a lawsuit is entitled to indemnification only if the lawsuit is brought as part of the

officer's duties to the corporation or its shareholders. (Plaintiffs is not suing the Corporation) *Accord,*

*Augat, Inc. v. Collier, 1996 WL 110076 (D. Mass. Feb. 8, 1996).*

   e.   Defendants infer through counsel that *Delaware Title 8, Section 145 (a)(b)(c)* infers that persons

defending a lawsuit are only entitled to indemnification. First, Plaintiffs in any proceeding can be

defending a lawsuit. Furthermore, The Corporations Bylaws Appendix 10a-11a and Certificate Of

Incorporation Appendix 12a provide much broader coverage then that of the General Corporation Laws.

The Certificate Of Incorporation Appendix 12a, number 10 provides broader coverage then the Bylaws

and General Corporation laws and would not require Plaintiffs to pay any fees.

   *Walt Disney Derivative Litigation, 2003 Del.Ch.LEXIS 52 (May 28, 2003)* supports the reckless acts of

these parties.

   *Carmody v. Toll Brothers Inc., Del. Ch., CA No. 15983 (July 24, 1998)* "Continuing director" provisions

are designed to prevent a hostile suitor from engaging in a proxy contest or consent solicitation to remove an

incumbent board of directors and then have the new board amend or redeem the **poison pill** (Defendants

Vivardis). These provisions prevent the redemption or amendment of poison pills where there are no

continuing directors, and if valid, provide a powerful weapon for a company to fend off a hostile takeover.

*Smith v Van Gorkum 488 A. 2d 858 (Del. Supr. 1985)* Supreme court reversed and directed that judgment be

entered in favor of the Plaintiffs and against the Defendants directors for the fair value of the Plaintiffs'

stockholdings in Trans Union, in accordance with *Weinberger V. UOP, Inc., Del.Supr., 457A.2d 701 (1983).*

   *In Pereira v. Cogan, 2003 U.S. Dist. Lexis 7818 (S.D.N.Y. 2003)*, the influential District Court for the

Southern District of N.Y. held that a firms directors and officers had breached their fiduciary duties by failing

to monitor and prevent the self dealing transactions of the chief executive officer.

   The court analyzed which officers and directors had knowledge of these transactions and could have

monitored or prevented them. *(quoting In re Healthco Int'l Inc. 1997 Bankr. LEXIS 465 (Bankr.D.Mass.April

9, 1997).* In addition the court held that the officers and directors owed a fiduciary duty of due care, loyalty

and good faith to Trace. These parties are not valid directors, who are continuing a fraud as a means to deceive

the Corporation.

   Of nine specific transactions that were challenged, two involved board action; **ratifying** Cogan's

compensation and declaring Trace's dividends. In both instances the court found that the Directors breached

their duties of loyalty and due care as established in the seminal case of *Cede & Co. v. Technicolor Inc., 634

A.2d 345 (Del.1993).*

   The court relied on the standards est. in *In re Caremark International Inc. Derivative Litigation, 698 A.2d

959 (Del.Ch.1996)*, stating directors legal obligation "to include duty to attempt in good faith to assure that

corporate information and reporting system…exists, and the failure to do so under some circumstances may…render a director liable for losses caused by non-compliance with applicable legal standards.

Defendants tried concealing their acts by encouraging others to vote to ratify their illegal actions (under the Direction of their counsel Edward Kafader). Appendix 27a  Ratification or condonation is not a defense for past criminal behavior. *See Gilbert v. United States, 359 F.2d 285, 287 (9th Cir.1966)* Appendix 35a, -[Pg 9 of Transcript] supports Kafader giving his blessings and encouragement of these violations.  These persons chose to further appoint persons to a board established illegally, in an attempt to cover up their actions.  Then in Appendix 31a Agenda dated 8/11/2004 under the direction and advice of Kafader, the board went before the Corp. attempting to have them certify their illegal acts.  Kafader knew this was a violation of the Rules Of Professional Conduct.

*In Stifel Financial Corporation v. Cochran*, the court determined that officers and directors were entitled to attorney fees and other expenses incurred in bringing such a suit under a bylaw that provided for mandatory indemnification *"to the full extent authorized by law."*  In so ruling, the court noted that allowing such *"fees on fees"* awards would prevent a corporation from wearing down a former director or officer with a valid claim for indemnification through extensive litigation.  Stifel reversed an earlier line of cases establishing that "fees on fees" are not available unless expressly provided for   *See, e.g., Mayer v. Executive Telecard, Ltd., 705 A.2d 220 (Del. Ch. 1997)*.

The right to advance of expenses can be much broader than the right to indemnification.  *In Citadel Holding Corporation v. Roven, 603 A.2d 911 (Del. 1992)*, the Delaware Supreme Court interpreted an indemnification agreement as requiring the corporation to advance expenses incurred by a director who was sued by his corporation for violations…  The Court considered this counterclaim as an affirmative defense, which triggers the advancement obligation.  *See also, Megeath v. PLM International, Inc., Case No. 930369 (Cal. Sup. Ct. San Fran., Mar. 18, 1992); Lipson v. Supercuts, Inc., Civil Action No. 15074 (Del. Ch. Ct., Dec. 10, 1996); Neal v. Neumann Medical Center, 667 A.2d 479 (Pa. 1995)*.  The Corporation Bylaws are clear in stating that advancement of fees is a contract right, and all issues before Chancery Court were brought on due to Plaintiff's role as a Director.  Defendants have attempted to wear down Plaintiffs (Ninth Amendment violation) while continuing criminal activity.  If it were not for Plaintiffs being a Director these acts would not

25

have been committed. However, Chancery Court argues that Plaintiffs defending these acts of persons

committed while they were utilizing corporate property are personal and has penalized Plaintiffs.

　　*In Heffernan v. Pacific Dunlop GNB Corp., 1992 U.S. App. LEXIS 12595 (7th Cir., June 5, 1992)*, the

court ruled that the Delaware indemnification statute applies to suits against directors and officers both in their

official capacity or if the suit arises more tangentially from his role, position or status as a director. In that

case, a former director and shareholder of a company was sued for failure to disclose material information

when he sold his stock in the company to another corporation. Although he was sued in his capacity as a

shareholder (which would not alone trigger indemnification), the court permitted an indemnification claim

against the corporation to proceed since his status as a director put him in a position where, in performance of

his duties as a director, he either learned or should have learned of the material information which he did not

disclose to the purchaser when he sold his stock. *See also, Barry v. Barry, 824 F.Supp. 178 (D.Minn. 1973)*

*aff'd., 28 F. 3d 848 (8th Cir. 1994); U.S. v. Lowe, 29 F. 3d 1005 (5th Cir. 1994), Kapoor v. Fujisawa*

*Pharmaceutical Co., 1994 Del. Super. LEXIS 233 (May 10, 1994); Augat, Inc. v. Collier, 1996 WL 110076 (D.*

*Mass. Feb. 8, 1996)*.

　　Chancery Court further stated in Appendix 41a-*[Page 9 of Transcript]*, *"And it will continue to operate*

*that way until some court – if it ever does…."* Chancery Court is clearly stating that he may never entertain the

current Complaint or any Complaint filed by Plaintiffs, thus violating Plaintiffs Constitutional and Civil

Rights. Now after numerous litigation the Chancery Court admits that it erred, only after being challenged.

　　There has been nothing presented contradictory as to was or are valid Directors, and it is evident that

Plaintiff was the only valid Director. The rulings and opinion issued in Chancery Court clearly go against all

State Laws, and US and Federal Laws the Constitution and ones Civil Rights, of which Defendants acted

allows a §1983 claim. Defendants did present filings to the court agreeing that none of the parties were

elected, and were all appointed by illegal parties. Appendix 25a-26a Defendants in Civil Action 04-703 (JJF)

submitted to the court minutes not issued to the Corporation members in trying to cover up their actions. ***Case***

***law supports indemnification is to be decided upon prior to any parties indemnifying themselves, especially***

***if all parties are party to the suit.***

　　*In Redyd v. Electronic Data Systems Corp., No. Civ. A. 19467, 2002 WL 1358761 at \*3 (Del. Ch. June 18,*

*2002)* held that where the bylaws stated that an officer or director *"shall be entitled to"* indemnification and

the advancement of expenses *"as, and to the fullest extent, permitted by" "applicable state law, one court has held that a corporation must advance expenses even to a corporate vice president accused of criminal actions solely for his **personal benefit**."*   The Corporation Bylaws of Plaintiffs state this and gives a much broader definition, by stating "that it is a contract right that a Director shall be reimbursed for all expenses and legal costs, prior to its final disposition, as long as a Director or officer of the Corporation incurred these in their capacity as a Director or officer", which has not been disputed, but confirmed.  Plaintiff is entitled to advancement and indemnification fully, and brought this suit on behalf of the Stockholders as a Director.

Defendants in Civil Action 04-703 (JJF) have argued that they can't be sued because they are part of a private Corporation.  Bivens and §1983 actions as analogous for most purposes, and "have typically incorporated §1983 law into Bivens actions." *Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) (per curiam) (citing Carlson v. Green, 446 U.S. 14, 18-20 (1980))*; see also *Ayeni v. Mottola, 35 F.3d 680, 688 n.10 (2d Cir. 1994); Ellis v. Blum, 643 F.2d 68, 84 (2d Cir. 1981)*. The Supreme Court has made it clear that private corporations engaging in state action may be sued under *§ 1983. See Lugar v. Edmonson Oil Co., 457 U.S. 922, 936-37 (1982). See Bivens, 403 U.S. at 407-08 (Harlan, J., concurring)*

**CONCLUSION**

Defendants continue to present to the Corporation, and perhaps with others yet unknown, to knowingly, intentionally, maliciously and in bad faith deprive Plaintiffs/Stockholders of Due Process of Law by preventing Plaintiffs from obtaining independent and non-conflicted representation in violation of the Fifth Amendment of the Constitution of the United States. *Johnson v. Zerbst, 304 U.S. 458 (1938); Wheat v. United States, 486 U.S. 153 (1988).*  Defendants, knowingly agreed and conspired to conceal evidence that would have led Plaintiffs and stockholders to discover they were being deprived of these rights.

Defendants have each, in furtherance of their conspiracy, engaged in a pattern of activity intended and designed to harass Plaintiffs and stockholders and to unlawfully deprive them of their constitutionally protected property interest in violation of the Fifth Amendment of the United States Constitution.

Each Defendant committed or omitted acts to defend, conceal, perpetuate or otherwise further the conspiracy to violate Plaintiffs constitutional rights. Defendants actions in furtherance of said conspiracy are ongoing and continuing, to date. *Rutherford v. City of Berkeley, 780 F.2d 1444 (9th Cir. 1986)*  Defendants could not have believed their actions were lawful *Anderson v. Creighton, 483 U.S. 635 (1987)*

American Bar Association Section of Business Law, Guidebook for Directors of Nonprofit Corporations (1993) further explains duty of care. *Plaintiffs gave Plaintiffs resignation when Corporate Counsel gave incorrect information and rescinded said resignation as to be in compliance with, The Bylaws Appendix 10a-11a, which state " The Directors shall hold office until the next annual election or until their successors are elected and qualify." They shall be elected by the members, except that if there be a vacancy in the Board by reason of death, resignation or otherwise, such vacancy shall be filled for the unexpired term by a majority vote of the remaining Directors, though less than a quorum." And "The Directors shall hold office until the next annual election or until their successors are elected and qualify. The Corporation Bylaws further state, "Any officer chosen or appointed by the Board of Directors may be removed either with or without cause at any time by the affirmative vote of the majority of the whole Board of Directors."* Defendants argue in Appendix 25a-26a that Defendant Shareef in Civil Action 04-703 (JJF) and Plaintiffs were the only persons on the Board; then they further argue that Defendants Brevett and Melville in Civil Action 04-703 (JJF) were then **appointed** to spots on the Board; they continue the argument that **although Plaintiff was on the Board and only valid member**, that Defendants Melville, Brevett and Shareef in Civil Action 04-703 (JJF) chose and/or appointed Plaintiffs. **The courts must ask how could these Defendants in Civil Action 04-703 (JJF) have chosen/appointed Plaintiff when Plaintiff was already on the Board and the only validly elected member? There is know way for parties who were appointed by an illegal member to choose or appoint a party elected to office and held her positions prior to their illegal appointments.**

Chancery Court indicates Appendix 41a that because Plaintiffs was on the Board that she voted and agreed to the appointments made by Defendant Shareef in Civil Action 04-703 (JJF), when nothing supports such. Because every member of the Senate or Congress is present would not mean that they vote or agree to all items voted on.

Chancery Court also indicates in Appendix 37a that Plaintiffs does not have the benefit of counsel, while blocking Plaintiffs of this benefit, and Constitutional and Civil Rights pursuant the Corporations Bylaws and Certificate of Incorporation and in accordance to case law, and Federal law.

By assuming the office of Director, the corporate director commits allegiance to the enterprise and acknowledges that the best interest of the corporation and its shareholders must prevail over any individual interest of his own, where Plaintiff placed she and her family at risk. American Bar Association Committee on

28

Corporate law, *The Corporate Director's Guidebook, 33 Bus. Law. 1591, 1599-1600, (1978)*. Defendants knowingly combined, conspired, confederated and agreed with each other, and perhaps with others yet unknown to Plaintiffs, to knowingly, intentionally, maliciously, and in bad faith deny and impede Plaintiffs' access to the courts by oppressively enforcing and threatening to enforce late-filing penalties Plaintiffs and others if they did not pay them, in violation of the First, Fifth and Ninth Amendment of the Constitution.

Directors are said to be fiduciaries of the corporation. *Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)*. Courts have recognized, however that "if directors were held to the same standard as ordinary fiduciaries, the corporation could not conduct business." *Panter v. Marshall Field & Co., 646 F.2d 271, 294 (7th Cir.), cert. Denied, 454 U.S. 1092 (1981)*.

Defendants are now trying to hide the illegal takeover of the Corporation, banking fraud, insurance fraud, and their violation of the Corporations rights to vote and be parties to a fair election, Constitutional issues. (Fifteenth Amendment Violation) If the Corporations interests were placed first, Defendants would not have tried blocking Plaintiffs their Constitutional and Civil Rights.

These Defendants breached their loyalty when informing the Corporation that Kafader was representing Defendants, State Farm, and the Corporation. *(Guth v. Loft, Inc., 5 A.2d 503 (Del. 1939)* represents competing with the corporation), *(Mile-O-Mo Fishing Club, Inc. v. Noble, 62 Ill.App.2d 50, 210 N.E. 2d 12 (1965),* represents appropriating corporate opportunity. This anonymous letter was postmarked from Maryland, where State Farm's offices and supports that the Corporation members have been mislead and lied to by all Defendants. According to this letter and the mis-information Defendants and their counsel supplied through various channels, that Plaintiff would keep any Derivative Award for her own personal benefit. Defendants informed the Corporation that they should counter-sue, knowing that the Derivative suit belonged to the Corporation and they would be suing themselves, according to Appendix 13a Yet Defendants in Civil Action 04-703 (JJF) argue that they have operated in the best interest of the Corporation, by lying and deceiving them of the truth.

In Appendix 13a it is clear that this party does not understand that their rights have been violated in that they believe Defendants Counsel is working for them, or that the letter came from Defendants themselves.

Appendix 13a, where Defendants further promoted the violation of Plaintiffs First, Ninth and Fourteenth Amendment Rights, as well as Plaintiffs civil rights, being instructed for a second time to MOVE.   Violation of Plaintiffs Civil Rights pursuant U.S.C. Title 18, Part I, Chapter 13, §241 and §245.

*In Romanik vs. Lurie Home Supply Center, Inc. 105 Ill.App.3d 1118, 435 N.E. 2d 712 (1982)*. And *Globe Woolen vs. Utica Gas & Electric, 121 N.E. 378 (N.Y. 1918)*.  Kafader informed the Corporation that Plaintiff is the only party to gain any benefit from the Derivative Action, especially since his clients State Farm who hired him would be the only benefactor.  The Corp. was informed that although Defendants allowed the illegal use of the Insurance it would not hurt them, but blamed their acts on Plaintiff, "Brooks-McCollum".

Directors owe the Corporation a duty of care.  *American Bar Association Committee on Corporate Laws, The Corporate Director's Guidebook, 33 Bus. Law. 1591, 1599-1600 (1978).* " *Hun v. Cary, 82 N.Y. 222, 223 (1880); Litwin v. Allen, 25 N.Y.S.2d 667 (1940)*.  [Model Act]:  The Revised Model Non-profit Corporation Act, *Bates v. Dresser, 251 U.S. 524, 64 L.ED. 388, 40 S.Ct.247 (1920); Graham v. Allis-Challmers Mfg. Co., 188 A.2d 125 (Del. 1963)*.

In that the so-called directors had not abdicated their functions, and they failed to make a conscious decision and failed to act they used no business judgment.  *Aronson v. Lewis, 473 A.2d at 813*.  The Rule does apply with their intentional conflict of interest.  *Alison v. General Motors Corp., 604 F.Supp. 106 (D.Del 1985)*.  Since these parties are not valid directors it would be likely that they would not adhere to this.  It is clearly supported by case law that Indemnification is to be decided at the beginning of proceedings for all parties, as not to violate person of due process of law, not at the end.

## PRAYER FOR RELIEF

Plaintiffs prays that this court would rule upon indemnification properly of Plaintiff(s) & against State Farm, while issuing an opinion of who is and is not indemnified pursuant this Motion & award Plaintiff all current legal, attorney & court costs, & future legal, court & attorney costs.

Respectfully submitted,

Cathy D. Brooks-McCollum
115 Emerald Ridge Drive
Bear, DE  19701
(302) 832-2694

February 28, 2005

**In the United States District Court**
**For The District Of Delaware**

CATHY D. BROOKS-McCOLLUM,                               Civil Action No. 04-419 (JJF)
& Emerald Ridge Service Corporation
115 Emerald Ridge Drive
Bear, DE 19701
(302) 832-2694
      Plaintiffs(s)

    vs.                                                    **JURY TRIAL DEMANDED**

State Farm Insurance Company
    Defendants

**CERTIFICATE OF SERVICE**

PROOF OF SERVICE

    I Cathy D. Brooks-McCollum hereby certify that on the 28th day of February 2005, I will and have caused

to be served a true and correct copy of the foregoing Motion regular postage mail, postage prepaid and via e-

mail, upon Defendants:

                Casarino, Christman & Shalk
                Stephen P. Casarino & Beth Christman
                800 North King St, Suite 200
                P.O. Box 1276
                Wilmington, DE 19899
                (302) 594-4500
                (302) 594-4509 Fax

Cathy D. Brooks-McCollum (Pro Se)
115 Emerald Ridge Drive
Bear, DE 19701
(302) 832-2694