## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

```
CATHY D. BROOKS-MCCOLLUM,       )
                                )    C.A. No. 04-419
        Plaintiff,              )
                                )
        v.                      )
                                )    JURY TRIAL DEMANDED
                                )
STATE FARM INSURANCE COMPANY,   )
                                )
        Defendant.              )
```

**DEFENDANT'S ANSWERING BRIEF IN RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

 

 

STEPHEN P. CASARINO, ESQ.
CASARINO, CHRISTMAN & SHALK
I.D. No. 174
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
Attorney for Defendant

Dated:

**TABLE OF CONTENTS**

TABLE OF CITATIONS........................................ ii

NATURE OF PROCEEDINGS..................................... 1

SUMMARY OF ARGUMENT....................................... 2

STATEMENT OF FACTS........................................ 3

ARGUMENT.................................................. 5

    DISCOVERY HAS YET TO BE COMPLETED AND THERE ARE
    UNRESOLVED ISSUES OF FACT TO BE DETERMINED.  ANY
    MOTION FOR SUMMARY JUDGMENT SHOULD BE DEFERRED
    UNTIL THERE IS A COMPLETE FACTUAL RECORD . . . . . . . .  5

i
**TABLE OF CITATIONS**

<u>*Cases*</u>

*Daimler Chrysler v. A.G. Securities Litigation*
269 F Supp 2d 508 (D.Del 2003)   . . . . . . . . . . . . . . .   5

*General Teamsters Local No. 326 v. M&G Convoy, Inc.*
848 F Supp 513 (D.Del 1994) . . . . . . . . . . . . . . . . .   5

*Cooper v. Merrill*
736 F Supp 552 (D.Del 1990) . . . . . . . . . . . . . . . . .   5

ii

## NATURE OF THE PROCEEDINGS

This is an action filed by the plaintiff *pro se* against State Farm Insurance Company (State Farm). State Farm insured Emerald Ridge Service Corporation (Emerald) which was being sued by plaintiff in the court of Chancery of the State of Delaware. Pursuant to its insurance contract, State Farm took up the defense of Emerald and the directors who were sued by the plaintiff. As best as can be determined, plaintiff has brought this action against State Farm seeking indemnification to her.

On or about July 23, 2004, the defendant State Farm noticed the deposition of the plaintiff to take place on August 27, 2004. On or about July 25, 2004 the plaintiff filed a motion to stay discovery until the issue of indemnification was confirmed against State Farm. The court has yet to rule on the motion.

On September 24, 2005, the court wrote to the parties submitting a proposed scheduling order. The parties conferred but were unable to agree upon a scheduling order. On October

1

20, 2004 the attorney for State Farm wrote to the court requesting a scheduling conference. The conference has yet to be held.

Without any discovery being completed or without the court scheduling conference being held, plaintiff has filed this motion for summary judgment. This is the defendant's response to that motion.

## SUMMARY OF ARGUMENT

The plaintiff's motion for summary judgment should be denied because it is premature. There is no factual basis to support the plaintiff's claim and a record has yet to be made.

STATEMENT OF FACTS

The best analysis of the factual situation can be determined by the review of the decision of the Court of Chancery, (Exhibit A hereto) decided by the court on July 29, 2004. Apparently the plaintiff was elected as a Director of Emerald in June, 2004 to serve as Treasurer and Secretary. On December 23, 2003, the Board decided to remove plaintiff from those positions and she resigned from the Board on July 15, 2004. Before resigning she filed a complaint against the Board alleging that she was invalidly removed as an officer, that Emerald was unjustly enriched by requiring her to pay for power washing services, that the Board utilized funds for unauthorized purposes, that the Board improperly failed to permit inspection of its books and that the Board made intentional, slanderous postings on its website.

In the Chancery action, the plaintiff sought indemnification which the court considered to be an advancement of costs. Plaintiff relied upon Section 225 of Emerald's By-Laws indicating that Emerald would indemnify officers and directors of the corporation. Presumably, since she was an officer and director of the corporation she felt she was entitled to the right of indemnification. The court noted, however that the By-Law provided that Emerald would indemnify for expenses incurred

4

in defending any proceedings. The court noted that the plaintiff was not defending a proceeding but in fact had initiated it and accordingly denied the plaintiff's motion for indemnification.

In the present lawsuit, it appears that the plaintiff's complaint is that State Farm, as the insurance carrier of Emerald should indemnify her. She has also alleged various other allegations against State Farm including violations of her 14th and 15th amendment rights.

ARGUMENT

DISCOVERY HAS YET TO BE COMPLETED AND THERE ARE UNRESOLVED ISSUES OF FACT TO BE DETERMINED. ANY MOTION FOR SUMMARY JUDGMENT SHOULD BE DEFERRED UNTIL THERE IS A COMPLETE FACTUAL RECORD.

Motions for summary judgment are not available if there are issues of fact. *In Re Daimler Chrysler v. A.G. Securities Litigation*, 269 F Supp 2d 508 (D.Del 2003); *General Teamsters Local No. 326 v. M&G Convoy, Inc.*, 848 F Supp 513 (D.Del 1994); *Cooper v. Merrill*, 736 F Supp 552 (D.Del 1990).

Plaintiff appears to argue that the defendants in the Chancery Court action violated her first, ninth and fourteenth amendment rights by supplying State Farm with false information that they were valid directors and the plaintiff was not. She argues that State Farm, instead of correcting its error, has chosen to violate her rights by defending the defendants in the Chancery Court Action. Plaintiff appears to argue that her family property was destroyed and that she is in the process of moving because she has received mailings presumably sent to her by State Farm. Plaintiff also appears to argue that the defendants ignored corporate votes and have not given proper disclosures when people are selling their homes. Plaintiff appears to argue that the individual defendants have extorted funds from members of

6

the corporation. Plaintiff appears to argue that if it was premature for her to receive indemnification it is premature for the individual defendants to be defended by State Farm. Plaintiff appears to argue that State Farm in providing a defense for defendant Shareef and Longhurst was improper because they were not valid directors. Plaintiff appears to argue that the Chancery Court's opinion was incorrect. It appears that the plaintiff is arguing that State Farm's attorney in the Chancery action concealed acts and encouraged others to improperly vote. The plaintiff appears to argue that State Farm by continuing to represent the corporation and its officers and directors has deprived the plaintiff of due process of law by not indemnifying her.

None of the plaintiff's claims are supported by any fact of record. Accordingly, plaintiff's motion for summary judgment should be denied.

/s/ Stephen P. Casarino
STEPHEN P. CASARINO, ESQ.
CASARINO, CHRISTMAN & SHALK
I.D. No. 174
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
Attorney for Defendant

Dated: March 15, 2005

8