Westlaw.

Not Reported in A.2d  
2004 WL 1752852 (Del.Ch.)  
**(Cite as: 2004 WL 1752852 (Del.Ch.))**

Page 1

H  
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Court of Chancery of Delaware.  
**BROOKS-MCCOLLUM**  
v.  
EMERALD RIDGE SERVICE CORPORATION, et al.  
**No. Civ.A. 147-N.**

Submitted April 2, 2004.  
Decided July 29, 2004.

Dear Ms. **Brooks-McCollum** and Counsel:

PARSONS, Vice Chancellor.

*1 Cathy **Brooks-McCollum** ("Plaintiff"), pro se, filed a Motion to Compel Indemnification on March 18, 2004. [FN1] Plaintiff's Motion arises out of claims she filed against certain current and former members of the board of directors ("Defendants") of the Emerald Ridge Service Corporation ("Emerald"). The Court reads Plaintiff's self-styled Motion to Compel Indemnification as a motion for advancement and for a declaration that she is entitled to indemnification in the circumstances of this case. [FN2] Plaintiff contends she is entitled to advancement from Emerald for the cost of pursuing numerous claims, including: unjust enrichment, breach of fiduciary duty, and slander. In addition, Plaintiff's reply papers suggest that the pleadings, which are not yet closed, may include a request for relief under 8 *Del. C.* § 225, as well.

> FN1. This Court has jurisdiction under 8 *Del. C.* § 145(k) to hear and determine all "actions for advancement of expenses or indemnification" in a summary proceeding. Plaintiff brought her motion for indemnification as part of a larger action before any decision as to liability or any significant discovery has occurred. The procedural propriety of Plaintiff's motion at this early stage of the litigation is discussed *infra*.

> FN2. On July 7, 2004, Plaintiff filed a Motion for Reargument on Advancement of Fees for Indemnification. In her motion, Plaintiff incorrectly states that, at a hearing on June 24, 2004, the Court "ordered that Plaintiff was entitled to indemnification and a written order would be issued." In fact, at the June 24th hearing, the Court only expressed its preliminary view that Plaintiff was not entitled to advancement of fees and that, to the extent she might be entitled to indemnification, it would not be for all of her claims. Plaintiff's July 7th motion seeks reargument on the advancement issue. The Court, however, did not render a final ruling on either advancement or indemnification at the June 24th hearing. Consequently, I will treat the Motion for Reargument as an additional submission in support of Plaintiff's motion for indemnification and advancement.

Based on the numerous papers submitted by Plaintiff, Defendants' response, and the arguments presented during the hearing on June 24, 2004, the Court finds that Plaintiff is not entitled to advancement. The Court also will deny without prejudice Plaintiff's motion for a declaration that she is entitled to indemnification, on the ground that it is premature. [FN3]

> FN3. The Court's decision does not preclude Plaintiff from filing a proper action for indemnification at the conclusion of this litigation.

I. BACKGROUND  
Plaintiff was elected a director of Emerald in June of 2003 and was appointed to serve as both Treasurer and Secretary. [FN4] At a December 23,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
2004 WL 1752852 (Del.Ch.)  
**(Cite as: 2004 WL 1752852 (Del.Ch.))**

Page 2

2003 Board meeting, a unanimous Board voted to remove Plaintiff from those positions. [FN5] Plaintiff resigned from the Board on January 15, 2004. [FN6]

>    FN4. *See* Response to Defendants Reply to Indemnification & Response to Defendants Answer to Plaintiff's More Definitive Statement ("PRB") at 17. Unless otherwise noted, the facts recited in this letter opinion are drawn from Plaintiff's moving papers, which the Court assumes arguendo to be true. This is without prejudice to Defendants' ability to dispute in later proceedings any facts not otherwise admitted.
>
>    FN5. *See* Plaintiff's Response to Motion for More Definite Statement at 2. Plaintiff disputes the validity of her removal. The factual assertions related to that issue, however, are not relevant to this motion.
>
>    FN6. *See* Defendants' Renewal of Motion for More Definite Statement and Motion for Judgment on the Pleadings ("Defs.' Renewal of Motion"), Ex. E.

In her reply papers, Plaintiff alleges that she rescinded her resignation on February 7, 2004, and that she now is the only valid director of Emerald. [FN7] Defendants' submissions and argument make clear that they dispute Plaintiff's status as a current board member and her claim to be the only valid board member. These issues go to the merits of the underlying dispute and are not ripe for decision at this time. For purposes of the motion for indemnification, it is undisputed that Plaintiff was a director of Emerald until January 15, 2004. The Court will assess the motion on that basis. Whether or not Plaintiff effectively rescinded her resignation and the potential ramifications of that action upon her claim for indemnification cannot be resolved until after the Court addresses the merits of this action.

>    FN7. PRB at 15.

On January 2, 2004, before she resigned, Plaintiff filed her Complaint in this Court. On February 3, 2004, Defendants moved for a more definite statement. On February 9, 2004, Plaintiff filed her response. In it and numerous other papers, Plaintiff alleges that: (1) she was invalidly removed as an officer because Defendant Shareef was not a valid director; (2) Emerald was unjustly enriched by requiring Plaintiff to pay for a power washing service to clean community monuments; (3) the Board utilized funds for unauthorized purposes and disregarded the referendum directives made by the members of the corporation; (4) the Board improperly failed to permit inspection of Emerald's books and records; and (5) the Board made intentional, slanderous postings on Emerald's website. On March 5, 2004, Defendants renewed their motion for a more definite statement and moved for judgment on the pleadings. On March 9, Plaintiff filed a self-styled amended complaint to add breach of contract claims against State Farm Insurance Company ("State Farm") and to assert various challenges to the identity of the properly elected directors of Emerald, as well as several other new claims. [FN8] On March 18, Plaintiff filed her Motion to Compel Indemnification.

>    FN8. Plaintiff has not properly moved pursuant to Chancery Court Rule 15 for leave to file her amended complaint. Yet, she has included the proposed Amended Complaint in previous communications to the Court. Whether some, all or none of the new claims asserted in Plaintiff's so-called amended complaint will be allowed remains to be determined.

*2 In a telephone conference on March 29, 2004, the parties agreed to defer action on Defendants' pending motions and Plaintiff's purported amended complaint until after Plaintiff's Motion to Compel Indemnification was briefed and resolved. The Court provided its preliminary views on the advancement issues during a hearing on June 24, 2004 on another motion by Plaintiff in this action.

II. ANALYSIS  
A. Advancement  
The Delaware General Corporation Law permits a corporation to advance the costs of litigation to a director. [FN9] This allowance is *permissive,* not mandatory. [FN10] Thus, a corporation is free to limit the terms of advancement and even preclude advancement entirely.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
2004 WL 1752852 (Del.Ch.)
**(Cite as: 2004 WL 1752852 (Del.Ch.))**

Page 3

> FN9. 8 *Del. C.* § 145(e).
>
> FN10. *See Tafeen v. Homestore,* 2004 Del. Ch. LEXIS 38, 44 (2004), noting that corporations can draft narrow advancement bylaws.

The Emerald bylaws relating to indemnification provide a narrow right to advancement of legal expenses. [FN11] Specifically, Section 25, subsection 1 of the bylaws provides in pertinent part:

> FN11. Defs.' Renewal of Motion, Ex. D at 14.

> Right to Indemnification--Each person who was or is made a party or is threatened to be made a party to or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative ("proceeding"), by reason of the fact that he or she or a person for whom he or she is the legal representative is or was a Director or officer, employee or agent of the Corporation or is or was serving at the request of the Corporation as a Director or officer ... shall be indemnified and held harmless by the Corporation to the fullest extent authorized by the Delaware General Corporation Law, as the same exists or may hereafter be amended ... against expenses, liability and loss (including attorneys fees, judgments, fines.... Such right shall be a contract right and shall include the right to be paid by the Corporation expenses incurred *in defending any such proceeding* in advance of its final disposition; provided, however, that the payment of such expenses incurred by a Director or officer of the Corporation in his or her capacity as a Director or officer ... shall be made only upon delivery to the Corporation of an undertaking, by or on behalf of such Director or officer, to repay all amounts so advanced if it should be determined ultimately that such Director or officer is not entitled to be indemnified under this section or otherwise. [FN12]

> FN12. *Id.,* Ex. D (emphasis added).

Thus, Emerald's bylaws set forth two substantive requirements for advancement. First, the expenses must be incurred in "defending" a proceeding such as this civil action. [FN13] Second, the individual requesting advancement must deliver to Emerald an undertaking to "repay all amounts so advanced if it should be determined ultimately that such Director or officer is not entitled to be indemnified."

> FN13. *Id.,* Ex. D at 13.

Plaintiff does not meet either of these two requirements. First, she is not defending this lawsuit; in fact, she initiated it. In her reply papers, Plaintiff seems to argue that the advancement rights provided by the bylaws necessarily extend to every situation under which the bylaw might authorize indemnification. [FN14] The advancement clause explicitly is limited to persons "defending" an action. The language in the bylaws defining the scope of indemnification arguably might have broader application. For example, read most broadly, Section 25 would afford indemnification rights to: "Each person who was or is made a party or is threatened to be made a party to or *is involved in any action, suit or proceeding* ... by reason of the fact that he or she ... is or was a Director or officer, employee or agent of the Corporation." Whether or not Plaintiff ultimately might qualify for indemnification under Section 25 as to some aspect of her claims, the Court concludes that the narrower language on advancement precludes Plaintiff from receiving an advancement of her costs and expenses in this action. [FN15]

> FN14. PRB at 4.
>
> FN15. Plaintiff also argues that she is "defending the accusations as a Plaintiff wrongly accused." PRB at 20-21. Having considered the allegations in Plaintiff's complaint and her moving papers, the Court is not convinced that there is any legitimate basis for characterizing her position in this litigation as one of "defending" within the meaning of the Emerald bylaws.

\*3 A second and independent basis exists for denying Plaintiff's application for advancement. The bylaws require that she submit to the Corporation a formal undertaking to repay. Plaintiff presented no evidence that she ever supplied the requisite undertaking. In fact, her reply papers indicate that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
2004 WL 1752852 (Del.Ch.)
**(Cite as: 2004 WL 1752852 (Del.Ch.))**

Page 4

Plaintiff denies that the requirement to agree to repay advanced funds applies to her. [FN16] Her rationale is that her case on the merits as to the proper makeup of the board is so strong that there is no possibility that she ultimately will be determined not to be entitled to indemnification. The Court rejects this excuse for not providing the requisite undertaking.

> FN16. PRB at 11-12.

For both the above reasons, Plaintiff has failed to prove a right to advancement. Thus, the Court will deny that aspect of her motion.

B. Indemnification

In her Motion to Compel Indemnification and in her argument on June 24, 2004, Plaintiff has requested a ruling on her claimed right to indemnification. Even at this preliminary stage of the litigation, it seems clear that on at least some of her original claims and potential new claims in the proposed amended complaint, Plaintiff will not be entitled to indemnification. For example, her claim of slander does not arise out of an obligation or duty to the corporation. Plaintiff makes this claim on her own behalf, asserting her personal rights, rather than as part of her responsibilities and duties as a director. To the extent indemnification might arguably be authorized by Emerald's bylaws in connection with a particular claim, that claim by Plaintiff would have to arise out of her duty to the corporation. [FN17] Hence, her claim for slander would not be indemnifiable.

> FN17. *Shearin v. E.F. Hutton Group, Inc.,* 652 A.2d 578, 594 (Del. Ch.1994) citing *Hibbert v. Hollywood Park, Inc.,* 457 A.2d 339, 344 (Del.1983) ("Thus, I take *Hibbert* to recognize that permissible indemnification claims will include those deriving from lawsuits *brought by* directors, officers, agents, etc., only insofar as the suit was brought as part of the employee's duties to the corporation and its shareholders.") The Court further stated that claims for slander or breach of contract, similar to the claims raised by Plaintiff, do not arise out of a duty to the corporation and are thus not indemnifiable: "The suits brought by [plaintiff] ... cannot be considered a manifestation of her responsibilities to [the indemnifying entity]. These suits plainly sought to advance [plaintiff's] own interest, not the interest of the [the indemnifying entity] ... the litigation involves purely the assertion of Plaintiff's personal rights (i.e., defamation, breach of contract), and thus advances no interest of, or duty to, [the indemnifying entity]." *Id.*

As to the remaining claims, Plaintiff's right to indemnification evidently will be challenged on several grounds, including that she commenced this litigation unlike most litigants who seek indemnification in their role as defendants. The Delaware courts only rarely have authorized indemnification of plaintiffs. [FN18] Whether the Emerald bylaws and the holdings in those cases provide a basis for granting indemnification to Plaintiff in the circumstances of this case is likely to be hotly contested. [FN19]

> FN18. *See Shearin v. E.F. Hutton Group,* 652 A.2d 578 and *Hibbert v. Hollywood Park,* 457 A.2d 339.

> FN19. *See, e.g.,* Defendants' Response to Plaintiff's Motion to Compel Indemnification.

It would be premature, however, for the Court to attempt to address those issues before the questions of liability are determined. Apart from the issue of advancement addressed above, courts understandably tend to defer deciding whether a party is entitled to indemnification until after the merits of the underlying dispute have been resolved. [FN20] The additional facts that the pleadings in this action are still incomplete and virtually no discovery has occurred yet underscore the inadvisability of addressing indemnification at this time.

> FN20. *See* 8 *Del. C.* § 145(c) ("To the extent that a present or former director or officer of a corporation has been successful on the merits or otherwise in defense of any action, suit or proceeding ... or in defense of any claim, issue or matter therein, such person shall be indemnified

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
2004 WL 1752852 (Del.Ch.)
**(Cite as: 2004 WL 1752852 (Del.Ch.))**

Page 5

against expenses (including attorneys' fees) actually and reasonably incurred by such person in connection therewith.").

Accordingly, to the extent Plaintiff's motion seeks an immediate ruling on the indemnification question, the Court denies that aspect of the motion without prejudice on the grounds that it is premature and seeks an impermissible advisory opinion.

### III. CONCLUSION

*4 For the foregoing reasons, Plaintiff's Motion to Compel Indemnification, more accurately classified as a request for advancement, is DENIED. IT IS SO ORDERED.

2004 WL 1752852 (Del.Ch.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.