CASE NO. 04-419 (JJF)

In the United States District Court For The District Of Delaware

Emerald Ridge Service Corporation **(DERIVATIVE)**
& Cathy Brooks-McCollum
Plaintiff(s)

vs.

State Farm Insurance Company
Defendant(s)

## PLAINTIFF'S OPENING BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGEMENT PURSUANT F.R.C.P 56(a)

Cathy D. Brooks-McCollum (Pro Se)
115 Emerald Ridge Drive
Bear, DE 19701
(302) 832-2694

Dated: March 16, 2005

2005 MAR 17 PM 3:55    FILED CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE

## TABLE OF CONTENTS

*Page*

| | | |
|---|---|---|
| I. | Table Of Contents | i |
| II. | Basis For Summary Judgment | 2 |
| III. | Response To Defendants Regarding Nature Of Proceeding | 2 |
| IV. | Response To Summary Judgment | 2 |
| V. | Response To Issues Of Fact | 2 |
| VI. | Prayer For Relief | 7 |

## BASIS FOR SUMMARY JUDGMENT

## RESPONSE TO DEFENDANTS REGARDING NATURE OF PROCEEDINGS

Defendants State Farm state that Plaintiffs are pro se, but fail to state that Plaintiffs are pro-se due to State Farm blocking their Constitutional Rights to due process of the laws and using scare tactics, and tort to obtain such.

Defendants State Farm indicates that they provided Insurance Coverage to Emerald Ridge Service Corporation, which was being sued by Plaintiff. It is clear and a fact by Chancery Court and the District Court, and the US Court Of Appeals that Plaintiff never sued Emerald Ridge Service Corporation, and that all suits are filed in each court as Derivative on behalf of Emerald Ridge Service Corporation and Plaintiff. Whereby Defendant. Defendant State Farm has never taken the defense of Emerald Ridge Service Corporation and has continually denied both Plaintiffs coverage. State Farm is in full possession of all discoverable items surrounding their violations and the issues of this case, where Senior level Managers have been copied on each and every filing made in District Court Civil Action 04-0703, this District Court Civil Action, Delaware Superior Court Civil Action Number 04C-03-074-1-CV, and Chancery Court Civil Action 147-N. It is an undisputed fact that both Plaintiffs are indemnified and have been denied such indemnification by Defendant State Farm, as they have practiced throughout the country.

Defendants have conveniently mis-styled their reply to the court, trying to lead the court to believe this action is only on behalf of Plaintiff, (Another tactic of Defendant State Farm.)

## RESPONSE TO SUMMARY JUDGEMENT

Summary Judgment is available when there are no disputable issues of law. There is not and has not been a disputable issue of law by Defendant State Farm for their failure to indemnify both Plaintiffs. State Farm merely gave a reason that they were insuring Directors (although never elected as outlined in Plaintiffs initial brief). State Farm funded and supported terrorist, fraudulent and tortuous crimes because of their error. It is an undisputable fact that Plaintiffs are entitled to indemnification and Summary Judgment should be granted. It is an undisputable fact that none of the other parties State Farm insured are indemnified, in that they are not and were not elected by the Corporation members, and hostilely took

over the Corporation with the support of Defendant State Farm. State Farm is free to continue payment of Defendants in other Civil Actions, as long as it is not through the Corporations policy, however they must insure Plaintiffs in accordance to State law, Federal Law, US Law and Case law. Whereby, Summary Judgment should be granted.

## RESPONSE TO DEFENDANTS REGARDING ISSUES OF FACT

Plaintiff will note for the court that the dates surrounding the Statement of Facts are incorrect, and may just be in error by Defendants.

Plaintiff has asked this court to issue Summary Judgment on Issues of Law regarding Indemnification. It is a fact by State Law, Federal Law, US Law and case law that Plaintiffs Emerald Ridge Service Corporation and Cathy D. Brooks-McCollum are insured. It is a fact confirmed by all courts that Plaintiff was the only validly elected Director. It is a fact presented in Plaintiffs Opening Brief that all Defendants were not valid Directors, which was verified by their counsel through Exhibits submitted along with Plaintiffs Brief. It is a fact that a meeting was held by invalid parties to remove Plaintiff from the Board. Again, Plaintiffs Opening brief supports that the only validly elected Director was Plaintiff Cathy Brooks-McCollum, and that Kenneth Shareef appointed the other invalid Directors in an attempt to take control of the Board. Plaintiff confirmed that she was not part of any appointments. In that the only meeting ever taken place with all parties clearly note by the minutes that only positions were voted on, supports that appointments were made prior to said meeting by the party who was acting as the President. It is further clarified through numerous exhibits submitted by Defendants in other civil actions counsel that they were not and are not valid.

In the Chancery Court proceedings that court admitted that it erred, again another fact outlined before this court in Plaintiffs Opening Brief. Plaintiff did not feel she was entitled to indemnification, the law supports Plaintiffs indemnification.

Chancery Court again erred, in that the Bylaws, of the corporation state, "25. INDEMNIFICATION: Section I. Right to Indemnification - *Each person who was or is made a party or is threatened to be made a party to or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative ("proceeding"), by reason of the fact that he or she or a person*

2

*for whom he or she is the legal representative is or was a Director or officer, employee or agent of the Corporation or is or serving at the request of the Corporation as a Director or officer, employee or agent or another corporation, or of a partnership, joint venture, trust or other enterprise, including service respect to employee benefit plans, whether the basis of such proceeding is alleged action in an official capacity as a Director, officer, employee or agent or in any other capacity while serving as a Director, officer, employee or agent, shall be indemnified and held harmless by the Corporation to the fullest extent authorized by the Delaware General Corporation Law, as the same exists or hereafter be amended (but, in the case of any such amendment, only to the extent such amendment permits the Corporation to provide broader indemnification rights than said law permitted the Corporation to provide prior to such amendment) against expenses, liability and loss including attorneys fees, judgments, fines,……….  Such right shall be a contract right shall include the right to be **paid by the Corporation** expenses incurred in defending any such proceeding in advance of its final disposition; provided, however that the payment of such expenses incurred by a Director or officer of the Corporation in his or Plaintiffs capacity as a Director or officer (and not in any other capacity in which services was or is rendered by such persons while a Director or officer, including, without limitation, service to an employee benefit plan) in advance of the final disposition of such proceeding, shall be made only upon delivery to the Corporation of an undertaking, by or on behalf of such Director or officer, to repay all amounts so advanced if it should be determined ultimately that such Director or officer is not entitled to be indemnified under this section or otherwise."*

As outlined by Plaintiff in her Opening brief, case law, Federal, US and State law supports that all parties are defending themselves in any proceeding. However, what Defendant State Farm fails to recognize that the section they are relying on states, "*Such right shall be a contract right shall include the right to be **paid by the Corporation**".*  State Farm is not the Corporation, and Plaintiffs are not asking that the Corporation pay for any of these costs for indemnification of any party. The insurance company surely is not arguing that they are the Corporation. There is an insurance policy, which protects validly elected Directors and the Corporation, of which defendant State Farm erred and insured the incorrect

3

parties through the Corporate Policy, whereby, Plaintiff is now asking that the costs be assessed State Farm and indemnify the correct parties, or all parties if they so wish.

The court did not deny Plaintiffs motion for indemnification as stated by Defendants, it denied advancement of indemnification, where the court clearly erred, as it admits and case law and various other laws support.

State Farm in their actions has violated Plaintiffs Constitutional and Civil Rights as outlined by Plaintiffs Opening Brief in support of Summary Judgment.

The court may give summary judgment against a claimant or defendant on the whole of a claim or on a particular issue if –(a) it considers that –(i) that claimant has no real prospect of succeeding on the claim or issue; or(ii) that defendant has no real prospect of successfully defending the claim or issue; and(b) there is no other compelling reason why the case or issue should be disposed of at a trial. The court may give summary judgment against a claimant in any type of proceedings.(2) The court may give summary judgment against a defendant in any type of proceedings except –(a) proceedings for possession of residential premises against–(i) a mortgagor; or(ii) a tenant or a person holding over after the end of his tenancy whose occupancy is protected within the meaning of the Rent Act. (1) A claimant may not apply for summary judgment until the defendant against whom the application is made has filed –(a) an acknowledgement of service; or (b) a defense, unless –(i) the court gives permission; or(ii) a practice direction provides otherwise. Summary Judgment is available, If the respondent to an application for summary judgment wishes to rely on written evidence at the hearing, he must –(a) file the written evidence; and(b) serve copies on every other party to the application, at least 7 days before the summary judgment hearing.(2) If the applicant wishes to rely on written evidence in reply, he must –(a) file the written evidence; and(b) serve a copy on the respondent, at least 3 days before the summary judgment hearing.(3) Where a summary judgment hearing is fixed by the court of its own initiative –(a) any party who wishes to rely on written evidence at the hearing must–(i) file the written evidence; and(ii) unless the court orders otherwise, serve copies on every other party to the proceedings, at least 7 days before the date of the hearing;(b) any party who wishes to rely on written evidence at the hearing in reply to any other party's written evidence must –(i) file the written evidence in reply; and(ii) unless the court orders

4

otherwise serve copies on every other party to the proceedings, at least 3 days before the date of the hearing.(4) This rule does not require written evidence –(a) to be filed if it has already been filed; or(b) to be served on a party on whom it has already been served."

Plaintiffs not only argue that defendants in Chancery Court proceedings violated their constitutional rights, but did so with the aide of State Farm and their GOON lawyers. State Farm violated these rights by encouraging criminal acts and funding them, although they know that they and other defendants committed criminal acts. Plaintiff (Brooks-McCollum) received numerous threatening calls from a party 11 miles from the State Farm Maryland office on many different occasions, where Plaintiff has the parties name and number.

Plaintiff (Brooks-McCollum) is in the process of moving due the harm caused and encouraged by defendant State Farm, and paying their counsel to execute the fraud on their behalf.

The law supports that indemnification is decided at first instance for all parties, where it is premature to rule upon indemnification of just one party, and defendants have presented no case law to the contrary.

All of Plaintiffs claims are supported by facts and documentation, supplied to defendant State Farm, their counsel Edward Kafader and through videotape, where State Farms attorney Kafader acknowledged and confirmed the extent of fraud they would go through. Defendant Kafader gave his blessing in a court document in one instance committing an act to ratify illegal acts of his clients, and then encouraged that they ask the Corporation certify their actions (again presented with Plaintiffs opening brief). Plaintiff has submitted undisputable support and evidence in support of this, and Defendant State Farm has submitted nothing to rebut such documentation, but would have this court deny Summary Judgment and asks this court to continue violating Plaintiffs constitutional rights. State Farm had every ample opportunity to present any evidence disputing the evidence submitted by Plaintiffs, and had every chance to dispute the argument made by Plaintiffs, but did not. Then why should they, since this is a normal practice of theirs and only 1 out of 50,000 persons will stand up for their rights.

Motion For Summary Judgment should be given in favor of Plaintiffs, and State Farm should be held accountable for their actions.

## PRAYER FOR RELIEF

The proceedings against State Farm regarding indemnification do not require any discovery. These issues are decided on based on law, and it is an undisputable fact by all the documents presented to the court that Plaintiffs are indemnified. Indemnification does not require discovery. It has been proven that Plaintiff (Brooks-McCollum) was elected to hold office as a validly elected officer. It is a fact that all Plaintiffs were entitled to coverage pursuant the Emerald Ridge Service Corporation Policy, in that these proceedings were brought out of Plaintiff having been a validly elected Director. It is a fact that State Farm committed Fraud in trying to deny Plaintiffs coverage, which is an issue that should survive Summary Judgment and be decided by the jury. It is a fact that State Farm caused substantial damage to all Plaintiffs, which also should be decided by the jury. It is a fact that Plaintiff Cathy Brooks-McCollum is entitled to compensatory and punitive damages for the acts committed by State Farm and their attorneys.

Whereby, Plaintiffs are asking that this court issue an order for Summary Judgment against Defendants, with all legal and court costs incurred to date and in the future being accessed Defendants. Plaintiffs have not asked that this court issue a ruling on any issues that should be reserved for the jury. Both, Plaintiff and Defendants have asked for a Jury Trial, and if Defendant State Farm wishes to pay for all parties legal and court costs against them then the court should abide by their wishes, since they still fail to admit their error, when at least the Chancery Court admitted its' error. The only reason defendant State Farm gave as their reason for not indemnifying Plaintiff was that they were (Plaintiffs) and not defendants, and when case law was submitted to disputing this, State Farm resorted to tortuous crimes, of which no one should have to endure for following the law.

Respectfully submitted,

Cathy D. Brooks-McCollum
115 Emerald Ridge Drive
Bear, DE 19701
(302) 832-2694

March 16, 2005

6

In the United States District Court

For The District Of Delaware

CATHY D. BROOKS-McCOLLUM,                    Civil Action No.     04-419 (JJF)
& Emerald Ridge Service Corporation
115 Emerald Ridge Drive
Bear, DE 19701
(302) 832-2694
      Plaintiffs(s)

vs.                                                **JURY TRIAL DEMANDED**

State Farm Insurance Company
      Defendants

### CERTIFICATE OF SERVICE

PROOF OF SERVICE

I Cathy D. Brooks-McCollum hereby certify that on the 16th day of March 2005, I will and have caused to be served a true and correct copy of the foregoing Motion regular postage mail, postage prepaid and via e-mail, upon Defendants:

           Casarino, Christman & Shalk
           Stephen P. Casarino
           800 North King St, Suite 200
           P.O. Box 1276
           Wilmington, DE 19899
           (302) 594-4500
           (302) 594-4509 Fax

_/s/ Cathy D. Brooks-McCollum_
Cathy D. Brooks-McCollum (Pro Se)
115 Emerald Ridge Drive
Bear, DE 19701
(302) 832-2694