IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHY D. BROOKS-MCCOLLUM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-419 JJF |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM INSURANCE COMPANY, | ) | |
| | ) | |
| Appellee. | ) | |

**DEFENDANT'S RESPONSE TO MOTION FOR RE-ARGUMENT**

The plaintiff claims to be a member of the Board of Directors of Emerald Ridge Service Corporation (Emerald). She is not suing for any action brought against her. She brought an action in the Court of Chancery against Emerald seeking indemnification. In the Chancery action she claimed she was entitled to money from Emerald for the cost of pursuing numerous claims against Emerald. Plaintiff claimed that she should be indemnified by Emerald even though no claim had been brought against her. Vice Chancellor Parsons noted that under the Emerald Bylaws indemnification is required when a member of the Board is defending a civil action. The court noted that the plaintiff was not defending a lawsuit but indeed had initiated it and therefore was not entitled to be paid her expenses.

The court further concluded that it would be premature to address whether the plaintiff was entitled to indemnification as a plaintiff. The court deferred that ruling until the underlying factual dispute had been resolved. Accordingly, the plaintiff's motion to compel indemnification was denied.

In the present case, the plaintiff is asking the court to permit indemnification from State Farm,

the insurance carrier of Emerald. Until such time as the Chancery Court determines that plaintiff is entitled to indemnification against Emerald, her claim against State Farm is premature.

In denying plaintiff's motion for summary judgment, this court indicated that the issue was identical to the matter brought in Chancery Court and that there had yet to be a final order in that court. Accordingly, the motion for indemnification was denied. The court also denied plaintiff's motion to stay.

On or about April 2, 2005, the plaintiff filed a notice of appeal to the Third Circuit Court of Appeals. At the same time she filed a Motion for Reargument. The matter proceeded to the Third Circuit which on June 24, 2005, dismissed the appeal as interlocutory.

Plaintiff now seeks to move forward on her Motion for Reargument. Plaintiff appears to argue that the action against Emerald is distinct from her action against State Farm. State Farm has not denied a defense to Emerald but indeed is defending it in an action brought by the plaintiff in the Court of Chancery. It is submitted that the plaintiff has no claim against State Farm until it is determined that she has a right of indemnification under the Bylaws of Emerald . In Delaware a plaintiff may not maintain a direct action against a tortfeasor's insurance carrier but must proceed against the tortfeasor to determine if there is any liability. *Del Mar News, Inc. v. Jacobs Oil Company*, 584 A2d 531 (Del.Super.1990). Since the matter is pending in the Court of Chancery, it was proper for the court to deny plaintiff's motion for indemnification. Therefore, plaintiff's Motion for Reargument should be denied.

Defendant requests a case scheduling conference so that the parties can move forward with discovery on the other issues brought by plaintiff, in particular alleged criminal action by State

Farm and violation of her constitutional rights

                                                                     CASARINO, CHRISTMAN & SHALK

                                                                     /s/ Stephen P. Casarino
                                                                 STEPHEN P. CASARINO, ESQ.
                                                                  800 N. King Street, Suite 200
                                                                  P.O. Box 1276
                                                                  Wilmington, DE 19899
                                                                  Attorney for Defendant,

Date: August 16, 2005                       State Farm Insurance Company

<u>CERTIFICATE OF SERVICE</u>

I, Stephen P. Casarino, hereby certify that on this 16th day of August, 2005, two true and correct copies of the attached document were served on the following individuals via first class mail:

Cathy D. Brooks-McCollum
115 Emerald Ridge Drive
Bear, DE 19701

CASARINO, CHRISTMAN & SHALK

 /s/ Stephen P. Casarino
STEPHEN P. CASARINO, ESQ.
I.D. No. 174
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
Attorney for Defendant
State Farm Insurance Company