IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CATHY D. BROOKS-McCOLLUM, | § § § | |
| | § | No. 396, 2004 |
| Plaintiff Below-Appellant, | § § § | |
| | § | Court Below---Superior Court |
| | § | of the State of Delaware, |
| v. | § | in and for New Castle County |
| | § | C.A. No. 04C-03-074 |
| EMERALD RIDGE SERVICE CORPORATION, et al., | § § § | |
| | § | |
| Defendants Below-Appellees. | § § | |

Submitted: April 1, 2005
Decided: May 26, 2005

Before **STEELE**, Chief Justice, **JACOBS** and **RIDGELY**, Justices

### ORDER

This 26th day of May 2005, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1) The plaintiff-appellant, Cathy D. Brooks-McCollum, filed an appeal from the Superior Court's June 16, 2004 and August 19, 2004 orders dismissing her claims.[1] We find no merit to the appeal. Accordingly, we AFFIRM.

(2) In March 2004, McCollum filed a complaint in the Superior Court alleging that defendants-appellees, Emerald Ridge Service Corporation, a

---

[1] While the Superior Court's August 19, 2004 order was reduced to a writing, the June 16, 2004 order was issued orally from the bench following a hearing. The record does not contain a transcript of that ruling, nor does it reflect that McCollum ever ordered a transcript.

48a

neighborhood service corporation, and its individual board members (collectively, "Emerald Ridge"),[2] violated certain provisions of the Federal Trade Commission Act[3] and the Delaware General Corporation Law.[4]  On April 19, 2004, Emerald Ridge filed a motion to dismiss the complaint on the ground that the Superior Court lacked jurisdiction over McCollum's claims.  On June 16, 2004, a hearing on the motion was held in the Superior Court and the judge issued an oral ruling from the bench.

(3)   While the record contains no transcript of the hearing or the Superior Court's oral ruling, Emerald Ridge represents, and McCollum does not dispute, that the Superior Court dismissed McCollum's claims for lack of jurisdiction, with the exception of what the Superior Court deemed to be a potential defamation claim.  It also appears that the Superior Court afforded McCollum additional time to amend her complaint to set forth the defamation claim with particularity.

(4)   On June 28, 2004, McCollum filed a lawsuit in the United States District Court for the District of Delaware alleging some of the same claims asserted in her Superior Court and Court of Chancery complaints.  On July 29, 2004, the Court of Chancery issued its decision denying McCollum's

---

[2] It appears that, at all times relevant, McCollum herself was a member of the board.
[3] 15 U.S.C. §§ 45-58.
[4] Del. Code Ann. tit. 8, § 219(a) and (b).  McCollum also filed a related lawsuit in the Court of Chancery requesting indemnification for costs she had incurred in filing her legal actions.

indemnification claim. On the same date, McCollum wrote a letter to the Superior Court judge stating that she would not be filing an amended complaint in the Superior Court and would instead be filing a motion to remove her case to the United States District Court.

(5) McCollum filed a motion for removal in the United States District Court on August 11, 2004. On the same date, she filed a motion to dismiss in the Superior Court. In the motion, McCollum stated that she would not be amending her complaint to state her defamation claim with particularity and requested that the claim be dismissed. In accordance with McCollum's request, the Superior Court dismissed the claim with prejudice on August 19, 2004.

(6) In this appeal, McCollum claims that the Superior Court committed error and abused its discretion when it dismissed her claims for lack of jurisdiction under the Federal Trade Commission Act and the Delaware General Corporation Law. She also claims that the Superior Court's dismissal of her defamation claim was premature because it is not clear that her claims will be heard in the federal court.[5]

---

[5] It appears that the District Court dismissed McCollum's claims and the matter is now on appeal to the United States Court of Appeals for the Third Circuit. In her reply brief, McCollum appears to argue that, should the Court of Appeals affirm the ruling of the District Court, she should be allowed to return to the Superior Court to prosecute her claims.

50a

(7) The Rules of this Court direct all parties to order a transcript and to include in their appendix those portions of the record that are relevant to any claims on appeal. In this case, McCollum, as the appellant, had the burden of producing "such portions of the . . . transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred" and "a transcript of all evidence relevant to the challenged finding or conclusion."[6] The failure of McCollum to include in the record a transcript of the Superior Court's oral ruling dismissing her federal and corporate claims for lack of jurisdiction precludes appellate review of her argument that the Superior Court erred by dismissing those claims.[7]

(8) McCollum's second argument fares no better. McCollum herself sought dismissal of her potential defamation claim in the Superior Court. She cannot now complain that the Superior Court took the action she requested merely because the federal court may refuse to hear her claims.

---

[6] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987); Supr. Ct. R. 9(e) (ii) and 14(e).
[7] It does not appear that McCollum's arguments have substantive merit in any case.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

52a

# FERRY, JOSEPH & PEARCE, P.A.

ATTORNEYS AT LAW
824 MARKET STREET
SUITE 904
P. O. BOX 1351
WILMINGTON, DELAWARE 19899

(302) 575-1555

DAVID J. FERRY, JR.*
MICHAEL B. JOSEPH +
ROBERT K. PEARCE
THEODORE J. TACCONELLI *
EDWARD F. KAFADER
JOHN D. MATTEY
RICK S. MILLER
JASON C. POWELL
LISA L. COGGINS **
STEVEN G. WEILER ++
THOMAS R. RIGGS

(*ALSO PA BAR)
(+ALSO NJ BAR)
(**ALSO FL, MA AND NY BARS)
(++NJ BAR ONLY)

TELEFAX
(302) 575-1714

www.ferryjoseph.com

ARTHUR F. DISABATINO
(1936-2001)

July 22, 2005

Honorable James T. Vaughn, Jr.
Superior Court of Delaware
Kent County Courthouse
38 The Green'
Dover, DE 19901

     RE: Cathy Brooks-McCollum v. Emerald Ridge Service Corporation et al
     Civil Action #147-N

Dear Judge Vaughn:

     I was recently informed that Your Honor has been assigned as an acting Vice Chancellor to hear this matter. I am writing the Court to apprize it of the status of some related cases which have a bearing on the Chancery Court matter.

     The Chancery Court action was the first of several cases which Ms. Brooks-McCollum has filed against current and former member of the board of directors of the Emerald Ridge Service Corporation as well as the Corporation. The plaintiff filed the Chancery Court action in January of 2004. In March of 2004 Ms. Brooks-McCollum filed a complaint in Superior Court against current and former members of the board of directors of the Emerald Ridge Service Corporation and the Corporation. Eventually, the Superior Court action was dismissed in its entirety. Ms. Brooks-McCollum did appeal the dismissal of the Superior Court action to the Delaware Supreme Court. The Delaware Supreme Court affirmed Superior Court's dismissal of Ms. Brooks-McCollum's claims asserted in her Superior Court complaint. I mention this case because it has some bearing on motions that Ms. Brooks-McCollum has filed in other courts.

     In June of 2004, Ms. Brooks-McCollum filed a complaint in the United States District Court for the District of Delaware. Ms. Brooks-McCollum named current and former members of the board of directors of the Emerald Ridge Service Corporation, the Emerald Ridge Service

53a

Honorable James T. Vaughn, Jr.
Brooks-McCollum v. Emerald Ridge Service Corporation
July 22, 2005
Page 2

Corporation, myself and my law firm as defendants in that case. It was assigned C.A. No. 04-703 JJF. I am enclosing a copy of the motion which Ms. Brooks-McCollum filed in the District Court action on August 10, 2004. In this motion, Ms. Brooks-McCollum requested the removal of the Superior Court and Chancery Court actions which she had filed to the United States District Court for the District of Delaware. Ms. Brooks-McCollum also requested the removal of an appeal from the Delaware Supreme Court to the United States District Court as well. 28 U.S.C. §1446 confers upon defendants the right to remove actions from state courts to federal courts, provided that the federal court has subject matter jurisdiction over the plaintiff's claim

I am enclosing a copy of a letter issued by Vice Chancellor Parsons dated August 20, 2004. As the Court can see, in this letter Vice Chancellor Parsons made reference to the provisions to 42 U.S.C. §1441. That statute provides that upon filing of a motion to remove a matter from state court to federal court, the state court matter will be held in abeyance until such time as the motion is decided by the federal court.

The defendants in the District Court action eventually moved to dismiss the complaint against them. I am enclosing with this letter a memorandum opinion of the District Court dated January 11, 2005 by which the District Court dismissed the complaint against the defendants, finding that there was no subject matter jurisdiction over the issues raised by the plaintiff in her complaint. Also enclosed with this letter is the District Court's order dated January 11, 2005 denying all motions the plaintiff had made or during the pendency of her District Court case.

Ms. Brooks-McCollum has filed an appeal of the District Court's dismissal of her complaint in the United States Court of Appeals for the Third Circuit. That case has been assigned case number 04-1264. The issues raised on appeal have been fully briefed by the parties. There has been no opinion or order issued by the Third Circuit regarding those issues.

Twenty eight U.S.C. §1447 provides that an order of a federal court remanding a case which has been removed back to a state court is not reviewable by an appeal, or otherwise. However, when an order remanding a case to state court is part of a final order entered by the federal court, the determination regarding remand may be reviewed by an appellant court. Hays County Guardian v. Supple, 969 F.2d 111, 124 (5th Cir. 1992).

Under the circumstances of this case, the appeal of the Court's denial of the motion to transfer the Court of Chancery matter may be appealed to the Third Circuit. Therefore, I believe the Chancery Court matter remains in abeyance until such time as the Third Circuit renders its decision by Ms. Brooks-McCollum.

S4a

Honorable James T. Vaughn, Jr.
Brooks-McCollum v. Emerald Ridge Service Corporation
July 22, 2005
Page 3

     If the Court would like further research regarding this issue, I stand ready to assist the Court.

                                Respectfully yours,

                                Edward F. Kafader

EFK/lma

cc: Ms. Cathy Brooks-McCollum
    Register in Chancery

SSC

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| HOMESTORE, INC., a Delaware corporation, | § § No. 223, 2005 § |
| Defendant Below, Appellant, | § Court Below – Court of Chancery § of the State of Delaware, § in and for New Castle County |
| v. | § C.A. No. 023-N § |
| PETER TAFEEN, | § § |
| Plaintiff Below, Appellee. | § § § |

Submitted: June 7, 2005
Decided: June 8, 2005

Before **STEELE**, Chief Justice, **HOLLAND** and **BERGER**, Justices.

Upon appeal from the denial of a Motion for Stay Pending Appeal. **AFFIRMED**.

William D. Johnston, Esquire and Dawn M. Jones Esquire, Young, Conaway, Stargatt & Taylor, Wilmington, Delaware, for appellant.

William M. Lafferty, Esquire, Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware, for appellee.

**HOLLAND**, Justice:

The Court has before it a Motion for Stay Pending Appeal filed by the defendant-appellant, Homestore, Inc. The plaintiff-appellee, Peter Tafeen, commenced this statutory proceeding under Del. Code Ann. tit. 8, § 145(e) on October 28, 2003. Tafeen seeks the advancement of legal fees and expenses that he is incurring in ongoing legal proceedings, in accordance with the mandatory advancement provision in Homestore's by-laws.

Section 145(e) permits Delaware corporations to make indemnity payments "in advance of the final disposition" of the "underlying litigation upon an undertaking to repay the amounts advanced if the indemnity is later found not entitled to such payments under the applicable statutory standard."[1] Section 145(k) provides that the Court of Chancery may summarily determine a corporation's obligation to advance expenses. Generally, the scope of a proceeding under section 145(k) only extends to the issue of entitlement according to the corporation's advancement provisions and not to issues regarding the movant's alleged conduct in the underlying litigation.

In this case, Homestore's opposition to Tafeen's request for advancement has been litigated in the Court of Chancery for the last nineteen months. Homestore's answer asserted eleven affirmative defenses

---

[1] 1 Rodman Ward, Jr., et al., Folk on the Delaware General Corporation Law § 145.7 (4th ed. 2005).

to Tafeen's request for advancement. Ten of those affirmative defenses were rejected by the Court of Chancery on summary judgment. In refusing to dismiss Homestore's unclean hands defense, however, the Court of Chancery stated:

> The Court acknowledges the strong Delaware policy of encouraging able persons to become directors and officers that is embodied in section 145(e). Since section 145(e) represents this strong public policy, the policy underlying the doctrine of unclean hands must be balanced against the statute. Where, as here, the allegations underlying the unclean hands defense involve conduct that, if true, would undermine the spirit of the statute, the balance is clearly in favor of not rewarding the alleged inequitable conduct.[2]

The Court of Chancery held a trial on Homestore's unclean hands defense and ultimately found that Homestore failed to establish "any credible proof" of that defense. Following the Court of Chancery's determination that Tafeen was entitled to advancement, Homestore disputed the reasonableness of the attorneys' fees sought by Tafeen and the Court of Chancery appointed a Special Master. The Court of Chancery subsequently approved the Special Master's Report.

On April 27, 2005, the Court of Chancery entered a Final Order and Judgment ordering Homestore to: (i) pay $3,983,986.86 to Tafeen for fees and expenses incurred through November 30, 2004; (ii) pay interest totaling

---

[2] *Tafeen v. Homestore, Inc.*, C.A. No. 023-N, slip op. at 19 (Del. Ch. Mar. 16, revised Mar. 22, 2004).

58a

$206,015.84 through April 4, 2005; and (iii) advance Tafeen's legal fees and expenses going forward according to the procedure specified in the Final Order and Judgment. On May 20, 2005, Homestore filed a Motion for a Stay Pending Appeal. The Court of Chancery denied Homestore's motion.

### *Standard of Review*

Homestore has filed an appeal with this Court on the merits and also appeals from the Court of Chancery's denial of its Motion For a Stay Pending appeal. The latter application is the only matter to be decided at this time. The merits of Homestore's appeal will be decided in due course.

Supreme Court Rule 32(a) provides that "a stay or injunction pending appeal may be granted or denied in the discretion of the trial court, whose decision shall be reviewable by this Court." In determining how to exercise its discretion, the Court of Chancery considered the four factors set forth by this Court in *Kirpat, Inc. v. Del. Alcoholic Bev. Control Comm'n,*:[3] (i) the likelihood of success on the merits of the appeal; (ii) whether Homestore would suffer irreparable harm if the stay was not granted; (iii) whether Tafeen would suffer substantial harm if the stay was granted; and (iv) whether the public interest would be served if the stay was granted. This

---

[3] *Kirpat, Inc. v. Del. Alcoholic Bev. Control Comm'n*, 741 A.2d 356 (Del. 1998).

59a

Court reviews the Court of Chancery's decision under the abuse of discretion standard.[4]

### Court of Chancery Denies Stay

In considering the first *Kirpat* factor, the Court of Chancery held that Homestore "failed to demonstrate even the remotest likelihood of success on the merits of its appeal." The Court of Chancery noted that Homestore's motion contained a "laundry list" of all of the decisions in this case and attempted to reargue the same contentions that, according to the Court of Chancery, it had "already thoughtfully considered" and rejected. The Court of Chancery concluded that "[s]imply stating an intention to appeal is insufficient . . . to demonstrate a likelihood of success on the merits."

With regard to the second *Kirpat* factor, the Court of Chancery held that Homestore "failed to demonstrate that it will suffer *any* irreparable harm." Homestore argued that paying Tafeen's advancement was a financial hardship. In support of that assertion, Homestore relied upon an affidavit that was seventeen months old. Homestore's current public filings were introduced by Tafeen to demonstrate that Homestore's financial condition has improved significantly since the time of the affidavit. In fact, Homestore's records reflected an accrual of $7.2 million as an estimate of

---

[4] *Id.* at 357.

the potential advancement due to its former officers, including Tafeen. Thus, the Court of Chancery ruled:

> Turning to the issue of irreparable harm to the movant, I am unpersuaded by Homestore's allegations of harm primarily because, as plaintiff points out, Homestore has provided the Court with no current evidence that it will suffer substantial and irreparable harm. Homestore correctly points out that unless this Court approves the current motion, that Tafeen will surely attempt to receive the advancement fees that this Court has ruled he is entitled to. To demonstrate irreparable harm, Homestore relies only upon the December 2003 affidavit of Homestore's General Counsel, Michael R. Douglas. This affidavit is more than a year and a half old, and is no longer sufficient to demonstrate to this Court that Homestore's financial condition is such that the payment of Tafeen's advancement would do irreparable harm to Homestore. In fact, as plaintiff points out, Homestore's financial condition is far less precarious than it was in December 2003, with Homestore now having cash and short-term investments of $62.9 million versus the $35.5 million it had as of December 31, 2003. Clearly, Homestore is financially much healthier than it was in 2003. In addition to Homestore's improved financial condition, Homestore's most recent quarterly report states that Homestore has already recorded an accrual of $7.2 million for its estimate of the potential advancement of legal costs to certain of its former officers, including Tafeen in the quarter ended September 30, 2004. It is clear to the Court that Homestore has failed to demonstrate that it will suffer any irreparable harm if the Court fails to approve its pending motion.

In considering the third *Kirpat* factor, the Court of Chancery found that "Mr. Tafeen would suffer severe and irreparable harm as a result of the stay because it would prevent Tafeen from adequately defending himself in the numerous ongoing litigations. . ." According to Tafeen, this protracted

advancement litigation has imposed severe financial hardship on him, forced him to "selectively defend" himself in the underlying proceedings for which he seeks advancement, and "now threatens to deprive him of the ability to effectively defend himself in a criminal trial in which he faces decades in prison if convicted." The Court of Chancery was persuaded by the argument that Homestore's "proposed supersedeas bond simply does not address the irreparable harm to Mr. Tafeen because, by delaying payment, it would eliminate the value of *advancement* (as opposed to indemnification) altogether." The Court of Chancery stated:

> Tafeen has recently been indicted by the United States Department of Justice, the Securities and Exchange Commission has levied civil charges against him, and there are various other civil litigations in which he is a defendant. To date, Tafeen has incurred over $4.5 million in legal fees and expenses defending these suits, and he still owes payment on roughly $1.8 million more in legal fees. Additionally, Tafeen's criminal trial has been set to begin on July 12, 2005, and the government has estimated that it will take at least two months to put on its case. A stay, which would prevent Homestore's advancement payment from reaching Tafeen in time to pay for his defense, would serve not only to deny Tafeen the very money that this Court believes he is contractually entitled to, but would also force Tafeen, who is severely short of funds, to selectively defend these various actions, a harm that could never be undone regardless of Homestore's supersedeas bond.

In addressing the fourth *Kirpat* factor, the Court of Chancery found that permitting Homestore to further delay its advancement obligations would be inimical to the public policy of this State of affording advancement

claimants prompt and meaningful relief pursuant to Del. Code Ann. tit. 8, § 145(k). The Court of Chancery stated:

> The express purpose of 8 *Del. C.* § 145, which provides advancement and indemnification rights to officers and directors, is to "promote the desirable end that corporate officials will resist what they consider unjustified suits and claims, secure in the knowledge that their reasonable expenses will be borne by the corporation they have served if they are vindicated."[5] ... Clearly, to be of any value to the executive or director, advancement must be made promptly, otherwise its benefit is forever lost because the failure to advance fees affects the counsel the director may choose and litigation strategy that the executive or director will be able to afford. To grant Homestore's motion would allow it to continue to be derelict in its contractual protection of its directors/officers, and that would force its directors/officers to compromise their own litigations in the face of cost concerns, a result that is clearly against Delaware's policy of resolving advancement issues as quickly as possible.

### *Discretion Exercised Properly*

The decision to grant or deny a motion for a stay pending appeal is reviewed for an abuse of discretion on appeal. It is generally recognized that an abuse of discretion can occur in "three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered,

---

[5] *Stifel Financial Corp. v. Cochran*, 809 A.2d 555, 561 (Del. 2002) (quoting 1 Rodman Ward, Jr., et al., Folk on the Delaware General Corporation Law § 145.7 (4th ed. 2005).

but the court, in weighing those factors, commits a clear error of judgment."[6] In this case, the record reflects that the Court of Chancery considered all four of the relevant *Kirpat* factors and did not consider any irrelevant or improper factors. In weighing the equities the Court of Chancery concluded that "the more equitable solution would be to allow Tafeen to claim the advancement that is due to him, and if on appeal the Supreme Court believes that he was not entitled to such monies, that he then be required to pay such monies back to the best of his ability."

In the absence of legal error, decisions that are entrusted to the discretion of a trial court are by their very nature exercised within a range of choices that may go either way.[7] The record reflects that the Court of Chancery properly exercised its discretion in denying Homestore's Motion for Stay Pending Appeal. Accordingly, that judgment by the Court of Chancery is affirmed.

---

[6] *Kern v. TXO Production Corp.*, 738 F.2d 968 (8th Cir. 1984).
[7] *Id.*

9

64a

United States District Court
For The District Of Delaware

CATHY D. BROOKS-McCOLLUM,  
115 Emerald Ridge Drive  
Bear, DE 19701  
(302) 832-2694  
    Plantiff(s)

vs.

State Farm Insurance Company  
    Defendant(s)

Civil Action No. 04-419(JJF)

**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE/PROOF OF SERVICE

I Cathy D. Brooks-McCollum hereby certify that on the 17th day of August 2005, I will and have caused to be served a true and correct copy of the foregoing Brief regular postage mail, postage prepaid and via e-mail, upon Defendants and via electronic filing:

    Casarino, Christman & Shalk  
    Stephen P. Casarino & Beth Christman  
    800 North King St, Suite 200  
    P.O. Box 1276  
    Wilmington, DE 19899  
    (302) 594-4500  
    (302) 594-4509 Fax

_/s/ Cathy D. Brooks-McCollum_  
Cathy D. Brooks-McCollum (Pro Se)  
115 Emerald Ridge Drive  
Bear, DE 19701  
(302) 832-2694