IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CATHY D. BROOKS-MCCOLLUM       :
                               :
         Plaintiff,            :
                               :
v.                             :    Civil Action No. 04-419 JJF
                               :
STATE FARM INSURANCE COMPANY,  :
                               :
         Defendant.            :

## MEMORANDUM ORDER

Pending before the Court are Plaintiff's (1) Motion For Reargument (D.I. 26), (2) Motion For Miscellaneous Relief (D.I. 16), and (3) Motion For Summary Judgment (D.I. 18). For the reasons discussed, the Motions will be denied.

**I.   Plaintiff's Motion For Reargument (D.I. 26)**

By its Order dated March 31, 2005 (D.I. 24), the Court denied Plaintiff's Motion For Indemnification (D.I. 5) because, inter alia, the Court was estopped from reviewing the indemnification issue, which had already been decided by the Chancery Court. By her Motion For Reargument Pursuant To Delaware District Court Local Rule 7.1.5, Plaintiff contends that the Court erred in applying collateral estoppel because the Chancery Court decision involved different Defendants. The Court disagrees.

One form of collateral estoppel is defensive nonmutual estoppel. See Blonder-Tongue Labs., Inc. v. Univ. of Illinois Foundation, 402 U.S. 313 (1971). Such estoppel "occurs when a defendant seeks to prevent a plaintiff from asserting a claim the

plaintiff has previously litigated and lost against another defendant." Parklane Hosiery v. Shore, 439 U.S. 322, 326 n.4 (1979). Such is the case here. In its response to Plaintiff's Motion For Indemnification (D.I. 5), State Farm sought to prevent Plaintiff from asserting the same claim she lost in Chancery Court, namely, her claim that the Emerald Ridge Bylaws entitled her to indemnification. Because collateral estoppel bars relitigation of the issue, the Court will deny Plaintiff's Motion for Reargument.

## II. Plaintiff's Motion For Miscellaneous Relief (D.I. 16)

Defendant State Farm Insurance Company ("State Farm") formerly entered into an insurance contract with Emerald Ridge Service Corporation ("Emerald Ridge"). Pursuant to the contract, State Farm is defending Emerald Ridge and its directors in the lawsuits brought by Plaintiff against them. By her Motion For Miscellaneous Relief (D.I. 16), Plaintiff contends that State Farm should indemnify her, rather than defending Emerald Ridge and its directors. Because this contention is repeated in Plaintiff's later Motion For Summary Judgment (D.I. 18), the Court concludes that Plaintiff's Motion For Summary Judgment supercedes her Motion For Miscellaneous Relief. Thus, the Court will consider Plaintiff's contention in full in its discussion of Plaintiff's Motion For Summary Judgment, and therefore, Plaintiff's Motion For Miscellaneous Relief will be denied.

**III. Plaintiff's Motion For Summary Judgment (D.I. 18)**

By her Motion For Summary Judgment (D.I. 18), Plaintiff contends that State Farm should indemnify her, rather than insuring Emerald Ridge and its directors. Plaintiff further asserts various other allegations, including violations of her rights under the Fourteenth and Fifteenth Amendments. In response, Defendant contends that Plaintiff's Motion is premature as discovery has yet to be completed.

In relevant part, Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

In this case, discovery has not yet commenced. Thus, at this juncture, the Court cannot conclude that there are no genuine issues of material fact and that Plaintiff is entitled to judgment as a matter of law. Accordingly, the Court will deny Plaintiff's Motion For Summary Judgment (D.I. 18) with leave to renew following the completion of discovery.

NOW THEREFORE, IT IS HEREBY ORDERED this 25 day of August 2005, that:

1. Plaintiff's Motion For Reargument (D.I. 26) is **DENIED**;

2.  Plaintiff's Motion For Miscellaneous Relief (D.I. 16) is **DENIED**; and

3.  Plaintiff's Motion For Summary Judgment (D.I. 18) is **DENIED** with leave to renew after the completion of discovery in this case.

/s/ Joseph J. Farnan Jr.
UNITED STATES DISTRICT JUDGE