IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Cathy D. Brooks-McCollum
& On behalf of
Emerald Ridge Service Corporation Derivative Action
As a Director
PO Box 12166
Wilmington, DE 19850
(302) 521-1241
**(PLAINTIFF)**

vs.

State Farm Insurance Company
**(DEFENDANTS)**

CIVIL ACTION NO: 04-419 (JJF)

<u>**JURY TRIAL REQUESTED**</u>



FILED

SEP - 9 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## <u>MOTION/PETITION</u>

Pursuant Fed.R.Civ.P. 26(b)(2) and Fed.R.Civ.P. 26(c) Plaintiff hereby requests that the court outline the limits of Defendants surrounding discovery. Plaintiff attended the taking of a deposition on today at the offices of Casarino, Christman & Shalk, where all questions asked were to cause Plaintiff and her family annoyance, embarrassment, oppression and undue burden and expense. The questions asked by Mr. Stephen Casarino, were items available to him and provided to him through other discoverable documents, where Plaintiff stated on numerous times during the discussions that the questions posed have been asked and the items in reference are already in his possession. Plaintiff and her family should not have to continue further unnecessary under burdens and expenses, since they have been blocked from receiving the proper counsel and being paid pursuant indemnification.

In order not to cause under burden or expenses on Plaintiff and her family, Plaintiff asks that the court order that all depositions be held at a time after 5:00p.m. as not to cause Plaintiff to continue to lose further wages, or on Saturdays. The State Farm Policy (Exhibit A), Page 19, Section II Comprehensive Business Liability number 4, states, "In addition to the Limit of Insurance, we will pay, with respect to any claims or suit we defend all reasonable expenses incurred by the insured at our request to assist us in the investigation or defense of the claim or suit, including actual loss of earnings, up to $100 a day because of time off from work.

1

Since Defendants are claiming these proceedings are to assist them at their request governing the investigation in these proceedings. Plaintiff requested that she be paid for parking and gas, and $100 a day would not cover the costs lost from wages and possible lost of work as a result of these defendants continued harassment and undue burden. Whereby, Plaintiff asks the court to award an amount for Plaintiffs Parking and gas for attending the deposition on Thursday, September 8, 2005 at the offices of Casarino, Christman & Shalk, since these parties have failed to provide the costs. While the court has refused to allow Plaintiff the monies and legal assistance she is entitled to pursuant indemnification, plaintiff is still a stockholder and was asked to assist State Farm. Plaintiff further asks the court to rule upon when and whom this section of the policy should apply to State Farm taking of any depositions.

Plaintiff further asks that the court not allow these defendants to continue the harassment of Plaintiffs other family members, where the defendants claim they will further inconvenience Plaintiffs husband, (knowing that Plaintiffs husband is protected by spousal privileges, since these proceedings surround business decisions and judgments which are not of any personal reference, where Plaintiffs husband cannot assist Defendants more then the illegal parties these defendants can. Plaintiffs husband will invoke his spousal privilege rights, since he will not know due to the blocking of counsel if any questions posed are protected by spousal privilege.

Plaintiff further informs the court that under know circumstances due to the harm caused Plaintiffs family will she reveal to the tort-feasors their new address when known, as Defendants requested. Whereby, if there are any discoverable items needed to support the additional costs Plaintiff and her family incur, as Plaintiff informed the tort-feasors, she will provide the parties with an executed agreement of sale, with the location of the property taken out, in order for the tort-feasors to assess the crimes. Since at this time there is not a final agreement of sale and Plaintiff and her family have no residence to go to, this is irrelevant.

If the court deems that there should be further discovery based on the transcript being presented, Plaintiff requests that this be done in the presence of the court, as not to continue wasting Plaintiff and her families time and continue to cause undue burden and stress.

There is not any relevance for the defendants to know the address of Plaintiffs. There is no relevance for the defendants to know where Plaintiff works or where she may be working at a given time. However, defendants

2

should know that Plaintiff is only working now as a result of the harm they have brought upon plaintiffs family, where Plaintiff and her family were to pay of their mortgage, so that she could be home for her children.

Lastly, Plaintiff would request that the court order that any further deposition be made by written questions pursuant Fed.R.Civ.P 26(a)(5), since most questions have been and were answered in documents readily available to defendants and/or telephone, which then can be scheduled during Plaintiffs lunch hour.

Submitted,

*[signature]*

Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE  19850

September 8, 2005

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Cathy D. Brooks-McCollum<br>& On behalf of<br>Emerald Ridge Service Corporation Derivative Action<br>As a Director<br>115 Emerald Ridge Drive<br>Bear, DE 19701<br>(302) 832-2694<br>**(PLAINTIFF)** | CIVIL ACTION NO: 04-419 (JJF)<br><br>**JURY TRIAL REQUESTED** |

vs.

State Farm Insurance Company
**(DEFENDANTS)**

### PROOF OF SERVICE

I Cathy D. Brooks-McCollum hereby certify that on the 8th day of September, 2004, I will and have caused to be served a true and correct copy of the foregoing Motion regular postage mail, postage prepaid and facsimile upon defendants:

> Casarino, Christman & Shalk
> Stephen P. Casarino
> 800 North King St, Suite 200
> P.O. Box 1276
> Wilmington, DE 19899
> (302) 594-4500
> (302) 594-4509 Fax

*/s/ Cathy D. Brooks-McCollum*
Cathy D. Brooks-McCollum (Pro Se)
115 Emerald Ridge Drive
Bear, DE 19701
(302) 832-2694



United States District Court
For The District of Delaware
844 North King Street
Lockbox 18
Wilmington, DE 19801