# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

Cathy D. Brooks-McCollum
& On behalf of
Emerald Ridge Service Corporation Derivative Action
As a Director
PO Box 12166
Wilmington, DE 19850
(302) 521-1241
**(PLAINTIFF)**

**CIVIL ACTION NO: 04-419 (JJF)**

**JURY TRIAL REQUESTED**



FILED

SEP 2 6 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

vs.

State Farm Insurance Company
**(DEFENDANTS)**

## RESPONSE TO DEFENDANTS SEPTEMBER 21, 2005

1.    Mrs. Brooks-McCollum did not refuse to answer many questions as stated by Defendants counsel in their response to Plaintiffs September 8, 2005 Motion/Petition. Plaintiff and her family are moving as a result of the harm caused and induced by State Farm. Plaintiff's address or any means of work bears no relevance on the issues at hand as to give these tortfeasors other means to harass plaintiff and her family. Since the reason Plaintiff is moving out of fear for her family is due to the action of State Farm and the parties they co-spirited with, Plaintiff will not again place her family in harms way.

2.    All relevant questions and documents were given to State Farm and their attorneys and all documents asked for are in the possession of State Farm and their counsels. Should State Farms counsel required there be some form of oath given to the authenticity of the documents supplied by State Farms counsel Ed Kafader, their co-conspirators and Plaintiff be sworn to under oath then the question should have been asked if during discovery, "if the documents supplied are genuine to the best of Plaintiffs knowledge, which would have limited and ended the discovery". However, State Farms counsel assured Plaintiff that he will continue to harass she and her family as necessary, and why not since thus far Plaintiff and her family have been further victimized for abiding by the law. Mr. Casarino claims that the documents are self-serving, when he himself asked the Plaintiff explain and point out sections of the State Farm Policy, of which he failed to read himself. Mr. Casarino,

1

asked that Plaintiff go through each section of the State Farm Policy. How is it that documents supplied which are part of the Defendants own records are now self-serving?

3.    Mr. Casarino claims that it is an inconvenience for his clients and he to have depositions taken after 5:00p.m. It is an inconvenience for Plaintiff to have depositions taken after 5:00p.m, as this would require that she find other means of child care for her minor children, however it is a further inconvenience for Plaintiff and her family to be placed in the position to continue to lose further income at the hands of the persons who created this situation. These are proceedings State Farm asked for, prior to paying for Plaintiff's indemnification, and why should Plaintiff have to risk any further the financial stability of her family, when these persons have the means and ability to be present at any deposition after 5:00p.m. If anything this shows that these proceedings are to commit further harm against Plaintiff and her family, when Mr. Casarino will be paid regardless of the times. The State Farm officials are executives, or salaried employees, which will get paid as well, where Plaintiff will not be paid for her time should she have to continue this charade during normal business hours.

4.    Mr. Casarino claims that the Defendants (State Farm) has scheduled depositions for four State Farm employees for Friday, October 14, beginning @ 5:00p.m., when this is the first Plaintiff has been informed that Defendants have scheduled or agreed to said depositions to be taken. Plaintiff is willing to depose each Defendant after 5:00p.m. on separate days, as to limit the time for all parties.

5.    There are two portions to the case against these defendants. The first portion is Indemnification, which is determined by the court. The second portion is then the trial for a jury to determine the damage created by State Farm. Whereby, the only discoverable items at this time would be any items surrounding the indemnification of Plaintiff, where Plaintiff has assisted the Defendants in this matter all she can at this point. If there are further witnesses in which Mr. Casarino needs to depose of regarding Indemnification, which would then be the other co-conspirators who created these issues with the Defendants. However, Defendants State Farm has not supplied Plaintiff with any discoverable items surrounding how they determined their indemnification and how they determined the parties who they indemnified (who were not and are not Directors).

6.    Thus, in light of number 6, if Defendants have no further witnesses surrounding discoverable items surrounding the Indemnification issue, then the court should allow Plaintiff to re-instate her Motion For Summary Judgment surrounding this issue. After such time Indemnification is ruled upon pursuant Summary

2

Judgment then a scheduling conference should be had once Plaintiff has obtained the counsel she is entitled to pursuant the State Farm Policy and the documents in the possession of Defendants and their counsel.

7.    Part two of the discovery should only be had once part 1 has been complete and ruled upon in accordance to the law.

8.    As to the supplying of witnesses to the Defendants Plaintiff supplied Plaintiff with a complete detail list of witnesses to be called for phase two of the trial, where there are know witnesses needed surrounding the Indemnification issues.  During depositions, Plaintiff informed Mr. Casarino that she would supply him with those names and did so, immediately after the deposition.  Again, Mr. Casarino could have asked during deposition that the authenticity of the witnesses be made under oath to the best of Plaintiffs' knowledge and ability, where he refused.  Plaintiff can't tell Mr. Casarino what these persons will testify to during trial, but they all have knowledge of the claims made against the co-conspirators actions and claims.

9.    During Discovery Mr. Casarino confirmed one thing and that is that Mr. Kafader at know time was the attorney acting on behalf of State Farm by his account, when State Farm was at all times relevant aware of the claims Mr. Kafader was making before the Corporation and others, claiming that he himself was State Farms attorney.

10.    Mrs. Brooks-McCollum is willing to give an oath to the discoverable items in the possession of Mr. Casarino, but argue that it is time consuming and un-productive to ask that Plaintiff outline items already outlined and in the possession of Defendants counsel.

Whereby, Plaintiff ask that the courts first, present to Defendants and Plaintiff what items are allowed pursuant the first phase of Discovery surrounding Indemnification, and after such time the court then re-rules upon Indemnification the court then allow discovery to continue surrounding the trial phase of the trial.  Plaintiff, further informs the court that she is more then willing to give an oath to the authenticity of the discoverable items before Defendants, and asks that the court then order that any items the Defendants are unclear on be presented to Interrogatories, after such time the court then can order what other items require that an Oath be taken.  However, Plaintiff will not place her family in harms way during this process and if the court asks Plaintiff to do so, then Plaintiff will have to place herself in harms way, at which time the court can lock Plaintiff up for trying to adhere to the law, and trying to protect her family at the same time.

For the second phase of the trial, if Defendants need to assess the damage caused by them, as Mr. Casarino claimed being his reason to know where Plaintiff and her family is moving, Plaintiff informed Defendants counsel that they will present the court ex-parte a copy of the agreement of sale for the home purchased, with the address and any documents which may lead to where Plaintiff and her family blacked out, except their names and costs associated with the move. However, during the first phase of the trial the damages need not be assessed, since this would be an issue for the jury to decide in the second phase of the trial. Plaintiff having to work and where she works bears no relevance on this case, except as to induce further harm against Plaintiff by Defendants and other parties. Plaintiff will also during this time present all costs associated with the move to Defendants, with any addresses blacked out. However, Plaintiff in the meantime has supplied Defendants with a detailed list with costs outlining the additional expenses and the increase in mortgage as a result of having to move in order to protect ones family.

Submitted,

Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE 19850

September 24, 2005

4

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

Cathy D. Brooks-McCollum
& On behalf of
Emerald Ridge Service Corporation Derivative Action
As a Director
115 Emerald Ridge Drive
Bear, DE 19701
(302) 832-2694
**(PLAINTIFF)**

**CIVIL ACTION NO: 04-419 (JJF)**

**JURY TRIAL REQUESTED**

vs.

State Farm Insurance Company
**(DEFENDANTS)**

## PROOF OF SERVICE

I Cathy D. Brooks-McCollum hereby certify that on the 24th day of September, 2004, I will and have

caused to be served a true and correct copy of the foregoing Motion regular postage mail, postage prepaid and

facsimile upon defendants:

> Casarino, Christman & Shalk
> Stephen P. Casarino
> 800 North King St, Suite 200
> P.O. Box 1276
> Wilmington, DE 19899
> (302) 594-4500
> (302) 594-4509 Fax

Cathy D. Brooks-McCollum (Pro Se)
PO Box 12166
Wilmington, DE 19850
(302) 521-1241



United States District Court
For The District Of Delaware
Boggs Building
844 North King St.
Lock Box 18
Wilmington, DE 19801