November 16, 2005



Judge Joseph J. Farnan, Jr.
United States District Court
844 N. King Street
Lockbox 27
Wilmington, DE 19801

RE:   Emerald Ridge Service Corporation & Brooks-McCollum vs. State Farm
      Civil Action 04-419(JJF)



FILED
NOV 17 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Dear Judge Farnan:

**Discovery Order & Settlement:**

The Plaintiff does not accept the proposed discovery order set by Defendants, in that this will first limit the timeframe in which the Defendants would have to make discovery, since they have refused to supply Plaintiff with any form of discovery. Second, the timeframe outlined by Defendants surrounds time periods in which Plaintiff will be subjected to abuse once again, when she should be in a place honoring the birth of Christ and doing so with her family as not to be placed in the process of placing this second.

Furthermore, Plaintiff refuses to be disposed by Defendants and continually raped in front of the courts with its' support. Defendants disposed Plaintiff and has all the necessary information in its' possession. Defendants need to outline to the court what and who the Three (3) depositions are, and not just have a blanket requests. The courts also should give a ruling based on the State Farm policy, of Plaintiff being reimbursed for all her lost wages, parking and other costs for aiding and helping State Farm. Plaintiff also objects to any form of deposition involving her husband or any other family matter. The courts, as well as counsel for State Farm are aware that husband/wife discussions are privileged.

1.  Discovery should be had surrounding the issue of which the court is to decide surrounding Indemnification by January 31, 2006.
2.  Discovery should be had surrounding the other issues outside Indemnification, once indemnification is decided by March 31, 2006, if Indemnification has been ruled upon, and or once the US Court Of Appeals responds to the issues in the case they have possession. Defendants are trying to fast track the issues prior to the US Court Of Appeals coming back with a ruling in the case before it.
3.  Any expert reports should not be had until Discovery proceedings are set for the second phase of the issues that should proceed to trial against State Farm.
4.  Case dispositive Motions should be filed after counsel has been retained and paid for pursuant indemnification and Summary Judgment should be reinstated prior to any dispositive motions.
5.  Plaintiff further requests that State Farm supply Plaintiff with the past 3 years of State Farm policies and the parties who executed them.
6.  Plaintiff further requests that State Farm supply Plaintiff with the parties who submitted the claims against the State Farm Policy.
7.  Plaintiff further requests that State Farm supply Plaintiff with the names of all the parties they are insuring against the Emerald Ridge Insurance Policy.
8.  Plaintiff further requests that State Farm supply Plaintiff with which court actions they are paying for and who in each court proceedings.
9.  Plaintiff further request that State Farm supply Plaintiff with a copy of their policy instructing their claims processors to deny all claims first, in an attempt to wear people down.
10. Plaintiff further request that Depositions be had of the State Farm officials and parties who handled this case, the parties in the US Court Of Appeals Case, including Mr. Edward Kafader.

Prior to the court setting a Rule 16 Scheduling Order, Plaintiff would ask that the court order a Settlement Conference, in that Plaintiff reached a settlement agreement to withdraw all pending cases against State Farm and the other parties, with the only obstacle in the middle of settlement being what State Farm and their counsel deem fair costs. Defendants believe that Plaintiff should not be entitled to any attorney costs, moving costs, etc. as part of any settlement, and since the parties can't come to an agreement on what are fair costs, Plaintiff is willing to have the court assess what is fair based on the documentation supplied to the Defendants.

Plaintiff would ask that the court request a teleconference between the court and Plaintiffs counsel in the US Court Of Appeals action who will confirm that a settlement had been reached, except with that of what is deemed fair costs.

Plaintiff would further like to inform the court that Plaintiff has not been the curtailing party in any of these proceedings, in that prior to proceeding with any of this litigation, Plaintiff offered to settle all issues for an amount less then $900.00, which was rejected, prior to the other parties submitting their claim for parties who were not valid Directors. Plaintiff offered during proceedings again a settlement when the amount was less the $3,000.00, which was rejected with Defendants wanting to still obtain the privilege of placing information across the Internet. Now Plaintiff has proposed and accepted a settlement for fair costs, and would ask that the court intervene and determine what those fair costs are, since once again the other parties are using the courts as their protectors as to outline what is fair.

While I as Plaintiff in these proceedings believed that the court has failed me at each stage for wanting to follow the law and protect parties against others who chose to break the law, which has and continue to give them the belief that it is the courts contention to set up road blocks, I can only believe that with the court knowing that there is a settlement that has been reached with one obstacle that it will do everything within its' power to ensure that the settlement proceeds.

Sincerely,

*Cathy Brooks-McCollum*

Cathy Brooks-McCollum
PO Box 12166
Wilmington, DE 19850

CC: Stephen Casarino
800 North King Street
Suite 200
Wilmington, DE 19801





United States District Court
844 N. King Street
Lockbox 27
Wilmington, DE 19801

PO Box 12166
Wilmington, DE 19850



U.S.M.S.
X-RAY