(comcast)

**From:** mccollumc1@comcast.net
**To:** ekafader@ferryjoseph.com
**Subject:** Settlement Discussion
**Date:** Wed, 16 Nov 2005 14:11:07 +0000

Mr. Kafader pursuant our conversation last night where you informed me that you would telephone me on today to discuss whether or not the settlement we discussed would proceed as agreed I am writing this letter.

During our conversation you indicated that it was State Farm's position and that of yours that I should not be paid for legal fees, and I stressed that I strongly disagreed with that assumption. You further indicated that you believed that the US Court Of Appeals, documents were not done with the assistance of counsel. First, I would like to thank you for giving me such credit with believing that I could compile so much information without the aide of counsel. That says to me that despite anything it is your belief that I am very knowledgeable. However, had I not had legal assistance I would not have been able to accumulate the abundance of information received. After the Chancery Court proceedings I had assistance throughout the District Court and other proceedings, and have not and did not assess State Farm the costs for that assistance, which I believe is admirable on my part.

Insurance covers legal fees, court costs, and any other costs associated with the court case. If a person must move to protect their family as a result of statements made by others, those are directly related to any proceedings.

Throughout these proceedings I believe and feel that I have been more then fair and admirable. I presented settlement on three ocassions. The first settlement was when the amount was less then $900.00, but since the other parties were allowed to submit false claims against the policy this was rejected. The second settlement offer was made and rejected, because the parties wanted to be allowed to continue slandering myself and my family. This settlement appears to be running into an obstacle, because now it is the belief that I should not be reimbursed for legal help received and for my services, and costs expended. I don't believe that to be the case.

All parties have to be willing to accept responsibility for their actions at some point, and not just one party, and if that is no going to happen I will have to live with that and will not be able to go on and put this behind me at this point. However, I will be asking in the State Farm action that the Court appoint counsel, and that the judge be present to discuss fair settlement terms in their eyes, since it is evident that a settlement has been reached and the only obstacle appears to be what should and should not be paid.

Hopefully, we won't have to ask the court to determine what amount is fair in the settlement, because I believe we all can agree that a settlement was discussed and agreed to and the only issue is the amount of the settlement.

The terms of the discussed settlement was that I would execute release letters for all parties, and will drop all cases against State Farm and the other parties. You will draft a settlement document outlining that your clients cannot and will not disparage or discuss my family in any public forum and the only thing they may say is that the case has been settled, you will also draw up withdrawal documents for all the proceedings against State Farm and other parties (US Court Of Appeals, District Court, Chancery Court, Superior Court). You may send each document to my e-mail for review (including the settlement

document), for approval prior to sending them out to me for signatures. The withdrawal letters should be signed first by all counsels necessary in each proceeding, and I will in turn mail them in. The settlement shall reflect that State Farm will execute payment within Five (5) days of receiving a fully executed settlement document.

Thank you and I look forward to hearing from you with your decision governing the payout amount this morning.

**Attachment 1:** Name_Unknown (text/html)

[ Back ]

© 2004 Comcast Cable Communications, Inc. All rights reserved.



**From:** mccollumc1@comcast.net
**To:** ekafader@ferryjoseph.com
**Subject:** Agreed Upon Settlement
**Date:** Wed, 16 Nov 2005 17:11:58 +0000

Per the agreed upon settlement in the amount of $21,038.77 you will be drawing up the necessary documents with the appropriate signatures in order to execute the release of the parties involved, as well as to file with any courts.

In that State Farm has refused to pay any further legal costs to Mr. Feinberg you should only send the documents for the US Court Of Appeals for his signature with a return postage to send back to yourselves or the US Court Of Appeals itself, as to his not incurring any additional costs.

Upon my receiving copies of the releases, as well as withdrawals I will forward back to you, and you should include a postage return envelope for the return of those items.

Hopefully, I do hope that you inform your clients that they should be very cautious in their actions after this point, in that this settlement relieves them from prior acts, and not any future harm. While I believe all parties involved should have learned a lesson, I do know it is not my intention to have any dealings with any of those persons, but I hope that they will not proceed after these settlements with placing any further information across the Internet, or in any other public forum.

As stated it is my desire to enjoy my family and move on with peace and I do hope that all parties share the same desire, as to avoid any future litigation.

I await confirmation from you as to your sending out the necessary documents to have them executed.

You need to reply back to me regarding the above settlement, so that I do not have to respond to current litigation, which has deadline response times, while the documents are being prepeared.

**Attachment 1:** Name_Unknown (text/html)

[ Back ]

© 2004 Comcast Cable Communications, Inc. All rights reserved.



**From:** mccollumc1@comcast.net
**To:** ekafader@ferryjoseph.com
**Subject:** Settlement & Release
**Date:** Thu, 17 Nov 2005 15:02:42 +0000

Mr. Kafader pursuant to our convesation had several minutes ago I wanted to re-iterate that during our discussions yesterday we agreed that State Farm would pay all and any costs associated with any court actions. If there are additional costs not part of the documents sent or known to myself or State Farm, it is not my responsibility to pay for those costs. Therefore, as I stressed any settlement should not have any clause that I should be responsible for any outstanding costs, unless those costs were already paid to me, or known to me or State Farm.

Furthermore, I will not be responsible for Mr. Feinberg's legal fees pursuant to the agreement that he was hired to represent Emerald Ridge Service Corporation. State Farm made the decision not to pay for the legal fees of Emerald Ridge Service Corporation, although the US Court Of Appeals clearly sent out documentation stating that an individual cannot represent a Corporation in its' court. State Farm was aware by the US Court Of Appeals letter sent to all parties, that Mr. Feinberg was hired on behalf of Emerald Ridge Service Corporation. Based on the US Court Of Appeals letter Mr. Feinberg was willing to take on the representation of Emerald Ridge Service Corporation (since nobody else was defending them) and myself. Our agreement was to provide him with a $2,000 non-refundable retainer, and 40% of any amounts deemed costs as part of any settlement or of any court award, and this is how he arrived at his figure as explained to you. If any attorney has a fee agreement for a percentage(%) amount, then that agreement is binding regardless of how much work the other party believes they performed. If a case settles two weeks or two months into the proceedings the fee is the fee.

ERSC Corporation attorney will not be a responsibility I am willing to take on and was not part of any settlement discussions. Should Mr. Feinberg decide to pursue action against Emerald Ridge Service Corporation, in that the Delaware Supreme Court confirmed that at all times relevant I was a Director (which warrants coverage), whether before or after, I will back him 100% that Emerald Ridge Service Corporation will be responsible for those costs, and they will have to deal with that at that particular time, although not my wish, since at all times it was my desire to protect the Corporation.

As I stated, I do not lie to anyone, I do not steal from anyone, and during this process I have been the only party who has tried and attempted to put this behind us and if we can't do it with all fairness, and it has been confirmed that at least myself, State Farm and the Defendants have an agreement, there is no protection provided for the Corporation itself which has been disclosed to all parties.

If we can't agree on the costs portion, I will have the District Court Judge in the State Farm proceedings outline what it deems reasonable and fair costs pursuant the agreement, as well as who is responsible for any additional costs, as well as ensure that I'm protected should Mr. Feinberg decide to pursue legal action for his costs.
Should I not hear from you by the end of the day, I will present the settlement to the court, and ask that it outline and decide the true terms of said settlement and what will protect all parties, including ERSC. Hopefully, this will not be necessary.

**Attachment 1:** Name_Unknown (text/html)

[ Back ]

© 2004 Comcast Cable Communications, Inc. All rights reserved.

![comcast]

**From:** "Linda Aquilino" <laquilino@ferryjoseph.com>
**To:** <mccollumc1@comcast.net>
**Subject:** Settlement Letter
**Date:** Thu, 17 Nov 2005 14:05:28 +0000

Linda M. Aquilino
Legal Assistant to Edward F. Kafader
Ferry, Joseph & Pearce, P.A.
824 Market St., Suite 904
Wilmington, DE  19801
(302) 575-1555 Phone
(302) 575-1714 Fax

**Attachment 1:** Name_Unknown (text/html)

**Attachment 2:** McCollum Settlement ltr.wpd (application/octet-stream)

[ Back ]

© 2004 Comcast Cable Communications, Inc. All rights reserved.


**From:** mccollumc1@comcast.net
**To:** jonp@msllaw.com,ekafader@ferryjoseph.com,dongouge@magpage.com,harryfeinberg@yahoo.com
**Subject:** Settlement Conference
**Date:** Thu, 17 Nov 2005 16:00:40 +0000

In further reviewing the document sent by Mr. Kafader's office it appears that he has also included release of Donald Gouge from any litigation, while that was also not part of any of our discussions I am and would be willing to include him, because as I stated it has never been my intentions to cause harm to any parties.

However, in the meantime today I will be sending the attached letter out to the US Court Of Appeals and the US District court asking for a Settlement Conference to iron out our differences should I not hear from Mr. Kafader in an attempt to amicably resolve them between the parties at hand.

I'm tired and do not wish to fight with any of you, and I'm not going to fight, because all parties have a breaking point.

The settlement document includes copies of all the correspondence sent to Mr. Kafader and a copy of the Settlement document received from Mr. Kafader's office.

Thank you.

**Attachment 1:** Name Unknown (text/html)

**Attachment 2:** United States District Court Settlement Conference 11 17 2005.doc (application/msword)

[ Back ]

© 2004 Comcast Cable Communications, Inc. All rights reserved.



**From:** mccollumc1@comcast.net
**To:** jonp@msllaw.com,ekafader@ferryjoseph.com,dongouge@magpage.com,harryfeinberg@yahoo.com
**Subject:** Revised Settlement Letter - Incorrect One Sent
**Date:** Thu, 17 Nov 2005 16:09:30 +0000

The incorrect letter was sent, this is a revised copy to be supplied to the courts if necessary.

**Attachment 1:** Name Unknown (text/html)

**Attachment 2:** United States District Court Settlement Conference 11 17 2005.doc (application/msword)

[ Back ]

© 2004 Comcast Cable Communications, Inc. All rights reserved.

November 17, 2005

Ms. Cathy Brooks-McCollum
PO Box 12166
Wilmington, DE 19850

        **RE: Brooks-McCollum v. Emerald Ridge Service Corporation**
             **Brooks-McCollum v. State Farm**

Dear Ms. Brooks-McCollum:

    This letter will serve as a follow up to our phone conversation regarding settlement of the above captioned matters. You have agreed that you will dismiss with prejudice all cases that you have filed against State Farm Fire and Casualty Company and its related companies as well as all cases involving suits against current and former members of the Emerald Ridge Service Corporation et al. In return for your dismissal of these cases as well as an execution of an appropriate release of all parties to those suits, State Farm will make payment to you in the amount of $21,038.77. In addition to the execution of a release against all parties, an appropriate stipulation dismissing these cases, as well as the payment by State Farm, the parties have not agreed to any further terms of settlement. In particular, there has been no agreement regarding the confidentiality of settlement, nor will the parties enter into any agreement not disparage each other in the future.

    I will be sending you stipulations and a release in the near future. Once the signed documents are received back from me, I will forward a check payable to you in the amount of $21,038.77. I will send you back a clocked in copies of the stipulations once they are filed.

    We have discussed a lawsuit which you recently attempted to file in Superior Court against current and former members of the Board of Emerald Service Corporation as well as me and Donald Gouge. You have informed me that you do not believe this case has been officially filed in Superior Court. I have checked the records of the prothonotary and can not find any record of the filing of that case. However, we have agreed that in the event this case has been

Ms. Cathy Brooks-McCollum
November 17, 2005
Page 2

filed, you will sign an appropriate stipulation of dismissal.

    In the event that there are outstanding filing fees or court costs which are still owing to any of the courts in these cases, you alone will be responsible for the payment of those costs. Neither State Farm nor its insureds will be responsible for payment of any costs, other than the check in the amount of $21,038.77, which I will forward to you upon receipt of executed

stipulations of dismissal and release.

    Please call me if you have any questions.

                                      Sincerely,

                                      Edward F. Kafader

EFK/lma

cc: Mr. Edward Dillon
    Claim # 08–R337-251
    Stephen P. Casarino, Esquire
    Jonathan Parshal, Esquire
    Harry Feinberg, Esquire