## SETTLEMENT AND RELEASE

This SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is effective the date signed and acknowledged by all parties below and by and among State Farm Fire Casualty Company (and its' related companies), Defendants/Appellants Edward Kafader, Ferry, Joseph & Pearce, Mark Martell, Ruth Vivardis, Renford Brevett, Maudy Melville, Kenneth Shareff, Valerie Longhurst and Plaintiff/Appellant Cathy Brooks-McCollum. For the purpose of this agreement Plaintiff/Appellant will mean Cathy Brooks-McCollum, and Defendant/Appellee will mean Edward Kafader, Ferry, Joseph & Pearce, Mark Martell, Ruth Vivardis, Renford Brevett, Maudy Melville, Kenneth Shareff, Valerie Longhurst.

### BACKGROUND

WHEREAS, the Plaintiff/Appellant asserted certain claims against Defendants/ Appellees arising from the Emerald Ridge Board Of Directors operations and procedures and other claims of damages for Tort, Libel and Slander;

WHEREAS, Defendants/Appellees and Plaintiff/Appellant desire to settle the differences among them, including but not limited to, claims in connection with the DE Chancery Court Action (transferred to the Superior Court), the US District Court Actions or Actions, US Court Of Appeals Action for the 3rd Circuit.

NOW THEREFORE, the parties to this Agreement, intending to be legally bound, hereby and in consideration of the covenants and promises contained herein, represent, warrant and agree as follows:

1. <u>Settlement</u>. After receipt by Appellant/Plaintiff in pending cases, of (at least two) signed Settlement Agreements, signed Court Stipulations, Appellant/Plaintiff will then send to the attention of Appellees/Defendants the fully signed Court Stipulations and Settlement Agreement. After receipt by Appellees/Defendants of the fully signed settlement agreement and stipulations Appellees/Defendants will refund to Appellant/Plaintiff the sum of twenty-one thousand thirty eight dollars and seventy seven cents ($21,038.77) (costs as determined by Defendant/Appellee Edward Kafader) through check made payable to Cathy Brooks-McCollum within 5 days of Defendants/Appellees receipt of the fully executed Agreement and stipulations. Each party shall be supplied one original of the fully executed agreement to the other.

The agreement is as per a letter sent to Plaintiff/Appellant by Defendant/Appellees and shall represent the fully executed agreement as stated in the letter.

> *"You have agreed that you will dismiss with prejudice all cases that you have filed against State Farm Fire and Casualty Company and its related companies as well as all cases involving suits against current and former members of the Emerald Ridge Service Corporation et al. In return for your dismissal of these cases as well as an execution of an appropriate release of all parties to those suits, State Farm will make payment to you in the amount of $21,038.77. In addition to the execution of a release against all parties, an appropriate stipulation dismissing these cases, as well as the payment by State Farm, **"the parties have not agreed to any further terms of settlement"**. In particular, there has been no agreement regarding the confidentiality of settlement, nor will the parties enter into any agreement not disparage each other in the future."*

2. <u>Representations and Warranties</u>. Each party hereby represents and warrants that prior to signing this Agreement, they have read it, understood the terms and conditions, were given an opportunity to consult with counsel, and voluntarily signed it.

3. <u>Releases and Discharge</u>. In consideration for the Settlement Amount set forth in paragraph 1, the Plaintiff/Appellant, on their own behalf, hereby remise, release, and discharge Defendants/Appellees, from any claims as setforth in the agreement sent and agreed to by Defendants/Appellees and only those claims..

4. <u>Binding Nature</u>. This Agreement is binding upon the parties hereto and shall inure to the benefit of the parties hereto, their beneficiaries, heirs, executors, administrators, successors, and assigns.

5. <u>Capacity of Signatories.</u> Any and all individuals signing this Agreement on behalf of any corporate party represent and warrant that he or she has full authority to do so. Any individual signing this Agreement in his or her individual capacity represents and warrants that he or she is competent to do so. Any legal entity that is a party of this Agreement hereby represents and warrants that it is duly formed, validly existing, and if applicable, in good standing under the laws of the state of its formation and that all necessary

action under its organizational documents has been taken and all necessary consents obtained in order for such party to execute, deliver, and perform this Agreement. Each of the parties hereto represents and warrants that its execution, delivery, and performance of this Agreement and the documents and other instruments contemplated herein does not require the consent of any party or legal entity which has not already been obtained and will not conflict with or constitute a breach or default under any other agreement, judgment, order, decree, decision, award, rule, or law that is binding upon such party. Each party to this Agreement represents and warrants that this Agreement is valid, legal, binding, and enforceable against it in accordance with its terms.

6. <u>Dismissal With Prejudice</u>. Upon execution of the Agreement, the Plaintiff/Appellant agree to withdraw any remaining pending actions against the Released Persons in this Agreement, to execute a stipulation of dismissal with prejudice. The parties hereto agree to execute such documents and to take such other actions as may be reasonably necessary to further the purposes of this paragraph.

7. <u>Governing Law</u>. This Agreement shall be governed and interpreted according to the laws of the State of Delaware, without giving effect of the principles of conflicts of law.

8. <u>Execution of Agreement</u>. The parties shall execute at least two originals of this Agreement, each of which shall be effective as a fully executed original. The Plaintiff/Appellant shall receive one fully executed original and Defendant/Appellees collectively shall receive the other. This Agreement may be executed in any number of counterparts, each of whom shall be deemed to be an original as against any party whose signature appears thereon, and all of such shall together constitute one and the same instrument. This Agreement shall become binding when one or more counterparts hereof shall bear the signatures of all parties reflected hereon as the signatories.

9. <u>Seal</u>. This Agreement, whether executed under seal or not, will be treated as if it were executed under seal.

10. <u>Headings</u>. All paragraph headings herein are for convenience only and are not intended to have, and shall not have, any legally operative substantive effect.

11. <u>Entire Agreement</u>. This Agreement contains the entire agreement between the Plaintiff/Appellant and Defendants/Appellees and the terms of this Agreement are contractual and not a mere recital. The

Plaintiff/Appellant and Defendants/Appellees shall not be bound by any terms, conditions or representations not expressly contained in this Agreement. This Agreement may not be modified except by a writing executed by all parties.

**IN WITNESS WHEREOF**, the Plaintiff/Appellant and Defendants/Appellees expressly intended to be legally bound and, having given full and careful consideration to all aspects hereof, execute his Agreement.

_____                    _____
Cathy D. Brooks-McCollum                           Defendants or Representative

DATED: _____                      DATED: _____