IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Emerald Ridge Service Corporation (Derivative) &      Civil Action No.  04-419(JJF)
Cathy Brooks-McCollum (Personnally & As A Director)

vs.

State Farm Insurance Company     DEC 2 - 2005

    U S DISTRICT COURT
    DISTRICT OF DELAWARE

## MOTION TO RENEW SUMMARY JUDGMENT

Plaintiffs hereby petition the court to re-consider at this time their motion for summary judgment.

In *Homestore Inc. vs. Peter Tafeen (Exhibit A)* the Delaware Chancery Court and Delaware Supreme Court ruled that it would be unjust not to allow Peter Tafeen the advancement of fees pursuant the Corporations by-laws, and stated that *"Tafeen would suffer severe and irreparable harm and not allow Peter Tafeen the right to adequately defend himself in his **numerous** on-going litigations."* Plaintiffs has outlined to this court on numerous occasions that this will and has caused severe and irreparable harm to all parties, and have not afforded either plaintiff the right to adequately defend themselves.

Plaintiffs has presented to this court since the time of first filing for Summary Judgment that Plaintiff on at least Four (4) different occasions tried to put an end to the numerous litigation and doing such time Defendants entered into a settlement and then tried incorporating other terms, and have failed to live up to the settlement entered. After a settlement had been reached when the Defendants failed to outline any additional terms of the agreement, in which they outlined, they then tried to make Plaintiff be responsible for actions in which they omitted or failed to discuss as part of any settlement terms.

Plaintiff having been the only party who has attempted to protect the Corporation in settlement and prior has been the only party confirmed to have been a valid Director during this litigation by the Delaware Supreme Court, where Defendants did not contest such. None of the Defendants have been confirmed to be and have admitted that they are not valid Directors. The Delaware Chancery Court admitted that it erred in determining Indemnification. Based on this and he attached Exhibit A, Plaintiff alone should be allowed to assess what costs (if any) should be allotted against the Emerald Ridge Corporation Insurance policy, when there are no valid Directors to make this determination. It is Plaintiffs contention that once these proceedings are closed Defendants

State Farm will drop them from their role as an insurer for an error they themselves committed and continued out of malice and hatred. It is clear that at know times relevant that it was Defendants State Farm's interest or the other parties to protect the interest of Emerald Ridge Service Corporation. Plaintiff alone even after having been forced from her home has been the only party who has tried and continue to try to protect Emerald Ridge Service Corporation from future litigation, while having been blocked at all times.

Plaintiffs like Peter *Tafeen in Homestore vs. Peter Tafeen* has suffered irreparable harm and has not be allowed to adequately defend themselves, when both the Delaware Chancery Court and the Delaware Supreme Court confirmed this is a right of a Director who has been proven to be a Director.

Plaintiff Cathy Brooks-McCollum and her family have been forced from their home as a result of trying to protect the many. Plaintiff Cathy Brooks-McCollum and her family have sustained costs in excess of $300,000 for choosing not to break the law, vs. following the law. Defendants have tried hiding behind the state that claims to be protected by immunity. Even if the state is deemed to be protected by immunity these Defendants cannot continue to hide behind the same protection, in that they are not afforded the same protection. These Defendants in this case are governed under this courts jurisdiction and this court has the authority and power to put an end to this and allow the Plaintiffs in these proceedings the protection they are allowed.

There is no further discovery that would help these Defendants determine who is Indemnified. The only further discovery surround the crimes committed, which are for the jury to decide. These Defendants have not deposed any of the defendants in the other proceedings and the only parties with knowledge of who is and who is not indemnified are the Defendants in other proceedings, Plaintiffs, and defendants in these proceedings. Prior to curtailing Plaintiffs right to be afforded the protection to properly defend themselves Indemnification should be decided pursuant the State Farm Policy, at which time the court then can decide what costs are allowed and for whom, since these Defendants and other parties clearly do not intend on honoring the Settlement Agreement entered into. It appears all discovery sought by Defendants have been and continues to be to cause Plaintiffs further financial harm, and not in adhering to the terms of the Insurance Policy taken out to protect the Plaintiffs. These defendants should be made to present to the court what part of discovery they deem would help them in determining Indemnification, when all the evidence is before them.

Should these defendants be allowed to continue to block a right afforded parties who depend on a policy taken out with them, there will be no level of deceit these defendants will cease at.

It is not Plaintiffs in these proceedings to prolong these proceedings, however Plaintiff would ask the court not allow the Tort Feasors the opportunity to continue causing harm the Corporation Plaintiff and Plaintiff Brooks-McCollum. These Tort Feasors should not be the parties who determine what costs should be paid, and what costs should not be paid, in that the Delaware Chancery Court stated that Plaintiffs were indemnified, but not until proceedings have ended. Plaintiffs are informing this court that they are willing to end these proceedings once costs are properly decided by someone other then the Tort Feasors, in that it is clear that they themselves are choosing to violate a settlement agreement of which they entered, and now realized that they wanted other terms added. If Plaintiffs have stated to the court that it is their intentions to end these proceedings, this court would not be reversing any other courts ruling, in that once the court order costs, Plaintiffs intentions would be to end these proceedings, as long as Defendants do not choose to try appealing a decision, of this courts.

In these proceedings Plaintiffs have been portrayed as the parties who chose to continue these numerous litigations, when hopefully now the courts will see that after four (4) attempts by Plaintiffs to end these numerous proceedings it was the Defendants who chose to continue the litigation. Plaintiffs could only believe that the courts were not aware of the many attempts made to stop this, but the persons who were the Tort Feasors will not allow these proceedings to cease, without trying to inflict further crimes, pain and malicious behavior upon Plaintiff Emerald Ridge Service Corporation and Cathy Brooks-McCollum. There are no parties looking out for the interest of the Corporation, it is apparent that all defendants are merely looking out for their very own well being, and does not care which Plaintiffs get hurt in the process. The Plaintiffs can clearly assure that the parties claiming to be acting Directors are not aware of the harm the actions of defendants State Farm can cause the corporation, and are more or less not concerned, when they admitted that they were never validly elected. The main goal of the Defendants is to cover up their crimes and this should not be allowed.

Plaintiff chose to seek the aide of the courts, and can only hope that the court will rule upon Summary Judgment for Indemnification, in order to end these proceedings and not access the costs against the Emerald Ridge Service Corporations policy, but against State Farm itself, for not insuring these crimes were ceased.

In each court they argue that a Corporation cannot bring an action without being represented by counsel, if Insurance Companies hold this right in their hand pursuant the Corporations policy and block this right, this is a clear violation of ones constitutional rights. If parties overthrow a Corporation, and the courts do not step in to circumvent them from affording parties ruled to be valid the right they are entitled this is a violation of ones constitutional rights. Plaintiff in this case have been severely damaged and punished for doing what is expected of them and that is to follow the law and not take it into ones own hand.

Plaintiff Cathy Brooks-McCollum can't undo the harm caused her family as a result of these Defendants and other defendant's actions, but the courts can rectify some parts of the harm caused.

Respectfully submitted,

Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE 19850
(302) 521-1241

**EXHIBIT A**

IN THE SUPREME COURT OF THE STATE OF DELAWARE

HOMESTORE, INC., a Delaware corporation, § § § No. 223, 2005
§
Defendant Below, § Court Below – Court of Chancery
Appellant, § of the State of Delaware,
§ in and for New Castle County
v. § C.A. No. 023-N
§
PETER TAFEEN, §
§
Plaintiff Below, §
Appellee. §

Submitted: June 7, 2005
Decided: June 8, 2005

Before **STEELE**, Chief Justice, **HOLLAND** and **BERGER**, Justices.

Upon appeal from the denial of a Motion for Stay Pending Appeal. **AFFIRMED**.

William D. Johnston, Esquire and Dawn M. Jones Esquire, Young, Conaway, Stargatt & Taylor, Wilmington, Delaware, for appellant.

William M. Lafferty, Esquire, Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware, for appellee.

**HOLLAND**, Justice:

The Court has before it a Motion for Stay Pending Appeal filed by the defendant-appellant, Homestore, Inc. The plaintiff-appellee, Peter Tafeen, commenced this statutory proceeding under Del. Code Ann. tit. 8, § 145(e) on October 28, 2003. Tafeen seeks the advancement of legal fees and expenses that he is incurring in ongoing legal proceedings, in accordance with the mandatory advancement provision in Homestore's by-laws.

Section 145(e) permits Delaware corporations to make indemnity payments "in advance of the final disposition" of the "underlying litigation upon an undertaking to repay the amounts advanced if the indemnity is later found not entitled to such payments under the applicable statutory standard."[1] Section 145(k) provides that the Court of Chancery may summarily determine a corporation's obligation to advance expenses. Generally, the scope of a proceeding under section 145(k) only extends to the issue of entitlement according to the corporation's advancement provisions and not to issues regarding the movant's alleged conduct in the underlying litigation.

In this case, Homestore's opposition to Tafeen's request for advancement has been litigated in the Court of Chancery for the last nineteen months. Homestore's answer asserted eleven affirmative defenses

---

[1] 1 Rodman Ward, Jr., et al., Folk on the Delaware General Corporation Law § 145.7 (4th ed. 2005).

2

to Tafeen's request for advancement. Ten of those affirmative defenses were rejected by the Court of Chancery on summary judgment. In refusing to dismiss Homestore's unclean hands defense, however, the Court of Chancery stated:

> The Court acknowledges the strong Delaware policy of encouraging able persons to become directors and officers that is embodied in section 145(e). Since section 145(e) represents this strong public policy, the policy underlying the doctrine of unclean hands must be balanced against the statute. Where, as here, the allegations underlying the unclean hands defense involve conduct that, if true, would undermine the spirit of the statute, the balance is clearly in favor of not rewarding the alleged inequitable conduct.[2]

The Court of Chancery held a trial on Homestore's unclean hands defense and ultimately found that Homestore failed to establish "any credible proof" of that defense. Following the Court of Chancery's determination that Tafeen was entitled to advancement, Homestore disputed the reasonableness of the attorneys' fees sought by Tafeen and the Court of Chancery appointed a Special Master. The Court of Chancery subsequently approved the Special Master's Report.

On April 27, 2005, the Court of Chancery entered a Final Order and Judgment ordering Homestore to: (i) pay $3,983,986.86 to Tafeen for fees and expenses incurred through November 30, 2004; (ii) pay interest totaling

---

[2] *Tafeen v. Homestore, Inc.*, C.A. No. 023-N, slip op. at 19 (Del. Ch. Mar. 16, revised Mar. 22, 2004).

$206,015.84 through April 4, 2005; and (iii) advance Tafeen's legal fees and expenses going forward according to the procedure specified in the Final Order and Judgment. On May 20, 2005, Homestore filed a Motion for a Stay Pending Appeal. The Court of Chancery denied Homestore's motion.

## *Standard of Review*

Homestore has filed an appeal with this Court on the merits and also appeals from the Court of Chancery's denial of its Motion For a Stay Pending appeal. The latter application is the only matter to be decided at this time. The merits of Homestore's appeal will be decided in due course.

Supreme Court Rule 32(a) provides that "a stay or injunction pending appeal may be granted or denied in the discretion of the trial court, whose decision shall be reviewable by this Court." In determining how to exercise its discretion, the Court of Chancery considered the four factors set forth by this Court in *Kirpat, Inc. v. Del. Alcoholic Bev. Control Comm'n*,:[3] (i) the likelihood of success on the merits of the appeal; (ii) whether Homestore would suffer irreparable harm if the stay was not granted; (iii) whether Tafeen would suffer substantial harm if the stay was granted; and (iv) whether the public interest would be served if the stay was granted. This

---

[3] *Kirpat, Inc. v. Del. Alcoholic Bev. Control Comm'n*, 741 A.2d 356 (Del. 1998).

Court reviews the Court of Chancery's decision under the abuse of discretion standard.[4]

### *Court of Chancery Denies Stay*

In considering the first *Kirpat* factor, the Court of Chancery held that Homestore "failed to demonstrate even the remotest likelihood of success on the merits of its appeal." The Court of Chancery noted that Homestore's motion contained a "laundry list" of all of the decisions in this case and attempted to reargue the same contentions that, according to the Court of Chancery, it had "already thoughtfully considered" and rejected. The Court of Chancery concluded that "[s]imply stating an intention to appeal is insufficient . . . to demonstrate a likelihood of success on the merits."

With regard to the second *Kirpat* factor, the Court of Chancery held that Homestore "failed to demonstrate that it will suffer *any* irreparable harm." Homestore argued that paying Tafeen's advancement was a financial hardship. In support of that assertion, Homestore relied upon an affidavit that was seventeen months old. Homestore's current public filings were introduced by Tafeen to demonstrate that Homestore's financial condition has improved significantly since the time of the affidavit. In fact, Homestore's records reflected an accrual of $7.2 million as an estimate of

---

[4] *Id.* at 357.

the potential advancement due to its former officers, including Tafeen. Thus, the Court of Chancery ruled:

> Turning to the issue of irreparable harm to the movant, I am unpersuaded by Homestore's allegations of harm primarily because, as plaintiff points out, Homestore has provided the Court with no current evidence that it will suffer substantial and irreparable harm. Homestore correctly points out that unless this Court approves the current motion, that Tafeen will surely attempt to receive the advancement fees that this Court has ruled he is entitled to. To demonstrate irreparable harm, Homestore relies only upon the December 2003 affidavit of Homestore's General Counsel, Michael R. Douglas. This affidavit is more than a year and a half old, and is no longer sufficient to demonstrate to this Court that Homestore's financial condition is such that the payment of Tafeen's advancement would do irreparable harm to Homestore. In fact, as plaintiff points out, Homestore's financial condition is far less precarious than it was in December 2003, with Homestore now having cash and short-term investments of $62.9 million versus the $35.5 million it had as of December 31, 2003. Clearly, Homestore is financially much healthier than it was in 2003. In addition to Homestore's improved financial condition, Homestore's most recent quarterly report states that Homestore has already recorded an accrual of $7.2 million for its estimate of the potential advancement of legal costs to certain of its former officers, including Tafeen in the quarter ended September 30, 2004. It is clear to the Court that Homestore has failed to demonstrate that it will suffer any irreparable harm if the Court fails to approve its pending motion.

In considering the third *Kirpat* factor, the Court of Chancery found that "Mr. Tafeen would suffer severe and irreparable harm as a result of the stay because it would prevent Tafeen from adequately defending himself in the numerous ongoing litigations. . ." According to Tafeen, this protracted

advancement litigation has imposed severe financial hardship on him, forced him to "selectively defend" himself in the underlying proceedings for which he seeks advancement, and "now threatens to deprive him of the ability to effectively defend himself in a criminal trial in which he faces decades in prison if convicted." The Court of Chancery was persuaded by the argument that Homestore's "proposed supersedeas bond simply does not address the irreparable harm to Mr. Tafeen because, by delaying payment, it would eliminate the value of *advancement* (as opposed to indemnification) altogether." The Court of Chancery stated:

> Tafeen has recently been indicted by the United States Department of Justice, the Securities and Exchange Commission has levied civil charges against him, and there are various other civil litigations in which he is a defendant. To date, Tafeen has incurred over $4.5 million in legal fees and expenses defending these suits, and he still owes payment on roughly $1.8 million more in legal fees. Additionally, Tafeen's criminal trial has been set to begin on July 12, 2005, and the government has estimated that it will take at least two months to put on its case. A stay, which would prevent Homestore's advancement payment from reaching Tafeen in time to pay for his defense, would serve not only to deny Tafeen the very money that this Court believes he is contractually entitled to, but would also force Tafeen, who is severely short of funds, to selectively defend these various actions, a harm that could never be undone regardless of Homestore's supersedeas bond.

In addressing the fourth *Kirpat* factor, the Court of Chancery found that permitting Homestore to further delay its advancement obligations would be inimical to the public policy of this State of affording advancement

7

claimants prompt and meaningful relief pursuant to Del. Code Ann. tit. 8, § 145(k). The Court of Chancery stated:

> The express purpose of 8 *Del. C.* § 145, which provides advancement and indemnification rights to officers and directors, is to "promote the desirable end that corporate officials will resist what they consider unjustified suits and claims, secure in the knowledge that their reasonable expenses will be borne by the corporation they have served if they are vindicated."[5] . . . Clearly, to be of any value to the executive or director, advancement must be made promptly, otherwise its benefit is forever lost because the failure to advance fees affects the counsel the director may choose and litigation strategy that the executive or director will be able to afford. To grant Homestore's motion would allow it to continue to be derelict in its contractual protection of its directors/officers, and that would force its directors/officers to compromise their own litigations in the face of cost concerns, a result that is clearly against Delaware's policy of resolving advancement issues as quickly as possible.

### *Discretion Exercised Properly*

The decision to grant or deny a motion for a stay pending appeal is reviewed for an abuse of discretion on appeal. It is generally recognized that an abuse of discretion can occur in "three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered,

---

[5] *Stifel Financial Corp. v. Cochran*, 809 A.2d 555, 561 (Del. 2002) (quoting 1 Rodman Ward, Jr., et al., Folk on the Delaware General Corporation Law § 145.7 (4th ed. 2005).

but the court, in weighing those factors, commits a clear error of judgment."[6] In this case, the record reflects that the Court of Chancery considered all four of the relevant *Kirpat* factors and did not consider any irrelevant or improper factors. In weighing the equities the Court of Chancery concluded that "the more equitable solution would be to allow Tafeen to claim the advancement that is due to him, and if on appeal the Supreme Court believes that he was not entitled to such monies, that he then be required to pay such monies back to the best of his ability."

In the absence of legal error, decisions that are entrusted to the discretion of a trial court are by their very nature exercised within a range of choices that may go either way.[7] The record reflects that the Court of Chancery properly exercised its discretion in denying Homestore's Motion for Stay Pending Appeal. Accordingly, that judgment by the Court of Chancery is affirmed.

---

[6] *Kern v. TXO Production Corp.*, 738 F.2d 968 (8th Cir. 1984).
[7] *Id.*

IN THE UNITED STAES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Emerald Ridge Service Corporation (Derivative) &     Civil Action No.   04-419(JJF)
Cathy Brooks-McCollum (Personnally & As A Director)

vs.

State Farm Insurance Company

### CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December 2005, I caused to be served a true and correct copy of the foregoing Motion upon Defendants:

        Stephen P. Casarino
        800 North King Street
        Suite 200
        Wilmington, DE  19801
        (302) 594-4500 (Telephone)
        (302) 594-4509 (Fax)

_____
Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE  19850
(302) 521-1241

PO Box 12166
Wilmington, DE 19850



United States District Court
For The District of Delaware
844 North King Street
Lockbox 18
Wilmington, DE 19801

