IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



Emerald Ridge Service Corporation (Derivative) &
Cathy Brooks-McCollum (Personnally & As A Director)

vs.

State Farm Insurance Company

Civil Action No.   04-419(JJF)

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MOTION COURT TO DECIDE WHICH PARTIES HAVE AUTHORITY TO DECIDE SETTLING OF CORPORATE ISSUES – IS IT STATE FARM ARE A PARTY RULED TO BE DIRECTOR

In the current pending lawsuits it appears that State Farm has taken on the operation and decision making of running Emerald Ridge Service Corporation. Since none of the courts have ruled who are and are not Directors, except that of the Delaware Supreme Court. It would be the belief of Plaintiffs that the only person at this point who may decide to settle this case is that of Plaintiff Cathy Brooks-McCollum in an attempt to reduce costs for Emerald Ridge Service Corporation and limit the losses of the Corporation.

Once the court rules who can make the decision on who may or may not settle the case, the court should be and would be the only party able to decide what costs gets assessed whom in the current pending litigation.

It appears that since State Farm knows that they erred in paying costs for parties whom are not either Directors or Stockholders (owners of land), that they have taken over making Corporate decisions.

Plaintiff has received from the Delaware Supreme Court the undertaking necessary which proves and validates that at all times relevant "she herself was a Director" and has invoked the option to settle this case in fairness to all Plaintiffs being Director Cathy Brooks-McCollum during these proceedings, and the Corporation itself.

Defendant State Farm does not have the authority to make rulings, which could cause irreputable harm to the Corporation.

Defendant State Farms other counsel Edward Kafader presented Plaintiff Cathy Brooks-McCollum with a signed document confirming that the case was settled and outlined that Paragraph 1 was the sole basis of settlement, where Plaintiff never agreed to pay any costs, or attorney fees of the counsel retained to represent Emerald Ridge Service Corporation. The document submitted after settlement by Edward Kafader asked that

Plaintiff Cathy Brooks-McCollum, lie and state, *"that the Releasor relied wholly upon her own judgment, belief and knowledge of the nature, extent, effect and duration of claimed injuries or damages and liability therefore and this Release is made without reliance upon any statement or representation of the Releasees of their representatives or by any physician or other health care provider by them employed."* State Farm and Edward Kafader also tried forcing Plaintiff to agree to terms of, *"In the event that this release is not construed to be a complete release, it is the Releaser's intention that the Release be constructed as a joint tortfeasor's release pursuant to 10 Del. C. §6304(b). That is, should there be any action against any person, firm, corporation or other entity, whether released herein or inadvertently or otherwise not released here, any judgment in the Releaser's favor, and in any capacity, shall be reduced, to the extent of the pro rate share of the released tortfeasor, of the injured person's damages recoverable against all other tortfeasors. To the extent that any provisions of this paragraph is inconsistent with 10 Del. C. §6304(b), it shall be void and of no consequence, and in place thereof it is agreed that it shall be considered that this paragraph contains such other language, if any, as is necessary to make effectual the express intent of the parties to release all claims against the Releasee,"* as well as agreeing to other terms never discussed. Plaintiffs would not be wholly relying on their own judgment, belief or knowledge etc. if forced to lie and agree to items, which were never their intentions. These terms also asked that others not part of any pleadings be incorporated as part of protection.

Plaintiffs respectfully ask the court to hold a hearing and first determine if a settlement is reached. Plaintiffs, then ask that the court to determine what costs should be reimbursed the Corporation Plaintiffs, Cathy Brooks-McCollum, plaintiff in closing/settling these proceedings. Costs are paid to a party determined to be a Director regardless, and that person should not have to relinquish those rights, in an effort to protect the interest of the Corporation, because others are trying to hide behind their crimes.

Respectfully submitted,

Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE  19850
(302) 521-1241

## IN THE UNITED STAES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Emerald Ridge Service Corporation (Derivative) &      Civil Action No.    04-419(JJF)
Cathy Brooks-McCollum (Personnally & As A Director)

vs.

State Farm Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December 2005, I caused to be served a true and correct copy of the

foregoing Motion upon Defendants:

Stephen P. Casarino
800 North King Street
Suite 200
Wilmington, DE  19801
(302) 594-4500 (Telephone)
(302) 594-4509 (Fax)

Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE  19850
(302) 521-1241



BLACK HERITAGE
Marian Anderson



WILMINGTON DE 198
PM
05 DEC
2005

United States District Court
District of Delaware
844 North King St.
Lockbox 18
Wilmington DE 19801

U.S.M.S.
X-RAY