IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



Emerald Ridge Service Corporation (Derivative)        Civil Action No.   04-419(JJF)
Cathy Brooks-McCollum (Personnally & As A Director)

vs.

State Farm Insurance Company

RECEIVED DEC 8 2005 U.S. DISTRICT COURT DISTRICT OF DELAWARE

## MOTION FOR SPECIFIC PERFORMANCE

    Plaintiffs hereby ask that this court exercises its' jurisdiction governing the settlement reached between Defendants in which are pending in this court. The decisions governing the other defendants in the Court Of Appeals Civil Action 05-1264 are being made by defendant State Farm as setforth in pleadings in this Court, and Plaintiff informs this court that the same Motion has been filed in the Court Of Appeals and in the Chancery Court. In that it is the belief of Plaintiffs that a settlement has been reached pursuant Exhibit A and as outlined within this Motion, Plaintiff hereby asks this court to rule upon this and found that these parties breached a contract, and violated the UCC and the Statute Of Frauds, that the court award damages for specific performance in this matter.

    Plaintiff hereby asks this court to Order that Defendants in these proceedings adhere to the contract as signed and executed by counsel retained by them on their behalf. These defendants agreed to in writing through their counsel, where each party was copied on to settlement terms as outlined in a letter they themselves wrote.

    These Defendants are now hereby asking that Plaintiff accept additional terms in which were not discussed or part of the written settlement entered into between all parties.

    Contract law governs the construction and enforcement of settlement agreements. *See Laserage Tech. Corp. v. Laserage Lab., Inc., 972 F.2d 799, 802 (7th Cir. 1992)*. Under contract law, a binding agreement requires a meeting of the minds or mutual assent as to all material terms. *See SBL Assoc. v. Village of Elk Grove, 247 Ill. App. 3d 25, 31, 617 N.E.2d 178, 182 (1st Dist. 1993)*. Whether the parties had a "meeting of the minds" is determined not by their actual subjective intent, but by what they expressed to each other in their writings. Thus, the parties decide for themselves whether the results of preliminary negotiations bind them, and they do so

through their words. *See Empro Mfg. Co. v. Ball-Co Mfg., Inc., 870 F.2d 423, 425 (7th Cir. 1989) citing Chicago Inv. Corp. v. Dolins, 107 Ill. 2d 120, 481 N.E.2d 712, 715 (1985)*.

The element of consideration was discussed in *Dickey v. Thirty-Three Venturers.4* The court in *Sappington v. Miller* Plaintiff contends that defendants violated the UCC statute of frauds. Under this contract reached the UCC statute of frauds is applied, since, a e-mail and signed confirmation was received making this sufficient writing since it had not been objected to within 10 days or at all, as it was in its original content by Plaintiff. These parties qualify as merchants under the UCC.38. The law should imply a requirement of "good faith and fair dealing" in the contract. As the court of appeals stated in *Boatmen's Bank v. Crossroads West Shopping*.

Plaintiff informs this court that at know time was anyone given the authorization to file stipulations in its' courts, and should the settlement conclude as outlined (however, unlikely per Defendants own words), Plaintiff will sign off on stipulations, which also state that this court retain jurisdiction over the issues governing settlement. Since the Supreme Court, left open the possibility of an alternative that would allow the federal court to enforce the agreement. If, in agreeing to the stipulation and dismissal, the federal court expressly retains jurisdiction as one of the terms in the stipulation, the parties are not forced into state court for enforcement. (Id. at 381). In *Kokkonen v. Guardian Life Ins. Co. of America*, the United States Supreme Court addressed the issue of a diversity action, which was settled, and a stipulation and dismissal under Rule 41(a)(1)(ii), governing retention of jurisdiction. The crimes committed herein occurred while this court held and retained jurisdiction.

For the reasons setforth above and in other documents, Plaintiff respectfully asks that the court enter an Order For Specific Performance against Defendants.

Respectfully submitted,

*Cathy D. Brooks-McCollum*

Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE 19850
(302) 521-1241

**EXHIBIT A**

IN THE UNITED STAES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Emerald Ridge Service Corporation (Derivative) &      Civil Action No.   04-419(JJF)
Cathy Brooks-McCollum (Personnally & As A Director)

vs.

State Farm Insurance Company

### CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December 2005, I caused to be served a true and correct copy of the foregoing Motion upon Defendants:

        Stephen P. Casarino
        800 North King Street
        Suite 200
        Wilmington, DE  19801
        (302) 594-4500 (Telephone)
        (302) 594-4509 (Fax)

_/s/ Cathy D. Brooks-McCollum_
Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE  19850
(302) 521-1241

# FERRY, JOSEPH & PEARCE, P.A.

ATTORNEYS AT LAW
824 MARKET STREET
SUITE 904
P.O. BOX 1351
WILMINGTON, DELAWARE 19899

(302) 575-1555

DAVID J. FERRY, JR.*
MICHAEL B. JOSEPH +
ROBERT K. PEARCE
THEODORE J. TACCONELLI *
EDWARD F. KAFADER
JOHN D. MATTEY
RICK S. MILLER
JASON C. POWELL
LISA L. COGGINS **
STEVEN G. WEILER ++
THOMAS R. RIGGS

TELEFAX
(302) 575-1714

www.ferryjoseph.com

ARTHUR F. DISABATINO
(1938-2001)

(*ALSO PA BAR)
(+ALSO NJ BAR)
(**ALSO FL, MA AND NY BARS)
(++NJ BAR ONLY)

November 17, 2005

Ms. Cathy Brooks-McCollum
PO Box 12166
Wilmington, DE 19850

RE: Brooks-McCollum v. Emerald Ridge Service Corporation
Brooks-McCollum v. State Farm

Dear Ms. Brooks-McCollum:

This letter will serve as a follow up to our phone conversation regarding settlement of the above captioned matters. You have agreed that you will dismiss with prejudice all cases that you have filed against State Farm Fire and Casualty Company and its related companies as well as all cases involving suits against current and former members of the Emerald Ridge Service Corporation et al. In return for your dismissal of these cases as well as an execution of an appropriate release of all parties to those suits, State Farm will make payment to you in the amount of $21,038.77. In addition to the execution of a release against all parties, an appropriate stipulation dismissing these cases, as well as the payment by State Farm, the parties have not agreed to any further terms of settlement. In particular, there has been no agreement regarding the confidentiality of settlement, nor will the parties enter into any agreement not disparage each other in the future.

I will be sending you stipulations and a release in the near future. Once the signed documents are received back from me, I will forward a check payable to you in the amount of $21,038.77. I will send you back a clocked in copies of the stipulations once they are filed.

We have discussed a lawsuit which you recently attempted to file in Superior Court against current and former members of the Board of Emerald Service Corporation as well as me and Donald Gouge. You have informed me that you do not believe this case has been officially filed in Superior Court. I have checked the records of the prothonotary and can not find any record of the filing of that case. However, we have agreed that in the event this case has been

Case 1:04-cv-00419-JJF   Document 62   Filed 12/08/2005   Page 6 of 8

Ms. Cathy Brooks-McCollum
November 16, 2005
Page 2

filed, you will sign an appropriate stipulation of dismissal.

    In the event that there are outstanding filing fees or court costs which are still owing to any of the courts in these cases, you alone will be responsible for the payment of those costs. Neither State Farm nor its insureds will be responsible for payment of any costs, other than the check in the amount of $21,038.77, which I will forward to you upon receipt of executed stipulations of dismissal and release.

    Please call me if you have any questions.

Sincerely,

Edward F. Kafader

EFK/lma

cc: Mr. Edward Dillon
    Claim # 08–R337-251
    Stephen P. Casarino, Esquire
    Jonathan Parshal, Esquire
    Harry Feinberg, Esquire

