IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CATHY D. BROOKS-MCCOLLUM,      :
                               :
        Plaintiff,              :
                               :
    v.                         : Civil Action No. 04-419 JJF
                               :
STATE FARM INS. CO.,           :
                               :
        Defendant.              :

### MEMORANDUM ORDER

Pending before the Court are five motions filed by Plaintiff: Motion Court To Decide Which Parties Have Authority To Decide Settling Of Corporate Issues - Is It State Farm Are A Party Ruled To Be Director (D.I. 59), Motion For Specific Performance (D.I. 62), Motion To Renew Summary Judgment (D.I. 63), Motion To Pay Costs To Date (D.I. 65), and Motion To Invalidate Chancery Courts Order & Rule In Accordance To The Law On Indemnification Of All Parties (D.I. 67). Defendant has not filed a response to any of these Motions. For the reasons discussed, the Court will deny Plaintiff's Motions.

It is difficult to determine precisely what Plaintiff is requesting in her first two Motions (D.I. 59 & 62). However, it appears to the Court that Plaintiff is requesting that the Court intervene in settlement negotiations between her and Defendant. Because such intervention would not be appropriate, the Court will deny the Motions.

Plaintiff styles her third Motion (D.I. 63) as one for summary judgment. However, she does not provide the Court with any basis upon which it could grant summary judgment in her favor. She does not argue that there are no genuine issues of material fact or that she is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). In addition, because discovery has not yet begun, it would be premature to grant summary judgment at this time. Accordingly, the Court will deny the Motion.

Plaintiff's fourth Motion (D.I. 65) requests that the Court order Defendant to pay for legal costs Plaintiff has incurred to date. It is unclear to the Court whether she seeks costs incurred in connection with this case alone, or costs incurred in other, related cases as well. In any case, the Court cannot grant the Motion. Whether Plaintiff is entitled to indemnification for any of her legal expenses is the central issue of this case. In essence, Plaintiff seeks summary judgment on that issue. For the reasons discussed above, the Court will not grant summary judgment at this time. Therefore, the Court will deny the Motion.

Plaintiff's last Motion (D.I. 67) requests the Court to invalidate an Order of the Delaware Chancery Court. Plaintiff does not specify which Order she requests be invalidated or even

2

the case in which the Order was entered.  At any rate, this Court is without jurisdiction to review the decisions of a state court.  Accordingly, the Court will deny the Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion Court To Decide Which Parties Have Authority To Decide Settling Of Corporate Issues - Is It State Farm Are A Party Ruled To Be Director (D.I. 59) is **DENIED**;

2. Plaintiff's Motion For Specific Performance (D.I. 62) is **DENIED**;

3. Plaintiff's Motion To Renew Summary Judgment (D.I. 63) is **DENIED**;

4. Plaintiff's Motion To Pay Costs To Date (D.I. 65) is **DENIED**;

5. Plaintiff's Motion To Invalidate Chancery Courts Order & Rule In Accordance To The Law On Indemnification Of All Parties (D.I. 67) is **DENIED**.

April 12, 2006
DATE

*Joseph J. Farnan*
UNITED STATES DISTRICT JUDGE