IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHY D. BROOKS-MCCOLLUM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-419 JJF |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S MOTION TO DISMISS</u>**

STEPHEN P. CASARINO, ESQ
CASARINO, CHRISTMAN & SHALK
I.D. No. 174
800 N. King Street, Suite 200
Wilmington, DE 19899-1276
(302) 594-4500

Date: February 28, 2007                Attorney for the Defendant

Table of Contents

Statement of the Nature and Stage of the Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Argument    Dismissal for Failure to Comply with Court Rules and
                          Failure to Prosecute Is a Proper Sanction in This Case . . . . . . . . . . . . . . . 4

i

Table of Citations

*Ayala v. P. Angelo & Sons, Inc.*,
2002 WL 1483147 (D.Del.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*DiGregorio v. First Rediscount Corp.*,
501 F.2d 781 (CA.Del.1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Kenney v. California Tanker Co.*,
381 F2d 775 (CA Del.1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

This is a claim by the plaintiff for "indemnification" for failure to provide insurance coverage. The matter has been pending in the court for several months. The plaintiff failed to prepare a pretrial memorandum in accordance with Rule 16.5 of the Local Rules of Civil Procedure. This is the defendant's motion to dismiss the pending action.

## SUMMARY OF THE ARGUMENT

The plaintiff has failed to prosecute her claim by not preparing a Pre Trial memorandum and not preparing for the pretrial conference.

STATEMENT OF FACTS

On May 2, 2006, the court issued a Rule 16 Scheduling Order which required that a pretrial conference be held on Thursday, January 11, 2007 at 11:00 a.m. The court required conference to comply with Rule 16.5 of the Local Rules of Civil Procedure.

On January 4, 2007, the defendant emailed to the plaintiff its portion of the pretrial memorandum (Ex.A). The plaintiff never responded to the email nor did she prepare her portion of the pretrial memorandum. As a consequence the court continued the pretrial conference.

On January 16, 2007, the defendant again emailed the plaintiff requesting that she prepare her portions of the pretrial memorandum (Ex.B). To date, the plaintiff has not responded to defendant's request or prepared her portion of the pretrial memorandum.

ARGUMENT

Dismissal for Failure to Comply with Court Rules and Failure to Prosecute
Is a Proper Sanction in This Case.

Dismiss for failure to comply with court rules and failure to prosecute is proper under the circumstances. Wherefore defendant requests the Court to dismiss the case for failure of the plaintiff to comply with court rules or to prosecute her case.

Rule 16.4 (d) provides that at least three business days prior to the pretrial conference, the attorney for the plaintiff shall file an original and one copy of the proposed pretrial order. Rule 1.3 (b) provides that the failure of a party to appear before any pretrial conference or to complete the necessary preparations thereto may be considered by the court an abandonment or failure to prosecute and judgment may be entered against the defaulting party.

The defendant is prepared to go forward with the case and has sent a portion of the pretrial memorandum to plaintiff but she has failed to prepare her portion and was unprepared to go forward at the pretrial conference.

The court has inherent power to dismiss for failure to prosecute because it is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Kenney v. California Tanker Co.*, 381 F2d 775 (CA Del.1967). In *Ayala v. P. Angelo & Sons, Inc.*, 2002 WL 1483147 (D.Del.2000) the court dismissed the plaintiff's case for failure to prosecute where plaintiff did not appear for a scheduled status conference. In *DiGregorio v. First Rediscount Corp.*, 501 F.2d 781 (CA.Del.1974) the court affirmed the granting of a dismissal for failure to comply with the court's order relating to discovery.

4

|  |  |
|---|---|
|  | /s/ Stephen P. Casarino, Esq. |
|  | STEPHEN P. CASARINO, ESQ |
|  | CASARINO, CHRISTMAN & SHALK |
|  | I.D. No. 174 |
|  | 800 N. King Street, Suite 200 |
|  | Wilmington, DE 19899-1276 |
|  | (302) 594-4500 |
| Date: February 28, 2007 | Attorney for the Defendant |

**CERTIFICATE OF SERVICE**

I, Stephen P. Casarino, Esq., hereby certify that I have caused to be deposited in the mailbox at 800 North King Street, Suite 200, Wilmington, DE 19801, on this 28th day of February, 2007, a true and correct copy of Defendant's

> Cathy D. Brooks-McCollum
> P.O. Box 12166
> Wilmington, DE 19850

 /s/ Stephen P. Casarino, Esq.
STEPHEN P. CASARINO, ESQ
CASARINO, CHRISTMAN & SHALK
I.D. No. 174
800 N. King Street, Suite 200
Wilmington, DE 19899-1276
(302) 594-4500
Attorney for the Defendant