# EXHIBIT B

# CASARINO, CHRISTMAN & SHALK, P.A.
## ATTORNEYS AT LAW
800 NORTH KING STREET
SUITE 200
P.O. BOX 1276
WILMINGTON, DELAWARE 19899

———

(302) 594-4500
FAX: (302) 594-4509

STEPHEN P. CASARINO
COLIN M. SHALK
BETH H. CHRISTMAN
DONALD M. RANSOM
KENNETH M. DOSS
THOMAS P. LEFF
MATTHEW E. O'BYRNE
CHANETA BROOKS MONTOBAN
SARAH C. BRANNAN

REPLY TO OUR MAILING ADDRESS:
P.O. BOX 1276
WILMINGTON, DE 19899

January 16, 2007

**VIA EMAIL - mccollumc1@comcast.net**
Cathy D. Brooks-McCollum
P.O. Box 12166
Wilmington, DE 19850

Re:    **Brooks-McCollum v. State Farm**

Dear Ms. Brooks-McCollum:

I previously provided to you my portions of the pretrial memorandum. You did not prepare your portion and as a consequence the court continued the pretrial conference. Would you please prepare your portions and send them to me within the next couple of days. If I do not receive them, I shall ask the court to dismiss your case for failure to comply with the pretrial conference rules.

Very truly yours,

*/s/ Stephen P. Casarino*

Stephen P. Casarino

SPC/ams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CATHY D. BROOKS-MCCOLLUM,        )
                                 )
            Plaintiff,           )        Civil Action No. 04-419 JJF
                                 )
    v.                           )
                                 )
STATE FARM INSURANCE COMPANY, )
                                 )
            Defendant.           )

## PRETRIAL STIPULATION

1.    Statement of the Nature of the Action.

      By Defendant:

      The issues raised by the plaintiff are _____.

      The defendant has filed an answer denying all of the allegations of the Complaint.


2.    Facts Admitted Without Formal Proof.

      The constitutional or statutory basis of Federal Jurisdiction:

      By Defendant:

      Plaintiff has no evidence whatsoever to indicate that the defendant, any of its employees
or agents performed any act of vandalism on plaintiff's property. (Request for Admissions)

      Plaintiff has no evidence whatsoever to indicate that the defendant, any of its employees
or
agents performed any act of harassment in any manner on plaintiff or any member of plaintiff's
family. (Request for Admissions)


3.    Issues of Fact Any Party Contends Remain to be Litigated.

      By Defendant:

      Whether the defendant has a claim against the defendant insurance company.  Plaintiff
claims indemnification even though she has not been sued by any entity.

4.    Issues of Law Any Party Contends Remain to be Litigated.

By Defendant:

Whether the plaintiff has a cause of action for indemnity under State Farm's policy when she
has not been sued by any entity.

Whether the plaintiff has a cause of action.


5.    Exhibits Admitted Without Objection/Objected to, and Grounds for Objection(s).

By Defendant:

State Farm's Insurance Policy.


6.    Names and Addresses of All Witnesses and Specialties of Experts to be Called as
Witnesses.

By Defendant:

Edward Dillon, c/o State Farm;

Glenna Molster, c/o State Farm;

Kenneth Shareef, 1 Winchester Court, Wilmington, Delaware.


7.    Brief Statement of What Plaintiff Expects to Prove in Support of Claim.



8.    Brief Statement of Defense.

The defendant intends to show that it insured the Emerald Ridge Service Corporation for
liability. The plaintiff was elected as a director of Emerald to serve as treasurer and secretary.
On or about December 23, 2003 the Board of Emerald decided to remove plaintiff from those
positions and she resigned from the Board effective July 15, 2004. Before resigning she filed a
Complaint against the Board alleging that she was invalidly removed as an officer and other

allegations.  The plaintiff then brought a lawsuit in the Court of Chancery seeking indemnification and advancement of costs.  She relied upon the Emerald's Bylaws indicating that Emerald would indemnify officers and directors of the corporation.  Because she was an officer she felt she was entitled to some sort of indemnification.  The defendant will show that the bylaws did provide for indemnification incurred in defending any proceeding.  The plaintiff has never been a defendant in any proceeding.

The defendant will also show that there is no insurance coverage liability to the plaintiff because she is not a defendant in any litigation nor has any claim been made against her.

9.      Brief Statement of Counterclaimant(s) / Crossclaimant(s).

Not applicable.

10.     Amendments to Pleadings -- Unopposed/Opposed and Grounds for Objection(s).

Not applicable.

11.     Certification of Good Faith Settlement Negotiations.

A global settlement involving all of plaintiff's claims was made by State Farm but apparently the parties have been unable to settle.

12.     Other Matters.

13.     Special Verdict and/or Interrogatories and Form Proposed.

14.     Special Voir Dire Questions:  Unopposed/Opposed and Reason.

15.     Life or Work Expectancy of a Person Seeking Future Damages.

16.     Copies of Proposed Charge with Notations as to Specific Objections and

Counterproposals Therefor.

17.    Trial Time Estimate.
       Trial Date:

18.    THIS ORDER SHALL CONTROL THE SUBSEQUENT COURSE OF THE ACTION
       UNLESS MODIFIED BY THE COURT TO PREVENT MANIFEST INJUSTICE.

_____
Cathy D. Brooks-McCollum
P.O. Box 12166
Wilmington, DE 19850
Plaintiff

_____
Stephen P. Casarino, Esquire
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
Attorney for Defendant

SO ORDERED this _____ day of _____ 2007.

_____
                  J.

(Revised 8/22/97)