IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CATHY D. BROOKS-MCCOLLUM &,
EMERALD RIDGE SERVICE CORP.          )
                                     )
            Plaintiff,               )          Civil Action No. 04-419 JJF
                                     )
    v.                               )
                                     )
STATE FARM INSURANCE COMPANY, )
                                     )
            Defendant.               )



## PRETRIAL STIPULATION

1.    Statement of the Nature of the Action.

**By Plaintiff:**

The issues raised by the plaintiff are Defendants State Farms actions in having their lawyers commit fraud before the Emerald Ridge Service Corporation & the mis-representation of the cases to the members of the Corporation. The damages which the actions of Defendants State Farms caused upon the Plaintiffs Emerald Ridge Service Corporation & Plaintiff Brooks-McCollum & her family as a result of the fraud committed by their attorneys and representors. The fraud allowed by Defendants State Farm in the improper utilization of the Corporations Insurance Policy without first ensuring that the costs were being used by members who were properly appointed and selected in accordance to Corporation policies & procedures, and State law and Federal law. The improper filing of banking documents before the Corporation banking institution at the advise of Defendants Attorney Edward Kafader, in order to cover up the fraud committed by Defendants and their co-conspirators. The vandalization of Plaintiff's Cathy Brooks-McCollum property as a result of the fraud committed and carried out by Defendants State Farms Attorneys and others under the direction of Defendant State Farm. The issue of when Indemnification is decided and ruled upon, whether those costs should be borne by the Corporation itself or through the Corporations Insurance policy held with Defendant State Farm, in that nobody has been acting at the benefit of the Corporation to ensure the burden is not left upon it.

The complete nature of these proceedings have been filed in this court through briefs and documentation seeking the protection of Plaintiffs family.

**By Defendant:**

The defendant has filed an answer denying all of the allegations of the Complaint.

2.    The Constitutional Or Statutory Basis of Federal Jurisdiction, Together With A Brief Statement Of Facts Supporting Jurisdiction.

**By Plaintiff:**

Jurisdiction lies in this court pursuant TITLE 28, PART IV, CHAPTER 85, §1331, §1332, §1333, §1334, TITLE 28, PART IV, CHAPTER 87, §1391, §1401, TITLE 12, CHAPTER, §1821, TITLE 18, PART I, CHAPTER 47, §1028, §1029, §1030, §1033, §1037, §1038, TITLE 18, PART I, CHAPTER 63, §1341-§1346, §1349, §1350, TITLE 18, PART I, CHAPTER 73, §1509 §1510, §1511, §1512, §1513, §1514, §1514a, TITLE 18, PART 1, CHAPTER 95, §1951, §1957, TITLE 18, PART 1, CHAPTER 96, §1963-§1965, TITLE 28, RULES IV, Rule 23.1.

Furthermore, in the Civil Action held before the US Court Of Appeals For The Third Circuit it clearly stated that it saw clear violations of fraud and violations of the Rules Of Professional Conduct, where State Farms attorneys were parties, and the Delaware Court dismissed the claims against those defendants stating that a claim can only be brought against attorneys by the Delaware Supreme Court & Delaware Bar Association, where the defendants argued that they were entitled to immunity. Thus, defendant State Farm is not afforded the same immunity by having instructed and hired these parties to carry out the crimes set-forth and carried out before the Corporation and several Courts. All officers of the court merely argued that they were immune from prosecution, and not that they did not commit the crimes, since there is clear evidence showing these parties instructing and carrying out the crimes in question.

State Farms Attorney Edward Kafader committed his crimes before the Corporation on video, as well as through documentation signed and distributed by himself and on his behalf of the crimes being committed. State Farms Attorney Edward Kafader instructed parties to commit fraud before the banking industry and file fraudulent documents indicating that they were indeed officers. The Corporations counsel submitted documentation that those parties were indeed invalid, and also stated by way of correspondence, "That he was merely helping his friend Edward Kafader", when he too committed fraud before the Corporation. Mr. Edward Kafader presented documentation that the was acting for State Farm and on their behalf before the Corporation while ill advising the Corporation of the proceedings @ hand. State Farm was sent correspondence at each and every stage of the fraud and concurred that Mr. Edward Kafader had free will to operate as he pleases through correspondence, when informed of the actions.

Mr. Casarino stated through deposition that Mr. Kafader was not authorized to operation on behalf of State Farm, and that he was not State Farms attorney and that he was, which conflicts with written documentation submitted by State Farm itself.

**The following further supports the fraud committed on behalf of State Farm by their hired attorneys:** *Wight v. BankAmerica Corp., 219 F.3d 79, 91 (2d Cir.2000); In re Worldcom, Inc. Secs. Litigation, 382 F.Supp. 2d 549 (S.D.N.Y. 2005); Vtech Holdings, Ltd. V. Pricewaterhouse Coopers, LLP, 348 F.Supp.2d 255 (S.D.N.Y.2004); Tew, 728 F. Supp at 1560; Thornwood, Inc. vs. Jenner & Block, 799 N.E. 2d 756 (Ill.App. 1st 2003).*

*McCain v. Florida Power Corp., 593 So.2d500 (Fla. 1992); Paszamant v. Ret. Accounts, Inc. 776 So. 2d 1049 (Fla. 5th DCA 2001). In Newburger, Loeb & Co.. Inc. v. Gross, 563 F.2d 1057 (2d Cir. 1977. Petit-Clair v. Nelson, 782 A.2d 960 (N.J. Super. Ct. App.Div. 2001)*

**By Defendant: (NONE)**

3.    Facts Admitted Without Formal Proof.

The constitutional or statutory basis of Federal Jurisdiction:

**By Plaintiff**

Plaintiff has an abundance of evidence supporting that all the parties who committed the crimes in question were doing so on behalf of State Farm and at the request of State Farm.

The Delaware Supreme Court has already concurred that Plaintiff was a Director at all times relevant to these proceedings, and the Corporations policies and procedures are clear that all and any claims are covered under indemnification for Directors.

## By Defendant:

Plaintiff has no evidence whatsoever to indicate that the defendant, any of its employees or agents performed any act of vandalism on plaintiff's property. (Request for Admissions)

Plaintiff has no evidence whatsoever to indicate that the defendant, any of its employees or agents performed any act of harassment in any manner on plaintiff or any member of plaintiff's family. (Request for Admissions)

## 4.    Issues of Fact Any Party Contends Remain to be Litigated.

### By Plaintiff

The Delaware Chancery Court already agreed and concurred that Plaintiff was and is indemnified, which is not a question. The only question presented at this time is should the indemnification occur after proceedings or before proceedings and if that impedes Plaintiff from having the counsel she is entitled to and protected by in accordance to the Constitution of the United States. With the Delaware Supreme Court having stated that Plaintiff was a Director at all times relevant and Chancery Court having ruled that Plaintiff is entitled to Indemnification, (just not until after), Defendants claim is MOOT, and places the corporation @ risk of having to pay costs they should bear pursuant the Corporations policies and the law. However, since the Corporation is not being represented independently from State Farm protecting their own interests the Corporation is at RISK of being sued for any costs incurred.

The fact that Defendants violated Discovery Proceedings and failed to cooperate with Plaintiff in making all items available.

Defendants counsel evidently filed a Motion To Dismiss in this Court, without supplying Plaintiff with a copy of the form Notice filed with this Court. (The attached represents the only discussions had between parties regarding said Motion). However, Defendants have operated outside the boundaries of the law, and will continue, and receive aide in doing so.

### By Defendant:

Whether the defendant has a claim against the defendant insurance company. Plaintiff claims indemnification even though she has not been sued by any entity.

5.    Issues of Law Any Party Contends Remain to be Litigated.

**By Plaintiff**

The Law governing a party bringing a claim on behalf of a corporation supports indemnification, as well as the Corporations polices. Furthermore, the US Court Of Appeals clearly stated that claims and violations existed for parties who concurred that they were action on behalf of Defendant State Farm. Thus, there is no basis for parties to state is there any cause of action against the parties for any reason. There is clearly cause for indemnity under State Farm's Policy, as well as cause of action. All the crimes committed were borne out of Plaintiff's fiduciary responsibility to the Corporation and its' members not to be deceived, and as a result of a hostile takeover, by State Farms Attorney's and other parties, as a means to deceive the Corporation.

*See Third Nat'l Bank v. Celebrate Yourself Productions, Inc., 807 S.W.2d 704, 707-08 ( Tenn. Ct. App. 1990) ( citing Commercial Credit Development Co. v. Scottish Inns, Inc., 69 F.R.D. 110, 117 (E.D. Tenn. 1975)). McClure v. Borne Chemical Co., 292 F.2d 824, 827 (3d Cir.), cert. denied, 368 U.S. 939 (1961).* In *re P.J. Keating Company, 180 B.R. 18 (Bankr. D.Mass. 1995). See, e.g., MacMillan, Inc. v. Federal Ins. Co., 741 F. Supp. 1079 (S.D.N.Y. 1990); Atlantic Permanent Federal Savings & Loan Assoc. v. American Casualty Co., 839 F.2d 212 (4th Cir. 1988); Waldoboro Bank v. American Casualty Co., 775 F. Supp. 432 (D. Main 1991).* Title 8, Chapter 1, Subchapter IV, Section 145(d) of Delaware's General Corporation laws, which state as follows for indemnification: *"a majority vote of the directors who are not parties to such action, suit or proceeding...."*. can decide if a person is a valid director to be indemnified"........(3) *"if there are no such directors, or if such directors so direct, by independent legal counsel in written opinion, or (4) by the stockholders".*

a. Delaware Title 8, Subchapter IV, Section 141 of the General Corporation Law.

b. Delaware Title 8, Subchapter IV, (a) of the General Corporation Law.

c. Delaware Title 8, Chapter 1, Subchapter IV, Section 145(d).

Hibbert v. Hollywood Park, Inc., 457 A.2d 339 (Del. 1983). However, in *Shearin v. E.F. Hutton Group, Inc., 1994 Del. Ch. LEXIS 69 (Del. Ch. June 7, 1994), Accord, Augat, Inc. v. Collier, 1996 WL 110076 (D. Mass. Feb. 8, 1996). Walt Disney Derivative Litigation, 2003 Del.Ch.LEXIS 52 (May 28, 2003) Carmody v. Toll Brothers Inc., Del. Ch., CA No. 15983 (July 24, 1998). Smith v Van Gorkum 488 A. 2d 858 (Del. Supr. 1985) Weinberger V. UOP, Inc., Del.Supr., 459a.2d 701 (1983). In Pereira v. Cogan, 2003 U.S. Dist. Lexis 7818 (S.D.N.Y. 2003. In re Healthco Int'l Inc. 1997 Bankr. LEXIS 465 (Bankr.D.Mass.April 9, 1997. Cede & Co. v. Technicolor Inc., 634 A.2d 345 (Del.1993). In re Caremark International Inc. Derivative Litigation, 698 A.2d 959 (Del.Ch.1996). See Gilbert v. United States, 359 F.2d 285, 287 (9th Cir.1966)* In *Stifel Financial Corporation y. Cochran, See. e.g., Mayer v. Executive Telecard, Ltd., 705 A.2d 220 (Del. Ch. 1997) In Citadel Holding Corporation v. Roven, 603 A.2d 911 (Del, 1992) See also, Megeath v. PLM International, Inc., Case No. 930369 (Cal. Sup. Ct. San Fran., Mar. 18, 1992); Lipson v. Supercuts, Inc., Civil Action No. 15074 (Del. Ch. Ct., Dec. 10, 1996); Neal v. Neumann Medical Center, 667 A.2d 479 (Pa. 1995 In Heffernan v. Pacific Dunlop GNB Corp., 1992 U.S. App. LEXIS 12595 (7th Cir., June 5, 1992) See also, Barry v. Barry, 824 F.Supp. 178 (D.Minn. 1973) aff'd., 28 F. 3d 848 (8th Cir. 1994); U.S. v. Lowe, 29 F. 3d 1005 (5th Cir. 1994), Kapoor v. Fujisawa Pharmaceutical Co., 1994 Del. Super. LEXIS 233 (May 10, 1994); Augat, Inc. v. Collier, 1996 WL 110076 (D. Mass. Feb. 8, 1996). In Redyd v. Electronic Data Systems Corp., No. Civ. A. 19467, 2002 WL 1358761 at \*3 (Del. Ch. June 18, 2002) Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) (per curiam) (citing Carlson v. Green, 446 U.S. 14, 18-20 (1980)); see also Ayeni v. Mottola, 35 F.3d 680, 688 n.10 (2d Cir. 1994); Ellis v. Blum, 643 F.2d 68, 84 (2d Cir. 1981). See Lugar v.*

*Edmonson Oil Co., 457 U.S. 922, 936-37 (1982). See Bivens, 403 U.S. at 407-08 (Harlan, J., concurring)*

### By Defendant:

Whether the plaintiff has a cause of action for indemnity under State Farm's policy when she has not been sued by any entity.

Whether the plaintiff has a cause of action.

6.   Exhibits Admitted Without Objection/Objected to, and Grounds for Objection(s).

### By Plaintiff:
- All Chancery Court Orders 147-N -- Available Through The Court
- All Chancery Court Transcripts 147-N – Available Through The Court
- All Documentation and Exhibits Filed With Chancery Court 147-N Pleadings – Available Through The Court
- All Chancery Court Pleadings 147-N -- Available Through The Court
- All Filings made by Edward Kafader In All Courts – Available In The Court Or Mr. Kafader
- All Filings made by Jon Parshalls In All Courts – Available Through The Court Or Mr. Parshalls
- All Documentation supplied to the Corporation and Plaintiff By Donald Gouge – Available Through Donald Gouge **(Request For Admissions and Responses)**
- All Documentation and support From Corporate Meetings Held Between Mr. Donald Gouge & Mr. Kafader. **(Request For Admissions and Responses)**
- US District Court For District Of Delaware Documents (All Filings) In Civil Action 04-703 et.al – Available Through Courts
- US Court Of Appeals For Third Circuit Appeals (et.al.) Opinion In Civil Action 05-1264 and all Documents Filed – Available Through Courts
- US District Court For The District Court Of Delaware 04-419 State Farm – All Filings – Available Through The Court
- US Court Of Appeals For Third Circuit State Farm – All Documents In Civil Action No. 05-2102 – Available Through Courts
- US District Court For The District Court Of Delaware State Of Delaware 1:04-cv-01419-JJF (All Filings) – Available Through Courts
- US Court Of Appeals Documents in Civil Action 05-4219 State Of Delaware (All) Available Through Courts
- Delaware Supreme Court For Delaware Order in 396, 2004 et.all
- All State Farm Polices – (Ones Not Available should be supplied By Defendants) – Cost Of Each Policy from 2003 through current. **(Request For Admissions and Responses)**
- Copies Of All Checks Made To State Farm From Emerald Ridge. **(Request For Admissions and Responses)**
- Copies of All Emerald Ridge Bank Documents regarding Emerald Ridge From 2003 to current. **(Request For Admissions and Responses)**
- Copies of All checks made to any attorneys from Emerald Ridge Company Accountant and for any services relating to this case. **(Request For Admissions and Responses)**
- All State Farm Correspondence From Plaintiff To Defendants and From Defendants To Plaintiffs **(Request For Admissions and Responses)**

- Documentation From Defendants Regarding Submission On Claims to Them, who from, and all papers associated with insurance policy - In possession Of Defendants **(Request For Admissions and Responses)**
- Copies Of All Payments and Documentation made through the Emerald Ridge Policy By State Farm, and who made to and for what, and all documents associated with said items – (Should Be Supplied By Defendants) **(Request For Admissions and Responses)**
- Copies Of Defendants Books Outlining Their Policy on How The Company Should handle claims pursuant policies, including, but not limited to documents outlined in Campbell lawsuit – In Defendants Possession. **(Request For Admissions and Responses)**
- Video Coverage outlining and showing representatives of Defendants admitting they were before the Corporation on behalf of Defendants and at the request of Defendants, with their support in defrauding the Corporation.
- Damages to date assessed Defendants, Plaintiff has incurred are in excess of $400,000 and supplied to Defendants in their possession.
- Copies Of All Police Reports
- Copies Of All Documentation to the Attorney General's Office From Plaintiff
- Copies of Criminal Complaint Filed against parties representing State Farm, and their co-conspirators.
- Copies of All Exhibits Submitted in Delaware Chancery Court,
- New Castle County Documents Between Emerald Ridge Corporation and them. **(Request For Admissions and Responses)**
- All Photographs of Damage To Plaintiffs Property and Threats made.
- Copy Of Documentation Supporting Shareef's Not Being A Stockholder and having a Federal Lien Against Himself.
- Copy Of Deposition taken by Casarino's Office – In Possession of Defendants Counsel. **(Request For Admissions and Responses)**
- Copies Of Any Documentation, Depositions, Interrogatories, Rulings and Opinions In any other court proceedings related to this case submitted after this submission, which may and are deemed pertinent to this case. **(Request For Admissions and Responses)**
- All Documentation From Emerald Ridge Website Provider and who posted what documents on what dates and all costs associated with said dates. **(Request For Admissions and Responses)**
- Affidavits With The Witnesses.

### By Defendant:

State Farm's Insurance Policy.

7. Names and Addresses of All Witnesses and Specialties of Experts to be Called as Witnesses.

### By Plaintiff:

Robinson, Edward & Ernistine
Or Current Resident
Emerald Ridge
1 Brighton Way
Bear, DE 19701

Frank & Helen Backie

Or Current Resident
Emerald Ridge
3 Brighton Way
Bear, DE 19701

Kenneth & Karen Matteson
Or Current Resident
Emerald Ridge
4 Brighton Way
Bear, DE 19701

David & Lori Hill
Or Current Resident
Emerald Ridge
5 Brighton Way
Bear, DE 19701

Ronald and Cathy Nichols
Or Current Resident
Emerald Ridge
6 Brighton Way
Bear, DE 19701

Todd and Lynette Kummerer
Or Current Resident
Emerald Ridge
7 Brighton Way
Bear, DE 19701

Michael & Jane Schwartz
Or Current Resident
Emerald Ridge
8 Brighton Way
Bear, DE 19701

Vinod & Rekha Patel
Or Current Resident
Emerald Ridge
9 Brighton Way
Bear, DE 19701

Terry & Janice Tolchin
Or Current Resident
Emerald Ridge
10 Brighton Way
Bear, DE 19701

Robert & Jane Collacchi
Or Current Resident

Emerald Ridge
11 Brighton Way
Bear, DE 19701

Robert & Darcy Murray
Or Current Resident
Emerald Ridge
12 Brighton Way
Bear, DE 19701

Lee and Karen Schuldt
Or Current Resident
Emerald Ridge
13 Brighton Way
Bear, DE 19701

Patrick Donahue & Randi Donahue
Or Current Resident
Emerald Ridge
14 Brighton Way
Bear, DE 19701

Terrence & Richard Morgan
Or Current Resident
Emerald Ridge
15 Brighton Way
Bear, DE 19701

George & Anna Luszczyk
Or Current Resident
Emerald Ridge
16 Brighton Way
Bear, DE 19701

April Croft-Hill
Or Current Resident
Emerald Ridge
17 Brighton Way
Bear, DE 19701

J.T. Laughery
Or Current Resident
Emerald Ridge
18 Brighton Way
Bear, DE 19701

Kimberly Stimmel
Or Current Resident
Emerald Ridge

19 Brighton Way
Bear, DE 19701

Charles & Sueanne Brainard
Or Current Resident
Emerald Ridge
20 Brighton Way
Bear, DE 19701

Robert,Sr & Diana Charles
Or Current Resident
Emerald Ridge
21 Brighton Way
Bear, DE 19701

Kenneth & Mary Kirk
Or Current Resident
Emerald Ridge
22 Brighton Way
Bear, DE 19701

John & Linh Tran
Or Current Resident
Emerald Ridge
1 Emearld Ridge Drive
Bear, DE 19701

Christobal & Michelle Sanchez
Or Current Resident
Emerald Ridge
2 Emearld Ridge Drive
Bear, DE 19701

William & Denise Cammarota
Or Current Resident
Emerald Ridge
3 Emearld Ridge Drive
Bear, DE 19701

Randolph Fields
Or Current Resident
Emerald Ridge
4 Emearld Ridge Drive
Bear, DE 19701

Lou & Christine DeBlase
Or Current Resident
Emerald Ridge
5 Emearld Ridge Drive

Bear, DE 19701

Louis & Kristine DiBise
Or Current Resident
Emerald Ridge
6 Emearld Ridge Drive
Bear, DE 19701

Larry & Valerie Newman
Or Current Resident
Emerald Ridge
7 Emearld Ridge Drive
Bear, DE 19701

Dennis & K. Faye Eaton
Or Current Resident
Emerald Ridge
9 Emearld Ridge Drive
Bear, DE 19701

Jeffrey & Dianne Ulmer
Or Current Resident
Emerald Ridge
10 Emearld Ridge Drive
Bear, DE 19701

Harry & Patricia Strusowski
Or Current Resident
Emerald Ridge
11 Emearld Ridge Drive
Bear, DE 19701

Cheryl Shaw
Or Current Resident
Emerald Ridge
12 Emearld Ridge Drive
Bear, DE 19701

Richard & Beverly Berti
Or Current Resident
Emerald Ridge
13 Emearld Ridge Drive
Bear, DE 19701

John & Daria Bernard
Or Current Resident
Emerald Ridge
15 Emearld Ridge Drive
Bear, DE 19701

Christopher & Michele Rohana
Or Current Resident
Emerald Ridge
16 Emearld Ridge Drive
Bear, DE  19701

Geoffrey & Jennifer Ward
Or Current Resident
Emerald Ridge
17 Emearld Ridge Drive
Bear, DE  19701

Adam & Ellen Grygo
Or Current Resident
Emerald Ridge
19 Emearld Ridge Drive
Bear, DE  19701

Clarence & Jaola Walker
Or Current Resident
Emerald Ridge
21 Emearld Ridge Drive
Bear, DE  19701

Steven & Catherin Caputo
Or Current Resident
Emerald Ridge
23 Emearld Ridge Drive
Bear, DE  19701

Albert & Erica O'Neill
Or Current Resident
Emerald Ridge
26 Emearld Ridge Drive
Bear, DE  19701

Vincent & Kimberly Pattison
Or Current Resident
Emerald Ridge
28 Emearld Ridge Drive
Bear, DE  19701

Lyn & Marcia Walters
Or Current Resident
Emerald Ridge
29 Emearld Ridge Drive
Bear, DE  19701

Dewitt & Theresa McKee
Or Current Resident
Emerald Ridge
30 Emearld Ridge Drive
Bear, DE 19701

James & Kimberly Palmer
Or Current Resident
Emerald Ridge
31 Emearld Ridge Drive
Bear, DE 19701

Donald & Susan Nixon
Or Current Resident
Emerald Ridge
32 Emearld Ridge Drive
Bear, DE 19701

John & Lois Bingnear
Or Current Resident
Emerald Ridge
33 Emearld Ridge Drive
Bear, DE 19701

Eric & Pare Kubdstrin
Or Current Resident
Emerald Ridge
34 Emearld Ridge Drive
Bear, DE 19701

Craig & Iris Ann Goldsborough
Or Current Resident
Emerald Ridge
35 Emearld Ridge Drive
Bear, DE 19701

William & Nancy Bogia
Or Current Resident
Emerald Ridge
36 Emearld Ridge Drive
Bear, DE 19701

Walter & Cherri Nickelson
Or Current Resident
Emerald Ridge
37 Emearld Ridge Drive
Bear, DE 19701

Alvin & Yvonney Griffin

Or Current Resident
Emerald Ridge
38 Emearld Ridge Drive
Bear, DE 19701

Darren & Natasha Holly
Or Current Resident
Emerald Ridge
39 Emearld Ridge Drive
Bear, DE 19701

Brian & Audra Posey
Or Current Resident
Emerald Ridge
40 Emearld Ridge Drive
Bear, DE 19701

John & Maudy Melville
Or Current Resident
Emerald Ridge
41 Emearld Ridge Drive
Bear, DE 19701

Michael Burris
Or Current Resident
Emerald Ridge
42 Emearld Ridge Drive
Bear, DE 19701

John & Karen Fahey
Or Current Resident
Emerald Ridge
43 Emearld Ridge Drive
Bear, DE 19701

Reford & Carol Brevett
Or Current Resident
Emerald Ridge
44 Emearld Ridge Drive
Bear, DE 19701

Socrates & Ruth Visvardis
Or Current Resident
Emerald Ridge
45 Emearld Ridge Drive
Bear, DE 19701

Alan & Kathryn McBride
Or Current Resident

Emerald Ridge
46 Emearld Ridge Drive
Bear, DE 19701

Vernon & Yolanda Hill
Or Current Resident
Emerald Ridge
47 Emearld Ridge Drive
Bear, DE 19701

Norman & Amiee Davis
Or Current Resident
Emerald Ridge
49 Emearld Ridge Drive
Bear, DE 19701

Martin Maglio
Or Current Resident
Emerald Ridge
51 Emearld Ridge Drive
Bear, DE 19701

Shashi & Sangita Antala
Or Current Resident
Emerald Ridge
53 Emearld Ridge Drive
Bear, DE 19701

Thomas & Michelle Power
Or Current Resident
Emerald Ridge
55 Emearld Ridge Drive
Bear, DE 19701

Michael Anderson
Or Current Resident
Emerald Ridge
56 Emearld Ridge Drive
Bear, DE 19701

Michael & Richelle Blaisdell
Or Current Resident
Emerald Ridge
57 Emearld Ridge Drive
Bear, DE 19701

Gary & Jane Bennett
Or Current Resident
Emerald Ridge

58 Emearld Ridge Drive
Bear, DE 19701

Stanley & Annette Williams-James
Or Current Resident
Emerald Ridge
59 Emearld Ridge Drive
Bear, DE 19701

Brian & Denise Fitzpatrick
Or Current Resident
Emerald Ridge
61 Emearld Ridge Drive
Bear, DE 19701

Michael & Beth McGill
Or Current Resident
Emerald Ridge
63 Emearld Ridge Drive
Bear, DE 19701

Michael & Patricia Pumell
Or Current Resident
Emerald Ridge
65 Emearld Ridge Drive
Bear, DE 19701

Jonathan & Dawn Knowles
Or Current Resident
Emerald Ridge
67 Emearld Ridge Drive
Bear, DE 19701

John & Dolores Toal
Or Current Resident
Emerald Ridge
68 Emearld Ridge Drive
Bear, DE 19701

Terence & Patrica Charlton
Or Current Resident
Emerald Ridge
69 Emearld Ridge Drive
Bear, DE 19701

Glen & Maureen Nichols
Or Current Resident
Emerald Ridge
71 Emearld Ridge Drive

Bear, DE 19701

Monte & Carla Perrino
Or Current Resident
Emerald Ridge
72 Emearld Ridge Drive
Bear, DE 19701

Larry & Sylvia Manlove
Or Current Resident
Emerald Ridge
73 Emearld Ridge Drive
Bear, DE 19701

Anthony & Vicki Bonvetti
Or Current Resident
Emerald Ridge
74 Emearld Ridge Drive
Bear, DE 19701

Sister P.A. Guarriello & Gemma Lasso
Or Current Resident
Emerald Ridge
75 Emearld Ridge Drive
Bear, DE 19701

Thomas & Heather Wilson
Or Current Resident
Emerald Ridge
76 Emearld Ridge Drive
Bear, DE 19701

Stanley & Michele Minkiewicz
Or Current Resident
Emerald Ridge
77 Emearld Ridge Drive
Bear, DE 19701

Terry & Peggy Oliver
Or Current Resident
Emerald Ridge
78 Emearld Ridge Drive
Bear, DE 19701

Corey & Angela Godek
Or Current Resident
Emerald Ridge
79 Emearld Ridge Drive
Bear, DE 19701

Robert & Karen Brumbaugh
Or Current Resident
Emerald Ridge
80 Emearld Ridge Drive
Bear, DE  19701

Paul & Michelle Maiorano
Or Current Resident
Emerald Ridge
81 Emearld Ridge Drive
Bear, DE  19701

Kevin Barnett
Or Current Resident
Emerald Ridge
82 Emearld Ridge Drive
Bear, DE  19701

Thomas & Elaine Supper
Or Current Resident
Emerald Ridge
83 Emearld Ridge Drive
Bear, DE  19701

Patricia McClurg
Or Current Resident
Emerald Ridge
84 Emearld Ridge Drive
Bear, DE  19701

Michael & Trina Leclerc
Or Current Resident
Emerald Ridge
85 Emearld Ridge Drive
Bear, DE  19701

Ivan, Jr. & Joanne Toncic
Or Current Resident
Emerald Ridge
87 Emearld Ridge Drive
Bear, DE  19701

Kevin & Theresa Vreken
Or Current Resident
Emerald Ridge
88 Emearld Ridge Drive
Bear, DE  19701

Larry & Diane Meyers
Or Current Resident
Emerald Ridge
89 Emearld Ridge Drive
Bear, DE 19701

Gregory & moulshree Harzenski
Or Current Resident
Emerald Ridge
90 Emearld Ridge Drive
Bear, DE 19701

Randall & Barbara Davis
Or Current Resident
Emerald Ridge
91 Emearld Ridge Drive
Bear, DE 19701

David :& Jeanette Musumeci
Or Current Resident
Emerald Ridge
92 Emearld Ridge Drive
Bear, DE 19701

Vincent & Desiree Goubeaud
Or Current Resident
Emerald Ridge
93 Emearld Ridge Drive
Bear, DE 19701

Frederick & Patricia Volk
Or Current Resident
Emerald Ridge
95 Emearld Ridge Drive
Bear, DE 19701

Larenzo & Patrice Burrus
Or Current Resident
Emerald Ridge
96 Emearld Ridge Drive
Bear, DE 19701

John & Kathy Scott
Or Current Resident
Emerald Ridge
97 Emearld Ridge Drive
Bear, DE 19701

Mark & Susan Martell

Or Current Resident
Emerald Ridge
99 Emearld Ridge Drive
Bear, DE 19701

John & Paula Perrott
Or Current Resident
Emerald Ridge
101 Emearld Ridge Drive
Bear, DE 19701

Darrell & Pamela Andrews
Or Current Resident
Emerald Ridge
103 Emearld Ridge Drive
Bear, DE 19701

Daniel & Lesley Frost
Or Current Resident
Emerald Ridge
105 Emearld Ridge Drive
Bear, DE 19701

Scott & Donna Pester
Or Current Resident
Emerald Ridge
107 Emearld Ridge Drive
Bear, DE 19701

Joanne Cabrera
Or Current Resident
Emerald Ridge
108 Emearld Ridge Drive
Bear, DE 19701

Keith & Lisa McCarrick
Or Current Resident
Emerald Ridge
109 Emearld Ridge Drive
Bear, DE 19701

Marvin & Patricia Olsen
Or Current Resident
Emerald Ridge
110 Emearld Ridge Drive
Bear, DE 19701

Bobby & Cydney Rhodes
Or Current Resident

Emerald Ridge
111 Emearld Ridge Drive
Bear, DE  19701

Matthew & Cynthia Landauer
Or Current Resident
Emerald Ridge
113 Emearld Ridge Drive
Bear, DE  19701

Steve & Paul Wright
Or Current Resident
Emerald Ridge
117 Emearld Ridge Drive
Bear, DE  19701

Russell & Deborah Parsons
Or Current Resident
Emerald Ridge
118 Emearld Ridge Drive
Bear, DE  19701

Thomas Henry
Or Current Resident
Emerald Ridge
119 Emearld Ridge Drive
Bear, DE  19701

Michael & Kristi Barnett
Or Current Resident
Emerald Ridge
120 Emearld Ridge Drive
Bear, DE  19701

Douglass & Linda Squire
Or Current Resident
Emerald Ridge
121 Emearld Ridge Drive
Bear, DE  19701

Scott Sukeena
Or Current Resident
Emerald Ridge
122 Emearld Ridge Drive
Bear, DE  19701

John & Susan Guarriello
Or Current Resident
Emerald Ridge

123 Emearld Ridge Drive
Bear, DE 19701

Robert & mary Ellen Bukowski
Or Current Resident
Emerald Ridge
124 Emearld Ridge Drive
Bear, DE 19701

Jeffrey & Deborah Nichols
Or Current Resident
Emerald Ridge
125 Emearld Ridge Drive
Bear, DE 19701

Samuel McCollum

Hyun & Eun Lee
Or Current Resident
Emerald Ridge
126 Emearld Ridge Drive
Bear, DE 19701

James & Jill Longshaw
Or Current Resident
Emerald Ridge
127 Emearld Ridge Drive
Bear, DE 19701

Timothy & Dianne Woodson
Or Current Resident
Emerald Ridge
128 Emearld Ridge Drive
Bear, DE 19701

Ronald & Laura Hummel
Or Current Resident
Emerald Ridge
129 Emearld Ridge Drive
Bear, DE 19701

Daniel & Cinzia Tannen
Or Current Resident
Emerald Ridge
130 Emearld Ridge Drive
Bear, DE 19701

Ronald & Diana Mitchell
Or Current Resident

Emerald Ridge
131 Emearld Ridge Drive
Bear, DE 19701

Timothy & Carleen Casey
Or Current Resident
Emerald Ridge
133 Emearld Ridge Drive
Bear, DE 19701

Sherri & Dan Zamichielli
Or Current Resident
Emerald Ridge
134 Emearld Ridge Drive
Bear, DE 19701

Steve & Lori Leech
Or Current Resident
Emerald Ridge
135 Emearld Ridge Drive
Bear, DE 19701

Kenneth & Lynn Shareef
Or Current Resident
Emerald Ridge
1 Winchester Court
Bear, DE 19701

Thomas & Mona Russell
Or Current Resident
Emerald Ridge
4 Winchester Court
Bear, DE 19701

Richard & Pamela Lipka
Or Current Resident
Emerald Ridge
5 Winchester Court
Bear, DE 19701

Lorne & Laura Peterson
Or Current Resident
Emerald Ridge
6 Winchester Court
Bear, DE 19701

David & Denise Sills
Or Current Resident
Emerald Ridge

7 Winchester Court
Bear, DE 19701

Geraldine & Kelle Graham
Or Current Resident
Emerald Ridge
8 Winchester Court
Bear, DE 19701

Jay & Ruthann D. Sydnor
Or Current Resident
Emerald Ridge
9 Winchester Court
Bear, DE 19701

Karen Dye

Joseph & Melissa Czechowicz
Or Current Resident
Emerald Ridge
10 Winchester Court
Bear, DE 19701

Robert & Valerie Longhurst
Or Current Resident
Emerald Ridge
11 Winchester Court
Bear, DE 19701

Charles & Laura Boyer
Or Current Resident
Emerald Ridge
12 Winchester Court
Bear, DE 19701

Matthew & Karen Snook
Or Current Resident
Emerald Ridge
13 Winchester Court
Bear, DE 19701

George & Karen Millar
Or Current Resident
Emerald Ridge
14 Winchester Court
Bear, DE 19701

Mr. Ed Dillion
State Farm Insurance Company

3550 Old Capital Trail
P.O. Box 5070
Wilmington, DE 19808
(302) 994-0300
( (302) 995-0399 (Telephone)
(302) 995-6330 (Fax)

Donald Parsons Chancellor
Court Of Chancery
Office Of The Register
New Castle County Courthouse
500 North King Street
Suite 11400
Wilmington, DE 19801
(302) 255-0544 (Register In Chancery)
(302) 255-0515
Fax: (302) 255-2213

Larry L. Wilson
1500 State Farm Boulevard
Charlottesville, VA 22909
(434) 872-2810

Mr. Edward B. Rust
State Farm Fire and Casualty Company
Bloomington, IL
(309) 766-2311 (Telephone)
(309) 766-2566 (Fax)

Ms. Glenna Molster & Spouse
State Farm Insurance Companies
3540 Old Capital Trail
P.O. Box 5070
Wilmington, DE 19808
(302) 995-0300

Wachovia Securities
Mr. Giddens & Other Wachovia Representatives
3801 Kennett Pike
Post Office Box 3740
Greenville, DE 19807
(302) 428-8600
(800) 234-3330
(302) 428-8627 (Fax)

Mr. Edward Kafader
824 Market Street
Suite 904
P.O. Box 1351

Wilmington, DE 19899
(302) 575-1555 (Telephone)
(302) 575-1714 (Fax)

Donald Gouge
Heiman, Gouge & Kaufman, LLp
Attorneys At Law
800 King Street, Suite 303
Wilmington, DE 19801

Jon L. Parshall
1011 Centre Rd
Wilmington, DE 19805
(302) 472-8100 (Telephone)
(302) 472-8135 (Fax)

Office Of Disciplinary For Delaware
820 North French Street
11th Floor
Wilmington, DE 19801
(302) 577-7042
(302) 577-7048 (Fax)

Gregg E. Wilson
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400

Stephani J. Ballard,
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400

Senator Dorinda "Dori" Connor
18 Crippen Drive
New Castle, DE 19720
302 328-8944 (Home)
302 328-7231 (Fax)
302 744-4164 (Dover Office)
302 739-5049 (Dover Fax)
302 577-8714 (Wilm. Office)
302 577-7204 (Wilm. Fax)
dorinda.connor@state.de.us

Bruce C. Reynolds
10 Heather Loft Court

Bear, DE 19701
302 836-1780 (Home)
302 744-4176 (Dover)
302 577-8704 (Wilmington)

Chip O'Connor –
New Castle County
co'connor@co.new-castle.de.us
(302) 395-5546 (Fax)

New Castle County Police Department Members

Two Selected Attorney Experts On Corporate Law & Indemnification & Criminal Matters.

**By Defendant:**

Edward Dillon, c/o State Farm;

Glenna Molster, c/o State Farm;

Kenneth Shareef, 1 Winchester Court, Wilmington, Delaware.

8. Brief Statement of What Plaintiff Expects to Prove in Support of Claim.

Plaintiff intends to show that Defendants did not insure valid members of the Emerald Ridge Service Corporation, where they and their counsel, and Corporate counsel confirmed in writing that they were not validly elected officials before the Court. Plaintiff intends to show that one of those persons having been insured was not even a Stockholder of the Corporation, and acted as the President of the Corporation, and did not step down until mid way through these proceedings and after illegally making appointments. Plaintiff intends to show and prove that she was the only validly elected Officer at the time of these proceedings beginning was Plaintiff Cathy Brooks-McCollum, with an invalid President who then appointed other parties, who then appointed further other parties. Plaintiff intends to show that there was no valid Board to remove Plaintiff as a Director, in that the meeting was carried out and began under Kenneth Shareef, who confirmed and admitted through documentation that he was not a valid Director authorized to carry out said actions. Plaintiff also intends to show that once Defendants realized that they committed and allowed crimes they orchestrated a scheme to defraud the Corporation, and committed fraud before the Corporation as a means to cover up the fraud, and try assessing the Corporation costs incurred as a result of Plaintiffs deceit and at the hands of their lawyers, on their behalf, and Plaintiff intends to show that the Defendants lawyers acknowledged that they were acting on behalf of Defendants.

Plaintiff originally brought proceedings in the Court Of Chancery not to seek indemnification as outlined by Defendants, but to be reimbursed for costs expended as an officer, after illegal parties took over the bank records, and to have the Court outline the laws regarding the Corporation, after which time Defendant State Farm assigned Edward Kafader to commit fraud and violate the Corporation as a means to protect themselves.

Plaintiff relies on Emerald Ridge bylaws, Certification Of Incorporation, Case Law, Federal Law, State Law, The Delaware Supreme Courts ruling, The Chancery Courts rulings to substantiate that she is entitled to Indemnification, and that Indemnification is not the main basis of these proceedings, but the crimes committed as not to indemnify. The bylaws and Certification Of Corporation, and all the aforementioned and case law supports indemnification for a Defendant and a Plaintiff, as presented to State Farm and their attorney's and various courts. Plaintiff further will rely on admissions from Defendants attorneys' and show that they did not claim that they did not commit the crimes in question, but that they themselves were immune by acting on behalf of their clients, who themselves are not immune from prosecution. Plaintiff relies on the US Court Of Appeals For The Third Circuits Opinion that based on the evidence presented to them that Defendants lawyer's did violate the Rules Of Professional Conduct, as well as committed criminal mischief.

Plaintiff will rely on testimony from stockholders of the Corporation who were given mis-information by Defendants lawyers in an attempt to cover up their actions.

Plaintiff intends to prove that she and her family were harassed and had to move as a result of the crimes committed by Defendants and on behalf of them through their lawyers through admissions.

9.    Brief Statement of Defense.

The defendant intends to show that it insured the Emerald Ridge Service Corporation for liability. The plaintiff was elected as a director of Emerald to serve as treasurer and secretary. On or about December 23, 2003 the Board of Emerald decided to remove plaintiff from those positions and she resigned from the Board effective July 15, 2004. Before resigning she filed a Complaint against the Board alleging that she was invalidly removed as an officer and other allegations. The plaintiff then brought a lawsuit in the Court of Chancery seeking indemnification and advancement of costs. She relied upon the Emerald's Bylaws indicating that Emerald would indemnify officers and directors of the corporation. Because she was an officer she felt she was entitled to some sort of indemnification. The defendant will show that the bylaws did provide for indemnification incurred in defending any proceeding. The plaintiff has never been a defendant in any proceeding.

The defendant will also show that there is no insurance coverage liability to the plaintiff because she is not a defendant in any litigation nor has any claim been made against her.

10.    Brief Statement of Counterclaimant(s) / Crossclaimant(s).

Not applicable.

11.    Amendments to Pleadings -- Unopposed/Opposed and Grounds for Objection(s).

**By Defendant:**

Not applicable.

**By Plaintiff:**

That all parties who acted on behalf of these Defendants be added to these proceedings, in that this court has jurisdiction over these defendants and the crimes were committed by the other parties at Defendants request.

Plaintiff also would like these proceedings to be amended and to add the Criminal Charges

against these Defendants, in that it is clear that the lawyers who claim to be immune from the crimes the US Court stated it saw the crimes committed, and the state refuses to prosecute Defendants attorneys due to this immunity, which does not carry over to these defendants.

Furthermore, these defendants and their attorneys carried out crimes as a result of an Order made in error as the State Court stated numerous times throughout its' pleadings, and these persons should not benefit from the immunity the State may end up holding as a result of its' immunity, and Defendants acting on that error, instead of abiding by the law.

## 12. Certification of Good Faith Settlement Negotiations.

### By Plaintiff:

There has been no communication during these proceedings governing this case between Plaintiff and anyone having the authority to operate in an good faith effort to explore resolution of the controversy by settlement. The parties are relying on the protection of the Courts arguing their cases for them, and that they will be able to circumvent the laws further. Mr. Casarino, clearly admitted during deposition (of which he refused to provide), that Mr. Kafader does not have the authority to operate on behalf of State Farm, where State Farm and Mr. Kafader both contradict the statement made through Mr. Casarion.

Defendants indicate now that there was a Global Settlement involving all Plaintiff's claims, made by State Farm, which is false, with the following case law supporting such. As well as Mr. Casarino again having stated that Mr. Kafader was not authorized to act as State Farms Attorney and on behalf of State Farm, through Deposition. Mr. Kafader violated the attempted Settlement Agreement by trying to incorporation false and fraudulent items and have Plaintiff agree to such, which were against the law. Mr. Kafader concurred that there was no real Settlement Agreement and his intentions were not what was conveyed in his outlining the only terms of any settlement agreement. (Which he conveniently failed to supply Plaintiff with a copy of.)*Laserage Tech. Corp. v. Laserage Lab., Inc., 972 F.2d 799, 802 (7th Cir. 1992). SBL Assoc. v. Village of Elk Grove, 247 Ill. App. 3d 25, 31, 617 N.E.2d 178, 182 (1st Dist. 1993). Empro Mfg. Co. v. Ball-Co Mfg., Inc., 870 F.2d 423, 425 (7th Cir. 1989) citing Chicago Inv. Corp. v. Dolins, 107 Ill. 2d 120, 481 N.E.2d 712, 715 (1985). Dickey v. Thirty-Three Venturers. Sappington v. Miller Boatmen's Bank v. Crossroads West Shopping. Kokkonen v. Guardian Life Ins. Co. of America, the United States*

### By Defendant:

A global settlement involving all of plaintiff's claims was made by State Farm but apparently the parties have been unable to settle.

## 13. Other Matters.

### By Plaintiff:

Plaintiff deems it appropriate that she be allowed to be indemnified and be properly represented prior to these proceedings being moved for trial. Plaintiff also would like to have a change of Venue to Pennsylvania, in that State Farm is a residence of that state.

## 14. Special Verdict and/or Interrogatories and Form Proposed.

Defendants failed to abide by any discovery Plaintiff requested or asked for.

15.    Special Voir Dire Questions:  Unopposed/Opposed and Reason.

Defendants failed to abide by any discovery Plaintiff requested or asked for.

16.    Life or Work Expectancy of a Person Seeking Future Damages.

Life & Work Expectancy of Plaintiffs Children who were damaged as a result of the actions of
Defendants and their lawyers are 65 years for one and 69 for the other.  Both children had to be removed
from their home and their school and sustained a substantial life change as a result.  The Life & Work
Expectancy of Plaintiff and her spouse is 34 for one and 41 for the other.

17.    Copies of Proposed Charge with Notations as to Specific Objections and
       Counterproposals Therefore.

18.    Trial Time Estimate.
       Trial Date:

Cathy D. Brooks-McCollum
P.O. Box 12166
Wilmington, DE 19850
Plaintiff


Stephen P. Casarino, Esquire
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
Attorney for Defendant


SO ORDERED this _____ day of _____ 2007.


_____
J.

CASARINO, CHRISTMAN & SHALK, P.A.
ATTORNEYS AT LAW
800 NORTH KING STREET
SUITE 200
P.O. BOX 1276
WILMINGTON, DELAWARE 19899
(302) 594-4500
FAX: (302) 594-4509

STEPHEN P. CASARINO
COLIN M. SHALK
BETH H. CHRISTMAN
DONALD M. RANSOM
KENNETH M. DOSS
THOMAS P. LEFF
MATTHEW F. O'BYRNE

REPLY TO OUR MAILING
ADDRESS:
P.O. BOX 1276
WILMINGTON, DE 19899

January 4, 2007

**VIA EMAIL - mccollumc1@comcast.net**
Cathy D. Brooks-McCollum
P.O. Box 12166
Wilmington, DE 19850

Re:    Brooks-McCollum v. State Farm

Dear Ms. Brooks-McCollum:

As you know, the Pretrial Conference of your case is scheduled for Thursday, January 11, 2007 at 11:00 a.m.  Under the court rules you are responsible for filing the Pretrial Stipulation three days before the conference.  I am enclosing my portions of the Pretrial Stipulation.  Would you please prepare your portions and send them to me promptly so that I may review them and respond.

Very truly yours,

*/s/ Stephen P. Casarino*

Stephen P. Casarino

SPC/ams
Enclosure

January 16, 2007

**VIA EMAIL - mccollumc1@comcast.net**
Cathy D. Brooks-McCollum
P.O. Box 12166
Wilmington, DE 19850

### Re:    **Brooks-McCollum v. State Farm**

Dear Ms. Brooks-McCollum:

I previously provided to you my portions of the pretrial memorandum. You did not prepare your portion and as a consequence the court continued the pretrial conference. Would you please prepare your portions and send them to me within the next couple of days. If I do not receive them, I shall ask the court to dismiss your case for failure to comply with the pretrial conference rules.

Very truly yours,

*/s/ Stephen P. Casarino*

Stephen P. Casarino

SPC/ams

**VIA EMAIL** - mccollumc1@comcast.net
Stephen P. Casarino
CASARINO, CHRISTMAN & SHALK, P.A.
800 North King Street
Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500 (Telephone)
(302) 594-4509 (Fax)

Re:    Brooks-McCollum v. State Farm

Dear Mr. Casarino:

You previously sent your portion of the pretrial memorandum on 1/5/2004 according to the date on my
e-mail, some Four (4) business days prior to the pretrial conference, and at a time I was attending and
preparing family funeral arrangements. Perhaps you believe it to be courteous to send documents to the
party who is responsible for filing said documents some four (4) days prior to their being due to the
court, however I do not and you have made a practice of not answering or complying to court rules
throughout these proceedings (NOT I).

Your offices have not complied with any discovery rules and there is a pending Order/Motion before the
court surrounding this, and in that you have supplied your portion prior to the next pretrial conference
which is to be rescheduled, as a result of my not receiving your portion prior to a reasonable time to
incorporate them together, the court and you will receive the combined information within the time
allotted of the next pre-trial conference to be scheduled, and/or after such time the court rules on the
motions surrounding the Pre-trial Conference before it, and/or after said time the US Supreme Court
Rules on the violations made by the other attorney who represented that they were also State Farm's
attorney, and the US Court Of Appeals rule on the State violations, which will have a direct relationship
on this case. I've complied with every court rule throughout this process, and adhered to the law, even
after you and your clients have continually violated the law and my family and my Civil and
Constitutional Rights.

As the court stated neither party complied with the Pre-Trial Conference rules not just one, and I could
not have complied with them with your offices not sending the information to be incorporated within a
reasonable time period. You may send to my attention a copy of your signed document (never
supplied), or you may submit it to the court (3) days prior to the next scheduled conference on your own,
if you do not intend on sending a signed copy to be presented before the court as required.

Should you feel a need to file any motion before the court, please feel free to do so, and do not threaten
me, especially surrounding the circumstances, you were the last thought on my mind during a time when
I was being needed by my family.

Very truly yours,


/s/ Cathy Brooks-McCollum

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

Cathy D. Brooks-McCollum
& On behalf of
Emerald Ridge Service Corporation Derivative Action
As a Director
115 Emerald Ridge Drive
Bear, DE 19701
(302) 832-2694
**(PLAINTIFF)**

**CIVIL ACTION NO:    04-419 (JJF)**

**JURY TRIAL REQUESTED**

vs.

State Farm Insurance Company
**(DEFENDANTS)**

## PROOF OF SERVICE

I Cathy D. Brooks-McCollum hereby certify that on the 13th day of April 2007, I will and have caused to be served a

true and correct copy of the foregoing Pretrial Stipulation via electronic mail upon defendants:

Casarino, Christman & Shalk
Stephen P. Casarino
800 North King St, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
(302) 594-4509 Fax

Cathy D. Brooks-McCollum (Pro Se)
PO Box 12166
Wilmington, DE 19850
(302) 521-1241

PO BOX 12166
Wilm. DE 19850





United States Postal Service®
**DELIVERY CONFIRMATION**™

United States District Court
For The District Of Delaware
Boggs Building
844N. King Street
Lockbox 18
Wilmington, DE 19801