IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Cathy D. Brooks-McCollum<br>& On behalf of<br>Emerald Ridge Service Corporation Derivative Action<br>As a Director<br>PO Box 12166<br>Wilmington, DE  19850<br>(302) 521-1241<br>**(PLAINTIFF)**<br><br>vs.<br><br>State Farm Insurance Company<br>**(DEFENDANTS)** | CIVIL ACTION NO:   04-419 (JJF)<br><br>**JURY TRIAL REQUESTED**<br><br> |

**MOTION TO RULE ON IF THERE IS A VALID SETTLEMENT MADE BETWEEN DEFENDANTS & PLAINTIFFS REGARDING THE PROCEEDINGS IN THIS COURT & IF SO THE TERMS PER THE SETTLEMENT TO BE INCORPORATED INTO ANY SETTLEMENT DOCUMENT, & TO RULE UPON INDEMNIFICATION OF PLAINTIFF & EMERALD RIDGE SERVICE CORPORATION ON PROCEEDINGS BEFORE THIS COURT PER THE STATE FARM POLICY & ALSO TO RULE UPON WHETHER OR NOT MR. EDWARD KAFADER WAS ACTING COUNSEL FOR STATE FARM IN THESE PROCEEDINGS IN THAT ALL SIDES HAVE COMPLETELY DIFFERENT ARGUMENTS TO THIS, WHICH WILL PREVENT MR. KAFADER FROM ARGUING THAT HE IS EXCLUDED FROM BEING CALLED AS A WITNESS AGAINST STATE FARM IN THESE PROCEEDINGS, IF HE WAS NOT HIRED TO REPRESENT DEFENDANTS, AS MR. CASARINO HAS STATED.**

On Thursday, May 10, 2007 the court held a Scheduling Conference regarding the proceedings before it against Defendant State Farm Insurance Company, during said conference the court asked if Plaintiff would be willing to accept a settlement in the amount of $30,000 to settle the proceedings against State Farm and other parties utilizing the State Farm Policy. Plaintiff clearly stated to the court that she would only accept the terms, in accordance to the language and the parties mentioned into the settlement agreement letter originally sent by Mr. Kafader to Plaintiff's attention. The court asked that I give it until Monday, May 14, 2007 to try having these issues resolved, and that only the basic terms be incorporated into any settlement document. The court then advised Plaintiff on Friday, May 18, 2007 that Defendants were not willing to adhere to the original settlement terms as Plaintiff agreed to in open court.

Mr. Kafader had a party from his office send correspondence once again to Plaintiff changing any terms originally agreed upon, and thus adding additional terms never addressed in the original settlement agreement (which were greater then nature then the terms he incorporated after the first settlement was reached, and where he stated via correspondence that the letter represented the only terms of the settlement). Plaintiff is of the belief that there may be a valid Settlement in place

against State Farm, who are before this court, and asks that the court rule upon the Motion which was filed before this court in December 2006, along with others, as to remove this unsolved matter so that Defendants cannot in the future based on the outcome of any trial come back and argue that there was indeed a settlement and that there was a mis-communication. Mr. Casarino the person stating to be the acting counsel for State Farm also wrote correspondence to the court regarding the December 2006 proposed settlement stating that he too believed there to be a valid settlement in place and asked that the court rule upon the documents before it, as to have a valid court order once and for all resolving this issue. While Plaintiff is aware that the only party before this court is State Farm, this court does have the authority to rule upon the issues against Defendants State Farm.

Plaintiff first asks that the court rule if it too believes there was a meeting of the minds and there is a valid Settlement in place for the record. Should the court rule that there is a valid Settlement in Place against Defendant State Farm, Plaintiff then asks the court to rule upon indemnification, as to have all these issues turned over to counsel. Based on the indemnification ruling, Plaintiff then asks that the court allow Plaintiff to obtain counsel from the state of Pennsylvania to handle these proceedings on her behalf, who is barred in the United States District Court Of Pennsylvania.

The other issues and motions before this court are the issues of discovery, Plaintiff has not been provided any discovery she has requested from Defendants, the person who was operating as the Corporate Counsel, the bank, and other parties and would like the court to rule upon defendants providing Plaintiff with the discovery in these proceedings.

Plaintiff then would like the court to rule upon the Summary Judgment Motion before it on those issues that can be determined and settled by the court.

Plaintiff thanks the court for attempting to resolve these issues in Good Faith, and understands that the court can only operate in the boundaries of the law, and hopes that the court will continue to operate admirable throughout these proceedings, as not to prejudice Plaintiff and the members of the Corporation.

Should the court require that Plaintiff provide them where on the Court Docket the Motions in question are, please advise?

Submitted,

*/s/ Cathy D. Brooks-McCollum*
Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE 19850
May 18, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Cathy D. Brooks-McCollum  
& On behalf of  
Emerald Ridge Service Corporation Derivative Action  
As a Director  
115 Emerald Ridge Drive  
Bear, DE  19701  
(302) 832-2694  
**(PLAINTIFF)**

CIVIL ACTION NO:   04-419 (JJF)

**JURY TRIAL REQUESTED**

vs.

State Farm Insurance Company  
**(DEFENDANTS)**

**PROOF OF SERVICE**

I Cathy D. Brooks-McCollum hereby certify that on the 18th day of May 2007, I will and have caused to be served a true and correct copy of the foregoing two (2) Motions electronically upon defendants:

Casarino, Christman & Shalk  
Stephen P. Casarino  
800 North King St, Suite 200  
P.O. Box 1276  
Wilmington, DE  19899  
(302) 594-4500  
(302) 594-4509 Fax

/s/ Cathy D. Brooks-McCollum (Pro Se)  
PO Box 12166  
Wilmington, DE  19850  
(302) 521-1241

PO Box 13166
Wilmington DE 19850

United States District Court
District of Delaware
844 North King Street
Lock box 18
Wilmington, DE 19801

