IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CATHY D. BROOKS-MCCOLLUM,     :
                              :
        Plaintiff,            :
                              :
    v.                        : Civil Action No. 04-419 JJF
                              :
STATE FARM INS. CO.,          :
                              :
        Defendant.            :

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's Motion To Join Additional Parties And/Or To Stay These Proceedings (D.I. 72). For the reasons discussed, the Court will deny the Motion.

**I.    BACKGROUND**

By her Motion, Plaintiff requests that the Court permit the joinder of certain persons pursuant to Fed. R. Civ. P. 17, 18, and 19. The persons Plaintiff seeks to join are the named defendants in a previously filed action with this Court (No. 04-703-JJF) which was dismissed for lack of subject matter jurisdiction, and an action with similar claims pending in the Delaware Court of Chancery (CA 147-N). Six of the eight parties Plaintiff seeks to join are presently, or were at one time, members of the board of directors of the Emerald Ridge Service Corporation (the "Corporation").[1] Plaintiff also seeks to join

---

[1] The past and/or present members of the board of directors Plaintiff seeks to join are: Kenneth Shareef, Renford Brevett, Maudy Melville, Valerie Longhurst, Ruth Vivardis, and Mark Martell. (D.I. 72).

Edward Kafader, an attorney providing legal services to Defendant State Farm Insurance Co. ("State Farm") and Ferry, Joseph & Pearce, the law firm for which Mr. Kafader is employed. Plaintiff contends that joinder of the parties is required for just adjudication of her claims. Defendant did not file a response.

## II. DISCUSSION

Because Federal Rules of Civil Procedure 17 and 18 do not relate to the joinder of parties, the Court will discuss Plaintiff's Motion only with respect to Rule 19.[2] Under Rule 19, a person may be joined if he or she is a necessary and indispensable party to the litigation. Under the Rule 19(a) threshold inquiry, a person is a necessary party to the litigation if: 1) complete relief is not obtainable if the person is not joined; or 2) the person claims an interest in the subject matter of the litigation and resolution of the litigation without the person's involvement would i) impair or impede the person's ability to protect the interest; or ii) leave the current parties with a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

---

[2] Fed. R. Civ. P. 17 relates to the real party in interest and the capacity of a party to sue or be sued. Rule 18 relates to the joinder of claims and remedies, not joinder of parties.

Under Rule 19(b), if a person fitting the description in Rule 19(a) cannot be joined, the court must determine whether the litigation should proceed without said person or whether said person is an "indispensable" party requiring dismissal of the action. In making this determination, the court must consider four factors:

> First, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). When making a Rule 19 determination, the Court may consider evidence outside of the pleadings. Raytheon Co. v. Continental Cas. Co., 123 F.Supp.2d 22, 32 (D. Mass. 2000); A&M Gregos, Inc. v. Robertory, 384 F.Supp. 187, 193, 194 n.16 (E.D. Pa. 1974).

A. Whether The Parties Plaintiff Seeks To Join Are Necessary Parties

The inquiry under Rule 19(a)(1) is "limited to whether the court can grant complete relief to the persons who are already parties to the action." Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 405-06 (3d Cir. 1993). In the instant action, the Court concludes that complete relief can be granted without the joinder of the absent persons. Although it is

3

difficult from Plaintiff's Complaint to determine the nature of her claims with specificity, it appears that Plaintiff, individually and on behalf of the Corporation, asserts a claim against Defendant State Farm for breach of contract for failing to indemnify her as a member of the board of directors and for wrongfully indemnifying the absent persons. Plaintiff also appears to assert various claims individually in tort for negligence and other injuries committed by Defendant State Farm in collaboration or conspiracy with the absent persons.

Resolution of Plaintiff's breach of contract claim and claims relating to her right to indemnity under the insurance policy will likely involve interpretation of the contract between State Farm and the Emerald Ridge Service Corporation as well as a determination of whether Plaintiff is a party to that contract. Plaintiff fails to explain how the absent persons are needed for complete relief on this claim. Rather, Plaintiff appears to have independent and separate claims against the absent persons. Further, resolution of Plaintiff's tort claims will likely involve a determination of the joint and several liability of State Farm as a joint tortfeasor with the absent persons. It is well-established that joint tortfeasors are not necessary parties. CC Investors Corp. v. Raytheon Co., No. 03-114, 2005 U.S. Dist. LEXIS 435, at *7 (D. Del. Jan. 7, 2005). Thus, the

Court concludes that joinder of the absent persons is not necessary for complete relief between the present parties.

Under Rule 19(a)(2), as a practical matter, the Court must consider what effect resolution of the suit will have on the absent persons. The initial inquiry is whether the person has a legally protected interest relating to the subject of the action, not merely a financial interest. Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 230 (3d Cir. 2005). If an absent person has such an interest, that person is a necessary party where disposition of the action without him would have a preclusive effect on the ability to protect his interest in any subsequent action, or would leave any of the present parties subject to multiple or inconsistent obligations regarding that interest. Fed. R. Civ. P. 19(a)(2)(i)-(ii).

In the instant action, Plaintiff does not adduce any evidence that Mr. Kafader and his law firm have a legally protected interest in the subject matter of the action or otherwise fall under the criteria of the Rule. However, the absent persons who are members of the board of directors have a legally protected interest in the right to indemnity as board members under the insurance policy between Defendant State Farm and the Corporation. Nonetheless, the Court concludes that the ability of the absent board members to protect their interest

5

regarding indemnification would not be impaired or impeded by a disposition of the instant action. Any right that Plaintiff may have under the Corporation's insurance policy with State Farm depends on her status as a member of the board of directors of the Corporation and is not exclusive of the same right held by other members of the board. Further, the Court concludes that disposition of the action without the absent persons will not subject Plaintiff or Defendant State Farm to multiple or inconsistent obligations. See Field v. Volkswagenwerk AG, 626 F.2d 293, 298 (3d Cir. 1980)(recognizing that "the possibility that [a party] might have a right of reimbursement, indemnity, or contribution against [the absent party] is not sufficient to make the [absent party] indispensable to the litigation"). Accordingly, the Court concludes that Plaintiff has not shown that the persons she seeks to join are necessary under Rule 19(a), and therefore, will deny Plaintiff's Motion.[3]

    B.   Whether A Stay Is Appropriate

With respect to Plaintiff's request that the Court stay the proceedings if it does not join the absent persons, the Court concludes that a stay is not appropriate. The decision to grant

---

[3] Because the parties Plaintiff seeks to join are not necessary parties under Rule 19(a), the Court need not discuss the feasibility of joinder or determine whether the parties are indispensable under Rule 19(b).

6

or deny a stay is within the court's broad discretion. <u>Bechtel Corp. v. Laborers' Int'l Union</u>, 544 F.2d 1207, 1215 (3d Cir. 1976). In determining whether a stay is appropriate, a court should "weigh the competing interests of the parties and attempt to maintain an even balance." <u>Dentsply Int'l Inc. v. Kerr Mfg. Co.</u>, 734 F.Supp. 656, 658 (D. Del. 1990). In weighing the interests involved, courts are generally guided by such factors as (1) whether a stay will simplify the issues raised by the parties; (2) whether discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice the non-movant. <u>Gioello Enters. Ltd. v. Mattel, Inc.</u>, 2001 WL 125340 (D. Del. Jan. 29, 2001); <u>United Sweetener USA, Inc. v. Nutrasweet Co.</u>, 766 F.Supp. 212, 217 (D. Del. 1991). In balancing these factors, courts must be particularly mindful of the consequences of the stay on the other parties. <u>Dentsply Int'l Inc.</u>, 734 F.Supp. at 658.

By her Motion, Plaintiff has not presented any arguments that would warrant the Court's exercise of discretion to grant a stay. Plaintiff appears to contend that the Court must adjudicate Plaintiff's allegations against the absent persons before proceeding with the instant action. However, currently, there are no other actions involving the absent persons pending before this Court. The Court concludes that a stay, at this juncture, would only serve to complicate the issues and delay a

full and final adjudication on the merits of Plaintiff's claims against Defendant State Farm. Accordingly, the Court concludes that a stay is not appropriate, and therefore, will deny Plaintiff's Motion.

## ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion To Join Additional Parties And/Or To Stay These Proceedings (D.I. 72) is **DENIED**.

July 10, 2007

_____
UNITED STATES DISTRICT JUDGE