IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CATHY D. BROOKS-MCCOLLUM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-419 JJF |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>

CASARINO, CHRISTMAN & SHALK, P.A.

  /s/ Stephen P. Casarino
STEPHEN P. CASARINO, ESQUIRE
BAR I.D. NO. 174
800 North King Street, Suite 200
Wilmington, DE 19801
Attorney for Defendant

TABLE OF CONTENTS

TABLE OF CITATIONS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE NATURE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT

      I. THE STATE FARM POLICY PROVIDES NO RIGHT OF
INDEMNIFICATION TO PLAINTIFF SINCE SHE WAS NOT LEGALLY
OBLIGATED TO PAY DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      II.    PLAINTIFF HAS PRODUCED NO EVIDENCE THAT STATE
           FARM HARASSED HER OR DAMAGED HER PROPERTY . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

TABLE OF CASES AND AUTHORITIES

*Creedon Controls, Inc. v. Banc One Building Corp.*, 4701 F. Supp 2d 457 (D. Del. 2007) . . . . . 8

*Harrison v. Christopher, 489 F Supp2d* 375 (D. Del. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*National Fire & Marine Insurance Co. v. Robin James*, 478 F Supp.2d 660 (D. Del. 2007) . . . . 8

*Olson v. Federal Insurance Company,* 219 Cal. Apps 3rd 252 (Cal Apps. 1990) . . . . . . . . . . . . 6

*Toy v. Plumbers & Pipe fitters Local Union No. 74*, 439 F. Supp 2d 337 (D. Del. 2007) . . . . . 8

*Walsh v. Truck Insurance Exchange Co.*, 2003 WL 121 997 (Cal. App 2003) . . . . . . . . . . . . . . 7

FRCP Rule 36 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

FRCP Rule 56 (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

NATURE OF THE PROCEEDINGS

This case is one of several actions filed by the plaintiff as a result of an incident which occurred when she was a member of the Board of Directors of Emerald Ridge Service Corporation. The plaintiff, was asked to powerwash some monuments. Plaintiff has brought actions against the Emerald Ridge Service Corporation and various board members claiming, among other things, that they were not validly elected. State Farm Insurance Company (State Farm) as the insurer of Emerald Ridge Service Corporation provided a defense to the corporation and to the various board members. In this action the plaintiff seeks "indemnification" claiming that as a policyholder of State Farm she should have been indemnified or paid by State Farm as a result of the other lawsuits. Plaintiff also alleges in this case that State Farm damaged her property and harassed her and her family.

The defendant has filed a Motion for Summary Judgment on the ground that there are no disputed facts and it is entitled to judgment as a matter of law. This is the defendant's Opening Brief.

## SUMMARY OF ARGUMENTS

I. As a party who has not been sued, the plaintiff is not entitled to coverage under the State Farm policy.

II. There are no facts that State Farm harassed or damaged plaintiff's property

STATEMENT OF FACTS

The incident giving rise to this litigation started when the plaintiff was on the board of directors of Emerald Ridge Services Corporation. ( Emerald)  Ken Shaerff who called himself the president asked her to powerwash some monuments.  The power washing was done and plaintiff paid $185.00.  However, the "non elected" board members refused to reimburse her.  They claimed she was only to get a quote. (pp15-22)[1]  Apparently, sometime later they did agree to pay her the $185.00 but she refused to take it. (pp 40-41)

Plaintiff believes that the board members were not properly elected and that she was the only properly elected director.  A lawsuit was brought in the Delaware Court of Chancery to determine the valid directors.  Part of that lawsuit was to recover her expenses of $185.00.  Plaintiff said that portion of the case was transferred to the Superior Court.  (p 23)

State Farm insured Emerald.  Plaintiff claims she is entitled to "indemnity" by State Farm because she is a board member.

Plaintiff also claims that her property was vandalized by State Farm.  However, when asked if she saw anyone vandalize her property she refused to answer claiming the Fifth Amendment. One of her beliefs for saying that State Farm was involved was because she received an anonymous letter sent to her from inside the state of Maryland, and State Farm is in Maryland.  She also received several phone calls that came from Maryland.  ( pp 46-58)

A Request for Admissions was filed by defendant which was not answered by the plaintiff

---

[1] References are to pages of plaintiff's deposition, attached as Exhibit A.

3

(Exhibit B) Thus, it has been deemed admitted that plaintiff has no evidence whatsoever to indicate that State Farm, any of its employees or agents performed any act of vandalism on plaintiff's property and that she has no evidence whatsoever to indicate that State Farm, any of its employees or agents performed any act of harassment in any manner on plaintiff or members of her family.

### I. THE STATE FARM POLICY PROVIDES NO RIGHT OF INDEMNIFICATION TO PLAINTIFF SINCE SHE WAS NOT LEGALLY OBLIGATED TO PAY DAMAGES

State Farm issued a policy of insurance to Emerald Ridge Service Corporation (Exhibit C). Section II of the State Farm policy relates to Business Liability. Coverage L, Business Liability provides that State Farm will pay "those sums that the insured becomes legally obligated to pay as damages because of bodily injury, property damage, personal injury or advertising injury to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments."

OPTION DO Directors Coverage, provides "that the following Optional Coverage is subject to all of the terms and conditions applicable to Section II of this policy, except as otherwise provided for herein."

OPTION DO Directors and Officers Liability portion of the policy provides that State Farm will pay those sums "that the insured becomes legally obligated to pay as damages because of 'wrongful acts' committed by an insured solely in the conduct of their management responsibilities for the Condominium/Association."

"Wrongful Acts" is defined as follows: "'wrongful acts' means any negligent acts, errors, omissions or breach of duty directly related to the operations of the Condominium/Association."

The insurance policy is an indemnification policy providing that State Farm will pay those sums that the insured becomes legally obligated to pay. The policy does not provide any benefits to plaintiff against whom no claim has been brought. If she were a defendant in any lawsuit claiming damages as a result of her action as a member of Emerald, State Farm concedes there would be

coverage. However, State Farm has no obligation to provide coverage for someone who brings our action against its insured.

In addition, under Section II, Comprehensive Business Liability, State Farm has the right and duty to defend any lawsuit brought against Emerald:

"We will have the right and duty to defend any claim or suit seeking damages payable under this policy even though the allegations of the suit may be groundless, false or fraudulent."

Further, under Supplementary Payments, State Farm agrees to pay "with respect to any claims or suits we defend", other expenses including expenses incurred by the insured at the request of State Farm, costs taxed against the insured in the lawsuit, and interest.

Under the designation of "Who is an Insured," officers and directors are also provided coverage. The State Farm policy provides liability coverage to its insured. It only has to pay those sums that the insured becomes legally obligated to pay. Whether under the General Business Liability portion of the policy or the Directors and Officers liability portion, State Farm's obligation is only to pay those sums that the insured becomes legally obligated to pay as damages.

The plaintiff is not being sued for any damages by any entity. As a consequence, she is not legally obligated to pay any claim. Further, plaintiff is not a defendant in any action . State Farm has no obligation to provide a defense.

In <u>Olson v. Federal Insurance Company,</u> 219 Cal. Apps 3rd 252 (Cal Apps. 1990) a dispute occurred among directors of a corporation. One of the directors brought suit against the others. He claimed he was entitled to have his attorney's fees paid by the corporate liability insurance policy. The Federated policy provided that it would pay insured directors for any loss which they became legally obligated to pay on account of claims made against them. The court noted that the plaintiff

failed to demonstrate any claim of wrongful acts against him or failed to show that any claims were made against him which would provide coverage under the policy. See *Walsh v. Truck Insurance Exchange Co.*, 2003 WL 121 997 (Cal. App 2003) where the court noted that the appellant was "the *plaintiff* in the underlying action. As such she has no defense to tender and no liability that could be indemnified"

Since plaintiff's action seeks "indemnity," but not for claims made against her there is no insurance coverage available.

> II.   PLAINTIFF HAS PRODUCED NO EVIDENCE THAT STATE FARM HARASSED HER OR DAMAGED HER PROPERTY.

Although the plaintiff claims that State Farm harassed her and damaged her personal property, she has presented no evidence that these in fact occurred. In her deposition when asked what proof she had that anyone harassed her, her response was that she would not provide the names of witnesses and would take the Fifth Amendment. When asked who she saw vandalizing her property, she responded that whether or not she saw them actually vandalize the property was not relevant. Likewise, she invoked her rights under the Fifth Amendment. When defendant requested by Admission that she had no evidence to indicate that State Farm or any of its employees or agents performed any act of vandalism, the plaintiff did not respond to the Request for Admission. When asked to admit that she had no evidence whatsoever to indicate that State Farm or any of its employees or agents harassed her in any manner she did not respond to the Request for Admission.

FRCP Rule 36 specifically provides that the matter is admitted unless, within thirty days after service of the request, the party to whom the request is directed serves a written answer or objection. Any matter admitted pursuant to Rule 36 is conclusively established.

It is axiomatic that summary judgment will be granted if there are no disputed facts and the moving party is entitled to judgment as a matter of law. FRCP Rule 56 (c); _Harrison v. Christopher, 489 F Supp2d_ 375 (D. Del. 2007); _National Fire & Marine Insurance Co. v. Robin James_, 478 F Supp.2d 660 (D. Del. 2007); _Creedon Controls, Inc. v. Banc One Building Corp._, 4701 F. Supp 2d 457 (D. Del. 2007); _Toy v. Plumbers & Pipefitters Local Union No. 74_, 439 F. Supp 2d 337 (D. Del. 2007)

Plaintiff's belief that State Farm may have harassed her or damaged her property, without

8

any evidence supporting is insufficient to defeat summary judgment. Because there is no genuine issue of material fact, summary judgment should be granted.

## CONCLUSION

For the reasons stated herein, the defendant request the court to grant its motion for summary judgment.

                                          CASARINO, CHRISTMAN & SHALK, P.A.

                                          /s/ Stephen P. Casarino
                                        STEPHEN P. CASARINO, ESQUIRE
                                        BAR I.D. NO. 174
                                        800 North King Street, Suite 200
                                        Wilmington, DE 19801
                                        Attorney for Defendant

**CERTIFICATE OF SERVICE**

I, STEPHEN P. CASARINO, ESQ., hereby certify that I have served via email/electronic filing at 800 North King Street, Suite 200, Wilmington, Delaware on this 10th day of August 2007, true and correct copies of the attached Defendant's Opening Brief in Support of its Motion for Summary Judgment to:

Cathy D. Brooks-McCollum
115 Emerald Ridge Drive
Bear, DE 19701

CASARINO, CHRISTMAN & SHALK

/S/ Stephen P. Casarino
STEPHEN P. CASARINO, ESQUIRE
I.D. No. 174
800 North King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899
(302) 594-4500
Attorney for Defendant