IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Cathy D. Brooks-McCollum<br>& On behalf of<br>Emerald Ridge Service Corporation Derivative Action<br>As a Director<br>PO Box 12166<br>Wilmington, DE 19850<br>(302) 521-1241<br>(PLAINTIFF)<br><br>vs.<br><br>State Farm Insurance Company<br>(DEFENDANTS) | CIVIL ACTION NO:    04-419 (JJF)<br><br>**JURY TRIAL REQUESTED** |




### RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND OPPOSITION

First, Mr. Casarino claims that he did not have the correct e-mail address for Plaintiff pursuant a letter based on the e-mail Plaintiff received from the court. **Exhibit A** disputes this claim, where a mere copy and past would have provided the correct e-mail. One filing was made April 17, 2007.

On July 11, 2007 the court issued an Order outlining a new Scheduling Order after said time that Defendants failed to meet Discovery guidelines. Per the order dated July 11, 2007 the court stated that all discoveries shall be commenced as to be completed by October 9, 2007. The courts Order further states that any Summary Judgment Motions shall be filed pursuant to Federal Rules of Civil Procedure no later than August 10, 2007 only if there are no disputed facts. The issues raised before this court back in May are still relevant, where Plaintiff stated there are disputed facts.

To date as Plaintiff have outlined before this court Defendant State Farm and its' co-conspirators have yet to comply with discovery requests, and Plaintiff is also awaiting other discovery requests from other parties who are not party to any litigation along with Defendant State Farm.

Plaintiff has asked Defendant State Farm on numerous occasions to make certain documents available, as well as make certain parties available for the taking of depositions, and that has not been complied with. Defendant State Farm imply that they served Plaintiff with Admissions, which were never served upon Plaintiff, nevertheless the questions posed in said Exhibit B have been answered on numerous occasions, including during a Deposition taken by Defendant State Farm, of which to date they still have refused to turn over.

Pursuant to Fed.R.Civ.P 56(e) this case would not and could not be fully adjudicated on any Motions. Even the issue of indemnification would not be fully adjudicated on a Motion without the proper discovery being complied to.

1

The court issued an Order on March 21, 2007 per Defendants Motion To Dismiss filed with this court and not supplied to Plaintiff, stating, *"in light of the Third Circuit's preference that a case be resolved on the merits, see Scarborough v. Eubanks, 747 F.2d 871, 878 (3d. Cir. 1984) that a dismissal of the action at this juncture would be an extraordinary sanction."* The same would apply shall the court allow any form of Summary Judgment without Defendants and their co-conspirators having fully complied with discovery. Plaintiff attaches as **Exhibit B** copies of the Admissions served upon the parties directly related to this case, where based on the answers Plaintiff will submit to the court any failure to properly answer the questions set forth, and/or will submit conflicting evidence in support of the answers. All these parties were served said previously and have failed to answer them.

The court also issued orders previously regarding Summary Judgment where Defendant State Farm opposed stating that it still had discovery efforts to make. However, that did not and has not occur, as a matter of fact the ***Defendants "key witness"***, as they claim Mr. Kenneth Shareef (the party where these claims originally began) has since left the state and Defendants have refused to supply Plaintiff with a valid address for making service against said Defendant, if they even know where he resides. Plaintiff is of the belief that Defendants have know idea where Mr. Shareef resides, and is hoping that he court dismisses these actions without having to produce him. The court stated in its prior order the reason for refusing Summary Judgment. Attorney Casarino stood before the court during a Pre-Trial Conference on May 10, 2007 admitting that he did not know the details of the case, and have to-date failed to outline the exact outline of the claims and issues of the case in detail, as well as has not submitted any case law, Federal Law which will and/or support that Plaintiff is not entitled to Indemnification, as well has not been able to discredit the case law and other laws submitted to this court by Plaintiff. There is not a question regarding whether Plaintiff is indemnified, because Chancery Court already agreed Plaintiff is indemnified, which will be outlined in Plaintiffs brief due to the court on November 8, 2007. The Delaware Supreme Court confirmed Plaintiff as being the only valid Board member, and did not rule on other parties, in that they are Defendants in the State courts pending Complaints. Even the Attorney Edward Kafader agreed and submitted to the courts that the parties were not validly elected, as well as the Corporations Attorney agreed by way of letter asking that all parties step down. However, all of this will be outlined during Plaintiffs Opening Brief.

The issue before this court is if Indemnification should be made against State Farms Insurance Policy for the State Proceedings and how much State Farm should pay for the all the pleadings Plaintiff had to file and defendant on her behalf and that of the Emerald Ridge Service Corporation which were before the US Courts and part of this courts jurisdiction. In that the State court agreed and confirmed that indemnification should be made at the end of the proceedings, all the US Courts proceedings are complete, except that against State Farm and for those completed cases payment should be made per the Chancery Court Order. Thus, all those cases should be paid and indemnified against the State Farm Policy, where costs

are in excess of $50,000 (including having to hire an attorney in the US Court Of Appeals) to maintain the Corporations protection and interest, where the Attorney still has not been paid. All of those pleadings were filed on behalf of Plaintiff and that of Emerald Ridge Service Corporation, while no other persons had the Corporations interest in mind and the courts concurred that the claims were Plaintiff and Emerald Ridge Service Corporation as Plaintiffs in all those proceedings. The court did not list the other parties as the Corporation, nor during said pleadings or to date has those parties coverage been litigated. Therefore, this court is held with the responsibility to determine if costs should be borne under the State Farm Policy, or be borne against the members of the Corporation for all parties. Thus, should Chancery Court rule that the other parties are properly indemnified, against evidence having been presented and against case law; State and Federal law the will Corporation will be protected from having to pay for these parties from corporate funds. Furthermore, answering the question as to who the policy protects will further eliminate the corporate members from having to pay Plaintiffs costs. Attorney Edward Kafader admitted before the Corporation and via video tape that Chancery Court did agree that Plaintiff was entitled to indemnification as well.

     The US Court Of Appeals agreed and confirmed that based on the evidence submitted before it that it saw that Attorney Edward Kafader and others did commit TORT as well as violations against the Rules Of Professional Conduct. In that Attorney Edward Kafader has stated on numerous occasions that he was immune from prosecution, this will not afford State Farm the same immunity. Also Attorney Edward Kafader will not be afforded immunity per case law and be allowed not to answer questions, in which crimes were committed, where he stated he was also acting on Defendant State Farms behalf and Defendant State Farm agreed. All of the case law will be supplied during the Opening Brief now being prepared.

     Furthermore, Chancery Court admitted it erred in its' opinion, and was afforded immunity for said error. The US Court of Appeals agreed in its' order that Delaware Chancery Court erred, and afforded immunity for it's' error. Attorney Kafader and his firm invoked immunity in the State courts for the crimes he committed on behalf of others, because there was no defense, since most of it is on video tape, again which will be supplied to the court as evidence. State Farm cannot claim immunity, and neither can the other parties who committed the crimes along with State Farm and others, and as a result the State Court did not dismiss the cases against the other parties, who have asked that the Superior Court Stay those proceedings until at such time it is determined if they must pay their own costs, or State Farm, or if they are even indemnified. The State Court did not dismiss the claims against the Corporations Counsel for his role in violating the Rules of Professional Conduct. After the State Court confirmed that Plaintiff was a valid Board Member it was up to Corporate Counsel to have all parties consent regarding his actions and that did not happen, which will be confirmed and supported during Plaintiffs opening brief.

     Plaintiff will either show that Attorney Edward Kafader and his firm did commit crimes and acted at the bequest of State Farm Insurance Company. Attorney Edward Kafader cannot invoke Attorney Client Privilege for the admissions

3

submitted to him, in that he either worked for State Farm, or the other parties. If State Farms claims are that Attorney Edward Kafader was merely being paid from the Emerald Ridge Insurance Policy, (this will support that because one is paid from a policy does not purport they are working for the carrier), otherwise you will have all insurance companies who must pay claims stating that they are afforded attorney/client privilege although the party is not representing them. If State Farm and Attorney Kafader claims that Attorney Kafader was indeed representing State Farm, other and other parties, he could not in accordance to the Rules of Professional Conduct have represented the interest of the Corporation as well, although this was presented to the Corporation by Attorney Kafader and others via video, and correspondence (either way it would be violations that contributed to Plaintiffs and the Corporations damages). All parties would have been required to have the consent of Plaintiff Cathy Brooks-McCollum to go before the Corporation making any claims, and would have had to have her agree to waive her rights as a validly elected officer of the Corporation, representing the Corporation. All Courts have agreed and confirmed that Plaintiff was representing the Corporation Derivatively in all US Proceedings and in the Chancery Court Proceedings, and all costs associated with all the courts shall be paid by State Farm, in that all claims arose out of Plaintiffs role as a Director (again claims that will be addressed in Plaintiffs Brief).

Also, the claim asserted by Defendants that Plaintiff was offered $185.00 is ridiculous, in that the offer was made after the numerous litigation, although the Corporation advised the parties to pay Plaintiff all costs prior to any court filings, and the other parties and State Farm refused to adherer to the Corporations wishes. It was not until the parties realized that Plaintiff knew what she was doing that that offer was made, which was and is an insult. What is a travesty is that rather then pay the $185.00 and other court costs, State Farm and its' attorneys' resorted to criminal activity.

My recently deceased step ex-father-in-law who departed this life on May 31, 2007 Judge Clifford Scott Green (who held a Senior Judgeship position on the US District Court For the Eastern District Of Pennsylvania) was the epitome of what justice stood for and these Defendants and their actions have made a mockery of the courts and what the courts should stand for, and only because these Defendants believe they will receive the aide of the courts, have they continued to make a mockery of the courts, and continue to deny Plaintiff a right she is deserved pursuant the State Farm policy and the Constitution. My ex-father-in-law retired Senator Hardy Williams (Attorney) fought vigorously for individual's civil and constitutional rights, and because of doing so maintains a high recognition level in the State Of Pennsylvania and it is sad that today big Corporations still believe that they can continue to commit crimes and stand behind their strong arm tactics. One could only hope that the court will uphold its honor and not utilize its' immunity to protect the crimes committed by these Defendants and their co-conspirators and that this court upholds itself to the same level that Judge Clifford Scott Green held himself to. One should not be judged by what others believe they may know, or who they know and if they are or are not an attorney, but by the issues presented on ones behalf and throughout these proceedings, Plaintiff has held herself to the highest

4

standards, being knocked back at each stage, which is not because of the law, but because of one trying to circumvent the law, and as a result Plaintiff still has not resorted to unethical tactics, or has not chosen to abandon the rights of the Corporation and herself. Plaintiff cannot say that it has not been hard on ones personal life and emotional welfare, but should this case be dropped it will not be as a result of Plaintiff failing to continue to hope that some court will make these parties adhere to the law. Once Plaintiff was told by the lawyers she interact with that in many instances judges hold a low regard for parties who come before them without counsel, and in most instances will rule on the side of the attorney (even if wrong), and I could not believe this to be the case (where on numerous occasions Plaintiff was told she was naïve). Plaintiff did not come before this court without counsel of her own free-will, but because she was denied payment for defending actions of parties who chose not to adhere to the law and Plaintiff was only able to come this far, because of the knowledge she has, and as a result not only defended ones-self, but that of the Corporation. Plaintiffs only regret is that she placed her family in harms way as not to break the law, and as to protect others, who then were lied to in order to protect the bottom line of Defendant. Plaintiffs' ex-father-in-law encouraged her to attend law school and all the reasons Plaintiff declined have held throughout these proceedings. Plaintiff did not want to compromise her integrity at any cause, and after taking a few law classes decided that law would not be for her, but because of the encouragement it helped Plaintiff to at least defend herself and that of the Corporation to a certain level, others may not have been able to before having their rights ripped from them.

Therefore, Plaintiff respectfully asks that the courts adhere to the Order it made July 11, 2007, because there clearly are still disputed issues as outlined in the Pre-trial Stipulations filed before this court, and Plaintiff is awaiting further discovery, which is impeding and will continue to impede Plaintiff from completing her brief. As the court outlines, Plaintiff will inform the courts of the continued failure of Defendants to supply the items requested for discovery. Attorney Casarino stated during court proceedings, "that he did not know he owed discovery", which is why Plaintiff asked that all filings now be made electronically, as not to afford Defendants to continue to circumvent the law. The items requested of Defendants and their co-conspirators and others not part of this case is pertinent in Plaintiff giving all the support needed to support some of the claims, along with the Affidavits in Plaintiffs possession and witnesses, and without discovery, it will deny Plaintiff the rights guaranteed her. Furthermore, Plaintiff believes that summary judgment will not be available for the other crimes in which State Farm admitted, "that it gave Edward Kafader the authority to carry out the crimes committed by any means necessary", and in that Plaintiff asked for a jury trial, Plaintiff believes that the evidence along with admissions will support that a trial is necessary against Defendant State Farm.

Unless the court changes the guidelines it set pursuant discovery and Briefs, Plaintiff believes that she will be requesting in October that the Court order that Defendants and others adhere to Discovery, because if history repeats itself,

5

Plaintiff is of the belief that Defendants have know intentions of honoring this courts Order to comply with discovery.

Exhibit B outlines some of the Admissions submitted to parties directly related to this case.

Submitted,

/s/ Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE 19850
August 15, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Cathy D. Brooks-McCollum<br>& On behalf of<br>Emerald Ridge Service Corporation Derivative Action<br>PO Box 12166<br>Wilmington, DE 19850<br>As a Director<br>**(PLAINTIFF)** | CIVIL ACTION NO: 04-419 (JJF)<br><br>**JURY TRIAL REQUESTED** |
| vs. | |
| State Farm Insurance Company<br>**(DEFENDANTS)** | |

**PROOF OF SERVICE**

I Cathy D. Brooks-McCollum hereby certify that on the 15th day of August 2007, I will and have caused to be served a true and correct copy of the foregoing two Motion electronically upon defendants:

> Casarino, Christman & Shalk
> Stephen P. Casarino
> 800 North King St, Suite 200
> P.O. Box 1276
> Wilmington, DE 19899
> (302) 594-4500
> (302) 594-4509 Fax

/s/ Cathy D. Brooks-McCollum (Pro Se)
PO Box 12166
Wilmington, DE 19850
(302) 521-1241

7

EXHIBIT A

| | |
|---|---|
| **From:** | Stephen Casarino [mailto:SCasarino@casarino.com] |
| **Sent:** | Tuesday, April 17, 2007 12:11 PM |
| **To:** | mccollumc1@comcast.net |
| **Subject:** | RE: |

| | |
|---|---|
| **From:** | Stephen Casarino [mailto:SCasarino@casarino.com] |
| **Sent:** | Friday, September 09, 2005 10:55 AM |
| **To:** | mccollumc1@comcast.net |
| **Subject:** | RE: Deposition of State Farms Officials |

EXHIBIT B

PO Box 66
Wilmington, DE 19850

U.S. POSTAGE PAID
NEWARK DE 19711
AUG 15 '07
AMOUNT
$4.60
00083322-25

PRIORITY MAIL
UNITED STATES POSTAL SERVICE
www.usps.com

U.S.M.S. X-RAY

United States District Court
For The District Of Delaware
Boggs Building
844 North King Street
Lockbox 18
Wilmington, DE 19801