IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Cathy D. Brooks-McCollum  
& On behalf of  
Emerald Ridge Service Corporation Derivative Action  
As a Director  
PO Box 12166  
Wilmington, DE 19850  
(302) 521-1241  
(PLAINTIFF)

CIVIL ACTION NO: 04-419 (JJF)

**JURY TRIAL REQUESTED**

vs.

State Farm Insurance Company  
(DEFENDANTS)



## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Plaintiff, Cathy D. Brooks-McCollum, requests that Mr. Ed Dillon an employee of State Farm, admit or deny the following statements of law. If objection is made, please state the reason for the objection. Please specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

## REQUESTS FOR ADMISSION

1. Admit that you through State Farm were personally served with the Writ of Summons and Complaint in the above-captioned case.

2. Admit that you were part of the hiring of Attorney Edward Kafader.

3. Admit that you have no basis to assert as a defense or affirmative defense to the subject matter, lack of personal jurisdiction.

4. Admit that you were part of the hiring of Edward Kafader to work for State Farm.

5. Admit that you knew that Edward Kafader could not represent State Farm, The persons claiming to be Board Directors and the Corporation at the same time per the law, and was so informed by Plaintiff.

5. Admit that you knew Plaintiff's case before this court and before the Chancery Court and all other Courts were on behalf of Plaintiff Cathy Brooks-McCollum & Emerald Ridge Service Corporation.

6. Admit that you refused to pay the attorney hired to properly represent the Emerald Ride Service Corporation.

7. Admit as to whom Edward Kafader was officially hired to represent.

8. Admit that you through State Farm hired Edward Kafader to work for the Parties claiming to Be Official Directors Of Emerald Ridge Service Corporation.

9. Admit that you through State Farm hired Edward Kafader to go before the Emerald Ridge Service Corporation informing said Corporation that he was representing their interest and stated so by way of Correspondence.

10. Admit that you stated by way of correspondence that Edward Kafader hired by you had free will to claim all the assertions made before the Emerald Ridge Corporation and the courts.

11. Admit that your offices were informed by Plaintiff at each stage the illegal activities being carried out by Edward Kafader, and your response was that he was to defend you by any means necessary.

12. Admit that although the law does not allow your attorney to represent the interest of the Corporation, the parties being sued, that you had first hand knowledge that Edward Kafader was doing exactly this, with your consent, when knowing that the Corporation was also personally suing you in matters on behalf of the Corporation, where an attorney was retained on behalf of the Corporation in the US Courts.

13. Admit that the Emerald Ridge Corporation Attorney supplied your Attorney Edward Kafader information which went against the Rules of Professional Conduct.

14. Admit that you authorized your Attorney Stephen P. Casarino to submit false documentation before the courts indicating that, *"at know time was Plaintiff an Officer of the Corporation"*, although it was this was confirmed by the Delaware Supreme Court that Plaintiff was an Officer @ all times relevant to this case.

15. Admit that you authorized your attorney's to submit and give false information in this case as a means not to pay out valid claims to a valid Officer of the Emerald Ridge Service Corporation, as a means to steal from the Corporation, and as a means to cause an undue hardship and burden upon Plaintiff.

16. Admit that it has and is a practice of State Farm Insurance and your offices to deny claims and commit such actions in order not to pay out valid claims

17. Admit that your offices have been accused and convicted for having used strong arm tactics thorough your attorneys in an attempt to wear them down.

18. Admit that State Farm through its' attorneys played a valid part in forcing Plaintiff and her family from their homes by any means necessary, just so that they could avoid adhering to the law.

19. Admit that State Farm authorized and is aware of the video tapes made of Edward Kafader going before the Emerald Ridge Service Corporation giving false information, although knowing that his actions were and are against the Rules of Professional Conduct.

20. Admit that your offices instructed Attorney Stephen P. Casarino not to supply Plaintiff with filings in this court as a means to circumvent Plaintiff due justice and the opportunity to respond to said filings.

21. Admit that your offices agree with Attorney Stephen Casarino's comment made through Deposition, that at know time relevant was Attorney Edward Kafader State Farm's attorney, and that he should not have been giving information stating that he was State Farms Attorney.

22. Admit that your offices had a representative some 3 miles from your Maryland office continually call Plaintiff in order to harass her and her family.

23. Admit that your offices had first hand knowledge of the threats made against Plaintiff and her family and the damage to Plaintiffs personal property as a result of your strong arm tactics.

24. Admit that based on the terms of the Emerald Ridge Insurance Policy State Farm knew that they were insuring the incorrect person, and had know regard for the welfare of the Plaintiff Emerald Ridge Corporation in

this case and the case in which State Farm hired Edward Kafader to represent them (although arguing he was representing State Farm, The Corporation, and the persons being sued by the Corporation).

25. Admit that even after the US Court Of Appeals confirmed through its' opinion that it saw where State Farms Attorney Edward Kafader did violate the Rules of Professional Conduct and did commit crimes against Plaintiff, State Farm maintained the position that it will not pay Plaintiff one penny for the crimes committed by persons hired by parties hired by State Farm as **BULLY's,** nor the attorney hired to protect the Corporations interest.

26. Admit that Defendant State Farm instructed and hired Edward Kafader to carry out the mock and illegal elections before the Plaintiffs Emerald Ridge Service Corporation, as a means to cover up the prior crimes committed by Defendant State Farm.

27. Admit that when the illegal election took place and was not successful that Attorney Edward Kafader informed State Farm at every stage of his intentions to go before the Corporation and give false information as a means to keep Defendants Attorney Edward Kafader clients (of who State Farm funded) in charge of the Corporation books, bank records and Insurance policy and notes, as a means to continue to deceive the Corporation, regardless of the harm it caused the Corporation and Stockholders. . Plaintiffs also request these documents to be turned over once again.

28. Admit that you have caused all Plaintiffs substantial financial hardship as a result of your trying to cover up an error made by you, thus making this error into a criminal act.

29. Admit that State Farm advised and paid for and hired you (Edward Kafader) to represent Kenneth Shareef, although informed that he was never a stockholder, or valid officer

30. Admit that you had first hand knowledge that Kenneth Shareef who was being represented by State Farm's own Attorney was never a valid Office of the Corporation, and you tried to cover this up at first to court statements, and then conceded.

31. Admit that you knew that Kenneth Shareef an invalid Officer then made invalid appointments to the Emerald Ridge Service Corporation, and then resigned himself, as a means to cut his losses.

32. Admit that you knew that Kenneth Shareef an invalid Officer appointed Maudy Melville and Renford Brevett to the Board, although neither of them were validly elected to hold office, and admitted via court records.

33. Admit that you knew that Maudy Melville and Renford Brevett then appointed others to the Emerald Ridge Service Corporation Board, under the Direction of Attorney Edward Kafader as a means to cover up the illegal activity funded by State Farm, filed and confirmed through court filings made by Edward Kafader.

34. Admit that State Farm was aware that neither Kenneth Shareef, Maudy Melville, and/or Renford Brevett had authority to alter or change bank records, until at such time the courts acknowledged validly elected officers, not Attorney Kafader hired by State Farm, as was the case.

35. Admit that even after the Delaware State Courts and US courts confirmed and admitted through legal documents filed with the court that it did violate the law, and their only defense was that they were immune from prosecution, Defendant State Farm still refused to adhere to the laws, and advised its' Attorney Edward Kafader to claim immunity from prosecution as well.

36. Admit that Defendant State Farm has and continue to refuse to meet its obligation pursuant Delaware Law, State Farms Policy, Plaintiff Emerald Ridge Service Corporation, Bylaws, Certificate Of Incorporation.

37. Admit that even when Defendant State Farm was informed via its' Attorney Edward Kafader & Plaintiff that the Corporation's Attorney Donald Gouge confirmed and admitted that none of the parties on the board were

illegal, State Farm authorized, and continued to fund these illegal parties, and send Attorney Edward Kafader before the Corporation stating what was contrary to the Corporation's Counsel.

38. Admit that State Farm through Attorney Edward Kafader paid off Attorney Donald Gouge to commit crimes against all things he confirmed and agreed were illegal, as a means to cover up their actions, and protect State Farm, and extort funds from Emerald Ridge Corporation for payment of giving ill advice.

39. Admit that you are aware and supported that Attorney Edward Kafader stated via court records, that he informed the parties funded by State Farm to have their illegal actions Ratified and Certified, although contrary to the law.

40. Admit that State Farm failed to inform the parties you paid for services the risk they face, for the crimes committed on your behalf, but instead informed them via video that "a win for State Farm and his clients was a win for them".

41. Admit that State Farm has been convicted of instructing others illegally in another case in order to cover its' tracks, as it has done in this case.

42. Admit that State Farm instructed Edward Kafader to present a settlement and then instructed him to add false and illegal terms to said settlement document.

43. Admit that State Farm's Attorney Edward Casarino committed a crime when filing on behalf of State Farm in District Court, *"Plaintiff Was Not a Director"*, and was instructed to do so with the consent of Defendant State Farm, and as a means to cover up the crimes committed.

44. Admit that you plan on arguing immunity for State Farm as well.

45. The Defendant has no evidence to support the affirmative defense that the Plaintiff was not acting as a Director and in the best interest of the Corporation, paying for said services alone.

46. The Defendant has no evidence to support the affirmative defense that the Plaintiff's case is barred by the Statute of Limitations.

47. The Defendant has no evidence to support the affirmative defense that the Plaintiff's case fails to state a claim upon which relief can be granted.

48. The Plaintiff did sustain injuries as a result of the crimes committed by Defendant and their Attorney's and on behalf of their clients.

49. The Plaintiff did have to remove her family from dangerous circumstances as a result of Defendants actions through their counsel and others.

50. The Plaintiff and her family incurred in excess of an additional $500,000 worth of expenses and damages as a result of Defendants and their Attorneys.

51. The Plaintiff has been forced to defend herself and other Plaintiff (Emerald Ridge Service Corporation), as a means not to have her Constitutional Rights violated.

52. The Plaintiff and her family have been forced to conceal their living arrangements as a result of these parties crimes committed, as a means of protection.

53. You issued a Policy to protect the Corporation and valid Officers of the Corporation in this case.

54. You did not adhere to the terms of your own policy.

55. You maintained insurance that covers your liability in this lawsuit.

56. You maintained insurance that covers Plaintiff Cathy Brooks-McCollum's liability in this lawsuit.

57. You maintained insurance that covers Plaintiff Emerald Ridge Service Corporation's liability in this lawsuit.

58. You have in your possession and have refused pursuant discovery to supply Plaintiff with all Insurance Policies underwritten concerning Plaintiff Emerald Ridge Service Corporation. Plaintiff request these to be turned over

59. You have in your possession and have refused pursuant discovery to supply all documents submitted to you for coverage under the Emerald Ridge Service Corporation Policy and the persons who submitted and signed any and all claims.

60. You have in your possession and have refused pursuant discovery to supply all documents submitted to you for coverage under the Emerald Ridge Service Corporation Policy.

61. The injury to Plaintiff's is such that it has affected her emotional well being, as well as the financial well being, and that of the Plaintiff Emerald Ridge Service Corporation.

62. The video tape of Attorney Kafader and Donald Gouge giving false information before the Corporation is authentic.

63. The Affidavits to the invalid elections, and false statements made before the Corporation are authentic.

64. The witnesses to be presented have first hand knowledge of this case.

65. The move made by Plaintiff's was necessary for protection.

66. The costs incurred and losses incurred substantiating said loss was unforeseeable as a result of the current housing market.

67. The legal costs incurred by Plaintiff Cathy Brooks-McCollum and on behalf of Plaintiff Emerald Ridge Service Corporation were reasonable.

68. Plaintiff continue to have to work, due to having to liquidate assets to cover legal costs, and increase costs in housing, where Plaintiff have now incurred additional losses, due to the recent house sale downslide.

69. Plaintiff continue to incur a burden of having to remove her children from a private Christian School, to public school as a result of the crimes committed by Defendants, and Plaintiff having to abruptly move.

70. Plaintiff also request that any changes in employment by State Farms Staff with knowledge of this case be turned over, as well as Kenneth Shareef's new address, a party State Farm has listed as a witness, and who has sense moved, with no new address to be served upon supplied, and a party State Farm considers a key witness.

Submitted,

*[signature]*

Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE 19850
August 9, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Cathy D. Brooks-McCollum  
& On behalf of  
Emerald Ridge Service Corporation Derivative Action  
As a Director  
115 Emerald Ridge Drive  
Bear, DE  19701  
(302) 832-2694  
**(PLAINTIFF)**

CIVIL ACTION NO:  04-419 (JJF)

**JURY TRIAL REQUESTED**

vs.

State Farm Insurance Company  
**(DEFENDANTS)**

## PROOF OF SERVICE

I Cathy D. Brooks-McCollum hereby certify that on the 9th day of August 2007, I will and have caused to be served a true and correct copy of the foregoing Request For Admissions on:

Mr. Ed Dillon  
State Farm Insurance Companies  
3540 Old Capital Trail  
Wilmington, DE  19808  
(302) 995-0300 (Telephone)  
(302) 995-0399 (Telephone)  
(302) 995-6330 (Fax)

_[signature]_  
Cathy D. Brooks-McCollum (Pro Se)  
PO Box 12166  
Wilmington, DE  19850  
(302) 521-1241