IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Cathy D. Brooks-McCollum
& On behalf of
Emerald Ridge Service Corporation Derivative Action
As a Director
PO Box 12166
Wilmington, DE 19850
(302) 521-1241
(PLAINTIFF)

vs.

State Farm Insurance Company
(DEFENDANTS)

CIVIL ACTION NO: 04-419 (JJF)

**JURY TRIAL REQUESTED**



### PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Plaintiff, Cathy D. Brooks-McCollum, requests that Mr. Edward Kafader either hired for State Farm or for Defendants or both in another Civil Action, admit or deny the following statements of law. If objection is made, please state the reason for the objection. Please specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

### REQUESTS FOR ADMISSION

1. Admit that you through State Farm were personally served with a copy of the Writ of Summons and Complaint in the above-captioned case.

2. Admit that you have no basis to assert as a defense or affirmative defense to the subject matter, lack of personal jurisdiction.

3. Admit that you were hired to work for State Farm.

4. Admit that you knew that you could not represent State Farm, The persons claiming to be Board Directors and the Corporation at the same time per the law, and was so informed.

5. Admit that you knew all Plaintiffs' case before all Courts were on behalf of Plaintiff Cathy Brooks-McCollum & Emerald Ridge Service Corporation & were Derivative in nature.

6. Admit that State Farm refused to pay the attorney hired to properly represent the Emerald Ride Service Corporation, at your request.

7. Admit as to whom you were officially hired to represent.

8. Admit that you were hired to work for the Parties claiming to Be Official Directors Of Emerald Ridge Service Corporation, being Kenneth Shareef, Renford Brevett, Maudy Melville, Valerie Longhurst, Mark Martell, Ruth Vivardis.

9. Admit State Farm hired you and gave you the authority to make the assertions made before the Emerald Ridge Service Corporation informing said Corporation that you were representing their interest and stated so by way of Correspondence and video.

10. Admit that you and/or State Farm hired Attorney Jon Parshall to represent Kenneth Shareef, Renford Brevett, Maudy Melville, Valerie Longhurst, Mark Martell, and Ruth Vivardis in cases surrounding their actions.

11. Admit that Attorney Jon Parshall was working through you (Edward Kafader) and allowing to you make any and all decisions surrounding issues surrounding Kenneth Shareef, Renford Brevett, Maudy Melville, Valerie Longhurst, Mark Martell, Ruth Vivardis in cases surrounding their actions.

11. Admit that State Farm gave you free will to claim all the assertions made before the Emerald Ridge Corporation and the all courts.

12. Admit that you advised State Farm of all your actions made before the courts with their approval.

13. Admit that you knew that the law does not allow you to represent the interest of the Corporation, the parties being sued, when knowing that the Corporation was also personally suing you in all matters on behalf of the Corporation, where an attorney was retained on behalf of the Corporation in the US Courts and still went before the Corporation stating something contrary.

14. Admit that Donald Gouge Emerald Ridge Corporation Attorney supplied you with information which went against the Rules of Professional Conduct, and without the consent of Plaintiff, knowing that it was confirmed by the Supreme Court that Plaintiff at all times was a valid Director.

15. Admit that State Farm you to submit and give false information in this case as a means not to pay out valid claims to a valid Officer of the Emerald Ridge Service Corporation, as a means to steal from the Corporation, and as a means to cause an undue hardship and burden upon Plaintiff.

16. Admit that you had first hand knowledge that it has and is a practice of State Farm Insurance and your offices to deny claims and commit such actions in order not to pay out valid claims

17. Admit that you had first hand knowledge that State Farm has been accused and convicted for having used strong arm tactics thorough their attorneys in an attempt to wear them down.

18. Admit that State Farm through its' attorneys (including you) played a valid part in forcing Plaintiff and her family from their homes by any means necessary, just so that they could avoid adhering to the law.

19. Admit that State Farm authorized and is aware of the video tapes made of you going before the Emerald Ridge Service Corporation giving false information, although knowing that his actions were and are against the Rules of Professional Conduct.

20. Admit that you advised Attorney Donald Gouge not to supply Plaintiff with discover as a means to circumvent Plaintiff due.

21. Admit that your offices agree with Attorney Stephen Casarino's comment made through Deposition, that at know time relevant were you (Edward Kafader) State Farm's attorney, and that you should not have given information stating that he was State Farms Attorney.

22. Admit that your offices had first hand knowledge of the threats made against Plaintiff and her family and the damage to Plaintiffs personal property as a result of your strong arm tactics.

23. Admit that based on the terms of the Emerald Ridge Insurance Policy State Farm and you knew that State Farm was insuring the incorrect person, and had know regard for the welfare of the Plaintiff Emerald Ridge Corporation in this case and the cases in which State Farm hired and paid Edward Kafader against the State Farm Policy to represent them (although arguing you were representing State Farm, The Corporation, and the persons being sued by the Corporation).

24. Admit that you advised Donald Gouge not to turn over all the Emerald Ridge Bank Records and documents per discovery.

25. Admit that even after the US Court Of Appeals confirmed through its' opinion that it saw where you (State Farms Attorney Edward Kafader) did violate the Rules of Professional Conduct and did commit crimes against Plaintiff, State Farm maintained the position that it will not pay Plaintiff one penny for the crimes committed by persons hired by parties hired by State Farm as **BULLY's,** nor the attorney hired to protect the Corporations interest.

26. Admit that you plan on arguing immunity for State Farm as well.

27. Admit that Defendant State Farm instructed and hired you (Edward Kafader) to carry out the mock and illegal elections before the Plaintiffs Emerald Ridge Service Corporation, as a means to cover up the prior crimes committed by Defendant State Farm.

28. Admit that when the illegal election took place and was not successful that Attorney you (Edward Kafader) informed State Farm at every stage of his intentions to go before the Corporation and give false information as a means to keep Defendants Attorney Edward Kafader clients (of who State Farm funded) in charge of the Corporation books, bank records and Insurance policy and notes, as a means to continue to deceive the Corporation, regardless of the harm it caused the Corporation and Stockholders. Plaintiffs also request these documents to be turned over once again.

29. Admit that you have caused all Plaintiffs substantial financial hardship as a result of your trying to cover up an error made by you and State Farm, thus making this error into a criminal act.

30. Admit that you were paid for and hired to represent Kenneth Shareef, although informed that he was never a stockholder, or valid officer

31. Admit that you had first hand knowledge that Kenneth Shareef who was being represented by State Farm's own Attorney was never a valid Office of the Corporation, and you tried to cover this up at first to court statements, and then conceded.

32. Admit that you knew that Kenneth Shareef an invalid Officer then made invalid appointments to the Emerald Ridge Service Corporation, and then resigned himself, as a means to cut his losses.

33. Admit that you knew that Kenneth Shareef an invalid Officer appointed Maudy Melville and Renford Brevett to the Board, although neither of them were validly elected to hold office, and that you admitted this via court records.

34. Admit that you knew that Maudy Melville and Renford Brevett then appointed others to the Emerald Ridge Service Corporation Board, under the Direction of yourself (Edward Kafader) as a means to cover up the illegal activity funded by State Farm, filed and confirmed through court filings made by you.

35. Admit that State Farm was aware that neither Kenneth Shareef, Maudy Melville, and/or Renford Brevett had authority to alter or change bank records, until such time the courts acknowledged validly elected officers, and that you who were hired by State Farm, gave the instructions to do this.

36. Admit that even after the Delaware State Courts and US courts confirmed and admitted through legal documents filed with the court that it did violate the law, and their only defense was that they were immune from prosecution, Defendant State Farm still refused to adhere to the laws, and advised its' Attorney Edward Kafader to claim immunity from prosecution as well, who continued his actions.

37. Admit that Defendant State Farm has and continue to refuse to meet its obligation pursuant Delaware Law, State Farms Policy, Plaintiff Emerald Ridge Service Corporation, Bylaws, Certificate Of Incorporation at the advise of you.

38. Admit that even when Defendant State Farm was informed via its' Attorney Edward Kafader (you) & Plaintiff that the Corporation's Attorney Donald Gouge confirmed and admitted that none of the parties on the board were illegal, State Farm authorized, and continued to fund these illegal parties, and sent Attorney Edward Kafader before the Corporation stating what was contrary to the Corporation's Counsel.

39. Admit that State Farm through Attorney Edward Kafader (you) paid off Attorney Donald Gouge to commit crimes against all things he confirmed and agreed were illegal, as a means to cover up their actions, and protect State Farm, and extort funds from Emerald Ridge Corporation for payment of giving ill advise.

40. Admit you via court records, informed the parties claiming to be Directors and funded by State Farm to have their illegal actions Ratified and Certified, although contrary to the law.

41. Admit that you failed to inform the parties you paid for services the risk they face, for the crimes committed on your behalf, but instead informed them via video that *"a win for State Farm and his clients was a win for them"*.

42. Admit that State Farm instructed Edward Kafader (you) to present a settlement and then instructed you to add false and illegal terms to said settlement document.

43. Admit that you and Judge Parsons of Chancery Court have a personal relationship outside of normal working hours.

44. The Plaintiff did sustain injuries as a result of the crimes committed by Defendant and their Attorney's and on behalf of their clients.

45. The Plaintiff did have to remove her family from dangerous circumstances as a result of Defendants actions through their counsel and others.

46. The Plaintiff and her family incurred in excess of an additional $500,000 worth of expenses and damages as a result of Defendants and their Attorneys.

47. The Plaintiff has been forced to defend herself and other Plaintiff (Emerald Ridge Service Corporation), as a means not to have her Constitutional Rights violated.

48. The Plaintiff and her family have been forced to conceal their living arrangements as a result of these parties crimes committed, as a means of protection.

49. State Farm issued a Policy to protect the Corporation and valid Officers of the Corporation in this case.

50. State Farm did not adhere to the terms of your own policy.

51. State Farm maintained insurance that covers your liability in this lawsuit.

52. State Farm maintained insurance that covers Plaintiff Cathy Brooks-McCollum's liability in this lawsuit.

53. State Farm maintained insurance that covers Plaintiff Emerald Ridge Service Corporation's liability in this lawsuit.

54. You have in your possession and have refused pursuant discovery to supply Plaintiff with all Insurance Policies underwritten concerning Plaintiff Emerald Ridge Service Corporation. Plaintiff requests these to be turned over.

55. You have in your possession and have refused pursuant discovery to supply all documents submitted to you for coverage under the Emerald Ridge Service Corporation Policy and the persons who submitted and signed any and all claims.

56. You have in your possession and have refused pursuant discovery to supply all documents submitted to you for coverage under the Emerald Ridge Service Corporation Policy.

57. The injury to Plaintiff's is such that it has affected her emotional well being, as well as the financial well being, and that of the Plaintiff Emerald Ridge Service Corporation.

58. The video tape of Attorney Kafader and Donald Gouge giving false information before the Corporation is authentic.

59. The Affidavits to the invalid elections, and false statements made before the Corporation are authentic.

60. The witnesses to be presented have first hand knowledge of this case.

61. The move made by Plaintiff's was necessary for protection.

62. The costs incurred and losses incurred substantiating said loss was unforeseeable as a result of the current housing market.

63. The legal costs incurred by Plaintiff Cathy Brooks-McCollum and on behalf of Plaintiff Emerald Ridge Service Corporation were reasonable.

64. Plaintiff continue to have to work, due to having to liquidate assets to cover legal costs, and increase costs in housing, where Plaintiff have now incurred additional losses, due to the recent house sale downslide.

65. Plaintiff continue to incur a burden of having to remove her children from a private Christian School, to public school as a result of the crimes committed by Defendants, and Plaintiff having to abruptly move.

66. Plaintiff also request that any changes in employment by State Farms Staff with knowledge of this case be turned over, as well as Kenneth Shareef's new address, a party State Farm has listed as a witness, and who has sense moved, with no new address to be served or supplied, and a party State Farm considers a key witness.

Submitted,

*[signature]*

Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE 19850
August 9, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Cathy D. Brooks-McCollum<br>& On behalf of<br>Emerald Ridge Service Corporation Derivative Action<br>As a Director<br>115 Emerald Ridge Drive<br>Bear, DE  19701<br>(302) 832-2694<br>**(PLAINTIFF)** | **CIVIL ACTION NO:  04-419 (JJF)**<br><br>**JURY TRIAL REQUESTED** |
| vs. | |
| State Farm Insurance Company<br>**(DEFENDANTS)** | |

## PROOF OF SERVICE

I Cathy D. Brooks-McCollum hereby certify that on the 9th day of August 2007, I will and have caused to be served a true and correct copy of the foregoing Request For Admissions on:

> Ferry, Joseph & Pearce
> & Edward Kafader
> 824 North Market Street
> Suite 904, P.O. Box 1351
> Wilmington, DE  19899
> (302) 575-1555
> (302) 575-1714 (Fax)

*[signature]*

Cathy D. Brooks-McCollum (Pro Se)
PO Box 12166
Wilmington, DE  19850
(302) 521-1241