## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

Cathy D. Brooks-McCollum
& On behalf of
Emerald Ridge Service Corporation Derivative Action
As a Director
PO Box 12166
Wilmington, DE  19850
(302) 21-1241
**(PLAINTIFF)**

vs.

State Farm Insurance Company
**(Defendants)**

**CIVIL ACTION NO:**      04-419(JJF)

**JURY TRIAL REQUESTED**



### MOTION & ADDITION TO RESPONSE TO SUMMARY JUDGEMENT & RESPONSE TO DEFENANTS REPLY TO MOTION FOR SUMMARY JUDGMENT & REQUEST FOR ORDER TO COMPLY WITH DISCOVERY

After further review of Defendants Motion and in response to Defendants Reply Brief on Motion For Summary Judgment was brought to Plaintiffs attention that their reference of FRCP 36 was so stated incorrectly, by inferring that they should be granted Summary Judgment based on their assertion that they supplied Plaintiff with a Request for Admissions (which is dated September 22, 2005 and never supplied to Plaintiff). FRCP 26(d) first disputed the assertions made by Defendants in that Plaintiffs had never conferred as required pursuant to FRCP 26(d). There was never any planning for discovery, and Plaintiffs noted during the only Conference held on May 10, 2007 that Discovery had not been complied with and/or completed. In that any conference surrounding said subject matter was not had until some two years after the supposedly admissions were served, this was a violation of FRCP 26(d) and is therefore MOOT. Furthermore, in (DI 37) the court specifically denied Summary Judgment stating the basis until Discovery has been made, and that has not happened to date.

FRCP 26 is clear in stating that a Motion For Summary Judgment cannot be had as a means to delay or prevent discovery, and this is exactly what Defendants are doing and have done throughout

these proceedings. Plaintiffs in this matter has requested specific documents and all documents in Defendants possession pursuant FRCP 26(d) and to date Defendants have failed to supply Plaintiff with any of the requests made **(Exhibit A)**.

Upon Plaintiff having received the documents for Defendants and the discoverable documents from the parties who acted on behalf of Defendants, plaintiff will have all the proof needed to dispute and support the documents now in Plaintiffs possession.

Plaintiff indicates that the only Requests for Admissions served were on parties not part of this suit, which is an inaccurate account of said statement.

Plaintiff submitted submissions upon the following, which are in the possession of three of Defendants attorneys (in that they have argued that Attorney Kafader is Defendants Attorney). The Admissions were served upon: Shareef, Brevett, Melville, Longhurst, Vivardis, Martell, Kafader, Wilson (State Farms Attorney), Rust (State Farms Chairman of the Board and Chief Executive Officer) who has been kept abreast of these proceedings from the onset, Molster (State Farms Employee with Direct knowledge of filings and these proceedings & Dillon **(State Farms party in which State Farm designated as the party whom all correspondence should be directed and with direct knowledge to the proceedings at hand)**. State Farms employees with knowledge to the proceedings are not exempt from any Discovery requests pursuant FRCP 26, and if there were any oppositions to said discovery that should have been noted by Defendants when Discovery was first requested as stated in FRCP 26.

All the Admissions are on file with the Court and conferred by the court and submitted to All Defendants counsels on 15th day of August 2007.

Defendants are seeking prior to the time set by the Court for Opening Briefs to continue to bypass discovery, as well as have Plaintiff outline all the support Plaintiff has in her possession which will undeniably support that Defendants are and did act as Joint Tortfeasors.

Plaintiff further requested Deposition from **Defendants (Exhibit A),** copies of all documents surrounding and concerning the Emerald Ridge Service Corporation, as well as served Subpoenas upon

the Banking Industry and the parties in control of the Emerald Ridge Service Corporation, of which have

not been complied with to date, and have gone unanswered **(D.I. #2)**

Plaintiff respectfully asks that the court issue an ORDER instructing that Defendants turn over

**all** documents relating to the Emerald Ridge Service Corporation relating to this case and any other

documents in possession of their attorneys, including submissions for payments, payments, policies, but

not limited to those documents per discovery pursuant FRCP 26.  Plaintiff would further like the court to

issue an ORDER instructing the parties in control of Emerald Ridge Service Corporation to turn over all

banking documents and any documents concerning the Emerald Ridge Service Corporation up until the

time Plaintiff was no longer a stockholder, of which Plaintiff was and is entitled to in having been a

stockholder.  Plaintiff would like to request that the court issue an ORDER instructing that Wachovia

Bank turn over any banking records filed and submitted by the parties claiming to be Board Of Directors

of the Emerald Ridge Service Corporation, (including but not limited to documents showing signature

changes submitted to the bank, all parties who requested that these signatures be changed, complete

detail of disbursements and deposits made to the Corporations banking records, and what independent

counsel gave approval to said), along with any and all other banking documents.

Plaintiff would also request that the court issue an ORDER as to what Admissions have and

should be answered by all parties who received them, in that Molster did not answer her Admissions and

none of the parties answered them at all.  There were specific instructions stating that if any Admissions

are left unanswered to give a reason as to why the party feels they should not have to answer them.

Plaintiff D18 (Brief), D19 (Appendix) and D20 (Reply Brief). In D.19 (10a-11a) Emerald Ridge

Corporation Bylaws, D.19 (12a) Emerald Ridge Certificate Of Incorporation, D.19 (14a) Vivardis Letter

Of Resignation, D.19 (15a-16a) Defendants State Farms Policy, D.19 (17a) Corporate Counsels

confirmation that the board is illegal, D.19 (21a) State Farms Refusal To Insure the Corporation and

Plaintiff Page 3, Brooks-McCollum (only validly elected board member), D.19 (22a) Longhurst

confirmation she was not a Board member, D.19 (23a) Edward Kafader, State Farm's counsel

confirming that Defendants in District Court Proceedings 04-703(JJF) and on appeal to The 3rd Circuit 05-1264 would not remove slanderous and false documentation, D.19 (24a) Emerald Ridge Service Corporations Maintenance Declarations, D.19 (25a-26a) Defendants in District Court 04-703(JJF) and 3rd Circuit 05-1264's confirmation that none of the Defendants in these cases are validly elected Directors, D.19 (33a-43a) Chancery Courts Transcripts, D.19 (45a-83a), Chancery Court admitting that it erred in the proceedings its court. Plaintiff will give in her Brief to this court further support of the role Defendants played in these proceedings.

Defendants continue to knowingly, intentionally, and maliciously and in bad faith deprive Plaintiffs/Stockholders of Due Process of Law by preventing Plaintiffs from obtaining independent and non-conflicted representation in violation of the Fifth Amendment of the Constitution of the United States. *Johnson v. Zerbst, 304 U.S. 458 (1938); Wheat v. United States, 486 U.S. 153 (1988)*. Defendants knowingly conspired to conceal evidence that would have led Plaintiffs and stockholders to discover they were being deprived of these rights. Defendants have each, in furtherance of their conspiracy, engaged in a pattern of activity intended and designed to harass Plaintiffs and stockholders and to unlawfully deprive them of their constitutionally protected property interest in violation of the Fifth Amendment of the United States Constitution. Defendants committed or omitted acts to defend, conceal, perpetuate or otherwise further the conspiracy to violate Plaintiffs constitutional rights. Defendants actions in furtherance of said conspiracy are ongoing and continuing, to date and is hereby demonstrated in their further attempt to prevent discovery. *Rutherford v. City of Berkeley, 780 F.2d 1444 (9th Cir. 1986)* Defendants could not have believed their actions were lawful *Anderson v. Creighton, 483 U.S. 635 (1987)*

Defendants have and will continue to act through deceit and bad faith as demonstrated and presented to this court previously, and as will be demonstrated upon Plaintiff preparing her Opening Brief in Support of Defendants being **Joint Tortfeasors** and having denied Plaintiffs a right guaranteed. Defendants through their submissions have already stated facts, which contradict documentation in

Page 4 of 7

support of Plaintiffs pleadings. In the State Of Louisiana, Court Of Appeal, For the First Circuit, 98 CA

2894 BEFORE: FOIL,WHIPPLE, AND GUIDRY, JJ, Joyce Ferguson, Individually and on Behalf of

her Minor Child, Sylvia JadeFerguson, versus Plummers Towing & Recovery Inc., Tyrone S. Perry and

State Farm Mutual Automobile Insurance Company Consolidated with 98 CA 2895, Joseph Mars and

Craig Ferguson vs. Plummers Towing& Recovery Inc., Tyrone S. Perry and State Farm Mutual

Automobile Insurance Company, Judgment Rendered: February 18, 2000, which was Appealed from

the, 19th Judicial District Court, In and for the Parish of East Baton Rouge, State of Louisiana, Suit

Number 411,319 c/w 417,929, Honorable Curtis A.Calloway, Judge the Plaintiffs, Joyce Ferguson,

individually and on behalf of her minor child, Sylvia Jade Ferguson, and Joseph Mars and Craig

Ferguson, appealed the trial courts grant of summary judgment in favor of Defendant, State Farm Fire

and Casualty Company (State Farm). The First Circuit revered and rendered. Whereby, the factual basis

are no different then the ones outlined in Plaintiffs Motion and her pleadings in the District Court For

The State Of Delaware. This case references and gives facts as outlined and similar to Defendants

actions in these proceedings: *J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 9 (La. App.1st Cir.*

*11/7/97), 705 So. 2d 195, 202, writs denied, 97-3055, 97; 3061-63 (La. 2/13/98), 709 So. 2d 753, 754.;*

*Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 26 (La. 7/5/94), 639 So. 2d 730, 750; Rambo v.*

*Walker, 96-2538, p. 4 (La. App. 1st Cir. 11/7/97), 704 So. 2d 30, 32.; Karam v. St. Paul Fire & Marine*

*Insurance Company, 281 So. 2d 728 (La. 1973); Fields v. Western Preferred Casualty Company, 437*

*So. 2d344, 346-347 (La. App. 2d Cir.), writs denied, 440 So. 2d 528, 754 (La. 1983); See Couch, §*

*45:679-682, 721,725; Arado v. Central National Ins. Co. of Omaha, 337 So. 2d 253 (La. App. 4th Cir.*

*1976)*. This court saw through the deceit and bad faith actions of State Farm.

**Exhibit B** hereby supports all parties associated with State Farm who had knowledge to their

Joint Tortfeasors acts, and their being informed of the actions being taken, and the laws being broken,

wherein Defendants continued and supported these illegal activities.

**Exhibit C** hereby supports the then Corporate Counsels opinion that the Board was illegal, in accordance to Delaware law, which was supplied to Defendants State Farm.

**Exhibit D** hereby supports Defendant State Farms position that they will not cover Emerald Ridge and the only valid Director.

**Exhibit E** hereby supports Kafader who was acting on behalf of Defendants being informed that Mr. Shareef was not a validly elected Director, after which time Kafader ratified all parties illegal activities.

**Exhibit F** hereby supports that Defendant Kafader instructed and supported that his clients not to remove false information from the Internet, which aided and helped Defendants to present false information to the Corporation.

**Exhibit G** hereby supports that Kafader was acting and designated as a party acting on behalf of State Farm, where he hereby notified Defendants that all correspondence should be directed to him, although they were kept abreast as not to be able to claim lack of knowledge.

**Exhibit H** hereby supports that Kafader was informed of his reckless actions and continued to act reckless.

Defendants State Farm also submitted another letter throughout these proceedings standing by their decision to allow Kafader to continue his reckless actions on their behalf, of which Plaintiff is in the process of compiling as part of her discovery.

Therefore, in light of all the aforementioned Plaintiffs respectfully ask that the court adhere to the

original Briefs and Discovery timeline, as to have both Plaintiffs receive and supply ample and full

support regarding the actions of these Defendants, where this and more will be supported through briefs.

Plaintiffs have already been denied rights guaranteed them, and would ask that the court give ample time

to allow discovery and rule upon the discoverable items Plaintiff outlined.


Submitted,

Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE  19850
(302) 521-1241

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Cathy D. Brooks-McCollum
& On behalf of
Emerald Ridge Service Corporation Derivative Action
As a Director
PO Box 12166
Wilmington, DE  19850
(302) 21-1241
**(PLAINTIFF)**

**CIVIL ACTION NO:**    04-419(JJF)

**JURY TRIAL REQUESTED**

vs.

State Farm Insurance Company
**(Defendants)**

### PROOF OF SERVICE

I Cathy D. Brooks-McCollum hereby certify that on the 23rd day of August 2007, I will have

caused to be served a true and correct copy of the foregoing two Motions electronically upon

defendants:

Casarino, Christman & Shalk
Stephen P. Casarino
800 North King Street
Suite 200
PO Box 1276
Wilmington, DE  19899
(302) 594-4500 (Telephone)
(302) 594-4509 (Fax)

/s/ Cathy D. Brooks-McCollum (Pro SE
PO Box 12166
Wilmington, DE  19850
(302) 521-1241

PO BOX 12166
Wilmington DE 19850



**FIRST CLASS MAIL**



U.S.M.S
X-RAY

United States District Court
For Delaware
Boggs Building
844 North King Street
Lockbox 18
Wilmington, DE 19801