IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Cathy D. Brooks-McCollum<br>& On behalf of<br>Emerald Ridge Service Corporation Derivative Action<br>As a Director<br>PO Box 12166<br>Wilmington, DE  19850<br>(302) 521-1241<br>**(PLAINTIFF)** | CIVIL ACTION NO: 04-419 (JJF)<br><br>**JURY TRIAL REQUESTED** |
| vs. | |
| State Farm Insurance Company<br>**(DEFENDANTS)** | |



### RESPONSE TO DEFENDANTS REQUEST FOR PRODUCTION

1. Defendants in accordance to the law are responsible for turning over a copy of said Deposition for inspection by Plaintiffs, where Defendants never complied with such. Whereby Plaintiffs Cathy D. Brooks-McCollum and Emerald Ridge Service Corporation request that the Deposition be turned over and costs be paid by the insurance provider for said costs, in that they have a copy in their possession. This is another attempt to delay or not provide items which are discoverable.

2. Plaintiff clearly asked for copies of all Insurance Policies, which include the one in effect at the time of this coverage and any issued after and up to the point in which Plaintiff was a valid paying Stockholder of Emerald Ridge Service Corporation (which time would be 2006). All stockholders are privy to all documents concerning the Emerald Ridge Service Corporation.

3. It has been determined that the Defendants did not ensure Emerald Ridge and the US Court Of Appeals issued a letter explicitly to this effect. Therefore, Plaintiff specifically request why did not State Farm ensure Emerald Ridge Service Corporation when it was so stated in the US Court Of Appeals that the Corporation required its' own counsel, and was paid for and provided by Plaintiff Cathy Brooks-McCollum. This was provided to Defendants. The law already proves and shows that all Plaintiffs are entitled to coverage as a Plaintiff and Defendant. Plaintiff Cathy Brooks-McCollum was the only valid Director and stockholder ensuring the protection of the Corporation.

4. Plaintiffs request all correspondence between the Emerald Ridge Service Corporation during the time of these proceedings as a Stockholder and member of the Board of Director, which is not, afforded any privilege. Emerald Ridge

Service Corporation is not a Defendant in any other proceedings before any courts. However, there are individual's part of other pleadings and being sued on behalf of the Corporation and Plaintiff (confirmed through court records).

5. The documents specifically requested by Plaintiff as a Director (confirmed by the Delaware State Supreme Court) are documents of the parties who submitted claims against the insurance policy, documents of the persons who the insurance company defendant paid claims for, documents of what payments were made to what and all attorneys through the Emerald Ridge Service Corporation, the information requested by the Defendant insurance company verifying the legitimacy of the persons submitting a claim, a complete itemized listing of all payments made and to whom from the Emerald Ridge Insurance Policy, the guidelines used to determine payment per the Emerald Ridge Insurance Policy, the different costs in the prices over the years of the issuance of any new insurance policies, the names of all persons who signed off on paying and insuring the persons paid out against the Emerald Ridge Insurance Policy. Therefore, and not limited to Plaintiff request that any and all document surrounding the payments from the Emerald Ridge Service Corporation Policy and submissions be turned over, in that this is a right give to a stockholder of the Corporation when requested and does not allow the assertment of any privilege and all copies should have been submitted to the Corporation, of which now other parties trying to block this right is denying access, and Defendant State Farm has taken over control of the Corporation along with these individuals. It has been determined that Plaintiff at all times was a Director of the Emerald Ridge Service Corporation and was a Stockholder, and in light of this all valid Directors are entitled to the inspections of any documents that concern the Corporation. Any documents concerning the claims paid out against and in accordance to the insurance policy are not deemed privilege and are not correspondence between parties and their attorneys. Therefore, pursuant **Delaware General Corporation Law Chapter 1, Subchapter VII, §220&224**, all stockholders and all Directors have privilege to any and all correspondence surrounding issues with the Corporation.

6. Defendants failed to respond to the taking of depositions of the Defendants.

7. The method, behavior and actions of Defendants in these proceedings are deplorable, appalling, dreadful, contemptible, shameful, disgraceful, vile, loathsome and despicable and their continued behavior to act as JOINT TORTFEASORS should be treated and weighed heavily by this court through Briefs, when Plaintiff shows through case law, Federal law and State law that these Defendants are indeed JOINT TORTFEASORS, and acts so in many instances against their insurers, as to not pay out valid claims.

Defendants continue to try preventing discovery of items required per the Emerald Ridge Service Corporation. Defendants have argued that Edward Kafader is the attorney for State Farm, and individuals being sued by the Emerald

Ridge Service Corporation. Then they have tried stating that Edward Kafader is also the Attoreny for the Corporation itself. Documents in the US Court of Appeals would dispute Edward Kafader having been the Attorney for the Emerald Ridge Corporation itself. Stephen P. Casarino has stated that Edward Kafader was not and is not the attorney for State Farm Corporation. These defendants and their attorneys are trying every method demonstrated by Defendant State Farm through their prior actions, and in their actions demonstrated against Hurricane Katrina victims, when they tried not paying out valid claims. It is very sad when individuals and Corporations believe that deceit through their lawyers should serve as protection from insuring and paying out valid claims.

If these Defendants tried defending having thousands of people displaced in a means to prevent paying out valid claims Plaintiffs can now see that violating one persons and one Corporation would come easy by such deplorable individuals.

Submitted,

/s/ Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE 19850
August 29, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Cathy D. Brooks-McCollum<br>& On behalf of<br>Emerald Ridge Service Corporation Derivative Action<br>PO Box 12166<br>Wilmington, DE 19850<br>As a Director<br>**(PLAINTIFF)** | CIVIL ACTION NO: 04-419 (JJF)<br><br>**JURY TRIAL REQUESTED** |
| vs. | |
| State Farm Insurance Company<br>**(DEFENDANTS)** | |

**PROOF OF SERVICE**

I Cathy D. Brooks-McCollum hereby certify that on the 30th day of August 2007, I will and have caused to be served a true and correct copy of the foregoing two Motions electronically upon defendants:

        Casarino, Christman & Shalk
        Stephen P. Casarino
        800 North King St, Suite 200
        P.O. Box 1276
        Wilmington, DE 19899
        (302) 594-4500
        (302) 594-4509 Fax

/s/ Cathy D. Brooks-McCollum (Pro Se)
PO Box 12166
Wilmington, DE 19850
(302) 521-1241

United States District Court
For the District of Delaware
Boggs Building
844 North King Street
Lockbox 18

