## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CATHY D. BROOKS-McCOLLUM, et.al.

Plaintiffs,

vs.

STATE FARM INSURANCE COMPANY

Defendants,



Civil Action No:        04-419 JJF

### RESPONSE AND OBJECTION TO DEFENDANTS MOTION TO QUASH & PLAINTIFF'S REQUEST TO TURN OF COPY OF DEPOSITION & COPIES OF ALL INSURANCE POLICIES

1.      Plaintiffs are entitled to a copy of the Deposition, in that it was paid for and provided through the Corporations Insurance Policy.

2.      This Deposition was requested by Defendants prior to any Scheduling Conference in Violation of FRCP 26, although Plaintiff was not required to attend or participate in any Deposition at said time.

3.      The Court Reporter did receive a reasonable charge, as Defendants have so stated. The Court Report was paid through the Corporations insurance funds, and the rules do not provide that the court be paid twice for having transposed the Deposition. This has been done and transposing said deposition is where a majority of the cost resides.

4.      Once again these Defendants are trying to circumvent Discovery, as they have done throughout these proceedings.

5.      The cost to Defendant to scan in the document and electronically send to the Plaintiffs is $0.00. Furthermore, this was paid from funds in which Plaintiffs paid for through the Corporations policy.

6.      The argument made by Defendants that the Deposition requested by Defendants, taken with Plaintiff having knowledge of all the contents it being work produce and privileged information, is absurd, in that the contents of said Deposition is not privileged.

7.      Defendants argue that it is privilege, because the transcript supports their Tortfeasor actions, and supports that Defendants committed perjury before this very courts as well as other courts. These Defendants believed that Plaintiff would not remember the contents of the Deposition, and when it became known that these Defendants made statements detrimental to themselves, they now argue privilege. This goes further toward the

claim in support of these Defendants Tortfeasor actions, and how far these Defendants will go to cover up their crimes.

8.    Defendants further failed to supply copies of all Insurance Policies after said period, and based on a Tortfeasor claim, Plaintiffs having this information could further support additional Tortfeasor claims by these Defendants, and if there were no further policies issues, or the if the cost increased this will further support Tortfeasor actions.

9.    All Subpoenas issued to these Defendants and to other parties, who are all directly related to this case were originally requested through Production Of Documents and Things, where these Defendants and their co-conspirators have refused to turn over at that time, thus is why a Subpoena was executed.

10.   Defendants contend that Discovery can only be had against parties who are directly related to a proceeding.  All parties are directly related to one another and this case, in that even they have argued a direct relationship and that al were acting on behalf of Defendant State Farm.  Thus, these parties and their co-conspirators being JOINT-TORTFEASORS, make a direct correlation.

11.   These defendants would argue that when one purchases an Insurance Policy, and through that policy obtains counsel, that it gives the Insurance company privilege for merely making a payment against a policy for coverage.  If a party is non-intelligent not to obtain their own counsel and allow counsel who claims to represent Insurance Company represent them, then any responsibility falls upon that individual.

12.   Furthermore, these defendants argue that the attorneys subpoenaed and asked to produce documents and things are working for State Farm in another proceeding.  There are not any state proceedings against Defendant State Farm in any State Courts, whereby that argument is MOOT, and another means for these Defendants and their attorneys to prevent further TORTFEASOR actions.

13.   Lastly, the Defendants attorney's in other proceedings are not allowed to argue any form of attorney/client privilege.  Those attorneys merely argued that the crimes they committed for these Defendants and along with other TORTFEASOR parties allowed them Attorney/Client privilege.  Therefore, pursuant to *"United States v. Rakes, 136 F.3d 1, 4 (1st Cir. 1998)* these attorney's lost the right to invoke the attorney-client privilege,

Defendant's and their partners in crime continue to try circumventing the law, and threatening Plaintiff into relinquishing the rights of Brooks-McCollum and the Corporation.  The Interrogatories served upon the other

Joint-Tortfeasors, who have a direct relationship with these Tortfeasors, are a means to protect the Corporation from harm, when Defendant State Farm (Tortfeasor) drops them, after hiding information from them, and this is why Plaintiff's specifically asked that they authorize their signatures. Plaintiff's is of the belief that these other Joint-Tortfeasors could have also been mis-informed in an attempt for Defendant State Farm to cover up their crimes through them.

Wherefore Plaintiffs respectfully ask that this court ORDER that the Deposition and copies of all Corporation Insurance Policies be supplied to Plaintiffs, along with all other documents requested from the Joint Tortfeasors who worked along with Defendants and have a joint relationship with these Defendants.


Respectfully submitted,

/s/Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE 19

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

CATHY D. BROOKS-McCOLLUM, et.al.

Plaintiffs,

    vs.

STATE FARM INSURANCE COMPANY

Defendants,

Civil Action No:     04-419 JJF

**CERTIFICATE OF SERVICE**

I Cathy Brooks-McCollum hereby certify that I have caused via electronic e-mail on the 12th day of

October, a true and correct copy of the Plaintiff's Response and Opposition to Defendants Motion To Quash and

Plaintiffs request to have a copy of Deposition & Policies to:

Stephen P. Casarino
800 North King Street
Wilmington, DE 19850

/s/Cathy D. Brooks-McCollum
PO Box 12166
Wilmington, DE 19850

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CATHY D. BROOKS-McCOLLUM, et.al.

Plaintiffs,                                                        Civil Action No:        04-419 JJF

     vs.

STATE FARM INSURANCE COMPANY

Defendants,

## ORDER

     IT IS HEREBY ORDERED, this _____ day of _____ , 2007 that Defendants Motion to

QUASH Subpoena is **DENIED** and Plaintiffs request to have a copy sent to her, as well as have copies of all

Corporations Insurance Polices turned over is hereby **GRANTED**


_____
J.

25 Peak Hollow court
Elkton, MD 21921

United States District Court
For the District of Delaware
Boggs Building
844 North King Street
Lockbox 18
Willington DE 19801

