**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CATHY D. BROOKS-MCCOLLUM, et al. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-419 JJF |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S ANSWERING BRIEF</u>**

                                    CASARINO, CHRISTMAN & SHALK, P.A

                                      /s/ Stephen P. Casarino
                                    STEPHEN P. CASARINO, ESQUIRE
                                    BAR I.D. NO. 174
                                    800 North King Street, Suite 200
                                    Wilmington, DE 19801
                                    Attorney for Defendant

Dated: November 30, 2007

## **TABLE OF CONTENTS**

Table of Cases and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement of the Nature of the Proceedings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

The State Farm policy does not provide any right of indemnification to the plaintiff
since she was not legally obligated to pay damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## **TABLE OF CASES AND AUTHORITIES**

10 Del. C. Chapter 63 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## **STATEMENT OF THE NATURE OF THE PROCEEDINGS**

This case has had a long history in this court. The case is one of several actions filed by the plaintiff as a result of an incident which occurred when she was a member of the board of Directors of Emerald Ridge Service Corporation. In this action, the plaintiff claims that the board's insurance company, State Farm has failed to indemnify her.

The plaintiff has filed a Motion for Summary Judgment claiming she is entitled to indemnification as a matter of law and also that she is entitled to have the defendant be determined a joint tort feasor. This is the defendant's answering brief.

**STATEMENT OF FACTS**

The incident giving rise to this litigation started when the plaintiff was on the board of directors of Emerald Ridge Service Corporation (Emerald). The plaintiff was asked to power wash some monuments. She made arrangements to have the power washing done and paid $185.00. However, the board refused to reimburse her claiming that her obligation was only to get a quotation. (Plaintiff's deposition pages 15-22) Sometime later they did agree to pay her the $185.00 but she refused to accept it. (Deposition pages 40-41)

The plaintiff believes that the board members were not properly elected and that she was the only properly elected director. She has filed a lawsuit in the Court of Chancery of the State of Delaware to determine the validity of the directors.

The defendant State Farm was the liability insurer of Emerald. Plaintiff claims she is entitled to be indemnified by State Farm because she is a board member. She also claims that her property was vandalized by State Farm. However, she has never been able to offer any proof in that regard. Pursuant to a Request for Admission filed by the defendant, the plaintiff by not answering admitted that she has no evidence whatsoever to indicate that State Farm or any of its employees performed any act of vandalism on her property nor did any members of State Farm perform any act of harassment upon her.

## SUMMARY OF ARGUMENTS

I. The plaintiff does not have a case for indemnification against State Farm under its insurance policy.

II. The Right of Contribution exists among joint tort feasors in the same action. A plaintiff cannot make a claim for contribution under the joint tort feasor statute.

**ARGUMENTS**

I. THE STATE FARM POLICY DOES NOT PROVIDE ANY RIGHT OF INDEMNIFICATION TO THE PLAINTIFF SINCE SHE WAS NOT LEGALLY OBLIGATED TO PAY DAMAGES.

This matter was briefed by the defendant in its Motion for Summary Judgment which is pending before the court. The State Farm policy is an indemnification policy providing that State Farm will pay those sums which the insured becomes legally obligated to pay. The policy does not provide any benefits to plaintiff against whom no claim has ever been brought.

The plaintiff does not understand the nature of indemnification in the context of the insurance policy. The plaintiff is seeking indemnification from State Farm under a policy of insurance it wrote providing liability coverage to the board of directors. The plaintiff does not comprehend that no one has brought a claim against her which would require insurance coverage. If a claim were made against her, then of course State Farm would provide a defense and insurance coverage. Her claim is that she should be entitled to indemnification by the corporation which is a matter between the plaintiff and the corporation but not a matter for indemnification under the insurance policy.

II. STATE FARM IS NOT A JOINT TORT FEASOR IN THIS LAWSUIT.

The only defendant before the court is State Farm. Plaintiff has brought several actions against other defendants in different courts in the state of Delaware. She claims that these other defendants are joint tort feasors with State Farm. Accordingly, the plaintiff believes that there is a right of contribution among joint tort feasors. The plaintiff does not understand the joint tort feasor statute nor its application in this case.

Under the joint tort feasor statute, the right of contribution exists among defendants. If

4

multiple defendants were sued by the plaintiff, then any of the defendants could request a determination of their pro rata share of fault. 10 Del. C. Chapter. 63

As best can be determined, plaintiff claims she is entitled to personal injury damages because other defendants harmed her and somehow they are joint tort feasors with State Farm. This defendant is unaware of any personal injury claim by the plaintiff in this action. In this action, plaintiff is claiming insurance coverage as a member of the board of directors and apparently claiming somehow harassment by State Farm.

## **CONCLUSION**

For the reason stated herein, the plaintiff's motion should be denied by the court.

CASARINO, CHRISTMAN & SHALK, P.A

  /s/ Stephen P. Casarino
STEPHEN P. CASARINO, ESQUIRE
BAR I.D. NO. 174
800 North King Street, Suite 200
Wilmington, DE 19801
Attorney for Defendant

Dated: November 30, 2007

5

**CERTIFICATE OF SERVICE**

I, Stephen P. Casarino, Esq., hereby certify that I have served via electronic filing on this 30th day of November 2007, a true and correct copy of the attached Defendant's Statement of the Nature of the Proceedings to:

>Cathy D. Brooks-McCollum
>115 Emerald Ridge Drive
>Bear, DE 19701

>CASARINO, CHRISTMAN & SHALK, P.A.

>/s/ Stephen P. Casarino
>Stephen P. Casarino, Esq.
>I.D. No. 174
>800 N. King Street, Suite 200
>P.O. Box 1276
>Wilmington, DE 19899-1276
>Attorney for the Defendant