IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CATHY D. BROOKS-MCCOLLUM, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-419-JJF |
| STATE FARM INSURANCE COMPANY, | : |
| Defendant. | : |

Cathy D. Brooks-McCollum, Wilmington, Delaware. <u>Pro se</u> Plaintiff.

Stephen P. Casarino, Esquire, Casarino, Christman & Shalk, P.A., Wilmington, Delaware. Attorney for Defendant State Farm Insurance Company.

**MEMORANDUM OPINION**

May 13, 2008
Wilmington, Delaware

Farnan, District Judge

    Plaintiff Cathy D. Brooks-McCollum ("Plaintiff") filed her Complaint on June 22, 2004. (D.I. 1.) Plaintiff, individually, and on behalf of the Emerald Ridge Service Corporation ("Emerald Ridge") asserts a claim against State Farm Insurance Company ("Defendant") for breach of contract for failing to indemnify her as a member of Emerald Ridge's Board of Directors ("the Board"). She also advances an individual tort claim against Defendant.[1] Plaintiff proceeds pro se.

    Presently before the Court are Plaintiff and Defendant's Motions For Summary Judgment, responses and replies, as well as Plaintiff's Motions To Compel and To Strike, and Defendant's Motion To Quash Subpoena. (D.I. 85, 86, 89, 99, 104, 105, 107, 108, 110, 111, 112, 113, 114, 115, 116, 117.) For the reasons discussed, the Court will grant Defendant's Motion For Summary Judgment, will deny Plaintiff's Motion For Summary Judgment, and will deny as moot all other pending Motions.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

    Litigation ensued following an incident that occurred when Plaintiff was a Director on the Board of Emerald Ridge. (D.I.

---

    [1] Plaintiff's pleadings contain an array of claims and refer to numerous individuals, many of whom she refers to as "defendants." Much of her argument is surplusage and irrelevant. The Court will limit its decision to the issues listed above: indemnification pursuant to a contract of insurance and the alleged tortious actions of Defendant.

96, ex. A, 19.)  The basic purpose of Emerald Ridge is to maintain the real estate development known as Emerald Ridge[2]. Its Board manages and controls the property and business of Emerald Ridge.  (D.I. 1, ex. By-Laws of Emerald Ridge Service Corporation, ¶ 4.)  Plaintiff was a Director on the Board until January 15, 2004, when she resigned from the Board.  <u>Brooks-McCollum v. Shareef</u>, No. Civ. A. 147-N, 2004 WL 1752852, at *1 (Del. Ch. July 29, 2004).  Plaintiff contends that she rescinded her resignation on February 7, 2004.  <u>Id</u>.

At the time that Plaintiff served as a Director, Ken Shareef ("Shareef"), who believed he was a Board member and who claimed the position of President, asked Plaintiff to powerwash some monuments.  (D.I. 96, ex. A, 17-18.)  The powerwashing was performed and Plaintiff paid $185.00 for the service.  (<u>Id</u>. at 18-19.)  Certain Board members, whom Plaintiff asserts were "non

---

[2]The nature of the business of Emerald Ridge is to provide for snow removal, maintenance, repair, replacement and regulation of roads, streets and entrance ways, if not provided by the State of Delaware; to maintain and repair as required all stormwater management areas and facilities; to maintain, repair and replace walks, paving, playground equipment; landscaping and other improvements, if any, on all open spaces; to mow open spaces; to obtain and maintain liability and other insurance; to promulgate and enforce rules and regulations; to accept responsibility (if same is assigned and declared); to enforce existing restrictive covenants; and to accept and hold title to roads, streets, open spaces and storm water management systems; all for and in connection with the real estate development or subdivision known as Emerald Ridge, New Castle County, Delaware; and to levy assessments and take all other actions necessary, desirable or incident to accomplish and exercise Emerald Ridge's purposes, powers and duties.  (D.I. 113, ex. N, ¶ 4.)

elected", refused to reimburse her, claiming that Plaintiff was only asked to obtain a quote. (Id. at 20-21.) Sometime later, the Board agreed to pay Plaintiff the $185.00, but she refused payment claiming the Board was not authorized to give her money from Emerald Ridge. (Id. at 22, 40-41.)

Plaintiff contends that the Board members were not properly elected and that she was the only properly elected Director. Prior to her resignation from the Board, Plaintiff filed a lawsuit in the Delaware Court of Chancery to determine who were the legally elected directors. (Id. at 1; Brooks-McCollum v. Shareef, 2004 WL 1752852, at *1.) One of Plaintiff's counts in her Chancery Court complaint was a claim to recover her expenses of $185.00. (Id. at 16, 23.) According to Plaintiff, that portion of the case was transferred to the Superior Court. (Id. at 23.) Plaintiff has filed several other lawsuits, in this Court as well as in Delaware State Courts, all relating in some way to the "powerwashing" incident.[3] In this regard, she seeks

---

[3]The cases include Brooks-McCollum v. Shareef, No. Civ. A. 147-N (Del. Ch.) filed Jan. 2, 2004, and currently pending; dismissed cases Brooks-McCollum v. Emerald Ridge Serv. Corp., No. 04C-03-074 (Del. Super. Ct.), aff'd, 875 A.2d 632 (Del. 2005), Brooks-McCollum v. State Farm Ins. Co., No. 04C-03-075 (Del. Super. Ct.), and Brooks-McCollum v. Shareef, Civ. Action No. 04-1419-JJF (D. Del. Aug. 15, 2005), aff'd, 213 Fed. Appx. 92 (3d Cir. 2007); stayed case Brooks-McCollum v. Shareef, C.A. No. 05C-12-198 MMJ; and removed and remanded case Brooks-McCollum v. Emerald Ridge Serv. Corp. Bd. of Directors, Civ. Action No. 04-703-JJF (D. Del. Jan. 11, 2005), aff'd, 166 Fed. Appx. 618 (3d Cir. 2006).

indemnification for expenses in pursuing these litigations.

Defendant issued an insurance policy to Emerald Ridge, No. 98-BN-7398-8. As the insurer of Emerald Ridge, Defendant is providing a defense to Emerald Ridge and to the various Board members. Plaintiff seeks indemnification and contends that she should be indemnified or paid by Defendant for other lawsuits she has filed.

Plaintiff also alleges that Defendant damaged her property and harassed her and her family. During her deposition, Plaintiff testified that Defendant funded individuals who claimed to be directors and they harassed her family. (Id. at 46.) When asked if she saw anyone vandalize her property, Plaintiff testified the vandals were Board members, but she refused to name them, and invoked the Fifth Amendment. (Id. at 47-51.) Plaintiff also testified that she believed Defendant was involved because she received an anonymous letter sent from inside the State of Maryland, and Defendant is located in Maryland. (Id. at 51-52.) Plaintiff also testified she received several phone calls that came from Maryland. (Id. at 52-56.)

Plaintiff did not respond to a request for admissions, and therefore, it is deemed admitted that she has no evidence to indicate Defendant or any of its employees or agents performed any act of vandalism on her property; and, that she has no evidence to indicate that Defendant, any or its employees or

agents performed any act of harassment in any manner on Plaintiff or a member of Plaintiff's family. (D.I. 86, ex. B.)

In her Motion For Summary Judgment, Plaintiff describes the issues as: 1) does a Director defending actions against oneself operating as a Director, and also defending a very hostile takeover of Emerald Ridge, warrant indemnification pursuant to the subject insurance policy, the certificate of incorporation, and Emerald Ridge's By-laws[4]; and 2) whether Defendant, through its attorneys, funding, actions, and encouragement of illegal activities, is responsible as a joint tortfeasor.

Defendant moves for summary judgment arguing that there are no disputed facts and it is entitled judgment as a matter of law. Plaintiff moves for summary judgment arguing that she is a properly elected Director of Emerald Ridge and, as a Director and a party filing a lawsuit, she is entitled to insurance coverage. She also asks the Court for a finding that Defendant is a joint tortfeasor.

---

[4]Section 25, subsection I of Emerald Ridge's by-laws relating to indemnification provides a narrow right to advancement of legal expenses. Brooks-McCollum v. Shareef, No. Civ. A. 147-N, 2004 WL 1752852. at *2 (Del. Ch. July 29, 2004). Subsection IV provides that "the Corporation may maintain insurance, at its expense, protect itself and any such Director, officer, employee or agent, . . . against such expense, liability, or loss, whether or not the Corporation would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law. (D.I. 1, ex. By-Laws of Emerald Ridge Service Corporation, ¶ 25, IV.)

## II.   STANDARD OF REVIEW

In pertinent part, Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In determining whether there is a triable dispute of material fact, the Court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. However, a court should not make credibility determinations or weigh the evidence.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).  To properly consider all of the evidence without making credibility determinations or weighing the evidence, a "court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses."  Id. at 151 (internal citations omitted).  To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts . . . .  In the language of the Rule, the non-moving party must come forward with specific facts showing that

there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal citations omitted). However, the mere existence of some evidence in support of the non-movant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. Id.

**III. DISCUSSION**

    **A. Indemnification**

Plaintiff argues that she was the only official Director of Emerald Ridge, and therefore, the only person entitled to indemnification. She argues that she attempted to protect Emerald Ridge from a hostile takeover funded and executed by Defendant and its lawyers. She contends that when Defendant chose to ignore Emerald Ridge's wishes to pay out all costs expended by Plaintiff on behalf of Emerald Ridge and advised others not to adhere to Emerald Ridge's wishes it became a "borderline tortfeasor[]." (D.I. 112, 4.) Plaintiff relies on Delaware case law for the proposition that she is entitled to insurance coverage as a valid Director and a party bringing suit. She also relies on Delaware Corporation Laws, specifically 8 Del.

C. § 145 which provides for indemnification of officers, directors, employees, and agents.

Conversely, Defendant argues that the insurance policy in question provides no right to indemnification to Plaintiff since she was not legally obligated to pay damages. Defendant contends that Plaintiff's claim for indemnification is a matter between her and Emerald Ridge, rather than a matter under Emerald Ridge's insurance policy. Defendant further argues that Plaintiff did not raise a factual issue to defeat Defendant's Motion For Summary Judgment.

In the Court's view, Plaintiff appears to confuse the Delaware statute that provides for corporate indemnification with indemnification in the context of an insurance policy. See 8 Del. C. § 145; Hibbert v. Hollywood Park, Inc., 457 A.2d 339 (Del. 1983) (interpreting § 145 as permitting statutory indemnification of expenses incurred by current or former directors who initiated a lawsuit in their own names, against other directors, where the suit was brought, at least in part, to fulfill their own fiduciary obligations to the corporation); Shearin v. E.F. Hutton Group, 652 A.2d 578 (Del. Ch. 1994) (holding that permissible claims for indemnification or advancement will include those deriving from lawsuits brought by directors, officers, etc., only insofar as the suit was brought as part of the indemnitee's duties to the corporation and its

shareholders).

Because Plaintiff seeks coverage under the insurance policy issued by Defendant, the Court must look to its provisions. While the duty to defend and the duty to indemnify under a contract of insurance are similar, there are critical distinctions which a court must recognize notwithstanding their commonality. In that regard, it has been has held that while the duty to defend and the duty to indemnify obviously bear some relationship, they are independent of one another. Consolidated Rail Corp. v. Liberty Mut. Ins. Co., No. 97C-10-001 CHT, 2005 WL 697943 (Del. Super. Ct. 2005) (citing Charles E. Brohawn & Bros., Inc. v. Employers Commercial Union Ins. Co., 409 A.2d 1055 (Del. 1979). The duty to defend, moreover, is broader than the duty to indemnify. Id. The former is said to include the duty to defend any litigation that includes a potentially covered claim. Id. (citations omitted). Indemnification, absent some affirmative defense or other manner of avoidance, is based solely upon the terms of the contract of insurance." Id. (citations omitted). (citations omitted).

Under Delaware law, the interpretation of an insurance contract is a question of law in the absence of any dispute of material fact. Collins v. State Farm Mut. Auto. Ins. Co., 830 A.2d 1241, 1245 (Del. Super. Ct. 2003) (citing Judge v. State Farm Ins. Cos., No. Civ. A. 92-C-03-010, 1993 WL 1611307 (Del.

Super. Ct. 1993)).

"All provisions of a policy are to be read together and construed according to the plain meaning of the words involved, as to avoid ambiguity while at the same time giving effect to all provisions." Hercules Inc. v. Onebeacon America Ins. Co., 852 A.2d 33, 35 (Del. Super. Ct. 2004) (citing Delaware County Constr. Co. v. Safeguard Ins. Co., 209 Pa. Super. 502, 228 A.2d 15 (Pa. Super. Ct. 1967)).

Clear and unambiguous language will be given its ordinary and usual meaning. McKnight v. USAA Cas. Ins. Co., 871 A.2d 446, 448 (Del. Super. Ct. 2005) (citations omitted). Absent some ambiguity, Delaware courts will not destroy or twist policy language under the guise of construing it. Id. When the language of a contract is clear and unequivocal, a party will be bound by its plain meaning because creating an ambiguity where none exists could, in effect, create a new contract with rights, liabilities and duties to which the parties had not assented. Id. (citations omitted). A contract is not rendered ambiguous simply because the parties do not agree upon its proper construction. Lorillard Tobacco Co. v. American Legacy Found., 903 A.2d 728, 739 (Del. 2006). Rather, a contract is ambiguous only when the provisions in controversy are reasonably or fairly susceptible of different interpretations or may have two or more different meanings. Id. Ambiguity does not exist where a court

can determine the meaning of a contract without any other guide than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends. Id. Courts will not torture contractual terms to impart ambiguity where ordinary meaning leaves no room for uncertainty. Id. The true test is not what the parties to the contract intended it to mean, but what a reasonable person in the position of the parties would have thought it meant. Id. (citing Rhone-Poulenc v. American Motorists Ins. Co., 616 A.2d 1192, 195-96 (Del. Super. Ct. 1990). Any doubt surrounding the construction of the policy language or the extent of coverage must be interpreted in the light most favorable to the insured. Keystone Ins. Co. v. Walls, C.A. No. 03C-01-055 CHT, 2006 WL 1149143, at *5 (Del. Super. Ct. 2006)(citing Twin City Fire Ins. Co. v. Delaware Racing Ass'n, 840 A.2d 624, 630 (Del. 2003)).

    The Defendant issued to Emerald Ridge a condominium/ association business liability insurance policy. (D.I. 1, ex. Insurance Policy.) Comprehensive Business Liability, Section II, Coverage L, provides that Defendant will pay "those sums that the insured becomes legally obligated to pay as damages because of bodily injury, property damage, personal injury or advertising injury to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments."

(Id. at 18.)  Under the Supplemental Payments Section, the policy provides payment, with respect to any claims or suit, Defendant defends.  (Id. at 19.)

The policy applies only to bodily injury or property damage, personal injury, and advertising injury committed in the course of advertising Emerald Ridge's goods, products or services, but excludes coverage to bodily injury or property damage expected or intended from the standpoint of the insured or to any person or property which is the result of willful and malicious acts of the insured.  (Id. at 18-19.)  Finally, Section II provides that Defendant has the right and duty to defend any claim or suit seeking damages payable under this policy even though the allegations of the suit may be groundless, false or fraudulent. (Id. at 18.)

The policy contains optional directors and officers liability coverage ("OPTION DO") and provides that the optional coverage is subject to all of the terms and conditions applicable to Section II of the policy, except as otherwise provided.  The "OPTION DO" liability portion provides that Defendant will pay those sums "that the insured becomes legally obligated to pay as damages because of 'wrongful acts' committed by an insured solely in the conduct of their management responsibilities for the Condominium/Association."  (Id. at 24)  Insured is defined as any of Emerald Ridge's directors or officers, collectively and

individually, which form the administrative body. (Id.) The officers and directors are insured only with respect to their duties as officers or directors. (Id. at form 3.) A wrongful act is defined as any negligent act, error, omission or breach of duty directly related to the operations of the Condominium/Association. (Id. at 24.)

According to the provisions of the policy, Defendant agrees to pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury, property damage, personal injury or advertising injury to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments which provides for payment with respect to any claims or suit that Defendant defends. The terms of the policy are unambiguous. It will pay those sums that the insured becomes legally obligated to pay. It does not, however, provide any benefits to an insured against whom no claim has been brought. Nor does it provide coverage to an insured who files an action. It is clear from the record that Plaintiff is the one seeking damages, not the person being sued for any damages by any entity. Hence, she is not legally obligated to pay any claim. Finally, Plaintiff is not a defendant in any action and, therefore, Defendant is not obligated to provide her a defense.

There is not a cause of action wherein Plaintiff is a

defendant under which to provide her with insurance coverage. Consequently, there is no duty to indemnify Plaintiff for any claims raised against her. Accordingly, as to the issue of indemnification, the Court will grant Defendant's Motion For Summary Judgment and will deny Plaintiff's Motion For Summary Judgment.

### B. Joint Tortfeasors

Plaintiff asks the Court for a finding that Defendant, through its attorneys, funding, actions, and encouragement of illegal activities is responsible as a joint tortfeasor. Defendant argues that it is not a joint tortfeasor in this lawsuit. Defendant submits that Plaintiff has filed several actions against other individuals in various Delaware courts but, apparently, she neither understands the joint tortfeasor statute, nor its application. Defendant argues that it is unaware of any personal injury claim by Plaintiff. Finally, Defendant moves for summary judgment arguing that Plaintiff has no evidence that it harassed Plaintiff or damaged her property.

A joint tortfeasor is defined by relevant statute as meaning "2 or more persons jointly and severally liable in tort for the same injury to person . . . whether or not judgment has been recovered against all or some of them." 10 Del. C. § 6301. Plaintiff asserts that Defendant, along with other parties, acted as a joint tortfeasor through its own knowledge and support of

criminal behavior and terrorist acts.

Although Plaintiff contends that certain Board members are responsible for these alleged acts, she refuses to name the Directors. Further, it is deemed admitted that Plaintiff has no evidence to support her claim that Defendant vandalized her property or harassed her. Thus, while construing the evidence in the light most favorable to Plaintiff, as the Court must, the Court concludes that no evidence has been adduced to support a finding that Defendant is a joint tortfeasor, or that Defendant damaged Plaintiff's property or harassed her. Therefore, the Court will grant the State Defendant's Motion For Summary Judgment and will deny Plaintiff's Motion For Summary Judgment.

## IV. CONCLUSION

Based upon the foregoing, the Court will grant Defendant's Motion For Summary Judgment and will deny Plaintiff's Motion For Summary Judgment. (D.I. 85, 112.) The Court will deny as moot Plaintiff's Motion To Compel and Motion To Strike and Defendant's Motion To Quash Subpoena. (D.I. 107, 110, 116.) An appropriate Order will be entered.