IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
CATHY D. BROOKS-MCCOLLUM,        :
                                 :
          Plaintiff,             :
                                 :
     v.                          : Civil Action No. 04-419 JJF
                                 :
STATE FARM INSURANCE COMPANY,    :
                                 :
          Defendant.             :
```

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's Motion For Appointment Of Counsel.[1] (D.I. 124.) For the reasons discussed, Plaintiff's motion will be denied.

I.  **BACKGROUND**

<u>Pro se</u> Plaintiff Cathy Brooks-McCollum has appealed the Court's May 13, 2008, Memorandum Opinion and Order granting summary judgment against Ms. Brooks-McCollum on her claim against Defendant for breach of contract and tortuous conduct. (D.I. 123.) Ms. Brooks-McCollum's breach of contract claim pertains to Defendant's alleged failure to indemnify her for expenses incurred as a board member of the Emerald Ridge Service Corporation, and for the costs of earlier litigation also brought to enforce such indemnification.

---

[1] Plaintiff entitles her pleading "MOTION OF PLAINTIFF'S CATHY D. BROOKS-MCCOLLUM & EMERALD RIDGE SERVICE CORPORATION TO PROCEED IN FORMA PAUPERIS AND HAVE AN ATTORNEY APPOINTED ON BEHALF OF HERSELF AND EMERALD RIDGE SERVICE CORPORATION." The Court will bifurcate Ms. Brooks-McCollum's request for in forma pauperus status and appointment of counsel; this order pertains only to Ms. Brooks-McCollum's request for appointment of counsel.

**II. DISCUSSION**

Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Nonetheless, district courts have statutory authority to appoint counsel for indigent civil litigants at any time during the litigation. 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel"); Montgomery v. Pinchak, 294 F.3d 492, 504 (3d Cir. 2002).

Section 1915(e)(1) affords district courts broad discretion in determining whether appointment of counsel in a civil case is appropriate. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law. Id. at 155. If a claimant overcomes this initial hurdle, the Court may then consider the following non-exhaustive list of factors developed by the Third Circuit Court of Appeals:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations, and;
6. whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57)(the

"Tabron factors"). When considering a request for counsel, courts must keep in mind:

> [the] significant practical restraints on the district courts' ability to appoint counsel, including the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.

Montgomery, 294 F.3d at 505 (quoting Tabron, 6 F.3d at 156) (internal quotation marks and citations omitted).

By her motion, Ms. Brooks-McCollum contends that she is "entitled" to legal counsel and suggests that she cannot afford to obtain counsel in light of the financial burden imposed by this action and previous related litigation.

Exercising the broad discretion offered the Court, the Court concludes that the appointment of counsel is not warranted. As this is a civil matter, Ms. Brooks-McCollum's contention that she is entitled to counsel is mistaken. See Parham, 126 F.3d at 456-57. As discussed thoroughly in the Court's May 13, 2008, Memorandum Opinion and Order granting summary judgment in favor of Defendant, Ms. Brooks-McCollum's claims are not supported by arguable merit in fact and law. Given that Plaintiff cannot satisfy this threshold inquiry, the Court will not proceed to evaluate the Tabron factors and will deny Plaintiff's Motion For Appointment Of Counsel.

3

**ORDER**

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Appointment Of Counsel (D.I. 124) is **DENIED**.[2]

June 17, 2008

_____
UNITED STATES DISTRICT JUDGE

---

[2] As discussed above, see footnote 1, the Court will address Plaintiff's request for in forma pauperus status (D.I. 124) separately.