IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CATHY D. BROOKS-MCCOLLUM, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-419-JJF |
| STATE FARM INSURANCE COMPANY, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Plaintiff Cathy D. Brooks-McCollum ("Plaintiff") filed her Complaint on June 22, 2004. (D.I. 1.) On May 13, 2008, the Court granted Defendant's Motion For Summary Judgment and entered judgment on behalf of Defendant and against Plaintiff. (D.I. 120, 121, 122.) Plaintiff appealed. The Third Circuit found that the record did not allow it to determine whether jurisdiction was present pursuant to 28 U.S.C. § 1332, and directed the parties to file supplemental briefs on the issue.[1]

In her supplemental appellate brief, Plaintiff did not allege her own citizenship, but argued the parties were diverse because the insurance policy at the heart of her case was issued by Defendant State Farm Insurance Company ("Defendant") out of Maryland and Defendant's home office is in Illinois. Defendant

---

[1] Pursuant to § 1332(a), district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States. 28 U.S.C. § 1332(a). A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c).

argued that the parties were not diverse, relying upon 28 U.S.C. § 1332(c)(1). Defendant also argued that the Complaint did not allege that the amount in controversy exceeds $75,000. The Third Circuit noted, "it cannot be said to a 'legal certainty' from [Plaintiff's] complaint that she seeks less than that amount." Brooks-McCollum v. State Farm Ins. Co., 321 F. App'x 205, 206 n.1 (3d Cir. 2009) (not published). The Third Circuit found § 1332(c)(1) inapplicable to Defendant and stated that Defendant's citizenship, for diversity purposes, turns on its state of incorporation and principal place of business. Id. at 208.

Because the Third Circuit could not determine Defendant's citizenship from the record, it vacated the Order entering summary judgment and remanded the matter for this Court to determine if there is diversity jurisdiction. Thereafter, this Court ordered the parties to supplement the record on the issue. (D.I. 139.)

The parties filed their respective supplements, both of which are deficient. (D.I. 140, 141.) Interestingly, both parties have changed their position on the diversity issue. Plaintiff now argues that the parties are not diverse because Defendant has principal residences in Maryland and Delaware. Defendant states that it is a citizen of the State of Illinois and concedes the parties are of diverse citizenship.

2

Plaintiff states that she is now a resident of Maryland, although she provides a Delaware telephone number and address in her proof of service. She did not, however, provide the Court with information of her residence at the time she filed the Complaint. This information is necessary because her citizenship at the time the Complaint was filed controls. Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995)

Defendant submitted an affidavit that it is a corporation incorporated in the State of Illinois. It does not however, advise the Court of its principal place of business. Corporate entities have dual citizenship for purposes of diversity and thus the Court cannot ascertain Defendant's citizenship, and if the parties are diverse, without the knowledge of Defendant's principal place of business. 28 U.S.C. § 1332(c); see also Carolina Cas. Ins. Co., v. Insurance Co. of N. Am., 595 F.2d 128, 130 n.1 (3d Cir. 1979).

Accordingly, for completeness of record, the parties shall provide the Court, by affidavit, the following additional information: For Plaintiff - her citizenship at the time she filed the Complaint, be it Delaware, Maryland, or some other State; For Defendant - its principal place of business. The parties may also supplement the record with information regarding the amount in controversy.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.  The parties shall supplement the record as outlined above, by simultaneously filing the appropriate affidavits, factual information, and legal argument no later than October 10, 2009.  Each party may file a reply to the other's filing no later than October 17, 2009.

2.  All filings, whether affidavits and/or briefs, shall be limited to no more than **three (3) pages** in length.

<u>    9-29-09    </u>                              <u>                          </u>
      DATE                                UNITED STATES DISTRICT JUDGE

2