IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CATHY D. BROOKS-MCCOLLUM, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-419-JJF |
| STATE FARM INSURANCE COMPANY, | : |
| Defendant. | : |

Cathy D. Brooks-McCollum, Wilmington, Delaware. Pro se Plaintiff.

Stephen P. Casarino, Esquire, Casarino, Christman & Shalk, P.A., Wilmington, Delaware.  Attorney for Defendant State Farm Insurance Company.

**MEMORANDUM OPINION**

November 10, 2009
Wilmington, Delaware

*[signed]* 
Farnan, District Judge

Plaintiff Cathy D. Brooks-McCollum ("Plaintiff"), who proceeds pro se, filed a Complaint on June 22, 2004. (D.I. 1.) In her Complaint, Plaintiff, individually, and on behalf of the Emerald Ridge Service Corporation ("Emerald Ridge") asserted a claim against Defendant State Farm Insurance Company ("Defendant") for breach of contract for failing to indemnify her as a member of Emerald Ridge's Board of Directors ("the Board").[1] She also asserted an individual tort claim against Defendant. Plaintiff appealed this Court's order granting Defendant's Motion For Summary Judgment. The Third Circuit vacated the Court's Order and remanded the matter to determine whether this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). For the reasons discussed below, the Court concludes that it has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, and therefore, the Court will reissue its May 13, 2008 Memorandum Opinion and Order. (See D.I. 120, 121.)

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Complaint alleges this Court has jurisdiction under a number of federal statutes and diversity jurisdiction pursuant to 28 U.S.C. § 1332. (D.I. 1 at 2.) The Complaint,

---

[1] Plaintiff may not represent Emerald Ridge pro se. See Brooks-McCollum v. State Farm Ins. Co., 321 F. App'x 205, 207 n.1 (3d Cir. 2009) (not published) (citing Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966).

however, makes no colorable allegation that Defendant has violated any federal law. Brooks-McCollum v. State Farm Ins. Co., 321 F. App'x 205, 207 n.2 (3d Cir. 2009) (not published). Nor does it allege Plaintiff's citizenship or Defendant's citizenship, or specify an amount in controversy. Plaintiff signed the Complaint with a Delaware address and the proof of service also contains her Delaware address. The Proof of Service was mailed to Defendant at a Maryland address and a Delaware address.

On May 13, 2008, the Court granted Defendant's Motion For Summary Judgment and entered judgment on behalf of Defendant and against Plaintiff. (D.I. 120, 121, 122.) Plaintiff appealed. The Third Circuit found that the record did not allow it to determine whether jurisdiction was present pursuant to 28 U.S.C. § 1332 (diversity) and directed the parties to file supplemental briefs on the issue. In her supplemental appellate brief, Plaintiff argued the parties were diverse, while Defendant argued that the parties were not diverse, relying upon 28 U.S.C. § 1332(c)(1). Defendant also argued that the Complaint did not allege that the amount in controversy exceeded $75,000. The Third Circuit found § 1332(c)(1) inapplicable but, because it could not determine Defendant's citizenship from the record, vacated this Court's Opinion and Order entering summary judgment and remanded the matter for this Court to determine if diversity

exists between the parties thus providing this Court with jurisdiction.[2]  On remand, this Court ordered the parties to supplement the record on the diversity jurisdiction issue.  (D.I. 139, 142.)

The parties' respective submissions establish that Plaintiff was a resident of Delaware at the time she filed the Complaint, and that Defendant is a corporation, incorporated in the State of Illinois with its principal place of business in Bloomington, Illinois.  (D.I. 140, 141, 143, 144.)  The Complaint seeks indemnification, payment of Plaintiff's legal fees, damages for pain and suffering, lost wages, and other miscellaneous expenses.  (D.I. 1 at 8, 21.)

## II.  JURISDICTION

Interestingly, both parties have changed their position on whether this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) by reason of diversity.  On appeal, Plaintiff argued that the parties were diverse in citizenship, and Defendant argued they were not.  Plaintiff now argues that the parties are not diverse,[3] while Defendant concedes the parties are diverse.  With

---

[2] The Third Circuit did not reach the merits of the case, but noted, "we have no reason to believe that plenary review of [the District Court's ruling] would lead us to a different conclusion."  Brooks-McCollum, 321 F. App'x at 208.

[3] Plaintiff's affidavit states that all issues in this case should be jointly argued in the Delaware State Courts.  It further states that jurisdiction does not lie with this Court.  It appears that Plaintiff's new position on diversity

regard to the amount in controversy, Plaintiff states that the dollar amount cannot be determined until the proceedings have been placed before a court and jury. (D.I. 144.) Defendant did not address the issue. Instead, Defendant states that it has abandoned the affirmative defense of lack of jurisdiction for diversity. (D.I. 143.)

"Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed." Midlantic Nat'l Bank v. Hansen, 48 F.3d 693, 696 (3d Cir. 1995). Additionally, as a general rule, the amount in controversy is determined as of the time the complaint is filed, and once a federal court finds that it has diversity jurisdiction, subsequent events cannot divest the court of jurisdiction. Carlisle v. Matson Lumber Co., 186 F. App'x 219, 225 (3d Cir. 2006 (not published) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989)). Pursuant to § 1332(a), district courts have original jurisdiction of all civil

---

jurisdiction is a result of this Court's ruling, vacated by the Third Circuit, finding against her, as well as her displeasure with Defendant's change in position (i.e., "Continually allowing these defendants to change positions will hurt the Corporation, other parties awaiting indemnification pursuant [to] the State Farm Policy in the State Court and that of Plaintiff." (D.I. 141 at 1.) Based upon the content of her affidavit, it may be that Plaintiff wishes to voluntarily dismiss her case or that she believes the case should be remanded. Plaintiff, however, did not request dismissal. And, because the case was originally filed in this Court and not State court, a remand is procedurally improper. If this Court does not have diversity jurisdiction, then the case must be dismissed. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290-292 (1938).

5

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states. 28 U.S.C. § 1332(a). A corporation is deemed to be a citizen of any state which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Carolina Casualty Ins. Co., v. Insurance Co. of N. Am., 595 F.2d 128, 130 n.1 (3d Cir. 1979).

The amount in controversy must exceed $75,000 exclusive of interests and costs. Unless the law gives a different rule, the sum claimed by Plaintiff controls if the claim is apparently made in good faith. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1983). If the underlying jurisdictional facts are not in dispute, a federal court must decide whether it appears to a "legal certainty" that the plaintiff cannot recover the jurisdictional amount requirement. Frederico v. Home Depot, 507 F.3d 188, 194, 197 (3d Cir. 2007) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938)). When such a finding is made, the case must be dismissed. Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995) (dismissal is appropriate only if the federal court is certain that the jurisdictional amount cannot be met). In diversity cases, the Court looks to state law to determine the nature and

6

extent of the right to be enforced. See <u>Horton v. Liberty Mut. Ins. Co.</u>, 367 U.S. 348, 352-53 (1961).

The underlying jurisdictional facts are not in dispute. The record reflects that, at the time the Complaint was filed, the parties were diverse as to their citizenship. With regard to the amount in controversy, Plaintiff now takes the position that the dollar amount cannot be determined until the issues are before a court and jury. In considering the Plaintiff's claims seeking compensation for failure to indemnify, attorney's fees, pain and suffering, and lost wages, the Court finds Plaintiff meets the jurisdictional required amount. See <u>Delle Donne & Associates, LLP v. Millar Elevator Serv. Co.</u>, 840 A.2d 1244, 1255 (Del. 2004) (Attorneys' fees and expenses may be recovered under an indemnification agreement if they are incurred as a result of defending the claims that are the subject of the duty to indemnify); <u>State Farm Mut. Auto. Ins. Co. v. Abramowicz</u>, 386 A.2d 670, 671 (Del. 1978) ("[T]he ruling in this case . . . established a legal right of plaintiff to recover damages pursuant to the insurance policy.) Indeed, as stated by the Third Circuit, "it cannot be said to a 'legal certainty' from [Plaintiff's] complaint that she seeks less than [$75,000]." <u>Brooks-McCollum</u>, 321 F. App'x at 206 n.3 (citing <u>Dardovitch v. Haltzman</u>, 190 F.3d 125, 135 (3d Cir. 1999).

For the above reasons, the Court finds that the parties are diverse with respect to their citizenship, and accordingly, the Court concludes that it has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## III.  CONCLUSION

For the reasons discussed, the Court concludes that it has jurisdiction pursuant to 28 U.S.C. § 1332(a).  The Court will reissue the previously vacated May 13, 2008 Memorandum Opinion and Order and include in that Memorandum Opinion a statement concerning the Court's conclusion regarding jurisdiction as set forth in this Memorandum Opinion.  (See D.I. 120, 121.)

An appropriate Order will be entered.